1  Mark D. Selwyn (SBN 244180)
     Mark.Selwyn@wilmerhale.com
2  WILMER CUTLER PICKERING
     HALE AND DORR LLP
3  950 Page Mill Road
   Palo Alto, CA  94304
4  Telephone:  (650) 858-6000
   Facsimile:  (650) 858-6100

5

   Nina S. Tallon (*pro hac vice*)
6    Nina.Tallon@wilmerhale.com
   WILMER CUTLER PICKERING
7    HALE AND DORR LLP
   1875 Pennsylvania Avenue, NW
8  Washington, DC  20006
   Telephone:  (202) 663-6000
9  Facsimile:  (202) 663-6363

10 Bryan S. Conley (*pro hac vice*)
     Bryan.Conley@wilmerhale.com
11 WILMER CUTLER PICKERING
     HALE AND DORR LLP
12 60 State Street
   Boston, MA  02109
13 Telephone:  (617) 526-6000
   Facsimile:  (617) 526-5000

14

15 *Attorneys for Defendant and
   Counterclaim-Plaintiff Apple Inc.*

16

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| THX LTD., | **Civil Action No. 3:13-cv-01161-(JSW)** |
| Plaintiff, | |
| v. | **APPLE INC.'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO AMENDED COMPLAINT** |
| APPLE INC., | |
| Defendant. | **DEMAND FOR JURY TRIAL** |
| | Hon. Jeffrey S. White |

# APPLE INC.'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO AMENDED COMPLAINT

Pursuant to Rules 8, 12, and 13 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Defendant Apple Inc. ("Apple") hereby responds to the allegations set forth in the Amended Complaint of THX Ltd. ("THX" or "Plaintiff") as follows:

1. Paragraph 1 contains no allegation to which a response is required.

## THE PARTIES[1]

2. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and, therefore, denies them.

3. Apple admits the allegations in paragraph 3.

## JURISDICTION AND VENUE

4. Paragraph 4 contains no allegation to which a response is required.

5. Paragraph 5 contains no allegation to which a response is required.

6. Paragraph 6 contains no allegation to which a response is required. To the extent that any response is required, Apple admits that it conducts business in the State of California and this District, but denies that it has committed any act of infringement of U.S. Patent Nos. 7,433,483 and 8,457,340 or any other act that would give rise to a valid claim by THX.

## INTRADISTRICT ASSIGNMENT

7. Paragraph 7 contains no allegation to which a response is required. To the extent that any response is required, Apple admits that it maintains its principal place of business in Santa Clara County and otherwise denies the allegations in paragraph 7.

---

[1] For convenience and clarity, Apple's Answer utilizes the same headings as in THX's Amended Complaint. Apple does not admit any of the allegations contained in THX's headings.

# FIRST CLAIM FOR RELIEF

**(Infringement of United States Patent No. 7,433,483)**

8.  Apple admits that an uncertified copy of what purports to be United States Patent No. 7,433,483 ("'483 patent") is attached to the Amended Complaint as Exhibit A and that it is entitled "Narrow Profile Speaker Configurations and Systems." Apple denies that the '483 patent was duly and lawfully issued.

9.  Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and, therefore, denies them.

10. Apple denies the allegations in paragraph 10.

11. Apple denies the allegations in paragraph 11.

# SECOND CLAIM FOR RELIEF

**(Infringement of United States Patent No. 8,457,340)**

12. Apple admits that an uncertified copy of what purports to be United States Patent No. 8,457,340 ("'340 patent") is attached to the Amended Complaint as Exhibit B and that it is entitled "Narrow Profile Speaker Configurations and Systems." Apple denies that the '340 patent was duly and lawfully issued.

13. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and, therefore, denies them.

14. Apple denies the allegations in paragraph 14.

15. Apple denies the allegations in paragraph 15.

# PRAYER FOR RELIEF

THX's prayer for relief contains no allegation to which a response is required but, to the extent one is required, Apple denies that THX is entitled to the requested relief or to any relief whatsoever.

# JURY DEMAND

Apple denies that THX has raised any valid claims in its Amended Complaint.

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, California 94304

# APPLE INC.'S DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Non-Infringement)

1. Apple has not infringed and is not infringing, either directly, contributorily, or by inducement, any valid or enforceable claim of U.S. Patent Nos. 7,433,483 ("the '483 patent") and 8,457,340 ("the '340 patent") (collectively, "Patents-in-Suit"), either literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE

### (Invalidity)

2. One or more of the claims of the Patents-in-Suit are invalid for failing to meet one or more of the statutory requirements and/or conditions for patentability under 35 U.S.C. §§ 101, 102, 103, and/or 112.

## THIRD AFFIRMATIVE DEFENSE

### (Unenforceability)

3. One or more of the Patents-in-Suit are unenforceable against Apple because of one or more applicable equitable doctrines, such as laches, estoppel, collateral estoppel, waiver, patent misuse, or unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

### (Prosecution History and/or Judicial Estoppel)

4. By reason of proceedings in the United States Patent and Trademark Office during prosecution of the '483 patent and/or '340 patent, and specifically statements, arguments, amendments, assertions, disclaimers, elections, and/or representations made by or on behalf of the applicants for the Patents-in-Suit, and/or by reason of prior statements, arguments, assertions, and/or representations made by or on behalf of Plaintiff or Plaintiff's alleged predecessors-in-interest to the Patents-in-Suit in this or another court, Plaintiff is estopped from asserting any construction of the claims of either of the Patents-in-Suit that would cover any of Apple's

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, California 94304

products, methods, systems, or services accused of infringement in this case literally or under the doctrine of equivalents.

**FIFTH AFFIRMATIVE DEFENSE**

**(No Injunctive Relief)**

5. Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is neither immediate nor irreparable, and Plaintiff has an adequate remedy at law.

**SIXTH AFFIRMATIVE DEFENSE**

**(Limitation of Damages)**

6. Plaintiff's right to seek damages is limited, including without limitation, by 35 U.S.C. §§ 286 and/or 287.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Preclusion of Costs)**

7. To the extent that any claim of either of the Patents-in-Suit is held to be invalid, Plaintiff must be precluded from recovering costs related to this action pursuant to 35 U.S.C. § 288.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Government Sales)**

8. To the extent that any accused product has been used or manufactured by or for the United States Government, Plaintiff's purported claims for damages are limited by 28 U.S.C. § 1498.

**NINTH AFFIRMATIVE DEFENSE**

**(Exhaustion, Implied License, Actual License, and/or Restrictions on Double Recovery)**

9. Plaintiff's purported claims are barred, in whole or in part, by exhaustion, implied license, actual license, and/or restrictions on double recovery.

## RESERVATION OF ADDITIONAL DEFENSES

10. Apple reserves any and all additional defenses available under Section 35 of the United States Code, the rules, regulations, or laws related thereto, the Federal Rules of Civil Procedure, the Rules of this Court, and/or otherwise in law or equity, now existing, or later arising, as may be discovered.

## APPLE INC.'S COUNTERCLAIMS

Counterclaim-Plaintiff Apple Inc. ("Apple"), on personal knowledge as to its own acts, and on information and belief as to all others based on its own and its attorneys' own investigation, alleges Counterclaims against Counterclaim-Defendant THX Ltd. ("THX") as follows:

## NATURE OF THE ACTION

1. On information and belief, according to the allegations set forth in the Amended Complaint, THX is the owner and assignee of all right, title, and interest in and to U.S. Patent Nos. 7,433,483 ("the '483 patent") and 8,457,340 ("the '340 patent") (collectively, "Patents-in-Suit").

2. THX has accused Apple of infringing the Patents-in-Suit. Apple denies that any of its products infringe any valid or enforceable claim of the Patents-in-Suit.

3. An actual case and controversy exists between the parties concerning the infringement of one or more claims of the Patents-in-Suit, and that controversy is ripe for adjudication by this Court.

## PARTIES

4. Counterclaim-Plaintiff Apple is a corporation organized under the laws of the State of California, and its principal place of business is in Cupertino, California.

5. On information and belief, according to the allegations in paragraph 2 of the Amended Complaint, Counterclaim-Defendant THX is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1600 Los Gamos Drive, San Rafael, California 94903.

## JURISDICTION AND VENUE

6. These are Counterclaims for a declaration of non-infringement and invalidity of one or more claims of the Patents-in-Suit. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

7. This Court has personal jurisdiction over THX because THX has already submitted to the jurisdiction of this Court by initiating the instant lawsuit.

8. Venue for these Counterclaims is legally proper in this District pursuant to 28 U.S.C. §§ 1367 and 1391 and because THX chose to bring its action in this forum.

## FIRST COUNTERCLAIM

### (Declaration of Non-Infringement of the '483 Patent)

9. Apple repeats and realleges the allegations of the preceding Answer Paragraphs 1-15, Defenses Paragraphs 1-10, and Counterclaims Paragraphs 1-8 as if fully set forth herein.

10. Apple has not infringed and is not infringing, either directly, contributorily, or by inducement, any valid or enforceable claim of the '483 patent, either literally or under the doctrine of equivalents.

11. To resolve the legal and factual questions raised by THX and to afford relief from the uncertainty and controversy that THX's accusations have precipitated, Apple is entitled to declaratory judgment that it has not infringed and is not infringing, directly or indirectly, any valid or enforceable claim of the '483 patent, either literally or under the doctrine of equivalents.

## SECOND COUNTERCLAIM

### (Declaration of Invalidity of the '483 Patent)

12. Apple repeats and realleges the allegations of the preceding Answer Paragraphs 1-15, Defenses Paragraphs 1-10, and Counterclaims Paragraphs 1-11 as if fully set forth herein.

13. One or more claims of the '483 patent are invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

14. To resolve the legal and factual questions raised by THX and to afford relief from the uncertainty and controversy from which THX's accusations have precipitated, Apple is entitled to a declaratory judgment that the '483 patent is invalid.

### THIRD COUNTERCLAIM

**(Declaration of Non-Infringement of the '340 Patent)**

15. Apple repeats and realleges the allegations of the preceding Answer Paragraphs 1-15, Defenses Paragraphs 1-10, and Counterclaims Paragraphs 1-14 as if fully set forth herein.

16. Apple has not infringed and is not infringing, either directly, contributorily, or by inducement, any valid or enforceable claim of the '340 patent, either literally or under the doctrine of equivalents.

17. To resolve the legal and factual questions raised by THX and to afford relief from the uncertainty and controversy that THX's accusations have precipitated, Apple is entitled to declaratory judgment that it has not infringed and is not infringing, directly or indirectly, any valid or enforceable claim of the '340 patent, either literally or under the doctrine of equivalents.

### FOURTH COUNTERCLAIM

**(Declaration of Invalidity of the '340 Patent)**

18. Apple repeats and realleges the allegations of the preceding Answer Paragraphs 1-15, Defenses Paragraphs 1-10, and Counterclaims Paragraphs 1-17 as if fully set forth herein.

19. One or more claims of the '340 patent are invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

20. To resolve the legal and factual questions raised by THX and to afford relief from the uncertainty and controversy from which THX's accusations have precipitated, Apple is entitled to a declaratory judgment that the '340 patent is invalid.

# PRAYER FOR RELIEF

WHEREAS, APPLE requests that this Court enter a judgment in its favor and against THX as follows:

(a) Dismiss the Amended Complaint in its entirety, with prejudice;

(b) Enter judgment in favor of Apple and against THX;

(c) Declare that the '483 patent has not been infringed by Apple;

(d) Declare that the '483 patent is invalid;

(e) Declare that the '340 patent has not been infringed by Apple;

(f) Declare that the '340 patent is invalid;

(g) Declare that this is an exceptional case under 35 U.S.C. § 285 and award Apple its costs (including expert fees), disbursements, and reasonable attorneys' fees incurred in this action; and

(h) Grant such further relief as the Court deems just and proper.

# DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Apple hereby demands trial by jury on all issues so triable.

Dated: August 1, 2013                    Respectfully submitted,


*/s/ Mark D. Selwyn*
Mark D. Selwyn (SBN 244180)
  Mark.Selwyn@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Nina S. Tallon (*pro hac vice*)
  Nina.Tallon@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

Bryan S. Conley (*pro hac vice*)
  Bryan.Conley@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000


*Attorneys for Defendant and
Counterclaim-Plaintiff Apple Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury under the laws of the United States that a true and correct copy of the above and foregoing document has been served on August 1, 2013 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

Dated: August 1, 2013                                         /s/ Mark D. Selwyn
                                                              Mark D. Selwyn