1  Eric L. Wesenberg, Bar No. 139696
   EWesenberg@perkinscoie.com
2  Christopher L Kelley, Bar No. 166608
   CKelley@perkinscoie.com
3  Kenneth J. Halpern, Bar No. 187663
   KHalpern@perkinscoie.com
4  Wing H. Liang, Bar No. 285521
   WLiang@perkinscoie.com
5  PERKINS COIE LLP
   3150 Porter Drive
6  Palo Alto, CA 94304-1212
   Telephone: 650.838.4300
7  Facsimile: 650.838.43501

8  Attorneys for Plaintiff THX, LTD.

9  Mark D. Selwyn, Bar No. 244180
   mark.selwyn@wilmerhale.com
10 WILMER CUTLER PICKERING
   HALE AND DORR LLP
11 950 Page Mill Road
   Palo Alto, CA 94304
12 Telephone:  (650) 858-6000
   Facsimile:  (650) 858-6100
13
   Nina S. Tallon (*pro hac vice*)
14 Nina.Tallon@wilmerhale.com
   WILMER CUTLER PICKERING
15 HALE AND DORR LLP
   1875 Pennsylvania Avenue, NW
16 Washington, DC  20006
   Telephone:  (202) 663-6000
17 Facsimile:  (202) 663-6363

18 Attorneys for Defendant Apple Inc.

19                         UNITED STATES DISTRICT COURT
20                        NORTHERN DISTRICT OF CALIFORNIA
21                             SAN FRANCISCO DIVISION
22

| 23 | THX, LTD., | **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** |
|---|---|---|
| 24 | Plaintiff, | |
| 25 | v. | Case No. 3:13-CV-01161-JSW |
| 26 | APPLE INC., | Hearing: Case Management Conference |
| 27 | Defendant. | Judge: Jeffrey S. White<br>Date: October 11, 2013 |
| 28 | | |

Pursuant to Civil L.R. 16-9 and Rule 26(f) of the Federal Rules of Civil Procedure, Plaintiff THX, Ltd. ("THX") and Defendant Apple Inc. ("Apple") hereby respectfully submit this Joint Case Management Statement in connection with the Case Management Conference scheduled for October 11, 2013.

**1.    JURISDICTION AND SERVICE**

The parties agree that the Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a). The parties are not aware of any issues regarding personal jurisdiction or venue. No parties remain to be served.

**2.    FACTS**

This is a patent infringement case wherein THX alleges infringement of U.S. Patent Nos. 7,433,483 ("the '483 patent") and 8,457,340 ("the '340 patent"). THX filed a Complaint alleging infringement of the '483 patent on March 14, 2013 (Dkt. No. 1) and an Amended Complaint on July 11, 2013 that added a claim for infringement of the '340 patent (Dkt. No. 12). The Amended Complaint alleges that Apple infringes the '483 and '340 patents by, among other things, making, using, importing, offering to sell, and/or selling in the United States products covered by one or more claims of the '483 and '340 patents in violation of 35 U.S.C. § 271, including but not limited to Apple's iPhone 4 and later models, as well as its iPad and iMac products. On August 1, 2013, Apple filed an Answer and Counterclaim denying infringement and asserting counterclaims for patent invalidity and non-infringement (Dkt. No. 26).

The issues set forth below are not intended to be final or exhaustive, and the parties reserve the right to reformulate these issues, dispute that they are issues, or include any other appropriate issues as they develop or become known to the parties through the course of discovery and investigation. Further, the characterization of an issue as "factual" or "legal" is not a concession that it is not the other or both.

The principal factual issues in dispute are:

(a)    Whether any Apple products or services infringe the '483 and/or '340 patents, either literally or under the doctrine of equivalents;

(b) The identification of Apple products or services that allegedly infringe the '483 and/or '340 patents;

(c) Whether THX is entitled to damages for any alleged infringement;

(d) If THX is entitled to any damages, factors relevant to damages and the amount of damages;

(e) Whether this case is exceptional under 35 U.S.C. § 285, and, if so, whether either party is entitled to an award of attorney fees;

(f) Whether the '483 and '340 patents are invalid and unenforceable.[1]

The parties reserve the right to raise additional factual issues that may arise through the course of this action.

## 3. LEGAL ISSUES

The principal legal issues are expected to include:

(a) The proper construction of the asserted claims of the '483 and '340 patents (*Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996));

(b) Whether Apple has infringed any of the asserted claims of the '483 and/or '340 patents as construed by the Court, either literally or under the doctrine of equivalents;

(c) Whether THX is entitled to injunctive relief;

(d) Whether THX is entitled to damages or any other relief for any alleged infringement by Apple;

(e) Whether any party is entitled to attorneys' fees and costs (35 U.S.C. § 285);

(f) Whether THX is entitled to enhanced damages (35 U.S.C. § 284);

(g) Whether the '483 and '340 patents are invalid and unenforceable;

(h) Whether THX's claims are barred, precluded, or otherwise improper based on one or more of Apple's affirmative defenses;

---

[1] THX does not believe that Apple has properly pleaded unenforceability of the '483 and/or '340 patents.

1        (i)    Whether THX's claims for damages are barred or limited based on 35 U.S.C. §§ 286 and/or 287 and 28 U.S.C. § 1498.

The parties reserve the right to raise additional legal issues that may arise through the course of this action.

**4. MOTIONS**

There are no prior or pending motions in this case.

The parties anticipate claim construction briefing under the Patent Local Rules and may file one or more dispositive motions. In particular, THX anticipates filing a motion for summary judgment of infringement.

**5. AMENDMENT OF PLEADINGS**

THX filed an Amended Complaint on July 11, 2013 (Dkt. No. 12). THX may also amend its pleadings to reflect information obtained through discovery, and to the extent that Apple releases new products or services that infringe the '483 and/or '340 patents. Apple may also amend its pleadings to reflect information obtained through discovery.

**6. EVIDENCE PRESERVATION**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The parties also confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7. DISCLOSURES**

The parties have fully and timely complied with their initial disclosures requirements on October 4, 2013 by disclosing the information required in Fed. R. Civ. P. 26(f)(a)(1)(A).

**8. DISCOVERY**

    **A.    Discovery Taken to Date**

No discovery has been taken.

    **B.    Scope of Anticipated Discovery**

THX intends to pursue discovery relating to the factual and legal issues set forth herein above. THX also intends to pursue discovery from Apple and third parties regarding: (1) the

development, operation, make up, marketing and advertising of the products and services that allegedly infringe the '483 and '340 patents; (2) Apple's profits from the alleged infringement of the '483 and '340 patents; (3) Apple's basis for any of its affirmative defenses; (4) Apple's basis for any of its counterclaims; (5) Apple's knowledge of the '483 and '340 patents prior to the filing of THX's complaint; (6) any opinions of counsel regarding the '483 and '340 patents; and (7) any licenses regarding the technology that infringe the '483 and '340 patents.

Apple intends to pursue discovery relating to the factual and legal issues set forth herein above and in its Answer and Counterclaims. Apple anticipates that this discovery will include at least the following: (1) the conception, reduction to practice, and any alleged diligence in reduction to practice of the inventions claimed by the '483 and '340 patents; (2) prior art to the '483 and '340 patents; (3) the prosecution of the '483 and '340 patents, including the applicants' disclosure of prior art to the Patent Office; (4) title and ownership of the '483 and '340 patents; (5) licensing of the '483 and '340 patents; (6) any damages claimed by THX; (7) THX's basis for its claims of infringement; (8) the construction of any disputed claim terms of the '483 and '340 patents.

### C. Proposed Limitations or Modifications of the Discovery Rules

The parties do not propose altering the discovery limits imposed by the Federal Rules of Civil Procedure and the Local Rules except as follows:

Interrogatories: 30

Requests for Production: 75

Requests for Admission: 100

*THX's Proposal Regarding Depositions*: THX does not propose altering the deposition limits imposed by Fed. R. Civ. P. 30, *i.e.*, no more than 10 depositions absent leave of court.

*Apple's Proposal Regarding Depositions*: 6 depositions of party witnesses. Depositions of third parties do not count towards this limit.

### D. ESI Discovery

The parties intend on entering into a stipulated e-discovery order but have not yet agreed to such an order.

**E.  Discovery Plan**

The parties jointly propose the schedule set forth in Section 20.C below.

**9.  CLASS ACTIONS**

Not applicable.

**10.  RELATED CASES**

There are currently no related cases or proceedings pending before another judge of this Court or before another court or administrative body.

**11.  RELIEF**

THX seeks entry of judgment against Apple (1) declaring that Apple has infringed the '483 and '340 patents; (2) permanently enjoining Apple and its respective officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the '483 and '340 patents; (3) awarding damages in an amount adequate to compensate THX for Apple's infringement, consisting of, *inter alia*, THX's lost profits, but in any event at least a reasonable royalty; and (4) awarding prejudgment interest, costs, attorney fees, and such other and further relief as the Court may deem just and proper.  At this time, THX does not have sufficient information to estimate damages because documents and information necessary for computation of damages, costs, fees, and expenses are currently unavailable at this early stage and includes information possessed by Apple.

Apple seeks (1) a declaratory judgment that it has not infringed the '483 and '340 patents, directly or indirectly, and that the '483 and '340 patents are invalid and unenforceable, (2) an order dismissing the Amended Complaint with prejudice, and (3) an award of its attorney fees and costs pursuant to 35 U.S.C. § 285.

**12.  SETTLEMENT AND ADR**

The parties have met-and-conferred pursuant to ADR L.R. 3-5 and have stipulated to private ADR to be held within 60 days from issuance of the Court's claim construction order (Dkt. No. 11).

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties decline to proceed before a magistrate judge.

**14. OTHER REFERENCES**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. NARROWING OF ISSUES**

The parties believe that it is premature to narrow the issues for trial other than to make the identifications required by the Patent Local Rules. The parties believe that they may be able to narrow the issues for trial after the Court issues its claim construction rulings.

**16. EXPEDITED SCHEDULE**

The parties do not presently believe that this is the type of case that can be handled on an expedited schedule.

**17. SCHEDULING**

Please see Section 20.C below for the parties' proposed schedule.

**18. TRIAL**

The trial will be a jury trial, and the parties preliminarily anticipate that the trial will be 5-10 full court days.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

On July 11, 2013, THX filed a "Certification of Interested Entities or Parties" as required by Civil Local Rule 3-16. (Dkt. No. 13.) In particular, THX certified that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

| Name | Connection and Interest |
| --- | --- |
| Lucasfilm Ltd. | Holds no less than 10% interest in THX Ltd. |

| Archview Capital Ltd. | Holds no less than 10% interest in THX Ltd. |

On August 1, 2013, Apple filed a Certification of Interested Entities or Parties pursuant to Local Rule 3-16. (Docket No. 27.) Apple has no parent corporation, and no publicly held company owns more than 10% of Apple stock.

**20. OTHER MATTERS**

    **A. Stipulated Protective Order**

The parties anticipate lodging a Stipulated Protective Order.

    **B. Claim Construction Hearing**

The Patent Local Rule 2-1(a) requires the parties to meet and confer about the manner in which the claim construction hearing will proceed. At this time, the parties do not expect any modifications of the deadlines set forth in the Patent Local Rules, other than the proposed scheduling as set forth below. The parties believe it is premature at this time to discuss the scope and timing of the claim construction discovery and the format of the Claim Construction Hearing. The parties intend to present a tutorial before the Clam Construction Hearing related to the technology at issue.

    **C. Proposed Case Schedule**

The parties have agreed to follow the Patent Local Rules of this District. The parties have set forth their respective positions on the discovery and pretrial schedule in Attachment A. Although THX does not believe that dates should be set at this time with respect to events to occur after the issuance of the Court's claim construction order, THX proposes such dates in accordance with the Court's rules.

The parties specifically reserve their right to request that the schedule be amended due to changes occurring in the course of the case, such as amendments to the pleadings, additions of parties, professional or case conflicts, or other good cause, in accordance with Fed. R. Civ. P. 16(b).

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: October 4, 2013 | By:   */s/ Eric L. Wesenberg* |
| | | Eric L. Wesenberg, Bar No. 139696 |
| 3 | | EWesenberg@perkinscoie.com |
| | | Christopher L Kelley, Bar No. 166608 |
| 4 | | CKelley@perkinscoie.com |
| | | Kenneth J. Halpern, Bar No. 187663 |
| 5 | | KHalpern@perkinscoie.com |
| | | Wing H. Liang, Bar No. 285521 |
| 6 | | WLiang@perkinscoie.com |
| | | PERKINS COIE LLP |
| 7 | | 3150 Porter Drive |
| | | Palo Alto, CA 94304-1212 |
| 8 | | Telephone:  650.838.4300 |
| | | Facsimile:  650.838.43501 |
| 9 | | |
| | | *Attorneys for Plaintiff* |
| 10 | | THX LTD. |
| 11 | DATED: October 4, 2013 | By:   */s/ Mark D. Selwyn* |
| | | Mark D. Selwyn, Bar No. 244180 |
| 12 | | mark.selwyn@wilmerhale.com |
| | | WILMER CUTLER PICKERING |
| 13 | | HALE AND DORR LLP |
| | | 950 Page Mill Road |
| 14 | | Palo Alto, CA 94304 |
| | | Telephone:  (650) 858-6000 |
| 15 | | Facsimile:  (650) 858-6100 |
| 16 | | Nina S. Tallon (*pro hac vice*) |
| | | Nina.Tallon@wilmerhale.com |
| 17 | | WILMER CUTLER PICKERING |
| | | HALE AND DORR LLP |
| 18 | | 1875 Pennsylvania Avenue, NW |
| | | Washington, DC  20006 |
| 19 | | Telephone:  (202) 663-6000 |
| | | Facsimile:  (202) 663-6363 |
| 20 | | |
| | | *Attorneys for Defendant* |
| 21 | | APPLE INC. |

22      Pursuant to Civil Local Rule 5-1(i)(3), counsel for THX has obtained the concurrence

23   of Apple's counsel in the filing of this Stipulated Request.

24   Dated: October 4, 2013                              By:   */s/ Eric L. Wesenberg*
                                                              Eric L. Wesenberg, Bar No. 139696
25                                                            EWesenberg@perkinscoie.com

26                                                            *Attorneys for Plaintiff*
                                                              THX LTD..
27

28

**ATTACHMENT A**

| Party | Item | THX Proposed Due Date | Apple Proposed Due Date |
|---|---|---|---|
| All | File 26(f) Report; File Joint Case Management Statement and Proposed Order | October 4, 2013 | October 4, 2013 |
| All | Exchange Initial Disclosures | October 4, 2013 | October 4, 2013 |
| All | Case Management Conference | October 11, 2013 | October 11, 2013 |
| THX | Disclosure of Asserted Claims and Infringement Contentions, With Accompanying Doc Production (Patent L.R. 3-1 and 3-2) | October 25, 2013 | October 25, 2013 |
| Apple | Invalidity Contentions, With Accompanying Doc Production (Patent L.R. 3-3 and 3-4) | December 9, 2013 | December 9, 2013 |
| All | Exchange of Proposed Terms for Construction (Patent L.R. 4-1) | January 6, 2013 | January 6, 2013 |
| All | Exchange of Preliminary Claim Constructions and Extrinsic Evidence (Patent L.R. 4-2) | January 27, 2014 | January 27, 2014 |
| All | Joint Claim Construction and Pre-Hearing Statement (Patent L.R. 4-3) | February 21, 2014 | February 21, 2014 |
| All | Claim Construction Discovery Deadline (Patent L.R. 4-4) | March 24, 2014 | March 24, 2014 |
| THX | Claim Construction Opening Brief (Patent L.R. 4-5(a)) | April 7, 2014 | April 7, 2014 |
| Apple | Claim Construction Opposition Brief (Patent L.R. 4-5(b)) | April 21, 2014 | April 21, 2014 |
| THX | Claim Construction Reply Brief (Patent L.R. 4-5(c)) | April 28, 2014 | April 28, 2014 |
| All | Claim Construction Tutorial | May 13, 2014 (subject to the | May 13, 2014 (subject to the |

| Party | Item | THX Proposed Due Date | Apple Proposed Due Date |
|---|---|---|---|
| | | convenience of the court) | convenience of the Court) |
| All | Exchange exhibits for Claim Construction Hearing | Forty-eight hours prior to Claim Construction Hearing | Forty-eight hours prior to Claim Construction Hearing |
| All | Claim Construction Hearing (Patent L.R. 4-6) | May 20, 2014 (subject to the convenience of the court) | May 20, 2014 (subject to the convenience of the Court) |
| All | Status Conference with the Court | At Court's earliest convenience after the Claim Construction Order | At Court's earliest convenience after the Claim Construction Order |
| All | Non-Expert Discovery Cutoff | June 30, 2014 | 250 days after the Claim Construction Order |
| All | Deadline for Designating Experts | 30 days after entry of Claim Construction Order | 45 days after non-expert discovery cutoff (295 days after Claim Construction Order) |
| ALL | Completion of Private ADR (Dkt. No. 11) | 60 days after entry of Claim Construction Order | 60 days after entry of Claim Construction Order |
| All | Service of Opening Expert Reports | 60 days after entry of Claim Construction Order | 30 days after deadline for designating experts (325 days after Claim Construction Order) |
| All | Service of Rebuttal Expert Reports | 90 days after entry of Claim Construction Order | 30 days after service of opening reports (355 days after Claim Construction Order) |
| All | Expert Discovery Cutoff | 120 days after entry of Claim Construction | 30 days after service of rebuttal |

| Party | Item | THX Proposed Due Date | Apple Proposed Due Date |
|---|---|---|---|
| | | Order | expert reports (385 days after Claim Construction Order) |
| All | Deadline for Filing Dispositive Motions | 150 days after entry of Claim Construction Order | 60 days after expert discovery cut-off (445 days after Claim Construction Order) |
| All | Hearing of Dispositive Motions | 185 days after entry of Claim Construction Order | 35 days after deadline for filing dispositive motions (480 days after Claim Construction Order) |
| All | Pretrial Conference | 210 days after entry of Claim Construction Order | 145 days after the hearing on dispositive motions (625 days after Claim Construction Order) |
| All | Trial | 224 days after entry of Claim Construction Order | Begin 7 days after the pretrial conference (632 days after the Claim Construction Order) |

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this order.

DATED: _____, 2013

_____
THE HONORABLE JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on October 4, 2013, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.

*/s/ Jennifer Ilas*
Jennifer Ilas