1  Eric L. Wesenberg, Bar No. 139696
   EWesenberg@perkinscoie.com
2  Christopher L Kelley, Bar No. 166608
   CKelley@perkinscoie.com
3  Kenneth J. Halpern, Bar No. 187663
   KHalpern@perkinscoie.com
4  Wing H. Liang, Bar No. 285521
   WLiang@perkinscoie.com
5  PERKINS COIE LLP
   3150 Porter Drive
6  Palo Alto, CA 94304-1212
   Telephone: 650.838.4300
7  Facsimile: 650.838.43501

8  *Attorneys for Plaintiff*
   THX, LTD.
9

Mark D. Selwyn, Bar No. 244180
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

Nina S. Tallon (*pro hac vice*)
Nina.Tallon@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC  20006
Telephone:  (202) 663-6000
Facsimile:  (202) 663-6363

*Attorneys for Defendant*
APPLE INC.

10

11

12                UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14                 SAN FRANCISCO DIVISION

15  THX, LTD.,

16                Plaintiff,

17       v.

18  APPLE INC.,

19                Defendant.

Case No. 3:13-CV-01161-HSG

**JOINT CASE MANAGEMENT
STATEMENT AND [PROPOSED] ORDER**

20

21

22

23

24

25

26

27

28

1    Pursuant to Civil L.R. 16-9, Federal Rule of Civil Procedure 26(f), the Order Reassigning

2    Case dated February 13, 2015, and the Order Lifting the Stay and Setting a Case Management

3    Conference dated June 22, 2015, Plaintiff THX Ltd. ("THX") and Defendant Apple Inc.

4    ("Apple") hereby respectfully submit this Joint Case Management Statement.

5    **1.      JURISDICTION AND SERVICE**

6        The parties agree that the Court has subject matter jurisdiction over this action under

7    28 U.S.C. §§ 1331 and 1338(a).  The parties are not aware of any issues regarding personal

8    jurisdiction or venue.  No parties remain to be served.

9    **2.      FACTS**

10        **Chronology of the Case**

11        This is a patent infringement case wherein THX alleges infringement of U.S. Patent Nos.

12   7,433,483 ("the '483 patent") and 8,457,340 ("the '340 patent") (collectively, "the Patents-In-

13   Suit").  THX filed a Complaint alleging infringement of the '483 patent on March 14, 2013 (Dkt.

14   No. 1) and an Amended Complaint on July 11, 2013 that added a claim for infringement of the

15   '340 patent (Dkt. No. 12).  The Amended Complaint alleges that Apple infringes the '483 and

16   '340 patents by, among other things, making, using, importing, offering to sell, and/or selling in

17   the United States products covered by one or more claims of the '483 and '340 patents in

18   violation of 35 U.S.C. § 271, including but not limited to Apple's iPhone 4 and later models, as

19   well as its iPad and iMac products.  On August 1, 2013, Apple filed an Answer and Counterclaim

20   denying infringement and asserting counterclaims for patent invalidity and non-infringement.

21   (Dkt. No. 26.)

22        On December 6, 2013, Apple filed petitions for *Inter Partes* Review ("IPR petitions") of

23   claims 1-7 and 29-34 of the '340 patent and claims 1-6, 8, 10, 16 and 18-20 of the '483 patent

24   before the United States Patent and Trademark Office Patent Trial and Appeal Board ("PTAB").

25   Apple's petition with respect to the '340 patent was assigned case no. IPR2014-00234 ("IPR-

26   234") and Apple's petition with respect to the '483 patent was assigned case no. IPR2014-00235

27   ("IPR-235").  On October 24, 2013, in view of Apple's forthcoming IPR petitions, the parties

28   stipulated to staying this litigation until the PTAB issued a final written decision on the IPR

1  petitions.  (Dkt. No. 34.)  On October 25, 2013, the Honorable Jeffrey S. White so-ordered the

2  parties' stipulation to stay the case.  (Dkt. No. 35.)

3       On June 11, 2014, the PTAB issued decisions on whether it would institute *inter partes*

4  review of the Patents-In-Suit.  With respect to IPR-234, the PTAB declined to institute *inter*

5  *partes* review of any claim of the '340 patent.  With respect to IPR-235, the PTAB instituted *inter*

6  *partes* review of claims 1-3 of the '483 patent but declined to institute *inter partes* review of the

7  remaining challenged claims.  Accordingly, the parties proceeded with *inter partes* review of

8  claims 1-3 of the '483 patent.  On June 9, 2015, the PTAB issued a Final Written Decision (the

9  "Decision") in which it found that claims 1 and 2 of the '483 patent are unpatentable and that

10  Apple did not show that claim 3 is unpatentable.

11      At this time, neither party has determined whether it will seek rehearing or appeal the

12  PTAB's Decision.  The parties' time to appeal expires on August 11, 2015.  *See* 35 U.S.C.

13  § 141(c) (parties' deadline to file notice of appeal to the Federal Circuit is August 11, 2015); *see*

14  *also* 37 C.F.R. § 42.71(d) (parties' deadline to file Request for Rehearing with the PTAB is July

15  9, 2015).  While Apple agreed to join THX's request to lift the stay at this time based on the

16  October 24, 2013 Order, Apple reserves the right to move for entry of a further stay based on

17  subsequent events, including, for example, the filing of an appeal by either party of the PTAB's

18  final written decision.  THX does not believe that a further stay would be appropriate and intends

19  to oppose any such request by Apple.

20      The parties have set forth their respective positions on the discovery and pretrial schedule

21  in Attachment A.

22      **Principal Factual Issues in Dispute**

23      The issues set forth below are not intended to be final or exhaustive, and the parties

24  reserve the right to reformulate these issues, dispute that they are issues, or include any other

25  appropriate issues as they develop or become known to the parties through the course of

26  discovery and investigation. Further, the characterization of an issue as "factual" or "legal" is not

27  a concession that it is not the other or both.

28

JOINT CASE MANAGEMENT
                                 STATEMENT AND [PROPOSED] ORDER
                                 CASE NO. 3:13-CV-01161 HSG

The principal factual issues in dispute are:

(a)     The proper construction of the asserted claims of the '483 and '340 patents (*Teva Pharm. USA, Inc. v. Sandoz, Inc.*, __ U.S. __, 135 S. Ct. 831 (2015));

(b)     Whether Apple infringes the '483 and/or '340 patents, either literally or under the doctrine of equivalents and, if so, by what instrumentality;

(c)     Whether the '483 and '340 patents are invalid and unenforceable;[1]

(d)     Whether THX is entitled to damages for any alleged infringement;

(e)     If THX is entitled to any damages, factors relevant to damages and the amount of damages;

(f)     Whether this case is exceptional under 35 U.S.C. § 285, and, if so, whether either party is entitled to an award of attorney fees.

The parties reserve the right to raise additional factual issues that may arise through the course of this action.

**3.     LEGAL ISSUES**

The principal legal issues are expected to include:

(a)     The proper construction of the asserted claims of the '483 and '340 patents (*Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996));

(b)     Whether Apple has infringed any of the asserted claims of the '483 and/or '340 patents as construed by the Court, either literally or under the doctrine of equivalents;

(c)     Whether the '483 and '340 patents are invalid and unenforceable;

(d)     Whether THX's claims are barred, precluded, or otherwise improper based on one or more of Apple's affirmative defenses;

(e)     Whether THX is entitled to injunctive relief;

(f)     Whether THX is entitled to damages or any other relief for any alleged infringement by Apple;

---

[1] THX does not believe that Apple has properly pleaded unenforceability of the '483 and/or '340 patents.

JOINT CASE MANAGEMENT
STATEMENT AND [PROPOSED] ORDER
CASE NO. 3:13-CV-01161 HSG

1    (g)    Whether any party is entitled to attorneys' fees and costs (35 U.S.C. § 285);

2    (h)    Whether THX is entitled to enhanced damages (35 U.S.C. § 284);

3    (g)    Whether THX's claims for damages are barred or limited based on 35 U.S.C.

4           §§ 286 and/or 287 and 28 U.S.C. § 1498.

5       The parties reserve the right to raise additional legal issues that may arise through the

6    course of this action.

7    **4.    MOTIONS**

8       There are no prior or pending motions in this case.

9       The parties anticipate claim construction briefing under the Patent Local Rules and may

10   file one or more dispositive motions.  In particular, THX anticipates filing a motion for summary

11   judgment of infringement, and Apple anticipates filing a motion for summary judgment of non-

12   infringement and/or invalidity.

13   **5.    AMENDMENT OF PLEADINGS**

14      THX filed an Amended Complaint on July 11, 2013.  (Dkt. No. 12.)  THX may also seek

15   to amend its pleadings to reflect information obtained through discovery, and to the extent that

16   Apple releases new products or services that THX believes infringe the '483 and/or '340 patents.

17   Apple may also seek to amend its pleadings to reflect information obtained through discovery.

18   **6.    EVIDENCE PRESERVATION**

19      The parties have reviewed the Guidelines Relating to the Discovery of Electronically

20   Stored Information ("ESI Guidelines").  The parties also confirm that they have met and

21   conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to

22   preserve evidence relevant to the issues reasonably evident in this action.

23   **7.    DISCLOSURES**

24      The parties have fully and timely complied with their initial disclosures requirements on

25   October 4, 2013 by disclosing the information required in Fed. R. Civ. P. 26(f)(a)(1)(A).

26   / / /

27   / / /

28   / / /

**8.    DISCOVERY**

      **A.    Discovery Taken to Date**

      No discovery has been taken.

      **B.    Scope of Anticipated Discovery**

      THX intends to pursue discovery relating to the factual and legal issues set forth herein above.  THX also intends to pursue discovery from Apple and third parties regarding: (1) the development, operation, make up, marketing and advertising of the products and services that allegedly infringe the '483 and '340 patents; (2) Apple's profits from the alleged infringement of the '483 and '340 patents; (3) Apple's basis for any of its affirmative defenses; (4) Apple's basis for any of its counterclaims; (5) Apple's knowledge of the '483 and '340 patents prior to the filing of THX's complaint; (6) any opinions of counsel regarding the '483 and '340 patents; (7) any licenses regarding the technology that infringe the '483 and '340 patents; and (8) the construction of any disputed claim terms of the '483 and '340 patents.

      Apple intends to pursue discovery relating to the factual and legal issues set forth herein above and in its Answer and Counterclaims.  Apple anticipates that this discovery will include at least the following: (1) the conception, reduction to practice, and any alleged diligence in reduction to practice of the inventions claimed by the '483 and '340 patents; (2) prior art to the '483 and '340 patents; (3) the prosecution of the '483 and '340 patents, including the applicants' disclosure of prior art to the Patent Office; (4) title and ownership of the '483 and '340 patents; (5) licensing of the '483 and '340 patents; (6) any damages claimed by THX; (7) THX's basis for its claims of infringement; (8) the construction of any disputed claim terms of the '483 and '340 patents.

      **C.    Proposed Limitations or Modifications of the Discovery Rules**

      The parties do not propose altering the discovery limits imposed by the Federal Rules of Civil Procedure and the Local Rules except as follows:

      Interrogatories: 30

      Requests for Production: 75

      Requests for Admission: 100

1       ***THX's Proposal Regarding Depositions*:** THX does not propose altering the deposition

2 limits imposed by Fed. R. Civ. P. 30, *i.e.*, no more than 10 depositions absent leave of court.

3       ***Apple's Proposal Regarding Depositions*:** Six depositions of party witnesses.

4 Depositions of third parties do not count towards this limit.

5       **D.     ESI Discovery**

6       The parties intend to enter into a stipulated e-discovery order but have not yet agreed to

7 such an order.

8       **E.     Discovery Plan**

9       The parties have set forth their respective positions on the discovery and pretrial schedule

10 in Attachment A.

11 **9.     CLASS ACTIONS**

12       Not applicable.

13 **10.     RELATED CASES**

14       Other than possible appeals of the PTAB's decision in the IPR-235 proceeding discussed

15 above, there are currently no related cases or proceedings pending before another judge of this

16 Court or before another court or administrative body.

17 **11.     RELIEF**

18       THX seeks entry of judgment against Apple (1) declaring that Apple has infringed the

19 '483 and '340 patents; (2) permanently enjoining Apple and its respective officers, directors,

20 agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others

21 acting in active concert therewith from infringement of the '483 and '340 patents; (3) awarding

22 damages in an amount adequate to compensate THX for Apple's infringement, consisting of,

23 *inter alia*, THX's lost profits, but in any event at least a reasonable royalty; and (4) awarding

24 prejudgment interest, costs, attorney fees, and such other and further relief as the Court may deem

25 just and proper. At this time, THX does not have sufficient information to estimate damages

26 because documents and information necessary for computation of damages, costs, fees, and

27 expenses are currently unavailable at this early stage and includes information possessed by

28 Apple.

Apple seeks (1) a declaratory judgment that it has not infringed the '483 and '340 patents, directly or indirectly, and that the '483 and '340 patents are invalid and unenforceable; (2) an order dismissing the Amended Complaint with prejudice; and (3) an award of its attorneys' fees and costs pursuant to 35 U.S.C. § 285.

**12.  SETTLEMENT AND ADR**

The parties have met-and-conferred pursuant to ADR L.R. 3-5 and have stipulated to private ADR to be held within 60 days from issuance of the Court's claim construction order (Dkt. No. 11).

**13.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties decline to proceed before a magistrate judge.

**14.  OTHER REFERENCES**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.  NARROWING OF ISSUES**

The parties believe that it is premature to narrow the issues for trial other than to make the identifications required by the Patent Local Rules.  The parties believe that they may be able to narrow the issues for trial after the Court issues its claim construction rulings.

**16.  EXPEDITED SCHEDULE**

The parties do not presently believe that this is the type of case that can be handled on an expedited schedule.

**17.  SCHEDULING**

The parties have set forth their respective positions on the discovery and pretrial schedule in Attachment A.

**18.  TRIAL**

The trial will be a jury trial, and the parties preliminarily anticipate that the trial will be 5-10 full court days.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

On July 11, 2013, THX filed a "Certification of Interested Entities or Parties" as required by Civil Local Rule 3-16. (Dkt. No. 13.) In particular, THX certified that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

| Name | Connection and Interest |
|------|-------------------------|
| Lucasfilm Ltd. | Holds no less than 10% interest in THX Ltd. |
| Archview Capital Ltd. | Holds no less than 10% interest in THX Ltd. |

On August 1, 2013, Apple filed a Certification of Interested Entities or Parties pursuant to Local Rule 3-16. (Docket No. 27.) Apple has no parent corporation, and no publicly held company owns more than 10% of Apple stock.

**20. PROFESSIONAL CONDUCT**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. OTHER MATTERS**

**A. Stipulated Protective Order**

The parties anticipate lodging a Stipulated Protective Order.

**B. Claim Construction Hearing**

Patent Local Rule 2-1(a) requires the parties to meet and confer about the manner in which the claim construction hearing will proceed. At this time, the parties do not expect any modifications of the deadlines set forth in the Patent Local Rules. The parties believe it is premature at this time to discuss the scope and timing of the claim construction discovery and the format of the Claim Construction Hearing. The parties intend to present a tutorial before the Clam Construction Hearing related to the technology at issue.

DATED: July 2, 2015

By: ___/s/ Eric L. Wesenberg___
Eric L. Wesenberg

*Attorneys for Plaintiff*
THX LTD.

DATED: July 2, 2015

By: ___/s/ Nina S. Tallon___
Nina S. Tallon

*Attorneys for Defendant*
APPLE INC.

Pursuant to Civil Local Rule 5-1(i)(3), counsel for THX has obtained the concurrence of Apple's counsel in the filing of this Stipulated Request.

Dated: July 2, 2015

___/s/ Eric L. Wesenberg___
Eric L. Wesenberg

JOINT CASE MANAGEMENT
STATEMENT AND [PROPOSED] ORDER
CASE NO. 3:13-CV-01161 HSG

**ATTACHMENT A**

| Party | Item | THX Proposed Due Date | Apple Proposed Due Date |
|---|---|---|---|
| All | File Supplemental 26(f) Report; File Supplemental Joint Case Management Statement and Proposed Order | July 2, 2015 (Date set by the Court) | |
| All | Case Management Conference | July 7, 2015 (Date set by the Court) | |
| THX | Disclosure of Asserted Claims and Infringement Contentions, With Accompanying Doc Production (Patent L.R. 3-1 and 3-2) | July 31, 2015 | |
| Apple | Invalidity Contentions, With Accompanying Doc Production (Patent L.R. 3-3 and 3-4) | September 24, 2015 | |
| All | Exchange of Proposed Terms for Construction (Patent L.R. 4-1) | October 16, 2015 | |
| All | Exchange of Preliminary Claim Constructions and Extrinsic Evidence (Patent L.R. 4-2) | November 6, 2015 | |
| All | Joint Claim Construction and Pre-Hearing Statement (Patent L.R. 4-3) | December 4, 2015 | |
| All | Claim Construction Discovery Deadline (Patent L.R. 4-4) | January 15, 2016 | |
| THX | Claim Construction Opening Brief (Patent L.R. 4-5(a)) | February 12, 2016 | |
| Apple | Claim Construction Opposition Patent L.R. 4-5(b)) | February 26, 2016 | |
| THX | Claim Construction Reply Brief (Patent L.R. 4-5(c)) | March 4, 2016 | |
| All | Claim Construction Tutorial | March 22, 2016 (subject to the convenience of the court) | |

JOINT CASE MANAGEMENT STATEMENT
Case No.: 3:13-CV-01161-HSG

| Party | Item | THX Proposed Due Date | Apple Proposed Due Date |
|-------|------|----------------------|------------------------|
| All | Exchange exhibits for Claim Construction Hearing | Forty-eight hours prior to Claim Construction Hearing | |
| All | Claim Construction Hearing (Patent L.R. 4-6) | April 5, 2016 (subject to the convenience of the Court) | |
| All | Status Conference with the Court | At Court's earliest convenience after the Claim Construction Order | |
| All | Non-Expert Discovery Cutoff | May 13, 2016 | 90 days after the Claim Construction Order |
| All | Deadline for Designating Experts | 30 days after entry of Claim Construction Order | 45 days after non-expert discovery cutoff (135 days after Claim Construction Order) |
| ALL | Completion of Private ADR (Dkt. No. 11) | 60 days after entry of Claim Construction Order | 60 days after entry of Claim Construction Order |
| All | Service of Opening Expert Reports | 60 days after entry of Claim Construction Order | 30 days after deadline for designating experts (165 days after Claim Construction Order) |
| All | Service of Rebuttal Expert Reports | 90 days after entry of Claim Construction Order | 30 days after service of opening reports (195 days after Claim Construction Order) |
| All | Expert Discovery Cutoff | 120 days after entry of Claim Construction Order | 30 days after service of rebuttal expert reports (225 days after Claim Construction Order) |

| Party | Item | THX Proposed Due Date | Apple Proposed Due Date |
|---|---|---|---|
| All | Deadline for Filing Dispositive Motions | 150 days after entry of Claim Construction Order | 60 days after expert discovery cut-off (285 days after Claim Construction Order) |
| All | Hearing of Dispositive Motions | 185 days after entry of Claim Construction Order | 35 days after deadline for filing dispositive motions (320 days after Claim Construction Order) |
| All | Exchange of Evidence | 28 days before the pretrial conference | |
| All | Deadline for Filing Motions in Limine | 21 days before the pretrial conference | |
| All | Motion in Limine Oppositions | 14 days before the pretrial conference | |
| All | Joint Pretrial Statement and Proposed Order | 14 days before the pretrial conference | |
| All | Proposed Jury Instructions | 14 days before the pretrial conference | |
| All | Proposed Voir Dire Questions | 14 days before the pretrial conference | |
| All | Proposed Verdict Forms | 14 days before the pretrial conference | |
| All | Proposed Statement of the Case | 14 days before the pretrial conference | |
| All | Trial Briefs (Optional) | 14 days before the pretrial conference | |
| All | Pretrial Conference | 210 days after entry of Claim Construction Order | 90 days after the hearing on dispositive motions (410 days after Claim Construction Order) |
| All | Trial | 224 days after entry of Claim Construction Order | Begin 7 days after the pretrial conference (417 days after the Claim Construction Order) |

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this order.

DATED: _____, 2015

_____
The Honorable Haywood S. Gilliam, Jr.
United States District Judge

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER
CASE NO. 3:13-CV-01161 HSG

1 **<u>CERTIFICATE OF SERVICE</u>**

2     The undersigned hereby certifies that on July 2, 2015, a true and correct copy of the

3 foregoing was served on all interested parties via electronic mail pursuant to Civil Local Rule 5-

4 1(h).

5                                        */s/ Eric L. Wesenberg*

6                                           Eric L. Wesenberg

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-14-
JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER
CASE NO. 3:13-CV-01161 HSG