# EXHIBIT A

Eric L. Wesenberg, Bar No. 139696
EWesenberg@perkinscoie.com
Christopher L Kelley, Bar No. 166608
CKelley@perkinscoie.com
Kenneth J. Halpern, Bar No. 187663
KHalpern@perkinscoie.com
Wing H. Liang, Bar No. 285521
WLiang@perkinscoie.com
Victoria Q. Smith, Bar No. 236045
VSmith@perkinscoie.com
Andrew N. Klein, Bar No. 300221
AKlein@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: 650.838.4300
Facsimile: 650.838.43501

Attorneys for Plaintiff
THX Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THX LTD., | Case No. 3:13-CV-01161-HSG (DMR) |
| Plaintiff, | **DECLARATION OF ERIK F. RIEGLER** |
| v. | |
| APPLE INC., | |
| Defendant. | |

I, Erik F. Riegler, declare as follows:

1. I am over 18 years of age and make this declaration based upon personal knowledge of the facts set forth below. If called upon to testify, I could and would testify competently as to the matters set forth herein.

2. I am an attorney licensed to practice law under the laws of the State of California.

3. From 2005 to the present, I have operated a law practice through which I provide legal counsel to businesses and individuals regarding, among other things, incorporation,

1  licensing, contracts, financing, intellectual property management, mergers and acquisitions, and
2  investing.  My role with these entities is strictly limited to providing counsel on legal matters.

3        4.      One of the companies to which I provide legal advice is plaintiff THX Ltd.
4  ("THX").  I have been providing legal advice to THX since March 2010.  I am not employed by
5  THX but have generally understood my role to be acting general counsel.

6        5.      THX is a San Francisco-based company specializing in audio and video
7  technology.  Currently, THX's business revolves primarily around developing audio and video
8  standards that ensure a high-quality playback experience and certifying third party products that
9  meet those standards.  For example, THX is well-known for its certification of movie theater
10  audio systems, projection systems, and acoustic performance.  THX also certifies, among other
11  things, automotive sound systems and home entertainment systems.

12        6.      Although THX's certification business sometimes involves licensing THX's
13  patents to third parties so that those parties can meet the standards developed by THX, THX is
14  not primarily in the business of licensing patents.

15        7.      THX has no patent licensing department.

16        8.      To the best of my knowledge, THX and Apple Inc. ("Apple") are not competitors.
17  Unlike Apple, THX does not currently manufacture or sell computer products, mobile products,
18  or software.  Furthermore, to the best of my knowledge, Apple does not develop audio or video
19  standards or certify audio or video systems.

20        9.      To the best of my knowledge, since THX and Apple are not competitors, THX
21  does not make decisions in light of similar or corresponding information about Apple.

22        10.      My role at THX is limited to legal advice.  Apart from the legal dimensions of
23  business decisions, my role at THX does not include advice about business strategy, pricing,
24  product design, product development, marketing, research, production, sales, or competitive
25  analysis.  Aside from addressing legal issues that may arise in connection with THX's regular
26  business affairs, I do not perform or advise my client on how to perform, the following business
27  functions: determining the price at which THX will certify the products of its customers;
28

developing and designing THX's audio standards; acquiring customers for THX or otherwise making sales to those customers; determining how THX's services are marketed to customers; and analyzing the products and services of companies that THX perceives as its competitors. I do not foresee my responsibilities migrating into any of the above mentioned areas in the future.

11. I do not participate in any of THX's competitive decisions made in light of business or financial information about THX's competitors, which I understand to include, for example, decisions about business strategy, pricing, product design, product development, marketing, research, production, sales, and competitive analysis.

12. I am not a member of THX's board of directors.

13. I hold the position of Corporate Secretary of THX. As Secretary, I attend board meetings and prepare minutes of board meetings; however, I do not participate in board decisions, and to the extent I provide advice or information to the board, such advice or information is limited to legal matters, and does not include advice about business strategy, pricing, product design, product development, marketing, research, production, sales, or competitive analysis.

14. I do not, nor have I ever, held the position of employee, director or executive at THX.

15. Along with Eunice Lee, who reports to me, we comprise the entirety of THX's legal team.

16. THX has retained outside counsel, Perkins Coie, to represent it in the above-captioned case. I have responsibility for managing this case, including managing the activities of THX's outside counsel, and advising THX regarding legal matters pertaining to the case.

17. In order to properly execute my role as providing legal advice to THX in this action, it is necessary for me to have access to Apple's financial information. This information is invaluable and essential for me to assess the case and advise THX on issues of case value, damage to THX by Apple's actions, settlement offers and/or demands, mediation activity, advice regarding trial, cost / benefit of this case, and other legal matters essential to the case.

18. If Ms. Lee and I are barred from having access to Apple financial information, THX will be materially prejudiced in this case because THX will have no counsel in the in-house role who can advise THX regarding these matters.

19. THX has retained outside counsel, Irell & Manella, to represent it in patent prosecution matters. Ms. Lee and I are responsible for managing the activities of THX's outside counsel in patent prosecution matters.

20. I am not directly involved in patent prosecution and am not a patent lawyer. I also do not have a technical degree. However, given my aforementioned role in patent prosecution matters at THX, I understand that the proposed protective order will bar me from access to any Apple technical information marked "Confidential - Attorneys' Eyes Only."

21. I understand that if I am granted access to highly confidential information of a financial nature in this case subject to a protective order, I will be obligated to use the information solely for the purpose of prosecuting, defending and/or attempting to settle this case, and to not use the information in connection with any competitive decision making or the prosecution of patents as set forth in the protective order. Those restrictions are wholly consistent with my duties as acting general counsel.

22. Outside of my role in prosecuting, defending and/or attempting to settle this case, I do not know of any reason why Apple's financial information would be relevant to either my role as acting general counsel at THX or to the legal services I provide through my separate law practice.

23. Much like THX or Apple's outside counsel, I provide outside legal advice to a variety of companies that are not involved in this litigation. Those companies are involved in a wide variety of industries, including, for example, education, gaming, apparel, health, energy, and transportation. Examples of companies to which I provide legal advice can be found on my firm's website at http://www.rieglerlegal.com/#!clients/c7ms.

24. I am not an employee or on the board of any of the companies to which I provide legal advice.

25. I understand that if I were allowed access to an opposing party's financial information under the terms of the protective order entered in this case, I cannot use that information in any way in connection with my representation of clients that are not involved in this litigation. I have confronted this same issue of segregating the confidential information of both clients and non-clients for years, and I have always recognized and managed the challenges associated with having to segregate the confidential information of different persons or entities. In this regard, my responsibilities and obligations to not misuse confidential information are no different from those of either THX or Apple's outside counsel, who likely confront these issues more frequently than I do.

26. Even before this action was commenced, I have understood and honored the boundaries between confidential information possessed by my clients and how to manage those boundaries. In particular, I do not allow knowledge of confidential licensing information of one client influence my advice to, or representation of, a different client. This is not an uncommon responsibility of any counsel who represents more than one client.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 28th day of January 2016, in San Francisco, California.

By: *Erik Riegler*
Erik F. Riegler, Bar No. 183323
ERiegler@thx.com