# EXHIBIT B

1  Eric L. Wesenberg, Bar No. 139696
   EWesenberg@perkinscoie.com
2  Christopher L Kelley, Bar No. 166608
   CKelley@perkinscoie.com
3  Kenneth J. Halpern, Bar No. 187663
   KHalpern@perkinscoie.com
4  Wing H. Liang, Bar No. 285521
   WLiang@perkinscoie.com
5  Victoria Q. Smith, Bar No. 236045
   VSmith@perkinscoie.com
6  Andrew N. Klein, Bar No. 300221
   AKlein@perkinscoie.com
7  PERKINS COIE LLP
   3150 Porter Drive
8  Palo Alto, CA 94304-1212
   Telephone: 650.838.4300
9  Facsimile: 650.838.43501

10 Attorneys for Plaintiff
   THX Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| THX LTD., | Case No. 3:13-CV-01161-HSG (DMR) |
|---|---|
| Plaintiff, | **DECLARATION OF EUNICE J. LEE** |
| v. | |
| APPLE INC., | |
| Defendant. | |

I, Eunice J. Lee, declare as follows:

1. I am over 18 years of age and make this declaration based upon personal knowledge of the facts set forth below. If called upon to testify, I could and would testify competently as to the matters set forth herein.

2. I am an attorney licensed to practice law under the laws of the State of California, and am assistant general counsel for Plaintiff THX, Ltd. ("THX") in the above-captioned matter.

3. I am a lawyer employed by THX since February 2011. I am the only lawyer employed by THX. I report to Erik Riegler.

-1-

LEE DECLARATION
CASE NO.: 3:13-CV-01161 HSG

4. THX is a San Francisco-based company specializing in audio and video technology. Currently, THX's business revolves primarily around developing audio and video standards that ensure a high-quality playback experience and certifying third party products that meet those standards. For example, THX is well-known for its certification of movie theater audio systems, projection systems, and acoustic performance. THX also certifies, among other things, automotive sound systems and home entertainment systems.

5. Although THX's certification business sometimes involves licensing THX's patents to third parties so that those parties can meet the standards developed by THX, THX is not primarily in the business of licensing patents.

6. THX has no patent licensing department.

7. To the best of my knowledge, THX and Apple Inc. ("Apple") are not competitors. Unlike Apple, THX does not currently manufacture or sell computer products, mobile products, or software. Furthermore, to the best of my knowledge, Apple does not develop audio or video standards or certify audio or video systems.

8. To the best of my knowledge, since THX and Apple are not competitors, THX does not make decisions in light of similar or corresponding information about Apple.

9. I do not, nor have I ever, held the position of manager, officer, director, or executive at THX.

10. The entirety of my role at THX is to provide legal advice and support legal undertakings of THX. For instance, I counsel THX in matters related to litigation, licensing, contracts, employment, intellectual property, and corporate governance. My involvement in the foregoing areas is strictly limited to providing counsel on legal matters.

11. I do not participate in any strategic business decisions outside of legal advice, regardless of whether or not those decisions are made in light of similar or corresponding information about THX's competitors. Apart from the legal dimensions of business decisions, I do not participate in THX business strategy. I play no role in, nor do I provide advice on, pricing, product design, product development, marketing, research, production, sales, or competitive analysis, outside of addressing legal issues. In particular, aside from addressing legal

issues that may arise in connection with THX's regular business affairs, I play no role in, nor do I provide advice on, determining the price at which THX will certify the products of its customers; I play no role in, nor do I provide advice on, developing and designing THX's audio or video standards; I play no role in, nor do I provide advice on, acquiring customers for THX or otherwise making sales to those customers; I play no role in, nor do I provide advice on, determining how THX's services are marketed to customers; and I play no role in, nor do I provide advice on, analyzing the products and services of companies that THX perceives as its competitors. I do not foresee my responsibilities migrating into any of the above mentioned areas in the future.

12. I do not attend THX board meetings, nor do I participate in THX's board decisions.

13. I do participate in patent prosecution matters at THX and for that reason I have agreed to be barred from access to any Apple technical information marked as "Confidential - Attorneys' Eyes Only."

14. I understand that if I am granted access to Apple's confidential information in this case subject to a protective order, I will be obligated to use the information solely for the purpose of prosecuting, defending and/or attempting to settle this case, and that I cannot not use the information in connection with any competitive decision making or the prosecution of patents as set forth in the protective order. Those restrictions are wholly consistent with my duties as in-house counsel at THX.

15. Outside of my role in prosecuting, defending and/or attempting to settle this case, I do not know of any reason why Apple's financial information would be relevant to my role as in-house counsel at THX.

16. In order to assist Mr. Riegler in his role, and in my own role, as advising THX regarding this lawsuit, it is necessary for me to have access to all of Apple's financial information. This information is invaluable and essential for me to assess the case and advise both Mr. Riegler and THX on issues of case value, damage to THX by Apple's actions, settlement offers and/or demands, mediation activity, advice regarding trial, cost / benefit of this case and other legal matters essential to the case.

17. I have agreed to sign the undertaking the Protective Order sets forth which prohibits me from using any information designated "Confidential - Attorneys' Eyes Only" for any purpose other than this lawsuit.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 28th day of January 2016, in San Francisco, California.

By: _____
Eunice J. Lee, Bar No. 233467
ELee@thx.com