UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THX, LTD.,<br><br>         Plaintiff,<br><br>    v.<br><br>APPLE, INC.,<br><br>         Defendant. | Case No. 13-cv-01161-HSG<br><br>**ORDER GRANTING LEAVE TO AMEND INVALIDITY CONTENTIONS**<br><br>Re: Dkt. No. 90 |

Pending before the Court is Defendant Apple, Inc.'s motion for leave amend its invalidity contentions. Dkt. No. 90 ("Motion to Amend"). Having considered Defendant's Motion to Amend, Plaintiff's opposition, and all related papers, the Court finds the matter appropriate for decision without oral argument. *See* Civil L.R. 7-1(b). For the reasons articulated below, the Motion to Amend is GRANTED.

**I.   BACKGROUND**

On July 11, 2013, Plaintiff THX, Ltd. filed the currently operative first amended complaint against Defendant Apple, Inc., alleging infringement of two patents entitled "Narrow Profile Speaker Configurations and Systems:" (1) United States Patent No. 7,433,483 and (2) United States Patent No. 8,457,340 (together, "patents-in-suit"). Dkt. No. 12. After Apple filed for *inter partes review* of the patents-in-suit, the Court stayed this action from October 24, 2013, until June 22, 2015. Dkt. Nos. 35, 42.

Shortly after the Court lifted the stay, Apple began serving third-party subpoenas to discover potential prior art. Mot. to Amend at 1. Most relevant to the currently pending Motion to Amend, Apple served subpoenas on Onkyo U.S.A. Corporation and Panasonic Corporation of North America on September 1, 2015, and served Harman International Industries, Inc. and

Microsoft Corporation on September 4, 2015.  *Id.* at 1-2; Dkt. No. 90-2 ("Capuyan Decl.") ¶ 4.  Apple served its initial invalidity contentions, comprised of 6,615 pages and 48 claim charts, on September 24, 2015.  *Id.* ¶ 9.

After serving its initial invalidity contentions, Apple learned of Onkyo's GXW-5.1 in late September or early October 2015.  *Id.* ¶ 11; Dkt. No. 96 ("Reply") at 3 n. 4.  Apple pursued additional discovery into the GXW-5.1, and on January 29, 2016, Apple received documents allegedly confirming that the GXW-5.1 was offered for sale in the United States prior to the alleged priority dates of the patents-in-suit.  Capuyan Decl. ¶11; Mot. to Amend at 3.

On September 21, 2015, Panasonic produced a Japanese-language technical guide and instruction manual for the Panasonic SB-636.  Capuyan Decl. ¶ 6.  Apple received certified English translations of the SB-636 documents on January 29, 2016.  *Id.*

On October 9, 2015, Apple received Harman's subpoena production, including a technical manual and two parts lists for the JBL Aquarius 4.  *Id.* ¶ 7.

Finally, on December 9, 2015, Apple received Microsoft's subpoena production, which included various Nokia product brochures and related materials.  *Id.* ¶ 8.

Apple represents that after receiving each third party production, it promptly served the aforementioned documents on THX.  *See id.* ¶¶ 5-10.  Apple also attests that it notified THX of its intent to amend its invalidity contentions to reflect the aforementioned third-party productions on November 6, 2015, and January 7, 2016.  Mot. to Amend at 5.

On March 5, 2016, Apple filed this Motion to Amend.

**II.   DISCUSSION**

Apple's amended invalidity contentions seek to make the following five modifications: (1) add the Onkyo GWX-5.1 as prior art; (2) include additional disclosures from the translated versions of the Panasonic SB-636 technical guide and instruction manual; (3) supplement Apple's JBL charts to cite documents from the Harman production that purport to illustrate how the JBL Aquarius 4 anticipates and/or renders obvious THX's asserted claims; (4) add additional citations to Microsoft's Nokia product brochures, including citations to the brochures' Bates numbers; and (5) correct a citation to a duplicate patent number in one of its claim charts.

### A.  Legal Standard

The Patent Local Rules seek to "balance the right to develop new information in discovery with the need for certainty as to the legal theories." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006).  Accordingly, under Patent Local Rule 3-6, amendment to invalidity contentions "may be made only by order of the Court upon a timely showing of good cause."  In determining whether good cause exists, the Court considers (1) whether the moving party was diligent in moving to amend its contentions and (2) whether the non-moving party would suffer prejudice if leave to amend were granted.  *Vasudevan Software, Inc. v. Int'l Bus. Machines Corp.*, No. C09-05897 RS HRL, 2011 WL 940263, at *1 (N.D. Cal. Feb. 18, 2011).  Other factors relevant to good cause include "the relevance of the newly-discovered prior art, whether the request to amend is motivated by gamesmanship, [and] the difficulty of locating the prior art . . . ."  *Golden Hour Data Sys., Inc. v. Health Servs. Integration, Inc.*, No. C 06-7477 SI, 2008 WL 2622794, at *2 (N.D. Cal. July 1, 2008).  Absent undue prejudice to the non-moving party, good cause may be supported by "[r]ecent discovery of material, prior art despite earlier diligent search." Patent L.R. 3-6(b).

#### i.  Diligence

To show good cause, Apple must first establish that it has acted diligently in moving to amend its invalidity contentions.  THX asserts that Apple cannot demonstrate diligence for two main reasons:  (1) Apple's initial and proposed invalidity contentions contravene the requirements of Patent Local Rule 3-3 and (2) Apple failed to diligently investigate prior art products, including the Onkyo GXW-5.1, which it belatedly seeks to add to this action.  Opp'n at 4-14.

"The party seeking to amend its contentions bears the burden of establishing diligence." *Vasudevan Software, Inc.*, 2011 WL 940263, at *1 (quotations and citations omitted).  The moving party must establish diligence in two distinct phases:  "(1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been discovered."  *Positive Techs., Inc. v. Sony Elecs., Inc.*, No. C 11-2226 SI, 2013 WL 322556, at *2 (N.D. Cal. Jan. 28, 2013).  However, good cause "does not require perfect diligence." *Fujifilm Corp. v. Motorola Mobility LLC*, No. 12-CV-03587-WHO, 2014 WL 491745, at *4 (N.D. Cal.

3

Feb. 5, 2014).

The Court finds that Apple was sufficiently diligent in seeking to discover the bases for amending its invalidity contentions, notifying THX of its proposed amendments, and filing the current Motion to Amend. Over the course of the litigation, Apple has engaged multiple outside consultants and prior art search firms, totaling at least 700 prior art search hours. Capuyan Decl. ¶ 4. After serving ten third-party subpoenas, Apple received documents prompting the proposed amendments on October 9, 2015, December 9, 2015, and January 29, 2016. *Id*. ¶¶ 6-8, 11; Mot. to Amend at 3. Apple promptly notified THX of its intent to amend its invalidity contentions on November 6, 2015, and again on January 7, 2016. Mot. to Amend at 5. Apple then filed the currently pending Motion to Amend less than two months after receiving the last of the relevant documents, and less than five months after receiving the first relevant documents. While Apple theoretically could have brought its Motion to Amend sooner, good cause "does not require perfect diligence," *Fujifilm Corp.*, 2014 WL 491745, at *4, especially in a case such as this where the Court has not yet imposed a discovery deadline or held a *Markman* hearing. In addition, filing serial motions to amend under these circumstances would have elevated form over substance and inefficiently used the resources of the Court and the parties.

THX asserts that Apple was not diligent in discovering the GXW-5.1 because Apple has been on notice of a prior art Onkyo bass speaker since at least December 2013 when it cited an Onkyo patent during the *inter partes review* process. Opp'n at 12. According to THX, Apple "apparently waited for almost two years . . . before seeking more information about Onkyo products" that might constitute prior art. *Id*. However, that Apple was on notice that one of Onkyo's approximately sixty products with speakers might constitute prior art does not show that Apple should of, or even could have, easily identified the GXW-5.1. THX's argument is the perfect illustration that "hindsight is often '20/20,' [and] identifying and evaluating prior art can be difficult." *See Fujifilm Corp.*, 2014 WL 491745, at *4. Moreover, THX's proclamation that Apple delayed seeking further discovery from Onkyo for "almost two years" oddly ignores the fact that this action was stayed pursuant to Court order from October 24, 2013, until June 22, 2015. *See* Dkt. Nos. 35, 42. Indeed, Apple served Onkyo with a third-party subpoena on

4

September 1, 2015, less than three months after the order lifting the stay on this action. Capuyan Decl. ¶ 4. Apple's actions during the *inter partes review* of the patents-in-suit do not evidence a lack of diligence in discovering the GXW-5.1 as prior art.

In the remainder of its Opposition, THX vigorously contends that Apple was not diligent because its invalidity contentions do not comply with Patent Local Rule 3-3. However, this argument is not specific to Apple's proposed amendments; instead, THX takes aim at Apple's entire litigation strategy, asserting that Apple's proposed amended charts "continue the same pattern set in its September 2015 contentions." Opp'n at 9. THX might be able to raise an argument that Apple's invalidity contentions violate Local Rule 3-3, but that is an issue independent from whether Apple has shown sufficient diligence in moving for leave to amend its invalidity contentions. If THX has a basis for doing so, it can bring its own motion regarding Apple's alleged failure to comply with Local Rule 3-3.

The Court holds that Apple has established diligence in both discovering the bases for its amended invalidity contentions and filing its Motion to Amend.[1]

### ii. Prejudice

Next, the Court must consider whether Apple's proposed amendments will unduly prejudice THX. THX argues that it will be unduly prejudiced because (1) Apple's amendments fail to comply with Patent Local Rule 3-3 and (2) the parties have already completed claim construction briefing in anticipation of the May 26, 2016, *Markman* hearing. Opp'n at 14-15.

The Court finds that THX will not be unduly prejudiced by Apple's amended invalidity contentions. Apple's proposed amendments do not raise new issues or theories, but rather supplement Apple's initial contentions with further citations and evidence. *See Netflix, Inc. v.*

---

[1] As to Apple's proposed amendment to correct the typographical error in one of its claim charts, courts "in this district are split on whether correcting an inadvertent error is consistent with diligence." *Altera Corp. v. PACT XPP Techs., AG*, No. 14-CV-02868-JD, 2015 WL 3832389, at *3 (N.D. Cal. June 19, 2015). However, given that THX did not oppose this amendment in its Opposition and that this proceeding is in the early stages of litigation, the Court will assume that Apple has acted with diligence to correct its error. *See OpenDNS, Inc. v. Select Notifications Media, LLC*, No. C11-05101 EJD HRL, 2013 WL 2422623, at *3 (N.D. Cal. June 3, 2013) (precluding a party from correcting an administrative mistake "would be an unnecessarily harsh result").

*Rovi Corp.*, No. 11CV06591PJHDMR, 2015 WL 3504969, at *5 (N.D. Cal. June 2, 2015) (finding no prejudice where amendments did not change the theory of invalidity); *Golden Hour Data Sys., Inc. v. Health Servs. Integration, Inc.*, No. C 06-7477 SI, 2008 WL 2622794, at *4 (N.D. Cal. July 1, 2008) (no prejudice where amendments did not raise new issues but merely supplemented initial contentions). Although THX has already filed its claim construction briefing, THX "has not explained how the addition of new evidence on the same theories affected its claim construction position, nor has it provided any concrete examples of what it might have done differently." *See Netflix, Inc.*, 2015 WL 3504969, at *5. The lack of prejudice is especially evident here, where the Court has not yet set a discovery deadline, giving THX ample time to conduct any further discovery necessitated by Apple's amendments.

As addressed above, THX may bring a separate motion if it believes Apple's invalidity contentions do not meet the requirements of Local Rule 3-3. However, in a case such as this where there is no evidence of gamesmanship or undue prejudice, the Court declines to address compliance with Patent Local Rule 3-3 on this motion.

Accordingly, the Court holds that THX will not suffer undue prejudice from Apple's amended invalidity contentions.

### III. CONCLUSION

The Court finds that Apple has demonstrated good cause to amend its invalidity contentions and hereby GRANTS Apple's Motion to Amend. Apple shall serve its amended invalidity contentions within 7 days of this Order.

**IT IS SO ORDERED.**

Dated: April 29, 2016

HAYWOOD S. GILLIAM, JR.
United States District Judge