Eric L. Wesenberg, Bar No. 139696
EWesenberg@perkinscoie.com
Christopher L. Kelley, Bar No. 166608
CKelley@perkinscoie.com
Kenneth J. Halpern, Bar No. 187663
KHalpern@perkinscoie.com
Victoria Q. Smith, Bar No. 236045
VSmith@perkinscoie.com
Andrew N. Klein, Bar No. 300221
AKlein@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: 650.838.4300
Facsimile: 650.838.4350

Attorneys for Plaintiff
THX Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THX LTD., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Case No. 3:13-CV-01161-HSG <br><br> THX LTD'S OPPOSITION TO APPLE INC.'S ADMINISTRATIVE MOTION TO CONDITIONALLY FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL L.R. 79-5 |

## I. CIVIL LOCAL RULE 79-5 IS IRRELEVANT TO THE JOINT LETTER BRIEF ADDRESSING THE MAY 13 ORDER

Apple's Administrative Motion to Conditionally File Documents Under Seal (Dkt. 126) addresses a problem that does not exist. The motion asserts that THX "filed a redacted version of the Supplemental Response" as an exhibit to the Joint Letter Brief (Dkt. 125) "without the Court's approval or Apple's consent." *Id.* at 2. But THX did not need the Court's approval or Apple's consent to file Exhibit A to its motion (Dkt. 125-1) because THX did not file any document under seal. Civil Local Rule 79-5 prohibits filing a document *under seal* without a court order; it does not prohibit publicly filing part of a document.[1] Civ. L.R. 79-5(b). THX did not file ***any*** document under seal (*i.e.*, "closed to inspection by the public," *id.*) and therefore no court order was required. Rather, THX simply filed the non-confidential portion of its Supplemental Response to Interrogatory No. 6 ("Supplemental Response"), while omitting the confidential portion, namely, the royalty rate figures. THX's filing does not contain any information that is viewable by the Court and by the parties but hidden from the public. Nothing was filed under seal, so Civil L.R. 79-5, which governs only the filing of documents under seal, does not apply.

THX filed only the public portion of the document because, in its view, the particular royalty rate figures are not relevant to the question of whether THX satisfied the Court's May 13 Order. Rather, the pertinent fact is that THX provided Apple with royalty rates, which THX demonstrated by filing a copy of the response without the figures while explaining in its letter brief that the actual Supplemental Response provided specific figures. Apple does not deny this; it is undisputed that THX provided royalty rates to Apple.

Apple's argument that something improper occurred could be correct only if a party is barred from filing the public part of a document in support of a motion while not filing the document's non-public content. But Apple offers no support for this proposition. Indeed, Apple

---

[1] Though Apple does not cite or mention it, Civil L.R. 79-5(c) provides that "[o]nly the unredacted version of a document sought to be sealed, may be filed under seal before a sealing order is obtained." But this restriction expressly applies only to "a document sought to be sealed" and whether it "may be filed under seal." THX did not seek to seal any document or purport to file anything under seal, and so, again, this section does not apply.

-1- OPPOSITION TO APPLE'S ADMINISTRATIVE MOTION TO CONDITIONALLY FILE DOCS UNDER SEAL, CASE NO. 3:13-cv-01161 HSG

1  does not even clearly indicate this is its position, presumably because it knows there is no such
2  rule. Magistrate Judge Ryu's Standing Order (which Apple does not cite) provides (at ¶12) that
3  the disputed discovery request must be reproduced "in full," but does not apply that requirement
4  to the objections or response—understandably, because it is common for discovery responses to
5  contain confidential information that is irrelevant to the dispute, as occurred here. (If every
6  response had to be filed "in full," sealing motions would be needed constantly, a scenario the
7  Court actively seeks to discourage.) In any event, Local Rule 79-5 simply has no bearing on the
8  letter briefs already on file (Dkt. 125).

## II. APPLE'S CONDITIONAL SEALING MOTION IS AN IMPROPER ATTEMPT TO SUPPLEMENT ITS LETTER BRIEF WITHOUT LEAVE OF COURT

11  Apple's motivation for filing its conditional motion to seal had nothing to do with Local
12  Rule 79-5, which was utterly irrelevant to the Joint Letter Brief for the reasons just stated.
13  Apple's evident purpose was to supplement the discovery motion record before the Court with the
14  actual royalty figures. Apple's motion confesses the reason behind its filing:

> Apple believes the redacted information—THX's specific damages royalty rates and base—is pertinent to the Court's consideration of the Joint Letter Brief (Dkt. 125); the redacted information indicates the magnitude of THX's damages claim and highlights the importance of THX promptly and fully complying with the May 13, 2016 Order.

19  Dkt. 126 at 2. In other words, Apple is adding to the record because it failed to make a
20  substantive argument in its letter brief that it considers "pertinent" and wishes it had made, but
21  which its arguments in the Joint Letter Brief do not even hint at. That is not a proper basis for
22  filing additional argument without leave of court—leave that Apple did not seek, much less
23  obtain.
24  Further, the "argument" Apple wishes to advance is, by its own lights, not relevant to the
25  matters at issue in the letter briefs. Apple argues that "the magnitude of THX's damages claim …
26  highlights the importance of THX promptly and fully complying with the May 13, 2016 Order."
27  But THX does not dispute the importance of complying with the May 13 Order, or with any order
28  of the Court. It is beyond question that Court orders must be complied with fully. The issue in

-2-  OPPOSITION TO APPLE'S ADMINISTRATIVE MOTION TO CONDITIONALLY FILE DOCS UNDER SEAL, CASE NO. 3:13-cv-01161 HSG

1  dispute in the Joint Letter Brief is whether the supplemental information THX has provided
2  suffices to comply with the Court's May 13 Order and whether Apple is demanding more than the
3  Court compelled. In other words, the construction and scope of the Court's order are in dispute,
4  not the "importance" of complying with it. Again, if Apple had believed the amount of damages
5  sought was relevant to the interpretation of the May 13 Order, it could have so argued in the Joint
6  Letter Brief. It did not.

7        To be clear, THX has no objection to the Court seeing the royalty rate figures as a general
8  matter. THX refrained from filing those figures because the information is not relevant to the
9  issues before the Court, and it wished to save the time and expense of a sealing motion. THX's
10 objection to Apple's "Motion to Conditionally File Documents under Seal" is to its *filing* as a part
11 of the letter brief record, on the ground that that act was an improper and unilateral
12 supplementation of Apple's arguments in the Joint Letter Brief (Dkt. 125). THX does not object
13 to its *sealing*.

14 **III.   THE DOCUMENT APPLE FILED CONTAINING THE ROYALTY RATE FIGURES SHOULD REMAIN SEALED**
15

16       If the Court does allow Apple's supplementation of the record without leave, the copy of
17 THX's Supplemental Response that Apple conditionally filed under seal (Dkt. 126-2) should
18 remain sealed. It differs from the public portion THX filed (Dkt. 125-1) only with respect to the
19 precise royalty rate figures, which the sealed copy contains. As set forth in the supporting
20 declaration of Eric Wesenberg, the royalty rate figures reflect, in part, THX's estimate of the
21 value of its patents, an important asset of its business. Apple's assertion that the redacted
22 information is "based on publicly available information" misses the point. THX's Supplemental
23 Response explains that the figures provided rely on public data in contrast to Apple's confidential
24 data. It is clear in context that this refers mainly to the royalty ***base*** figure, which THX filed
25 publicly. (*See* Dkt. 126-1 at 6-7.) But even to the extent it refers to the royalty ***rate*** figures, that
26 is not inconsistent with those figures also being derived, in part, from ***THX's*** confidential data, as
27 in fact, they are. Royalty rates are based on numerous factors, some of which may be publicly
28 known or discoverable through research, and some of which plainly are not, such as the patent

owner's own internal, confidential business assessment of the strength and value of the patents at the relevant time or, more simply put, the price for its patent rights that it believes the market will bear. Wesenberg Decl., ¶ 4. That is plainly confidential business information, and indeed, "pricing information" and "licensing of the Producing Party's intellectual property" are categories of information expressly presumed by the Protective Order to warrant the "CONFIDENTIAL-ATTORNEYS' EYES ONLY" designation. (*Id.;* Dkt. 120, §9(a).) In addition, the royalty rate estimates derive in part from CONFIDENTIAL-ATTORNEYS' EYES ONLY license agreements THX has produced in which it conveyed rights to the patents-in-suit. Wesenberg Decl., ¶4. Apple has identified no interest of the public in knowing THX's (preliminary) royalty rate estimates that could warrant forcing their disclosure, and indeed, there is none.[2] Accordingly, a finding is warranted, pursuant to Civil L. R. 79-5, that Dkt. 126-1 is sealable, and THX respectfully requests an Order that it shall remain sealed, and that Dkt. 125-1 shall serve as the redacted, public version of the document.

DATED: June 27, 2016       By:   */s/ Eric L. Wesenberg*
                                  Eric L. Wesenberg

*Attorney for Plaintiff*
THX Ltd.

---

[2] Note that Apple's ability to show the figures to its internal personnel is not at issue; THX has consented to allow Apple to do so if Apple will agree that the figures will be treated as, and remain, confidential, and that Apple will disclose to THX the identity of the internal personnel pursuant to the Protective Order (Dkt. No. 120). Apple has refused this offer and has refused to explain why it wishes to publish the royalty rates.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of this document was served upon counsel of record by electronic mail on June 27, 2016.

*/s/ Eric L. Wesenberg*
Eric L. Wesenberg