# EXHIBIT 1

PERKINSCOIe

3150 Porter Drive
Palo Alto, CA 94304-1212

T. +1.650.838.4300
F. +1.650.838.4350
PerkinsCoie.com

October 21, 2015

Wing H. Liang
WLiang@perkinscoie.com
D. +1.650.838.4497
F. +1.650.838.4697

**VIA EMAIL**

Bryan Conley
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
bryan.conley@wilmerhale.com

Re:   *THX Ltd. v. Apple Inc.*, No. 3:13-cv-01161-HSG (N.D. Cal.) - Deficiencies in Apple's Invalidity Contentions

Dear Bryan:

I write regarding deficiencies in Apple's September 24, 2015 Invalidity Contentions ("Invalidity Contentions").

A principle purpose of invalidity contentions under Patent Local Rule ("PLR") 3-3 is to provide parties "with adequate notice and information with which to litigate their cases." *MediaTek Inc. v. Freescale Semiconductor, Inc.*, No. 11-CV-5341 YGR, 2014 WL 690161, at *1 (N.D. Cal. Feb. 21, 2014) (quoting *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. 473, 2006 WL 1329997 (N.D. Cal. May 15, 2006)).  Apple's Invalidity Contentions fail to provide THX with the level of notice required by the PLRs.

*First*, Apple's Invalidity Contentions do not comply with PLR 3-3(c), which requires "[a] chart identifying where specifically in *each alleged item of prior art* each limitation of each asserted claim is found."  PLR 3-3(c) (emphasis added).  Apple cited almost 500 references in its Invalidity Contentions, but charted only 24.  Apple's mere citation of the non-charted references is inadequate.  *See, e.g.*, *Mitsubishi Elec. Corp. v. Sceptre, Inc.*, No. 2:14-CV-04994-ODW, 2015 WL 2369557, at *2 (C.D. Cal. May 18, 2015) ("Defendant's failure to provide charts that specifically identify how these prior art references apply to the asserted patents does not comply with the clear requirement of L.R. 3–3(c).") (applying N.D. Cal. PLRs); *Network Appliance Inc. v. Sun Microsystems Inc.*, No. C-07-05488 EDL, 2009 WL 2761924, at *8 (N.D. Cal. Aug. 31, 2009) ("Merely listing the reference as a supporting reference is not equivalent to providing an invalidity claim chart for that reference, as required by Patent LR 3–3(c).").

If Apple wanted to rely on the near 500 references cited in its Invalidity Contentions, it needed to chart each one.  Since Apple did not chart the vast majority of those references, the 24 charted references are the only alleged prior art references that Apple may rely on in this litigation to try to meet its burden on invalidity.

128184108.1
Perkins Coie LLP

Bryan Conley
October 21, 2015
Page 2

***Second***, Apple improperly attempts to incorporate references not specified in its Invalidity Contentions.  PLR 3-3(a) requires disclosure of "[t]he identity of each alleged item of prior art that allegedly anticipates each asserted claim or renders it obvious."  Throughout its Invalidity Contentions, Apple flouts this requirement and tries to incorporate undisclosed references.  The following are examples of such attempts:

- "The identification of any patent or patent publication shall be deemed to include any counterpart patent or application filed, published, or issued anywhere in the world." (Invalidity Contentions at 2:15-17);

- "Accordingly, the cited portions are only examples, and Apple reserves the right to rely on . . . other publications and expert testimony . . . as additional evidence that a claim limitation is known or disclosed."  (*Id.* at 2:23-27);

- "Apple further reserves the right to rely on . . . other publications, documents explicitly or implicitly incorporated by references, and testimony, to establish bases for combination of certain cites references that render the asserted claims obvious." (*Id*. at 2:27-3:3);

- "Moreover, Apple hereby discloses and reserves the right to rely upon all references incorporated by reference into the references disclosed below and in the accompanying charts."  (*Id*. at 73:4-5);

- "All documents cited on the face of the '483 and/or the '340 patents or their progeny. All other documents cited herein."  (*Id.* at 93:1-2);

- "All documents cited on the face of the '483 patent and related patents, patent publications, file histories and applications.  All documents cited on the face of the '340 patent and related patents, patent publications, file histories and applications.  All other documents cited herein and otherwise produced pursuant to [PLR] 3-4."  (*Id.* at 94:24-95:1).

These statements, and others like it, do not comply with the PLRs because they try to incorporate references not specifically identified in the Invalidity Contentions.

Apple similarly attempts to "reserve[] the right" to rely on uncited portions of its references.  *See, e.g.*, Invalidity Contentions at 2:23-27; 2:27-3:3.  Again, such disclosure is inadequate and Apple can only rely on the portions of its references that it expressly cited in its Invalidity Contentions.  *See, e.g.*, *Mitsubishi Elec. Corp.*, 2015 WL 2369557 at *2 ("Defendants may only rely upon cited portions of prior art references."); *Largan Precision Co, Ltd. v. Genius Elec.*

Bryan Conley
October 21, 2015
Page 3

*Optical Co.*, No. 13-CV-02502-JD, 2014 WL 6882275, at *5 (N.D. Cal. Dec. 5, 2014) (striking portions of expert report that relied on undisclosed portions of references).

Apple's attempts to incorporate undisclosed prior art violate the PLRs and are, therefore, ineffective. Likewise, Apple's attempts to incorporate uncited portions of its references contravene case law and are also ineffective. Accordingly, Apple's arguments on invalidity are limited to the specifically cited portions of the specifically identified references in Apple's Invalidity Contentions.

*Third*, Apple's statement that its obviousness combinations are "merely exemplary, and any combination based on the charted references listed in sections V and VI are equally applicable to [its listed obviousness combinations]" is improper. *See* Invalidity Contentions at 111:9-11. Apple cannot disclose "merely exemplary" obviousness combinations in its Invalidity Contentions and rely on an ambiguous disclaimer to incorporate undisclosed combinations. *See, e.g.*, *Largan Precision Co, Ltd.*, 2014 WL 6882275 at *4 ("The requirement that the invalidity contentions disclose '[w]hether each item of prior art anticipates each asserted claim or renders it obvious' would be a dead letter if parties could avoid it with broad disclaimers."); *Life Technologies Corp. v. Biosearch Technologies, Inc.*, No. C 12-00852 WHA, 2012 WL 4097740, at *3 (N.D. Cal. Sept. 17, 2012) ("Vaguely disclosing that one prior art can substitute for another is insufficient under our local rules . . . .").

Apple's attempt to broaden its obviousness combinations by qualifying its combinations as "merely exemplary" violates the PLRs. Apple, therefore, can only rely on the combinations disclosed in its Invalidity Contentions.

*Fourth*, Apple's charts fail to specify where each limitation of the asserted claims is met, in violation of PLR 3-3(c). For example, Exhibits I-B/II-B, I-G/II-G, I-I/I-II, I-J/II-J, I-K/II-K, I-L/II-L, I-M/II-M, I-Q/II-Q, and I-R/II-R include only pasted information from instructional and promotional material without any specificity as to where the limitations are met. Apple does not, for example, provide indicators (*e.g.*, arrows) directing THX to where specifically the limitation is met.[1]

Please amend Apple's Invalidity Contentions to specify where each limitation of the asserted claims is allegedly met in each reference.

---

[1] It should be noted that Apple's charts cite structural features of the references to identify where in the device or art a functional claim limitation of the claims at issue is allegedly found. Apple does this despite its assertions that such disclosure in THX's Infringement Contentions is inappropriate.

128184108.1
Perkins Coie LLP

Bryan Conley
October 21, 2015
Page 4

*Fifth*, the alleged motivations to combine provided in Apple's PLR 3-3(c) charts are inadequate. In its charts, Apple provides at the end of *each and every* claim limitation a boilerplate, overly broad, and ambiguous statement of why the limitation is allegedly obvious. For example:

> "To the extent not disclosed, this limitation would have been obvious in light of Advent AW810 alone, Advent AW810 in combination with the knowledge of a person of ordinary skill in the art, Advent AW810 in combination with the other charted prior art references for the '483 patent, or Advent AW810 in combination with the prior art set forth in Section III.A ('Narrow Profile Ducted Speakers Were Well-Known') of Apple's Invalidity Contentions. A person of ordinary skill in the art would have been motivated to combine Advent AW810 with these disclosures and/or the knowledge of a person of ordinary skill in the art for the reasons set forth in III.A ("Narrow Profile Ducted Speakers Were Well-Known") and Section VI ("Reasons to Modify, Extend, or Combine Claimed Concepts")." (Ex. I-A at 12).

These motivations to combine do not provide THX with reasonable notice because they lack specificity and, thus, they fail to comply with the PLR's notice requirements. They are also an impermissible effort to include undisclosed obviousness combinations in Apple's invalidity contentions (see above). Consequently, Apple cannot rely on these alleged motivations to combine.

*Sixth*, Apple's disclosure of alleged prior art under 35 U.S.C. §102(b) is inadequate. PLR 3-3(a) requires prior art under §102(b) to be identified by specifying, among other things, "the *date* the offer or use took place or the information became known." PLR 3-3(a) (emphasis added). Apple did not disclose the *date* (i.e., the month, day, and year) the items of alleged prior art became publicly known, used, offered for sale, or sold; instead, Apple merely disclosed a year. *See* Invalidity Contentions at 93-94. And, in one instance, Apple did not even provide a year. *See* Invalidity Contentions at 94:20 (PANASONIC TX-25A3C Reference). As you know, dates are significant when evaluating prior art and providing only a year deprives THX of the reasonable notice to which it is entitled under the PLRs.

In addition, Apple's Invalidity Contentions fail to adequately disclose the facts surrounding the disclosure, use, sale, or offer for sale of its §102(b) prior art *in the United States*. PLR 3-3(a) requires that, in addition to the date, §102(b) prior art be identified by specifying "the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known." PLR 3-3(a). Apple's Invalidity Contentions, however, do not specify the date of or person or entity responsible for its alleged prior art being publicly known, used, offered for sale, or sold *in the United States*, as required under the pre-AIA version of §102.

Bryan Conley
October 21, 2015
Page 5


Moreover, to the extent Apple's Invalidity Contentions provided any information related to the "identity of the person or entity" at all as required under PLR 3-3(a), the Invalidity Contentions fail to identify a specific person or entity.  Instead, Apple's Invalidity Contentions only provide one or two words that can potentially relate to any one of a large number of entities (e.g., "Nokia") or that do not appear to relate to an entity at all (e.g., "VLF").  Such disclosure fails to provide THX with adequate notice as to the "person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known" under PLR 3-3(a).

The above shortcomings deprive THX of the reasonable notice required under the PLRs.  Consequently, please amend Apple's Invalidity Contentions to identify the date—which includes the month, day, and year—that Apple's §102 prior art became publicly known, used, offered for sale, or sold.  Additionally, please disclose the date of and specific person or entity responsible for the public knowledge, use, offering for sale, or sale in the United States of Apple's §102 prior art.

***Seventh***, Apple did not adequately identify the date of publication for its prior art publications.  PLR 3-3(a) mandates that "[e]ach prior art publication [] be identified by its title, date of publication, and where feasible, author and publisher."  First, Apple does not provide a date of publication for several references.  *See, e.g.*, Invalidity Contentions at Prior Art Pub. Nos. 17, 25-27, 94, 95, 98, 100, 101, and 105.  Second, for the publications that Apple provided a date, the dates do not appear to reflect the date of publication.  For example, the Nokia 3510 and 3510i Service Manual (No. 71) shows a date of May 12, 2002.  However, the manual states along the top of each page that it is "Confidential," indicating that it in fact was not publicly available.  *See* APL-THX_0000000328.  Numerous other documents suffer from this same deficiency.  *See, e.g.*, Nos. 30-40 (APL-THX_0000000347-APL-THX_0000000615); No. 90 (APL-THX_0000000307).

Without publication dates, Apple has not provided THX with the level of notice the PLRs require.  Consequently, for those references that do not have a publication date, please provide one.  Also, please provide copies that show the publication dates of the aforementioned references and any others that suffer from the same deficiency.

If you wish to meet and confer regarding any of the issues discussed herein, we would be happy to do so.

Very truly yours,

*/s/ Wing H. Liang*

Wing H. Liang