EXHIBIT 3

# EXHIBIT I-C

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

U.S. Patent No. 4,620,317 to Anderson ("Anderson") anticipates and/or renders obvious claims 1-6, 8, 10, 11, 16, 18-21, 24, 27-29, 31-32 of the '483 patent under 35 U.S.C. §102 and/or § 103, either alone or in combination with other prior art references (and/or in combination with the knowledge of a person of ordinary skill), under the plain and ordinary meaning of the claims as properly construed and/or as applied by THX in its Infringement Contentions.

Nothing stated herein shall be treated as an admission or suggestion that Apple agrees with THX regarding either the scope of any of the asserted claims or the claim constructions advanced by THX in its Infringement Contentions or anywhere else, or that any of Apple's accused products meets any limitations of the claims.  Nothing stated herein shall be construed as an admission or a waiver of any particular construction of any claim term.  Apple also reserves all rights to challenge any of the claim terms herein under 35 U.S.C. § 112, including by arguing that they are indefinite, not supported by the written description and/or not enabled.  Accordingly, nothing stated herein shall be construed as a waiver of any argument available under 35 U.S.C. § 112.

The cited portions of the prior art references are merely illustrative, and Apple reserves the right to rely on alternative or additional evidence, including uncited portions of the prior art references.  Where the chart below states that Anderson "discloses" a limitation, such disclosure may be express, inherent, or implicit.

In addition, one or more claims of the '483 patent are rendered obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, or Anderson in combination with one or more of the references identified in Section III of Apple's Invalidity Contentions.

*Exhibit I-C  – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| [1A] 1. A narrow profile sound system, comprising: | To the extent the preamble is a limitation, Anderson discloses a narrow profile sound system. *See, e.g.*,<br><br>"To efficiently operate the speaker, and to eliminate the need for excess volume, conventional cone speakers may be vertically oriented with the drive side of the speaker directed downward. In this arrangement, sound reflects from the table, desk, or other surface with equal volume and response radially in all directions from the speaker to the listeners." (Anderson at 1:48-55)<br><br>"Another object of this invention is to provide a speaker assembly that can produce sound that is uniform in volume and response radially about the assembly is placed on a flat horizontal surface, such as a table or a desk.<br>**A further object of this invention is to provide a speaker assembly for a teleconferencing system that does not require excessive volume for adequate sound dispersion to listeners who are positioned around the assembly and slightly higher than the assembly's location**.<br>Another object of this invention is to provide a speaker assembly for use on a horizontal surface such as a table or desk that does not produce destructive or additive interference in the sound waves between the sound following the direct and reflected paths from the speaker to the listener. These and other objects of the invention are accomplished by providing a speaker assembly for use on a desk, table, or other flat surface capable of directing sounds in all directions from a speaker. The assembly comprises a speaker supported above a generally conical circular base having an acoustically reflective surface angled away from the speaker. Sound exits from the assembly at substantially the level of the table or other surface upon which the assembly rests. A cover or cabinet is mounted above and surrounding the rear of the speaker, and the speaker is attached to the assembly by a support plate attached to the cover. The height of the interior of the cover is approximately the same as the height of the speaker."  (Anderson at 1:66-2:28 (emphasis added))<br><br>"The invention generally comprises of a cover 10, a base or acoustic reflector 12, and a speaker 14. The speaker is attached to a support plate 16, which in turn is mounted within the cover 10. A plurality of bushings 18 position the support plate a measured distance above the base 12. The speaker 14 is positioned upon the support plate 16 to direct sound downwardly toward and in the |

2

*Exhibit I-C  – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | vicinity of the generally circular base 12." (Anderson at 2:51-59)<br><br>"As is well known in the art, as the volume of air between speaker cone 30 and the base 12 increases, the system's response to sound frequencies generated in the high range (3-5 kilohertz) decreases. Conversely, response of high frequency sounds increases as the volume of air decreases. Hence, for best generation of high frequency sound, the separation between the base 12 and the speaker cone 30 should be reduced to the minimum possible."  (Anderson at 4:29-38)<br><br>"**Because at very low frequencies the displacement of the cone and dome can reach nearly 1/32 of an inch, the optimal separation for the preferred embodiment of the assembly should be approximately l/32 of an inch**…  Because actual contact of the speaker cone 30 with. the base 12 would drastically degrade sound quality, the separation of speaker cone 30 from base 12 in the preferred embodiment is approximately 1/8 inch."  (Anderson at 4:44-47 (emphasis added))<br><br> |

*Exhibit I-C  – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| |  (Anderson at FIGS. 1-3)  To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Section III.A ("Narrow Profile Ducted Speakers Were Well-Known") of Apple's Invalidity Contentions.  A person of ordinary skill in the art would have been motivated to combine Anderson with these disclosures and/or the knowledge of a person of |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
|  | ordinary skill in the art for the reasons set forth in III.A ("Narrow Profile Ducted Speakers Were Well-Known") and Section VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| [1B] a drive unit disposed on a mounting surface, said mounting surface forming a barrier acoustically isolating the drive unit's forward radiation from its rearward radiation; | Anderson discloses a drive unit disposed on a mounting surface, said mounting surface forming a barrier acoustically isolating the drive unit's forward radiation from its rearward radiation. *See, e.g.*, "Another object of this invention is to provide a speaker assembly for use on a horizontal surface such as a table or desk that does not produce destructive or additive interference in the sound waves between the sound following the direct and reflected paths from the speaker to the listener. These and other objects of the invention are accomplished by providing a speaker assembly for use on a desk, table, or other flat surface capable of directing sounds in all directions from a speaker. The assembly comprises a speaker supported above a generally conical circular base having an acoustically reflective surface angled away from the speaker. Sound exits from the assembly at substantially the level of the table or other surface upon which the assembly rests. A cover or cabinet is mounted above and surrounding the rear of the speaker, and the speaker is attached to the assembly by a support plate attached to the cover. The height of the interior of the cover is approximately the same as the height of the speaker." (Anderson at 2:9-2:28) "The invention generally comprises of a cover 10, a base or acoustic reflector 12, and a speaker 14. . . . A plurality of bushings 18 position the support plate a measured distance above the base 12. The speaker 14 is positioned upon the support plate 16 to direct sound downwardly toward and in the vicinity of the generally circular base 12." (Anderson at 2:47-59) "Mounting of the speaker 14 within the cover 10 is accomplished by positioning the speaker 14 in a generally circular hole 32 within the support plate 16 corresponding to the circular cross-section of the cone 30." (Anderson at 3:52-55) "As is further well known in the art, enclosure of the rear of the speaker in a cover or cabinet adds the pneumatic stiffness of the air cavity to the mechanical stiffness of the cone suspension, and |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | thereby raises the speaker resonance frequency within the enclosure. Accordingly, low frequency output can be controlled by varying the volume of air within the cover 10 to the rear of the speaker 14." (Anderson at 4:62-68)<br><br>"**[T]he term "cover" should include any arrangement that produces an acoustically sealed environment to the rear of the speaker**." (Anderson at 5:38-41 (emphasis added))<br><br> |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | <br>(Anderson at FIGS. 1-3)<br><br>To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Sections III.A ("Narrow Profile Ducted Speakers Were Well-Known") and III.E ("Speaker Designs That Improve Sound Quality Were Well-Known") of Apple's Invalidity Contentions.  A person of ordinary skill in the art would have been motivated to |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | combine Anderson with these disclosures and/or the knowledge of a person of ordinary skill in the art for the reasons set forth in Sections III.A ("Narrow Profile Ducted Speakers Were Well-Known"), III.E ("Speaker Designs That Improve Sound Quality Were Well-Known"), and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| [1C] a sound reflecting surface facing the drive unit and substantially parallel with the mounting surface; and | Anderson discloses a sound reflecting surface facing the drive unit and substantially parallel with the mounting surface. *See, e.g.,* "The invention generally comprises of a cover 10, a base or acoustic reflector 12, and a speaker 14. **The speaker is attached to a support plate 16, which in turn is mounted within the cover 10. A plurality of bushings 18 position the support plate a measured distance above the base 12.** The **speaker 14 is positioned upon the support plate 16 to direct sound downwardly toward and in the vicinity of the generally circular base 12**." (Anderson at 2:51-59 (emphasis added)) "**The sides of the base facing the speaker are angled away from the speaker to near the surface upon which the assembly rests, and are composed of an acoustically reflective material such that sound is radially reflected in all horizontal directions off of the base 12.**" (Anderson at 2:60-64 (emphasis added)) "In operation, the base 12 acts first as a base or support for the speaker assembly; second as an acoustic reflector directing sound radially about the speaker assembly to positions approximately thirty degrees above the height of the surface upon which the assembly rests or is mounted; and third as a phase plug to control and minimize the volume of air between the speaker cone 30 and the base 12." (Anderson at 4:16-24) "Although the preferred embodiment of the invention includes a conical recess in the top of the base 12, a variety of other configurations for the base 12 are possible. **Alternative embodiments of the top of the base 12 include a semispherical recess, a flat top, a pointed convex conical** |

*Exhibit I-C  – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | **top, and a pointed convex conical top with a more acute angle to the upper cone surface than the general conical angle of the base 12. Moreover, the configuration of the base 12 is not limited to strict conical sides, but instead may use any configuration that allows sound to be radially reflected in generally all horizontal directions away from the speaker assembly.** Additionally, the assembly may be constructed to direct sound from the speaker in just a few of the circumferential directions." (Anderson at 5:18-32 (emphasis added)) <br><br>  |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| |  (Anderson at FIGS. 1-3)<br><br>To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Sections III.A ("Narrow Profile Ducted Speakers Were Well-Known") and III.C ("Varying the Shape of the Duct Was Well-Known") of Apple's |

*Exhibit I-C  – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | Invalidity Contentions.  A person of ordinary skill in the art would have been motivated to combine Anderson with these disclosures and/or the knowledge of a person of ordinary skill in the art for the reasons set forth in Sections III.A ("Narrow Profile Ducted Speakers Were Well-Known"), III.C ("Varying the Shape of the Duct Was Well-Known"), and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| [1D] sound damping material disposed between said sound reflecting surface and the mounting surface, | Anderson discloses sound damping material disposed between said sound reflecting surface and the mounting surface. |
| | *See, e.g.*, |
| | "In the preferred embodiment, resonant vibration of the cover 10 is prevented by use of a dampening putty 31 inserted between the drive magnet 28 and the cover 10. Any tendency of the cover to resonate or "ring" during operation of the assembly is absorbed by the combined dampening effect of the putty 31 and fixed position drive magnet 28. In the preferred embodiment, the putty 31 is composed of a silicone-rubber gel. To prevent adherance of the drive magnet to the putty, and to thereby allow easy disassembly .of the speaker 14 from the cover 10, the drive magnet 28 is separated from the putty 31 by a gasket 33, which in the preferred embodiment is composed of a waxed paper segment."  (Anderson at 3:39-51) |
| | To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Section III.D ("Damping Materials Defining a Duct Were Well-Known") of Apple's Invalidity Contentions.  A person of ordinary skill in the art would have been motivated to combine Anderson with these disclosures and/or the knowledge of a person of ordinary skill in the art for the reasons set forth in Sections III.D ("Damping Materials Defining a Duct Were Well-Known") and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| [1E] the sound reflecting surface and the mounting | Anderson discloses the sound reflecting surface and the mounting surface defining a bottom and top of a narrow sound duct terminating in an elongate output slot, with the sound damping |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| surface defining a bottom and top of a narrow sound duct terminating in an elongate output slot, with the sound damping material forming sides of the sound duct, | material forming sides of the sound duct.<br><br>*See, e.g.,*<br><br>"Another object of this invention is to provide a speaker assembly for use on a horizontal surface such as a table or desk that does not produce destructive or additive interference in the sound waves between the sound following the direct and reflected paths from the speaker to the listener. These and other objects of the invention are accomplished by providing a speaker assembly for use on a desk, table, or other flat surface capable of directing sounds in all directions from a speaker. The assembly comprises a speaker supported above a generally conical circular base having an acoustically reflective surface angled away from the speaker. Sound exits from the assembly at substantially the level of the table or other surface upon which the assembly rests. A cover or cabinet is mounted above and surrounding the rear of the speaker, and the speaker is attached to the assembly by a support plate attached to the cover. The height of the interior of the cover is approximately the same as the height of the speaker." (Anderson at 2:9-2:28)<br><br>"**The invention generally comprises of a cover 10, a base or acoustic reflector 12, and a speaker 14. The speaker is attached to a support plate 16, which in tum is mounted within the cover 10. A plurality· of bushings 18 position the support plate a measured distance above the base 12. The speaker 14 is positioned upon the support plate 16 to direct sound downwardly toward and in the vicinity of the generally circular base 12**." (Anderson at 2:51-59 (emphasis added))<br><br>"In operation, the base 12 acts first as a base or support for the speaker assembly; second as an acoustic reflector directing sound radially about the speaker assembly to positions approximately thirty degrees above the height of the surface upon which the assembly rests or is mounted; and third as a phase plug to control and minimize the volume of air between the speaker cone 30 and the base 12." (Anderson at 4:16-24)<br><br>"As is well known in the art, as the volume of air between speaker cone 30 and the base 12 increases, the system's response to sound frequencies generated in the high range (3-5 kilohertz) |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | decreases. Conversely, response of high frequency sounds increases as the volume of air decreases. Hence, for best generation of high frequency sound, the separation between the base 12 and the speaker cone 30 should be reduced to the minimum possible." (Anderson at 4:29-38)<br><br>"Although the preferred embodiment of the invention includes a conical recess in the top of the base 12, a variety of other configurations for the base 12 are possible. Alternative embodiments of the top of the base 12 include a semispherical recess, a flat top, a pointed convex conical top, and a pointed convex conical top with a more acute angle to the upper cone surface than the general conical angle of the base 12. Moreover, the configuration of the base 12 is not limited to strict conical sides, but instead may use any configuration that allows sound to be radially reflected in generally all horizontal directions away from the speaker assembly. Additionally, the assembly may be constructed to direct sound from the speaker in just a few of the circumferential directions." (Anderson at 5:18-32)<br><br> |

13

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | <br>(Anderson at FIGS. 1-3)<br><br>"In the preferred embodiment, resonant vibration of the cover 10 is prevented by use of a dampening putty 31 inserted between the drive magnet 28 and the cover 10. Any tendency of the cover to resonate or "ring" during operation of the assembly is absorbed by the combined dampening effect of the putty 31 and fixed position drive magnet 28. In the preferred embodiment, the putty 31 is composed of a silicone-rubber gel. To prevent adherance of the drive magnet to the |

14

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
|  | putty, and to thereby allow easy disassembly .of the speaker 14 from the cover 10, the drive magnet 28 is separated from the putty 31 by a gasket 33, which in the preferred embodiment is composed of a waxed paper segment."  (Anderson at 3:39-51)<br><br><br>To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Sections III.A ("Narrow Profile Ducted Speakers Were Well-Known"), III.C ("Varying the Shape of the Duct Was Well-Known"), and III.D ("Damping Materials Defining a Duct Were Well-Known") of Apple's Invalidity Contentions.  A person of ordinary skill in the art would have been motivated to combine Anderson with these disclosures and/or the knowledge of a person of ordinary skill in the art for the reasons set forth in Sections III.A ("Narrow Profile Ducted Speakers Were Well-Known"), III.C ("Varying the Shape of the Duct Was Well-Known"), III.D ("Damping Materials Defining a Duct Were Well-Known"), and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| [1F] whereby forward radiation from the drive unit is turned at a substantially right angle and channeled along a straight path towards the output slot; | Anderson discloses whereby forward radiation from the drive unit is turned at a substantially right angle and channeled along a straight path towards the output slot.<br><br>*See, e.g.*,<br><br>"Another object of this invention is to provide a speaker assembly for use on a horizontal surface such as a table or desk that does not produce destructive or additive interference in the sound waves between the sound following the direct and reflected paths from the speaker to the listener. These and other objects of the invention are accomplished by providing a speaker assembly for use on a desk, table, or other flat surface capable of directing sounds in all directions from a speaker. The assembly comprises a speaker supported above a generally conical circular base having an acoustically reflective surface angled away from the speaker. Sound exits from the assembly at substantially the level of the table or other surface upon which the assembly rests. A cover or cabinet is mounted above and surrounding the rear of the speaker, and the speaker is attached to the assembly by a support plate attached to the cover. The height of the interior of the |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | cover is approximately the same as the height of the speaker." (Anderson at 2:9-2:28)<br><br>"**The invention generally comprises of a cover 10, a base or acoustic reflector 12, and a speaker 14. The speaker is attached to a support plate 16, which in tum is mounted within the cover 10. A plurality of bushings 18 position the support plate a measured distance above the base 12. The speaker 14 is positioned upon the support plate 16 to direct sound downwardly toward and in the vicinity of the generally circular base 12**." (Anderson at 2:51-59 (emphasis added))<br><br>"The sides of the base facing the speaker are angled away from the speaker to near the surface upon which the assembly rests, and are composed of an acoustically reflective material such that sound is radially reflected in all horizontal directions off of the base 12." (Anderson at 2:60-64)<br><br>"In operation, the base 12 acts first as a base or support for the speaker assembly; second as an acoustic reflector directing sound radially about the speaker assembly to positions approximately thirty degrees above the height of the surface upon which the assembly rests or is mounted; and third as a phase plug to control and minimize the volume of air between the speaker cone 30 and the base 12." (Anderson at 4:16-24)<br><br>"Although the preferred embodiment of the invention includes a conical recess in the top of the base 12, a variety of other configurations for the base 12 are possible. **Alternative embodiments of the top of the base 12 include a semispherical recess, a flat top, a pointed convex conical top, and a pointed convex conical top with a more acute angle to the upper cone surface than the general conical angle of the base 12. Moreover, the configuration of the base 12 is not limited to strict conical sides, but instead may use any configuration that allows sound to be radially reflected in generally all horizontal directions away from the speaker assembly**. Additionally, the assembly may be constructed to direct sound from the speaker in just a few of the circumferential directions." (Anderson at 5:18-32 (emphasis added)) |

16

*Exhibit I-C  – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| |  |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | <br><br>(Anderson at FIGS. 1-3)<br><br><br>To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Sections III.A ("Narrow Profile Ducted Speakers Were Well-Known") and III.C ("Varying the Shape of the Duct Was Well-Known") of Apple's |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | Invalidity Contentions.  A person of ordinary skill in the art would have been motivated to combine Anderson with these disclosures and/or the knowledge of a person of ordinary skill in the art for the reasons set forth in Sections III.A ("Narrow Profile Ducted Speakers Were Well-Known"), III.C ("Varying the Shape of the Duct Was Well-Known"), and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| [1G] wherein the sound damping material forms an outer shape of the sound duct which reduces sound reflections at the end of the sound duct opposite the output slot and thereby mitigates standing waves. | Anderson discloses wherein the sound damping material forms an outer shape of the sound duct which reduces sound reflections at the end of the sound duct opposite the output slot and thereby mitigates standing waves. *See, e.g.*, "In the preferred embodiment, resonant vibration of the cover 10 is prevented by use of a dampening putty 31 inserted between the drive magnet 28 and the cover 10. Any tendency of the cover to resonate or "ring" during operation of the assembly is absorbed by the combined dampening effect of the putty 31 and fixed position drive magnet 28. In the preferred embodiment, the putty 31 is composed of a silicone-rubber gel. To prevent adherance of the drive magnet to the putty, and to thereby allow easy disassembly .of the speaker 14 from the cover 10, the drive magnet 28 is separated from the putty 31 by a gasket 33, which in the preferred embodiment is composed of a waxed paper segment." (Anderson at 3:39-51) "To efficiently operate the speaker, and to eliminate the need for excess volume, conventional cone speakers may be vertically oriented with the drive side of the speaker directed downward. In this arrangement, sound reflects from the table, desk, or other surface with equal volume and response radially in all directions from the speaker to the listeners." (Anderson at 1:48-55) "Another object of this invention is to provide a speaker assembly that can produce sound that is uniform in volume and response radially about the assembly when the assembly is placed on a flat horizontal surface, such as a table or a desk. **A further object of this invention is to provide a speaker assembly for a teleconferencing system that does not require excessive volume for adequate sound dispersion to listeners who are positioned around the assembly and slightly higher than the assembly's location.** |

*Exhibit I-C  – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | **Another object of this invention is to provide a speaker assembly for use on a horizontal surface such as a table or desk that does not produce destructive or additive interference in the sound waves between the sound following the direct and reflected paths from the speaker to the listener**."  (Anderson at 1:66-2:14 (emphasis added))<br><br>"In the preferred embodiment, resonant vibration of the cover 10 is prevented by use of a dampening putty 31 inserted between the drive magnet 28 and the cover 10. Any tendency of the cover to resonate or "ring" during operation of the assembly is absorbed by the combined dampening effect of the putty 31 and fixed position drive magnet 28. In the preferred embodiment, the putty 31 is composed of a silicone-rubber gel. To prevent adherance of the drive magnet to the putty, and to thereby allow easy disassembly .of the speaker 14 from the cover 10, the drive magnet 28 is separated from the putty 31 by a gasket 33, which in the preferred embodiment is composed of a waxed paper segment."  (Anderson at 3:39-51)<br><br>"Moreover, the configuration of the base 12 is not limited to strict conical sides, but instead may use any configuration that allows sound to be radially reflected in generally all horizontal directions away from the speaker assembly. Additionally, the assembly may be constructed to direct sound from the speaker in just a few of the circumferential directions."  (Anderson at 5:26-32) |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
|  |  |

*Exhibit I-C  – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | (Anderson at FIGS. 1-3)<br><br>To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Sections III.D ("Damping Materials Defining a Duct Were Well-Known") and III.E ("Speaker Designs That Improve Sound Quality Were Well-Known") of Apple's Invalidity Contentions.  A person of ordinary skill in the art would have been |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
|  | motivated to combine Anderson with these disclosures and/or the knowledge of a person of ordinary skill in the art for the reasons set forth in Sections III.D ("Damping Materials Defining a Duct Were Well-Known"), III.E ("Speaker Designs That Improve Sound Quality Were Well-Known"), and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
|  |  |
| 2. The narrow profile sound system of claim 1, wherein sound emanating from the output slot is characterized by a wide horizontal dispersion angle and a narrow vertical dispersion angle as a result of the elongate shape of the output slot. | Anderson discloses the narrow profile sound system of claim 1, wherein sound emanating from the output slot is characterized by a wide horizontal dispersion angle and a narrow vertical dispersion angle as a result of the elongate shape of the output slot.<br><br>*See, e.g.*,<br><br>"Another object of this invention is to provide a speaker assembly that can produce sound that is uniform in volume and response radially about the assembly is placed on a flat horizontal surface, such as a table or a desk.<br>A further object of this invention is to provide a speaker assembly for a teleconferencing system that does not require excessive volume for adequate sound dispersion to listeners who are positioned around the assembly and slightly higher than the assembly's location.<br>Another object of this invention is to provide a speaker assembly for use on a horizontal surface such as a table or desk that does not produce destructive or additive interference in the sound waves between the sound following the direct and reflected paths from the speaker to the listener. These and other objects of the invention are accomplished by providing a speaker assembly for use on a desk, table, or other flat surface capable of directing sounds in all directions from a speaker. The assembly comprises a speaker supported above a generally conical circular base having an acoustically reflective surface angled away from the speaker. Sound exits from the assembly at substantially the level of the table or other surface upon which the assembly rests. A cover or cabinet is mounted above and surrounding the rear of the speaker, and the speaker is attached to the assembly by a support plate attached to the cover. The height of the interior of the cover is approximately the same as the height of the speaker." (Anderson at 1:66-2:28)<br><br>"The sides of the base facing the speaker are angled away from the speaker to near the surface upon which the assembly rests, and are composed of an acoustically reflective material such that |

*Exhibit I-C  – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | sound is radially reflected in all horizontal directions off of the base 12." (Anderson at 2:60-64)<br><br>"Although the preferred embodiment of the invention includes a conical recess in the top of the base 12, a variety of other configurations for the base 12 are possible. Alternative embodiments of the top of the base 12 include a semispherical recess, a flat top, a pointed convex conical top, and a pointed convex conical top with a more acute angle to the upper cone surface than the general conical angle of the base 12. Moreover, the configuration of the base 12 is not limited to strict conical sides, but instead may use any configuration that allows sound to be radially reflected in generally all horizontal directions away from the speaker assembly. Additionally, the assembly may be constructed to direct sound from the speaker in just a few of the circumferential directions." (Anderson at 5:18-32)<br><br> |

*Exhibit I-C  – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | <br><br>(Anderson at FIGS. 1-3)<br><br>To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Sections III.A ("Narrow Profile Ducted Speakers Were Well-Known") and III.E ("Speaker Designs That Improve Sound Quality Were Well-Known") of Apple's Invalidity Contentions.  A person of ordinary skill in the art would have been motivated to |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
|  | combine Anderson with these disclosures and/or the knowledge of a person of ordinary skill in the art for the reasons set forth in III.A ("Narrow Profile Ducted Speakers Were Well-Known") and III.E ("Speaker Designs That Improve Sound Quality Were Well-Known"), and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
|  |  |
| [3A] 3. The narrow profile sound system of claim 1, wherein said sound damping material forms a back wall of the sound duct, | Anderson discloses the narrow profile sound system of claim 1, wherein said sound damping material forms a back wall of the sound duct.<br><br>*See, e.g.,*<br><br>"In the preferred embodiment, resonant vibration of the cover 10 is prevented by use of a dampening putty 31 inserted between the drive magnet 28 and the cover 10. Any tendency of the cover to resonate or "ring" during operation of the assembly is absorbed by the combined dampening effect of the putty 31 and fixed position drive magnet 28. In the preferred embodiment, the putty 31 is composed of a silicone-rubber gel. To prevent adherance of the drive magnet to the putty, and to thereby allow easy disassembly .of the speaker 14 from the cover 10, the drive magnet 28 is separated from the putty 31 by a gasket 33, which in the preferred embodiment is composed of a waxed paper segment."  (Anderson at 3:39-51)<br><br><br>To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Section III.D ("Damping Materials Defining a Duct Were Well-Known") of Apple's Invalidity Contentions.  A person of ordinary skill in the art would have been motivated to combine Anderson with these disclosures and/or the knowledge of a person of ordinary skill in the art for the reasons set forth in Sections III.D ("Damping Materials Defining a Duct Were Well-Known") and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| [3B] said back wall substantially following a | Anderson discloses the narrow profile sound system of claim 1, wherein said back wall substantially following a curved contour of a portion of a drive unit cone farthest opposite from |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| curved contour of a portion of a drive unit cone farthest opposite from the output slot. | the output slot.<br><br>*See, e.g.*,<br><br>"Although the preferred embodiment of the invention includes a conical recess in the top of the base 12, a variety of other configurations for the base 12 are possible. Alternative embodiments of the top of the base 12 include a semispherical recess, a flat top, a pointed convex conical top, and a pointed convex conical top with a more acute angle to the upper cone surface than the general conical angle of the base 12. Moreover, the configuration of the base 12 is not limited to strict conical sides, but instead may use any configuration that allows sound to be radially reflected in generally all horizontal directions away from the speaker assembly. Additionally, the assembly may be constructed to direct sound from the speaker in just a few of the circumferential directions." (Anderson at 5:18-32)<br><br> |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | <br><br>(Anderson at FIGS. 1-3)<br><br>To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Section III.C ("Varying the Shape of the Duct Was Well-Known") of Apple's Invalidity Contentions.  A person of ordinary skill in the art would have been motivated to combine Anderson with these disclosures and/or the knowledge of a person of |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | ordinary skill in the art for the reasons set forth in Sections III.C ("Varying the Shape of the Duct Was Well-Known") and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| | |
| [4A] 4. A narrow-profile groundplane audio speaker system, comprising: | To the extent the preamble is a limitation, Anderson discloses a narrow-profile groundplane audio speaker system. *See, e.g.*, "This invention relates to a speaker assembly, and more particularly it relates to an improved assembly for a tabletop or desk mounted speaker that may be used to reproduce telecommunication sound from teleconferencing systems and the like." (Anderson at 1:6-11) "Such tabletop speakers ideally should be adapted to produce uniform quality response radially about the speaker's position, so that each participant to the conversation who is seated about the table or desk will hear equal high sound quality." (Anderson at 1:27-31) "Accordingly, when conventional speakers are used on tabletops, they may be positioned with the drive side of the speaker oriented vertically and directed to drive sound either upward from the table or downward to that surface." (Anderson at 1:32-36) "To efficiently operate the speaker, and to eliminate the need for excess volume, conventional cone speakers may be vertically oriented with the drive side of the speaker directed downward. In this arrangement, sound reflects from the table, desk, or other surface with equal volume and response radially in all directions from the speaker to the listeners." (Anderson at 1:48-55) "**Another object of this invention is to provide a speaker assembly that can produce sound that is uniform in volume and response radially about the assembly is placed on a flat horizontal surface, such as a table or a desk**. A further object of this invention is to provide a speaker assembly for a **teleconferencing system that does not require excessive volume for adequate sound dispersion to listeners who are positioned around the assembly and slightly higher than the assembly's location**. |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | Another object of this invention is to provide a speaker assembly for use on a horizontal surface such as a table or desk that does not produce destructive or additive interference in the sound waves between the sound following the direct and reflected paths from the speaker to the listener. These and other objects of the invention are accomplished by providing a speaker assembly for use on a desk, table, or other flat surface capable of directing sounds in all directions from a speaker. The assembly comprises a speaker supported above a generally conical circular base having an acoustically reflective surface angled away from the speaker. **Sound exits from the assembly at substantially the level of the table or other surface upon which the assembly rests**. A cover or cabinet is mounted above and surrounding the rear of the speaker, and the speaker is attached to the assembly by a support plate attached to the cover. The height of the interior of the cover is approximately the same as the height of the speaker."  (Anderson at 1:66-2:28 (emphasis added)) <br><br> "**Referring now to FIGS. 1 and 2, the preferred embodiment of the invention is a speaker assembly for use in teleconferencing systems, and specifically for use on a desk, table or other flat surface that may be surrounded by listeners**." (Anderson at 2:47-51 (emphasis added)) <br><br> "The invention generally comprises of a cover 10, a base or acoustic reflector 12, and a speaker 14. The speaker is attached to a support plate 16, which in turn is mounted within the cover 10. A plurality· of bushings 18 position the support plate a measured distance above the base 12**. The speaker 14 is positioned upon the support plate 16 to direct sound downwardly toward and in the vicinity of the generally circular base 12**." (Anderson at 2:51-59 (emphasis added)) <br><br> "In operation, the base 12 acts first as a base or support for the speaker assembly; second as an acoustic reflector directing sound radially about the speaker assembly to positions approximately thirty degrees above the height of the surface upon which the assembly rests or is mounted; and third as a phase plug to control and minimize the volume of air between the speaker cone 30 and the base 12."  (Anderson at 4:16-24) |

*Exhibit I-C  – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| |  |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | <br>(Anderson at FIGS. 1-3)<br><br>To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Section III.B ("Groundplane Speakers Were Well-Known") of Apple's Invalidity Contentions. A person of ordinary skill in the art would have been motivated to combine Anderson with these disclosures and/or the knowledge of a person of |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | ordinary skill in the art for the reasons set forth in Sections III.B ("Groundplane Speakers Were Well-Known") and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| [4B] a speaker housing; a first drive unit disposed within said speaker housing, | Anderson discloses a speaker housing; a first drive unit disposed within said speaker housing. *See, e.g.*, "Another object of this invention is to provide a speaker assembly for use on a horizontal surface such as a table or desk that does not produce destructive or additive interference in the sound waves between the sound following the direct and reflected paths from the speaker to the listener. These and other objects of the invention are accomplished by providing a speaker assembly for use on a desk, table, or other flat surface capable of directing sounds in all directions from a speaker. The assembly comprises a speaker supported above a generally conical circular base having an acoustically reflective surface angled away from the speaker. Sound exits from the assembly at substantially the level of the table or other surface upon which the assembly rests. A cover or cabinet is mounted above and surrounding the rear of the speaker, and the speaker is attached to the assembly by a support plate attached to the cover. The height of the interior of the cover is approximately the same as the height of the speaker." (Anderson at 2:9-2:28) "The invention generally comprises of a cover 10, a base or acoustic reflector 12, and a speaker 14. . . . A plurality of bushings 18 position the support plate a measured distance above the base 12. The speaker 14 is positioned upon the support plate 16 to direct sound downwardly toward and in the vicinity of the generally circular base 12." (Anderson at 2:47-59) "**Mounting of the speaker 14 within the cover 10 is accomplished by positioning the speaker 14 in a generally circular hole 32 within the support plate 16 corresponding to the circular cross-section of the cone 30**." (Anderson at 3:52-55 (emphasis added)) |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| |  |

*Exhibit I-C  – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | <br>Fig. 3<br><br>(Anderson at FIGS. 1-3)<br><br>To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Section III.B ("Groundplane Speakers Were Well-Known") of Apple's Invalidity Contentions.  A person of ordinary skill in the art would have been |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | motivated to combine Anderson with these disclosures and/or the knowledge of a person of ordinary skill in the art for the reasons set forth in Sections III.B ("Groundplane Speakers Were Well-Known") and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| [4C] said first drive unit mounted on a baffle whereby the drive unit's forward radiation is isolated from its rearward radiation; and | Anderson discloses said first drive unit mounted on a baffle whereby the drive unit's forward radiation is isolated from its rearward radiation.<br><br>*See, e.g*.,<br><br>"Another object of this invention is to provide a speaker assembly for use on a horizontal surface such as a table or desk that does not produce destructive or additive interference in the sound waves between the sound following the direct and reflected paths from the speaker to the listener. These and other objects of the invention are accomplished by providing a speaker assembly for use on a desk, table, or other flat surface capable of directing sounds in all directions from a speaker. The assembly comprises a speaker supported above a generally conical circular base having an acoustically reflective surface angled away from the speaker. Sound exits from the assembly at substantially the level of the table or other surface upon which the assembly rests. A cover or cabinet is mounted above and surrounding the rear of the speaker, and the speaker is attached to the assembly by a support plate attached to the cover. The height of the interior of the cover is approximately the same as the height of the speaker." (Anderson at 2:9-2:28)<br><br>"The invention generally comprises of a cover 10, a base or acoustic reflector 12, and a speaker 14. . . .  A plurality of bushings 18 position the support plate a measured distance above the base 12.  The speaker 14 is positioned upon the support plate 16 to direct sound downwardly toward and in the vicinity of the generally circular base 12." (Anderson at 2:47-59)<br><br>"Mounting of the speaker 14 within the cover 10 is accomplished by positioning the speaker 14 in a generally circular hole 32 within the support plate 16 corresponding to the circular cross-section of the cone 30." (Anderson at 3:52-55)<br><br>"As is further well known in the art, enclosure of the rear of the speaker in a cover or cabinet adds |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | the pneumatic stiffness of the air cavity to the mechanical stiffness of the cone suspension, and thereby raises the speaker resonance frequency within the enclosure. Accordingly, low frequency output can be controlled by varying the volume of air within the cover 10 to the rear of the speaker 14." (Anderson at 4:62-68)<br><br>"**[T]he term "cover" should include any arrangement that produces an acoustically sealed environment to the rear of the speaker**." (Anderson at 5:38-41 (emphasis added))<br><br> |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| |  (Anderson at FIGS. 1-3)<br><br>To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Sections III.A ("Narrow Profile Ducted Speakers Were Well-Known"), III.E ("Speaker Designs That Improve Sound Quality Were Well-Known") of Apple's Invalidity Contentions.  A person of ordinary skill in the art would have been motivated to |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | combine Anderson with these disclosures and/or the knowledge of a person of ordinary skill in the art for the reasons set forth in Sections III.A ("Narrow Profile Ducted Speakers Were Well-Known"), III.E ("Speaker Designs That Improve Sound Quality Were Well-Known") and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| [4D] one or more support members separating said first drive unit from a first sound reflecting surface facing said first drive unit; | Anderson discloses one or more support members separating said first drive unit from a first sound reflecting surface facing said first drive unit.<br><br>*See, e.g.*,<br><br>"The invention generally comprises of a cover 10, a base or acoustic reflector 12, and a speaker 14. **The speaker is attached to a support plate 16, which in turn is mounted within the cover 10. A plurality of bushings 18 position the support plate a measured distance above the base 12.** The **speaker 14 is positioned upon the support plate 16 to direct sound downwardly toward and in the vicinity of the generally circular base 12**." (Anderson at 2:51-59 (emphasis added))<br><br>"**The sides of the base facing the speaker are angled away from the speaker to near the surface upon which the assembly rests, and are composed of an acoustically reflective material such that sound is radially reflected in all horizontal directions off of the base 12**." (Anderson at 2:60-64 (emphasis added))<br><br>"In operation, the base 12 acts first as a base or support for the speaker assembly; second as an acoustic reflector directing sound radially about the speaker assembly to positions approximately thirty degrees above the height of the surface upon which the assembly rests or is mounted; and third as a phase plug to control and minimize the volume of air between the speaker cone 30 and the base 12." (Anderson at 4:16-24)<br><br>"Although the preferred embodiment of the invention includes a conical recess in the top of the base 12, a variety of other configurations for the base 12 are possible. **Alternative embodiments of the top of the base 12 include a semispherical recess, a flat top, a pointed convex conical top, and a pointed convex conical top with a more acute angle to the upper cone surface than** |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | **the general conical angle of the base 12. Moreover, the configuration of the base 12 is not limited to strict conical sides, but instead may use any configuration that allows sound to be radially reflected in generally all horizontal directions away from the speaker assembly**. Additionally, the assembly may be constructed to direct sound from the speaker in just a few of the circumferential directions." (Anderson at 5:18-32 (emphasis added))  |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | <br><br>(Anderson at FIGS. 1-3)<br><br><br>To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Sections III.A ("Narrow Profile Ducted Speakers Were Well-Known"), III.B ("Groundplane Speakers Were Well-Known") of Apple's Invalidity |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | Contentions.  A person of ordinary skill in the art would have been motivated to combine Anderson with these disclosures and/or the knowledge of a person of ordinary skill in the art for the reasons set forth in Sections III.A ("Narrow Profile Ducted Speakers Were Well-Known"), III.B ("Groundplane Speakers Were Well-Known"), and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| [4E] wherein the baffle and the first sound reflecting surface define a sound duct terminating in a first sound output aperture proximate an outer edge of said first drive unit; | Anderson discloses wherein the baffle and the first sound reflecting surface define a sound duct terminating in a first sound output aperture proximate an outer edge of said first drive unit. *See, e.g.*, "Another object of this invention is to provide a speaker assembly for use on a horizontal surface such as a table or desk that does not produce destructive or additive interference in the sound waves between the sound following the direct and reflected paths from the speaker to the listener. These and other objects of the invention are accomplished by providing a speaker assembly for use on a desk, table, or other flat surface capable of directing sounds in all directions from a speaker. The assembly comprises a speaker supported above a generally conical circular base having an acoustically reflective surface angled away from the speaker. Sound exits from the assembly at substantially the level of the table or other surface upon which the assembly rests. A cover or cabinet is mounted above and surrounding the rear of the speaker, and the speaker is attached to the assembly by a support plate attached to the cover. The height of the interior of the cover is approximately the same as the height of the speaker."  (Anderson at 2:9-2:28) **"The invention generally comprises of a cover 10, a base or acoustic reflector 12, and a speaker 14. The speaker is attached to a support plate 16, which in turn is mounted within the cover 10. A plurality· of bushings 18 position the support plate a measured distance above the base 12. The speaker 14 is positioned upon the support plate 16 to direct sound downwardly toward and in the vicinity of the generally circular base 12**." (Anderson at 2:51-59 (emphasis added)) "In operation, the base 12 acts first as a base or support for the speaker assembly; second as an |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | acoustic reflector directing sound radially about the speaker assembly to positions approximately thirty degrees above the height of the surface upon which the assembly rests or is mounted; and third as a phase plug to control and minimize the volume of air between the speaker cone 30 and the base 12." (Anderson at 4:16-24)<br><br>"As is well known in the art, as the volume of air between speaker cone 30 and the base 12 increases, the system's response to sound frequencies generated in the high range (3-5 kilohertz) decreases. Conversely, response of high frequency sounds increases as the volume of air decreases. Hence, for best generation of high frequency sound, the separation between the base 12 and the speaker cone 30 should be reduced to the minimum possible." (Anderson at 4:29-38)<br><br>"Although the preferred embodiment of the invention includes a conical recess in the top of the base 12, a variety of other configurations for the base 12 are possible. Alternative embodiments of the top of the base 12 include a semispherical recess, a flat top, a pointed convex conical top, and a pointed convex conical top with a more acute angle to the upper cone surface than the general conical angle of the base 12. Moreover, the configuration of the base 12 is not limited to strict conical sides, but instead may use any configuration that allows sound to be radially reflected in generally all horizontal directions away from the speaker assembly. Additionally, the assembly may be constructed to direct sound from the speaker in just a few of the circumferential directions." (Anderson at 5:18-32) |

*Exhibit I-C  – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| |  |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| |   (Anderson at FIGS. 1-3)  To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Sections III.A ("Narrow Profile Ducted Speakers Were Well-Known"), III.B ("Groundplane Speakers Were Well-Known") of Apple's Invalidity Contentions.  A person of ordinary skill in the art would have been motivated to combine |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | Anderson with these disclosures and/or the knowledge of a person of ordinary skill in the art for the reasons set forth in Sections III.A ("Narrow Profile Ducted Speakers Were Well-Known"), III.B ("Groundplane Speakers Were Well-Known"), and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| [4F] whereby forward radiation from said first drive unit is substantially unimpeded in the direction of the first sound reflecting surface, and is turned at a substantially right angle and travels along a straight path to exit the first sound output aperture; and | Anderson discloses whereby forward radiation from said first drive unit is substantially unimpeded in the direction of the first sound reflecting surface, and is turned at a substantially right angle and travels along a straight path to exit the first sound output aperture. *See, e.g.*, "Another object of this invention is to provide a speaker assembly for use on a horizontal surface such as a table or desk that does not produce destructive or additive interference in the sound waves between the sound following the direct and reflected paths from the speaker to the listener. These and other objects of the invention are accomplished by providing a speaker assembly for use on a desk, table, or other flat surface capable of directing sounds in all directions from a speaker. The assembly comprises a speaker supported above a generally conical circular base having an acoustically reflective surface angled away from the speaker. Sound exits from the assembly at substantially the level of the table or other surface upon which the assembly rests. A cover or cabinet is mounted above and surrounding the rear of the speaker, and the speaker is attached to the assembly by a support plate attached to the cover. The height of the interior of the cover is approximately the same as the height of the speaker." (Anderson at 2:9-2:28) **"The invention generally comprises of a cover 10, a base or acoustic reflector 12, and a speaker 14. The speaker is attached to a support plate 16, which in turn is mounted within the cover 10. A plurality of bushings 18 position the support plate a measured distance above the base 12. The speaker 14 is positioned upon the support plate 16 to direct sound downwardly toward and in the vicinity of the generally circular base 12.**" (Anderson at 2:51-59 (emphasis added)) "The sides of the base facing the speaker are angled away from the speaker to near the surface |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | upon which the assembly rests, and are composed of an acoustically reflective material such that sound is radially reflected in all horizontal directions off of the base 12." (Anderson at 2:60-64)<br><br>"In operation, the base 12 acts first as a base or support for the speaker assembly; second as an acoustic reflector directing sound radially about the speaker assembly to positions approximately thirty degrees above the height of the surface upon which the assembly rests or is mounted; and third as a phase plug to control and minimize the volume of air between the speaker cone 30 and the base 12." (Anderson at 4:16-24)<br><br>"Although the preferred embodiment of the invention includes a conical recess in the top of the base 12, a variety of other configurations for the base 12 are possible. **Alternative embodiments of the top of the base 12 include a semispherical recess, a flat top, a pointed convex conical top, and a pointed convex conical top with a more acute angle to the upper cone surface than the general conical angle of the base 12. Moreover, the configuration of the base 12 is not limited to strict conical sides, but instead may use any configuration that allows sound to be radially reflected in generally all horizontal directions away from the speaker assembly**. Additionally, the assembly may be constructed to direct sound from the speaker in just a few of the circumferential directions." (Anderson at 5:18-32 (emphasis added)) |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| |  |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | (Anderson at FIGS. 1-3)<br><br><br>To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Sections III.A ("Narrow Profile Ducted Speakers Were Well-Known"), III.C ("Varying the Shape of the Duct Was Well-Known") of Apple's Invalidity |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | Contentions.  A person of ordinary skill in the art would have been motivated to combine Anderson with these disclosures and/or the knowledge of a person of ordinary skill in the art for the reasons set forth in Sections III.A ("Narrow Profile Ducted Speakers Were Well-Known"), III.C ("Varying the Shape of the Duct Was Well-Known"), and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| [4G] wherein said first sound output aperture is sufficiently narrow such that an interfering phase shift is avoided between the direct and reflecting sound waves output from said first drive unit. | Anderson discloses wherein said first sound output aperture is sufficiently narrow such that an interfering phase shift is avoided between the direct and reflecting sound waves output from said first drive unit.<br><br>*See, e.g.,*<br><br>"To efficiently operate the speaker, and to eliminate the need for excess volume, conventional cone speakers may be vertically oriented with the drive side of the speaker directed downward. In this arrangement, sound reflects from the table, desk, or other surface with equal volume and response radially in all directions from the speaker to the listeners."  (Anderson at 1:48-55)<br><br>"Another object of this invention is to provide a speaker assembly that can produce sound that is uniform in volume and response radially about the assembly when the assembly is placed on a flat horizontal surface, such as a table or a desk.<br>**A further object of this invention is to provide a speaker assembly for a teleconferencing system that does not require excessive volume for adequate sound dispersion to listeners who are positioned around the assembly and slightly higher than the assembly's location. Another object of this invention is to provide a speaker assembly for use on a horizontal surface such as a table or desk that does not produce destructive or additive interference in the sound waves between the sound following the direct and reflected paths from the speaker to the listener**."  (Anderson at 1:66-2:14 (emphasis added))<br><br>"Moreover, the configuration of the base 12 is not limited to strict conical sides, but instead may use any configuration that allows sound to be radially reflected in generally all horizontal directions away from the speaker assembly. Additionally, the assembly may be constructed to |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | direct sound from the speaker in just a few of the circumferential directions." (Anderson at 5:26-32)<br><br> |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | 

(Anderson at FIGS. 1-3)

To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Sections III.B ("Groundplane Speakers Were Well-Known") and III.E ("Speaker Designs That Improve Sound Quality Were Well-Known")of Apple's Invalidity Contentions.  A person of ordinary skill in the art would have been motivated to |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | combine Anderson with these disclosures and/or the knowledge of a person of ordinary skill in the art for the reasons set forth in Sections III.B ("Groundplane Speakers Were Well-Known"), III.E ("Speaker Designs That Improve Sound Quality Were Well-Known"), and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| | |
| 5. The audio speaker system of claim 4, wherein said first sound reflecting surface is substantially parallel with the baffle on which said first drive unit is mounted. | Anderson discloses the audio speaker system of claim 4, wherein said first sound reflecting surface is substantially parallel with the baffle on which said first drive unit is mounted.<br><br>*See, e.g.*,<br><br>"The invention generally comprises of a cover 10, a base or acoustic reflector 12, and a speaker 14. **The speaker is attached to a support plate 16, which in tum is mounted within the cover 10. A plurality of bushings 18 position the support plate a measured distance above the base 12.** The **speaker 14 is positioned upon the support plate 16 to direct sound downwardly toward and in the vicinity of the generally circular base 12**." (Anderson at 2:51-59 (emphasis added))<br><br>"**The sides of the base facing the speaker are angled away from the speaker to near the surface upon which the assembly rests, and are composed of an acoustically reflective material such that sound is radially reflected in all horizontal directions off of the base 12**." (Anderson at 2:60-64 (emphasis added))<br><br>"In operation, the base 12 acts first as a base or support for the speaker assembly; second as an acoustic reflector directing sound radially about the speaker assembly to positions approximately thirty degrees above the height of the surface upon which the assembly rests or is mounted; and third as a phase plug to control and minimize the volume of air between the speaker cone 30 and the base 12." (Anderson at 4:16-24)<br><br>"Although the preferred embodiment of the invention includes a conical recess in the top of the base 12, a variety of other configurations for the base 12 are possible. **Alternative embodiments of the top of the base 12 include a semispherical recess, a flat top, a pointed convex conical** |

*Exhibit I-C  – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | **top, and a pointed convex conical top with a more acute angle to the upper cone surface than the general conical angle of the base 12. Moreover, the configuration of the base 12 is not limited to strict conical sides, but instead may use any configuration that allows sound to be radially reflected in generally all horizontal directions away from the speaker assembly**. Additionally, the assembly may be constructed to direct sound from the speaker in just a few of the circumferential directions." (Anderson at 5:18-32 (emphasis added))<br><br> |

*Exhibit I-C  – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | <br><br>(Anderson at FIGS. 1-3)<br><br> To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Section III.C ("Varying the Shape of the Duct Was Well-Known") of Apple's Invalidity Contentions.  A person of ordinary skill in the art would have been motivated to combine Anderson with these disclosures and/or the knowledge of a person of |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | ordinary skill in the art for the reasons set forth in Sections III.C ("Varying the Shape of the Duct Was Well-Known"), and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| | |
| 6. The audio speaker system of claim 4, wherein said first drive unit comprises a mid-range drive unit. | Anderson discloses the audio speaker system of claim 4, wherein said first drive unit comprises a mid-range drive unit. *See, e.g.*, "Optimally, the volume of air between the speaker cone and the base 12 should be such as to produce peak frequency response from the assembly in the **range of frequencies transmitted by telephone systems.** Thus, optimum frequency response should occur in the range of 300 hertz to 3 kilohertz." (Anderson at 4:24-29 (emphasis added)) "[i]n the preferred embodiment, the diameter has been chosen to be approximately 6 inches, which produces a peak in frequency response at a frequency within the normal range of sounds transmitted by telephone communications, that peak being at approximately 2 kilohertz." (Anderson at 5:12-17) |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| |  |

*Exhibit I-C  – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| |  (Anderson at FIGS. 1-3) To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Sections III.B ("Groundplane Speakers Were Well-Known") and III.E ("Speaker Designs That Improve Sound Quality Were Well-Known")of Apple's Invalidity Contentions.  A person of ordinary skill in the art would have been motivated to |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | combine Anderson with these disclosures and/or the knowledge of a person of ordinary skill in the art for the reasons set forth in Sections III.B ("Groundplane Speakers Were Well-Known"), III.E ("Speaker Designs That Improve Sound Quality Were Well-Known"), and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| | |
| [8A] 8. The audio speaker system of claim 4, wherein said sound output aperture is elongate, and | Anderson discloses the audio speaker system of claim 4, wherein said sound output aperture is elongate. *See, e.g.*, "**Although the preferred embodiment of the invention includes a conical recess in the top of the base 12, a variety of other configurations for the base 12 are possible**. Alternative embodiments of the top of the base 12 include a semispherical recess, a flat top, a pointed convex conical top, and a pointed convex conical top with a more acute angle to the upper cone surface than the general conical angle of the base 12. Moreover, the configuration of the base 12 is not limited to strict conical sides, but instead may use any configuration that allows sound to be radially reflected in generally all horizontal directions away from the speaker assembly. Additionally, the assembly may be constructed to direct sound from the speaker in just a few of the circumferential directions." (Anderson at 5:18-32 (emphasis added)) To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Sections III.A ("Narrow Profile Ducted Speakers Were Well-Known"), III.C ("Varying the Shape of the Duct Was Well-Known") of Apple's Invalidity Contentions.  A person of ordinary skill in the art would have been motivated to combine Anderson with these disclosures and/or the knowledge of a person of ordinary skill in the art for the reasons set forth in Sections III.A ("Narrow Profile Ducted Speakers Were Well-Known"), III.C ("Varying the Shape of the Duct Was Well-Known"), and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| [8B] wherein sound emanating from the sound output aperture is characterized by a wide horizontal dispersion angle and a narrow vertical dispersion angle as a result of the elongate shape of the sound output aperture. | Anderson discloses wherein sound emanating from the sound output aperture is characterized by a wide horizontal dispersion angle and a narrow vertical dispersion angle as a result of the elongate shape of the sound output aperture.<br><br>*See, e.g.,*<br><br>"Another object of this invention is to provide a speaker assembly that can produce sound that is uniform in volume and response radially about the assembly is placed on a flat horizontal surface, such as a table or a desk.<br>A further object of this invention is to provide a speaker assembly for a teleconferencing system that does not require excessive volume for adequate sound dispersion to listeners who are positioned around the assembly and slightly higher than the assembly's location.<br>Another object of this invention is to provide a speaker assembly for use on a horizontal surface such as a table or desk that does not produce destructive or additive interference in the sound waves between the sound following the direct and reflected paths from the speaker to the listener. These and other objects of the invention are accomplished by providing a speaker assembly for use on a desk, table, or other flat surface capable of directing sounds in all directions from a speaker. The assembly comprises a speaker supported above a generally conical circular base having an acoustically reflective surface angled away from the speaker. Sound exits from the assembly at substantially the level of the table or other surface upon which the assembly rests. A cover or cabinet is mounted above and surrounding the rear of the speaker, and the speaker is attached to the assembly by a support plate attached to the cover. The height of the interior of the cover is approximately the same as the height of the speaker." (Anderson at 1:66-2:28)<br><br>"The sides of the base facing the speaker are angled away from the speaker to near the surface upon which the assembly rests, and are composed of an acoustically reflective material such that sound is radially reflected in all horizontal directions off of the base 12." (Anderson at 2:60-64)<br><br>"Although the preferred embodiment of the invention includes a conical recess in the top of the base 12, a variety of other configurations for the base 12 are possible. Alternative embodiments of the top of the base 12 include a semispherical recess, a flat top, a pointed convex conical top, and a |

*Exhibit I-C  – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | pointed convex conical top with a more acute angle to the upper cone surface than the general conical angle of the base 12. Moreover, the configuration of the base 12 is not limited to strict conical sides, but instead may use any configuration that allows sound to be radially reflected in generally all horizontal directions away from the speaker assembly. Additionally, the assembly may be constructed to direct sound from the speaker in just a few of the circumferential directions." (Anderson at 5:18-32) <br><br>  |

*Exhibit I-C  – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | <br><br>(Anderson at FIGS. 1-3)<br><br> To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Sections III.C ("Varying the Shape of the Duct Was Well-Known") and III.E ("Speaker Designs That Improve Sound Quality Were Well-Known"),of Apple's Invalidity Contentions.  A person of ordinary skill in the art would have been motivated to combine Anderson with these disclosures and/or the knowledge of a person of ordinary skill in the |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | art for the reasons set forth in Sections III.C ("Varying the Shape of the Duct Was Well-Known"), III.E ("Speaker Designs That Improve Sound Quality Were Well-Known"), and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| | |
| 10. The audio speaker system of claim 4, wherein said sound reflecting surface is substantially flat. | Anderson discloses the audio speaker system of claim 4, wherein said sound reflecting surface is substantially flat.<br><br>*See, e.g.*,<br><br>"The invention generally comprises of a cover 10, a base or acoustic reflector 12, and a speaker 14. The speaker is attached to a support plate 16, which in tum is mounted within the cover 10. A plurality· of bushings 18 position the support plate a measured distance above the base 12. The speaker 14 is positioned upon the support plate 16 to direct sound downwardly toward and in the vicinity of the generally circular base 12." (Anderson at 2:51-59)<br><br>"In operation, the base 12 acts first as a base or support for the speaker assembly; second as an acoustic reflector directing sound radially about the speaker assembly to positions approximately thirty degrees above the height of the surface upon which the assembly rests or is mounted; and third as a phase plug to control and minimize the volume of air between the speaker cone 30 and the base 12."  (Anderson at 4:16-24)<br><br>"Although the preferred embodiment of the invention includes a conical recess in the top of the base 12, a variety of other configurations for the base 12 are possible. **Alternative embodiments of the top of the base 12 include a semispherical recess, a flat top, a pointed convex conical top, and a pointed convex conical top with a more acute angle to the upper cone surface than the general conical angle of the base 12. Moreover, the configuration of the base 12 is not limited to strict conical sides, but instead may use any configuration that allows sound to be radially reflected in generally all horizontal directions away from the speaker assembly.** Additionally, the assembly may be constructed to direct sound from the speaker in just a few of the circumferential directions." (Anderson at 5:18-32 (emphasis added)) |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| |  |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| |   (Anderson at FIGS. 1-3)  To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Section III.C ("Varying the Shape of the Duct Was Well-Known") of Apple's Invalidity Contentions.  A person of ordinary skill in the art would have been motivated to combine Anderson with these disclosures and/or the knowledge of a person of |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
|  | ordinary skill in the art for the reasons set forth in Sections III.C ("Varying the Shape of the Duct Was Well-Known") and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
|  |  |
| 11. The audio speaker system of claim 4, wherein said speaker housing is configured to rest stably on a flat surface such that said first drive unit faces towards the flat surface. | Anderson discloses the audio speaker system of claim 4, wherein said speaker housing is configured to rest stably on a flat surface such that said first drive unit faces towards the flat surface. *See, e.g.*, "Accordingly, when conventional speakers are used on tabletops, they may be positioned with the drive side of the speaker oriented vertically and directed to drive sound either upward from the table or downward to that surface." (Anderson at 1:32-36) "To efficiently operate the speaker, and to eliminate the need for excess volume, conventional cone speakers may be vertically oriented with the drive side of the speaker directed downward. In this arrangement, sound reflects from the table, desk, or other surface with equal volume and response radially in all directions from the speaker to the listeners." (Anderson at 1:48-55) "Another object of this invention is to provide a speaker assembly that can produce sound that is uniform in volume and response radially about the assembly is placed on a flat horizontal surface, such as a table or a desk." (Anderson at 1:66-2:2) "**Another object of this invention is to provide a speaker assembly for use on a horizontal surface** such as a table or desk that does not produce destructive or additive interference in the sound waves between the sound following the direct and reflected paths from the speaker to the listener. **These and other objects of the invention are accomplished by providing a speaker assembly for use on a desk, table, or other flat surface capable of directing sounds in all directions from a speaker.** The assembly comprises a speaker supported above a generally conical circular base having an acoustically reflective surface angled away from the speaker. Sound exits from the assembly at substantially the level of the table or other surface upon which the assembly rests. A cover or cabinet is mounted above and surrounding the rear of the speaker, |

*Exhibit I-C  – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | and the speaker is attached to the assembly by a support plate attached to the cover. The height of the interior of the cover is approximately the same as the height of the speaker."  (Anderson at 2:9-2:28 (emphasis added))<br><br>"Referring now to FIGS. 1 and 2, the **preferred embodiment of the invention is a speaker assembly for use in teleconferencing systems, and specifically for use on a desk, table or other flat surface that may be surrounded by listeners.**" (Anderson at 2:47-51 (emphasis added))<br><br>"The invention generally comprises of a cover 10, a base or acoustic reflector 12, and a speaker 14. The speaker is attached to a support plate 16, which in turn is mounted within the cover 10. A plurality· of bushings 18 position the support plate a measured distance above the base 12. The speaker 14 is positioned upon the support plate 16 to direct sound downwardly toward and in the vicinity of the generally circular base 12." (Anderson at 2:51-59)<br><br>"In operation, the base 12 acts first as a base or support for the speaker assembly; second as an acoustic reflector directing sound radially about the speaker assembly to positions approximately thirty degrees above the height of the surface upon which the assembly rests or is mounted; and third as a phase plug to control and minimize the volume of air between the speaker cone 30 and the base 12."  (Anderson at 4:16-24) |

*Exhibit I-C  – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| |  |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | <br>(Anderson at FIGS. 1-3)<br><br>To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Section III.B ("Groundplane Speakers Were Well-Known") of Apple's Invalidity Contentions.  A person of ordinary skill in the art would have been motivated to combine Anderson with these disclosures and/or the knowledge of a person of |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | ordinary skill in the art for the reasons set forth in Sections III.B ("Groundplane Speakers Were Well-Known") and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| | |
| 16. The audio speaker system of claim 4, wherein said baffle is substantially level with a top edge of the first sound output aperture. | Anderson discloses the audio speaker system of claim 4, wherein said baffle is substantially level with a top edge of the first sound output aperture.<br><br>*See, e.g*.,<br><br>"Another object of this invention is to provide a speaker assembly for use on a horizontal surface such as a table or desk that does not produce destructive or additive interference in the sound waves between the sound following the direct and reflected paths from the speaker to the listener. These and other objects of the invention are accomplished by providing a speaker assembly for use on a desk, table, or other flat surface capable of directing sounds in all directions from a speaker. The assembly comprises a speaker supported above a generally conical circular base having an acoustically reflective surface angled away from the speaker. Sound exits from the assembly at substantially the level of the table or other surface upon which the assembly rests. A cover or cabinet is mounted above and surrounding the rear of the speaker, and the speaker is attached to the assembly by a support plate attached to the cover. The height of the interior of the cover is approximately the same as the height of the speaker." (Anderson at 2:9-2:28)<br><br>"The invention generally comprises of a cover 10, a base or acoustic reflector 12, and a speaker 14. The speaker is attached to a support plate 16, which in tum is mounted within the cover 10. A plurality· of bushings 18 position the support plate a measured distance above the base 12. The speaker 14 is positioned upon the support plate 16 to direct sound downwardly toward and in the vicinity of the generally circular base 12." (Anderson at 2:51-59) |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| |  |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| |  (Anderson at FIGS. 1-3) To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Section III.B ("Groundplane Speakers Were Well-Known") of Apple's Invalidity Contentions. A person of ordinary skill in the art would have been motivated to combine Anderson with these disclosures and/or the knowledge of a person of |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
|  | ordinary skill in the art for the reasons set forth in Sections III.B ("Groundplane Speakers Were Well-Known") and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
|  |  |
| [18A] 18. A narrow-profile groundplane audio speaker system comprising: | To the extent the preamble is a limitation, Anderson discloses a narrow-profile groundplane audio speaker system. *See, e.g.*, "This invention relates to a speaker assembly, and more particularly it relates to an improved assembly for a tabletop or desk mounted speaker that may be used to reproduce telecommunication sound from teleconferencing systems and the like."  (Anderson at 1:6-11) "Such tabletop speakers ideally should be adapted to produce uniform quality response radially about the speaker's position, so that each participant to the conversation who is seated about the table or desk will hear equal high sound quality."  (Anderson at 1:27-31) "Accordingly, when conventional speakers are used on tabletops, they may be positioned with the drive side of the speaker oriented vertically and directed to drive sound either upward from the table or downward to that surface." (Anderson at 1:32-36) "To efficiently operate the speaker, and to eliminate the need for excess volume, conventional cone speakers may be vertically oriented with the drive side of the speaker directed downward. In this arrangement, sound reflects from the table, desk, or other surface with equal volume and response radially in all directions from the speaker to the listeners." (Anderson at 1:48-55) "**Another object of this invention is to provide a speaker assembly that can produce sound that is uniform in volume and response radially about the assembly is placed on a flat horizontal surface, such as a table or a desk**. A further object of this invention is to provide a speaker assembly for a **teleconferencing system that does not require excessive volume for adequate sound dispersion to listeners who are** |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | **positioned around the assembly and slightly higher than the assembly's location**. Another object of this invention is to provide a speaker assembly for use on a horizontal surface such as a table or desk that does not produce destructive or additive interference in the sound waves between the sound following the direct and reflected paths from the speaker to the listener. These and other objects of the invention are accomplished by providing a speaker assembly for use on a desk, table, or other flat surface capable of directing sounds in all directions from a speaker. The assembly comprises a speaker supported above a generally conical circular base having an acoustically reflective surface angled away from the speaker. **Sound exits from the assembly at substantially the level of the table or other surface upon which the assembly rests**. A cover or cabinet is mounted above and surrounding the rear of the speaker, and the speaker is attached to the assembly by a support plate attached to the cover. The height of the interior of the cover is approximately the same as the height of the speaker." (Anderson at 1:66-2:28 (emphasis added)) <br><br> "**Referring now to FIGS. 1 and 2, the preferred embodiment of the invention is a speaker assembly for use in teleconferencing systems, and specifically for use on a desk, table or other flat surface that may be surrounded by listeners.**" (Anderson at 2:47-51 (emphasis added)) <br><br> "The invention generally comprises of a cover 10, a base or acoustic reflector 12, and a speaker 14. The speaker is attached to a support plate 16, which in turn is mounted within the cover 10. A plurality· of bushings 18 position the support plate a measured distance above the base 12**. The speaker 14 is positioned upon the support plate 16 to direct sound downwardly toward and in the vicinity of the generally circular base 12**." (Anderson at 2:51-59 (emphasis added)) <br><br> "In operation, the base 12 acts first as a base or support for the speaker assembly; second as an acoustic reflector directing sound radially about the speaker assembly to positions approximately thirty degrees above the height of the surface upon which the assembly rests or is mounted; and third as a phase plug to control and minimize the volume of air between the speaker cone 30 and the base 12." (Anderson at 4:16-24) |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| |  |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | <br><br>(Anderson at FIGS. 1-3)<br><br>To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Section III.B ("Groundplane Speakers Were Well-Known") of Apple's Invalidity Contentions.  A person of ordinary skill in the art would have been motivated to combine Anderson with these disclosures and/or the knowledge of a person of ordinary skill in the art for the reasons set forth in Sections III.B ("Groundplane Speakers Were |

76

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | Well-Known") and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| [18B] a speaker housing;  a first drive unit disposed within said speaker housing, | Anderson discloses a speaker housing;  a first drive unit disposed within said speaker housing. *See, e.g.*, "Another object of this invention is to provide a speaker assembly for use on a horizontal surface such as a table or desk that does not produce destructive or additive interference in the sound waves between the sound following the direct and reflected paths from the speaker to the listener. These and other objects of the invention are accomplished by providing a speaker assembly for use on a desk, table, or other flat surface capable of directing sounds in all directions from a speaker. The assembly comprises a speaker supported above a generally conical circular base having an acoustically reflective surface angled away from the speaker. Sound exits from the assembly at substantially the level of the table or other surface upon which the assembly rests. A cover or cabinet is mounted above and surrounding the rear of the speaker, and the speaker is attached to the assembly by a support plate attached to the cover. The height of the interior of the cover is approximately the same as the height of the speaker." (Anderson at 2:9-2:28) "The invention generally comprises of a cover 10, a base or acoustic reflector 12, and a speaker 14. . . .  A plurality of bushings 18 position the support plate a measured distance above the base 12.  The speaker 14 is positioned upon the support plate 16 to direct sound downwardly toward and in the vicinity of the generally circular base 12." (Anderson at 2:47-59) "**Mounting of the speaker 14 within the cover 10 is accomplished by positioning the speaker 14 in a generally circular hole 32 within the support plate 16 corresponding to the circular cross-section of the cone 30**." (Anderson at 3:52-55 (emphasis added)) |

*Exhibit I-C  – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| |  |

*Exhibit I-C  – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | <br><br>(Anderson at FIGS. 1-3)<br><br> To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Section III.B ("Groundplane Speakers Were Well-Known") of Apple's Invalidity Contentions.  A person of ordinary skill in the art would have been motivated to combine Anderson with these disclosures and/or the knowledge of a person of |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | ordinary skill in the art for the reasons set forth in Sections III.B ("Groundplane Speakers Were Well-Known") and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| [18C] said first drive unit mounted on a baffle whereby the drive unit's forward radiation is isolated from its rearward radiation; | Anderson discloses said first drive unit mounted on a baffle whereby the drive unit's forward radiation is isolated from its rearward radiation. *See, e.g*., "Another object of this invention is to provide a speaker assembly for use on a horizontal surface such as a table or desk that does not produce destructive or additive interference in the sound waves between the sound following the direct and reflected paths from the speaker to the listener. These and other objects of the invention are accomplished by providing a speaker assembly for use on a desk, table, or other flat surface capable of directing sounds in all directions from a speaker. The assembly comprises a speaker supported above a generally conical circular base having an acoustically reflective surface angled away from the speaker. Sound exits from the assembly at substantially the level of the table or other surface upon which the assembly rests. A cover or cabinet is mounted above and surrounding the rear of the speaker, and the speaker is attached to the assembly by a support plate attached to the cover. The height of the interior of the cover is approximately the same as the height of the speaker." (Anderson at 2:9-2:28) "The invention generally comprises of a cover 10, a base or acoustic reflector 12, and a speaker 14. . . .  A plurality of bushings 18 position the support plate a measured distance above the base 12.  The speaker 14 is positioned upon the support plate 16 to direct sound downwardly toward and in the vicinity of the generally circular base 12." (Anderson at 2:47-59) "Mounting of the speaker 14 within the cover 10 is accomplished by positioning the speaker 14 in a generally circular hole 32 within the support plate 16 corresponding to the circular cross-section of the cone 30." (Anderson at 3:52-55) "As is further well known in the art, enclosure of the rear of the speaker in a cover or cabinet adds |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | the pneumatic stiffness of the air cavity to the mechanical stiffness of the cone suspension, and thereby raises the speaker resonance frequency within the enclosure. Accordingly, low frequency output can be controlled by varying the volume of air within the cover 10 to the rear of the speaker 14." (Anderson at 4:62-68)<br><br>"**[T]he term "cover" should include any arrangement that produces an acoustically sealed environment to the rear of the speaker**." (Anderson at 5:38-41 (emphasis added))<br><br> |

*Exhibit I-C  – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | <br><br>(Anderson at FIGS. 1-3)<br><br> To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Sections III.A ("Narrow Profile Ducted Speakers Were Well-Known") and III.E ("Speaker Designs That Improve Sound Quality Were Well-Known") of Apple's Invalidity Contentions.  A person of ordinary skill in the art would have been motivated to combine Anderson with these disclosures and/or the knowledge of a person of ordinary skill in the |

*Exhibit I-C  – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | art for the reasons set forth in Sections III.A ("Narrow Profile Ducted Speakers Were Well-Known"), III.E ("Speaker Designs That Improve Sound Quality Were Well-Known") and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| [18D] one or more support members separating said first drive unit from a first sound reflecting surface facing said first drive unit; and | Anderson discloses one or more support members separating said first drive unit from a first sound reflecting surface facing said first drive unit. <br><br> *See, e.g.,* <br><br> "The invention generally comprises of a cover 10, a base or acoustic reflector 12, and a speaker 14. . . . **A plurality of bushings 18 position the support plate a measured distance above the base 12.**  The speaker 14 is positioned upon the support plate 16 to direct sound downwardly toward and in the vicinity of the generally circular base 12."  (Anderson at 2:47-59 (emphasis added)) <br><br>  |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| |  (Anderson at FIGS. 1-3) <br><br> To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Section III.B ("Groundplane Speakers Were Well-Known") of Apple's Invalidity Contentions.  A person of ordinary skill in the art would have been |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | motivated to combine Anderson with these disclosures and/or the knowledge of a person of ordinary skill in the art for the reasons set forth in Sections III.B ("Groundplane Speakers Were Well-Known") and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| [18E] sound damping material disposed between the first sound reflecting surface and the baffle; | Anderson discloses sound damping material disposed between the first sound reflecting surface and the baffle.<br><br>*See, e.g.,*<br><br>"In the preferred embodiment, resonant vibration of the cover 10 is prevented by use of a dampening putty 31 inserted between the drive magnet 28 and the cover 10. Any tendency of the cover to resonate or "ring" during operation of the assembly is absorbed by the combined dampening effect of the putty 31 and fixed position drive magnet 28. In the preferred embodiment, the putty 31 is composed of a silicone-rubber gel. To prevent adherance of the drive magnet to the putty, and to thereby allow easy disassembly .of the speaker 14 from the cover 10, the drive magnet 28 is separated from the putty 31 by a gasket 33, which in the preferred embodiment is composed of a waxed paper segment."  (Anderson at 3:39-51)<br><br> To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Section III.D ("Damping Materials Defining a Duct Were Well-Known") of Apple's Invalidity Contentions.  A person of ordinary skill in the art would have been motivated to combine Anderson with these disclosures and/or the knowledge of a person of ordinary skill in the art for the reasons set forth in Sections III.D ("Damping Materials Defining a Duct Were Well-Known") and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| [18F] wherein the baffle and the first sound reflecting surface define a sound duct terminating in a first sound | Anderson discloses wherein the baffle and the first sound reflecting surface define a sound duct terminating in a first sound output aperture.<br><br>*See, e.g.,* |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| output aperture; | "Another object of this invention is to provide a speaker assembly for use on a horizontal surface such as a table or desk that does not produce destructive or additive interference in the sound waves between the sound following the direct and reflected paths from the speaker to the listener. These and other objects of the invention are accomplished by providing a speaker assembly for use on a desk, table, or other flat surface capable of directing sounds in all directions from a speaker. The assembly comprises a speaker supported above a generally conical circular base having an acoustically reflective surface angled away from the speaker. Sound exits from the assembly at substantially the level of the table or other surface upon which the assembly rests. A cover or cabinet is mounted above and surrounding the rear of the speaker, and the speaker is attached to the assembly by a support plate attached to the cover. The height of the interior of the cover is approximately the same as the height of the speaker." (Anderson at 2:9-2:28)<br><br>"**The invention generally comprises of a cover 10, a base or acoustic reflector 12, and a speaker 14. The speaker is attached to a support plate 16, which in turn is mounted within the cover 10. A plurality· of bushings 18 position the support plate a measured distance above the base 12. The speaker 14 is positioned upon the support plate 16 to direct sound downwardly toward and in the vicinity of the generally circular base 12.**" (Anderson at 2:51-59 (emphasis added))<br><br>"In operation, the base 12 acts first as a base or support for the speaker assembly; second as an acoustic reflector directing sound radially about the speaker assembly to positions approximately thirty degrees above the height of the surface upon which the assembly rests or is mounted; and third as a phase plug to control and minimize the volume of air between the speaker cone 30 and the base 12." (Anderson at 4:16-24)<br><br>"As is well known in the art, as the volume of air between speaker cone 30 and the base 12 increases, the system's response to sound frequencies generated in the high range (3-5 kilohertz) decreases. Conversely, response of high frequency sounds increases as the volume of air decreases. Hence, for best generation of high frequency sound, the separation between the base 12 and the speaker cone 30 should be reduced to the minimum possible." (Anderson at 4:29-38) |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | "Although the preferred embodiment of the invention includes a conical recess in the top of the base 12, a variety of other configurations for the base 12 are possible. Alternative embodiments of the top of the base 12 include a semispherical recess, a flat top, a pointed convex conical top, and a pointed convex conical top with a more acute angle to the upper cone surface than the general conical angle of the base 12. Moreover, the configuration of the base 12 is not limited to strict conical sides, but instead may use any configuration that allows sound to be radially reflected in generally all horizontal directions away from the speaker assembly. Additionally, the assembly may be constructed to direct sound from the speaker in just a few of the circumferential directions." (Anderson at 5:18-32)<br><br> |

*Exhibit I-C  – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | (Anderson at FIGS. 1-3)<br><br>To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Sections III.A ("Narrow Profile Ducted Speakers Were Well-Known") and III.C ("Varying the Shape of the Duct Was Well-Known") of Apple's Invalidity Contentions.  A person of ordinary skill in the art would have been motivated to |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
|  | combine Anderson with these disclosures and/or the knowledge of a person of ordinary skill in the art for the reasons set forth in Sections III.A ("Narrow Profile Ducted Speakers Were Well-Known"), III.C ("Varying the Shape of the Duct Was Well-Known") and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| [18G] whereby forward radiation from said first drive unit is turned at a substantially right angle and travels along a straight path to exit the first sound output aperture; | Anderson discloses whereby forward radiation from said first drive unit is turned at a substantially right angle and travels along a straight path to exit the first sound output aperture. *See, e.g.,* "Another object of this invention is to provide a speaker assembly for use on a horizontal surface such as a table or desk that does not produce destructive or additive interference in the sound waves between the sound following the direct and reflected paths from the speaker to the listener. These and other objects of the invention are accomplished by providing a speaker assembly for use on a desk, table, or other flat surface capable of directing sounds in all directions from a speaker. The assembly comprises a speaker supported above a generally conical circular base having an acoustically reflective surface angled away from the speaker. Sound exits from the assembly at substantially the level of the table or other surface upon which the assembly rests. A cover or cabinet is mounted above and surrounding the rear of the speaker, and the speaker is attached to the assembly by a support plate attached to the cover. The height of the interior of the cover is approximately the same as the height of the speaker." (Anderson at 2:9-2:28) "**The invention generally comprises of a cover 10, a base or acoustic reflector 12, and a speaker 14. The speaker is attached to a support plate 16, which in turn is mounted within the cover 10. A plurality of bushings 18 position the support plate a measured distance above the base 12. The speaker 14 is positioned upon the support plate 16 to direct sound downwardly toward and in the vicinity of the generally circular base 12.**" (Anderson at 2:51-59 (emphasis added)) "The sides of the base facing the speaker are angled away from the speaker to near the surface upon which the assembly rests, and are composed of an acoustically reflective material such that sound is radially reflected in all horizontal directions off of the base 12." (Anderson at 2:60-64) |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | "In operation, the base 12 acts first as a base or support for the speaker assembly; second as an acoustic reflector directing sound radially about the speaker assembly to positions approximately thirty degrees above the height of the surface upon which the assembly rests or is mounted; and third as a phase plug to control and minimize the volume of air between the speaker cone 30 and the base 12." (Anderson at 4:16-24)<br><br>"Although the preferred embodiment of the invention includes a conical recess in the top of the base 12, a variety of other configurations for the base 12 are possible. **Alternative embodiments of the top of the base 12 include a semispherical recess, a flat top, a pointed convex conical top, and a pointed convex conical top with a more acute angle to the upper cone surface than the general conical angle of the base 12. Moreover, the configuration of the base 12 is not limited to strict conical sides, but instead may use any configuration that allows sound to be radially reflected in generally all horizontal directions away from the speaker assembly**. Additionally, the assembly may be constructed to direct sound from the speaker in just a few of the circumferential directions." (Anderson at 5:18-32 (emphasis added)) |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| |  |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | <br><br>(Anderson at FIGS. 1-3)<br><br> To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Section III.C ("Varying the Shape of the Duct Was Well-Known") of Apple's Invalidity Contentions.  A person of ordinary skill in the art would have been motivated to combine Anderson with these disclosures and/or the knowledge of a person of |

*Exhibit I-C  – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
|  | ordinary skill in the art for the reasons set forth in Sections III.C ("Varying the Shape of the Duct Was Well-Known") and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| [18H] wherein said first sound output aperture is sufficiently narrow such that an interfering phase shift is avoided between the direct and reflecting sound waves output from said first drive unit; | Anderson discloses wherein said first sound output aperture is sufficiently narrow such that an interfering phase shift is avoided between the direct and reflecting sound waves output from said first drive unit. <br><br> *See, e.g.*, <br><br> "To efficiently operate the speaker, and to eliminate the need for excess volume, conventional cone speakers may be vertically oriented with the drive side of the speaker directed downward. In this arrangement, sound reflects from the table, desk, or other surface with equal volume and response radially in all directions from the speaker to the listeners."  (Anderson at 1:48-55) <br><br> "Another object of this invention is to provide a speaker assembly that can produce sound that is uniform in volume and response radially about the assembly when the assembly is placed on a flat horizontal surface, such as a table or a desk. **A further object of this invention is to provide a speaker assembly for a teleconferencing system that does not require excessive volume for adequate sound dispersion to listeners who are positioned around the assembly and slightly higher than the assembly's location. Another object of this invention is to provide a speaker assembly for use on a horizontal surface such as a table or desk that does not produce destructive or additive interference in the sound waves between the sound following the direct and reflected paths from the speaker to the listener**."  (Anderson at 1:66-2:14 (emphasis added)) <br><br> "Moreover, the configuration of the base 12 is not limited to strict conical sides, but instead may use any configuration that allows sound to be radially reflected in generally all horizontal directions away from the speaker assembly. Additionally, the assembly may be constructed to direct sound from the speaker in just a few of the circumferential directions."  (Anderson at 5:26-32) |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| |  |

*Exhibit I-C  – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | <br><br>(Anderson at FIGS. 1-3)<br><br> To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Section III.E ("Speaker Designs That Improve Sound Quality Were Well-Known") of Apple's Invalidity Contentions.  A person of ordinary skill in the art would have been motivated to combine Anderson with these disclosures and/or the knowledge of a person of ordinary skill in the art for the reasons set forth in Sections III.E ("Speaker Designs |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | That Improve Sound Quality Were Well-Known") and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| [18I] wherein the sound damping material forms sides of the sound duct; and | Anderson discloses wherein the sound damping material forms sides of the sound duct.<br><br>*See, e.g.*,<br><br>"In the preferred embodiment, resonant vibration of the cover 10 is prevented by use of a dampening putty 31 inserted between the drive magnet 28 and the cover 10. Any tendency of the cover to resonate or "ring" during operation of the assembly is absorbed by the combined dampening effect of the putty 31 and fixed position drive magnet 28. In the preferred embodiment, the putty 31 is composed of a silicone-rubber gel. To prevent adherance of the drive magnet to the putty, and to thereby allow easy disassembly .of the speaker 14 from the cover 10, the drive magnet 28 is separated from the putty 31 by a gasket 33, which in the preferred embodiment is composed of a waxed paper segment."  (Anderson at 3:39-51)<br><br> To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Section III.D ("Damping Materials Defining a Duct Were Well-Known") of Apple's Invalidity Contentions.  A person of ordinary skill in the art would have been motivated to combine Anderson with these disclosures and/or the knowledge of a person of ordinary skill in the art for the reasons set forth in Sections III.D ("Damping Materials Defining a Duct Were Well-Known") and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| [18J] wherein the sound output aperture is located at the termination of the sides of the sound duct, | Anderson discloses wherein the sound output aperture is located at the termination of the sides of the sound duct.<br><br>*See, e.g.*,<br><br>"Although the preferred embodiment of the invention includes a conical recess in the top of the base 12, a variety of other configurations for the base 12 are possible. Alternative embodiments of |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | the top of the base 12 include a semispherical recess, a flat top, a pointed convex conical top, and a pointed convex conical top with a more acute angle to the upper cone surface than the general conical angle of the base 12. Moreover, the configuration of the base 12 is not limited to strict conical sides, but instead may use any configuration that allows sound to be radially reflected in generally all horizontal directions away from the speaker assembly. Additionally, the assembly may be constructed to direct sound from the speaker in just a few of the circumferential directions." (Anderson at 5:18-32)<br><br>To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Sections III.A ("Narrow Profile Ducted Speakers Were Well-Known"), III.C ("Varying the Shape of the Duct Was Well-Known") of Apple's Invalidity Contentions. A person of ordinary skill in the art would have been motivated to combine Anderson with these disclosures and/or the knowledge of a person of ordinary skill in the art for the reasons set forth in Sections III.A ("Narrow Profile Ducted Speakers Were Well-Known"), III.C ("Varying the Shape of the Duct Was Well-Known") and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| [18K] whereby forward radiation from the drive unit is channeled along a straight path towards said sound output aperture. | Anderson discloses whereby forward radiation from the drive unit is channeled along a straight path towards said sound output aperture.<br><br>*See, e.g.,*<br><br>"Another object of this invention is to provide a speaker assembly for use on a horizontal surface such as a table or desk that does not produce destructive or additive interference in the sound waves between the sound following the direct and reflected paths from the speaker to the listener. These and other objects of the invention are accomplished by providing a speaker assembly for use on a desk, table, or other flat surface capable of directing sounds in all directions from a speaker. The assembly comprises a speaker supported above a generally conical circular base having an acoustically reflective surface angled away from the speaker. Sound exits from the assembly at substantially the level of the table or other surface upon which the assembly rests. A |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | cover or cabinet is mounted above and surrounding the rear of the speaker, and the speaker is attached to the assembly by a support plate attached to the cover. The height of the interior of the cover is approximately the same as the height of the speaker." (Anderson at 2:9-2:28)<br><br>"**The invention generally comprises of a cover 10, a base or acoustic reflector 12, and a speaker 14. The speaker is attached to a support plate 16, which in turn is mounted within the cover 10. A plurality of bushings 18 position the support plate a measured distance above the base 12. The speaker 14 is positioned upon the support plate 16 to direct sound downwardly toward and in the vicinity of the generally circular base 12**." (Anderson at 2:51-59 (emphasis added))<br><br>"The sides of the base facing the speaker are angled away from the speaker to near the surface upon which the assembly rests, and are composed of an acoustically reflective material such that sound is radially reflected in all horizontal directions off of the base 12." (Anderson at 2:60-64)<br><br>"In operation, the base 12 acts first as a base or support for the speaker assembly; second as an acoustic reflector directing sound radially about the speaker assembly to positions approximately thirty degrees above the height of the surface upon which the assembly rests or is mounted; and third as a phase plug to control and minimize the volume of air between the speaker cone 30 and the base 12." (Anderson at 4:16-24)<br><br>"Although the preferred embodiment of the invention includes a conical recess in the top of the base 12, a variety of other configurations for the base 12 are possible. **Alternative embodiments of the top of the base 12 include a semispherical recess, a flat top, a pointed convex conical top, and a pointed convex conical top with a more acute angle to the upper cone surface than the general conical angle of the base 12. Moreover, the configuration of the base 12 is not limited to strict conical sides, but instead may use any configuration that allows sound to be radially reflected in generally all horizontal directions away from the speaker assembly**. Additionally, the assembly may be constructed to direct sound from the speaker in just a few of the circumferential directions." (Anderson at 5:18-32 (emphasis added)) |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| |  |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | <br><br>(Anderson at FIGS. 1-3)<br><br> To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Section III.C ("Varying the Shape of the Duct Was Well-Known") of Apple's Invalidity Contentions.  A person of ordinary skill in the art would have been motivated to combine Anderson with these disclosures and/or the knowledge of a person of |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
|  | ordinary skill in the art for the reasons set forth in Sections III.C ("Varying the Shape of the Duct Was Well-Known") and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
|  |  |
| 19. The audio speaker system of claim 18, wherein the sound damping material forms an outer shape of the sound duct which reduces sound reflections at the end of the sound duct opposite the sound output aperture and thereby mitigates standing waves. | Anderson discloses the audio speaker system of claim 18, wherein the sound damping material forms an outer shape of the sound duct which reduces sound reflections at the end of the sound duct opposite the sound output aperture and thereby mitigates standing waves. <br><br> *See, e.g.*, <br><br> "In the preferred embodiment, resonant vibration of the cover 10 is prevented by use of a dampening putty 31 inserted between the drive magnet 28 and the cover 10. Any tendency of the cover to resonate or "ring" during operation of the assembly is absorbed by the combined dampening effect of the putty 31 and fixed position drive magnet 28. In the preferred embodiment, the putty 31 is composed of a silicone-rubber gel. To prevent adherance of the drive magnet to the putty, and to thereby allow easy disassembly .of the speaker 14 from the cover 10, the drive magnet 28 is separated from the putty 31 by a gasket 33, which in the preferred embodiment is composed of a waxed paper segment."  (Anderson at 3:39-51) <br><br> "To efficiently operate the speaker, and to eliminate the need for excess volume, conventional cone speakers may be vertically oriented with the drive side of the speaker directed downward. In this arrangement, sound reflects from the table, desk, or other surface with equal volume and response radially in all directions from the speaker to the listeners."  (Anderson at 1:48-55) <br><br> "Another object of this invention is to provide a speaker assembly that can produce sound that is uniform in volume and response radially about the assembly when the assembly is placed on a flat horizontal surface, such as a table or a desk. <br> **A further object of this invention is to provide a speaker assembly for a teleconferencing system that does not require excessive volume for adequate sound dispersion to listeners who are positioned around the assembly and slightly higher than the assembly's location. Another object of this invention is to provide a speaker assembly for use on a horizontal surface such as a table or desk that does not produce destructive or additive interference in** |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | **the sound waves between the sound following the direct and reflected paths from the speaker to the listener.**"  (Anderson at 1:66-2:14 (emphasis added))<br><br>"In the preferred embodiment, resonant vibration of the cover 10 is prevented by use of a dampening putty 31 inserted between the drive magnet 28 and the cover 10. Any tendency of the cover to resonate or "ring" during operation of the assembly is absorbed by the combined dampening effect of the putty 31 and fixed position drive magnet 28. In the preferred embodiment, the putty 31 is composed of a silicone-rubber gel. To prevent adherance of the drive magnet to the putty, and to thereby allow easy disassembly .of the speaker 14 from the cover 10, the drive magnet 28 is separated from the putty 31 by a gasket 33, which in the preferred embodiment is composed of a waxed paper segment."  (Anderson at 3:39-51)<br><br>"Moreover, the configuration of the base 12 is not limited to strict conical sides, but instead may use any configuration that allows sound to be radially reflected in generally all horizontal directions away from the speaker assembly. Additionally, the assembly may be constructed to direct sound from the speaker in just a few of the circumferential directions."  (Anderson at 5:26-32) |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| |  |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| |  (Anderson at FIGS. 1-3) To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Sections III.D ("Damping Materials Defining a Duct Were Well-Known") and III.E ("Speaker Designs That Improve Sound Quality Were Well-Known") of Apple's Invalidity Contentions.  A person of ordinary skill in the art would have been motivated to combine Anderson with these disclosures and/or the knowledge of a person of |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | ordinary skill in the art for the reasons set forth in Sections III.D ("Damping Materials Defining a Duct Were Well-Known"), III.E ("Speaker Designs That Improve Sound Quality Were Well-Known") and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| | |
| [20A] 20. The audio speaker system of claim 18, wherein said sound damping material forms a back wall of the sound duct, | Anderson discloses wherein said sound damping material forms a back wall of the sound duct. <br><br> *See, e.g.,* <br> "In the preferred embodiment, resonant vibration of the cover 10 is prevented by use of a dampening putty 31 inserted between the drive magnet 28 and the cover 10. Any tendency of the cover to resonate or "ring" during operation of the assembly is absorbed by the combined dampening effect of the putty 31 and fixed position drive magnet 28. In the preferred embodiment, the putty 31 is composed of a silicone-rubber gel. To prevent adherance of the drive magnet to the putty, and to thereby allow easy disassembly .of the speaker 14 from the cover 10, the drive magnet 28 is separated from the putty 31 by a gasket 33, which in the preferred embodiment is composed of a waxed paper segment."  (Anderson at 3:39-51) <br><br>  To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Section III.D ("Damping Materials Defining a Duct Were Well-Known") of Apple's Invalidity Contentions.  A person of ordinary skill in the art would have been motivated to combine Anderson with these disclosures and/or the knowledge of a person of ordinary skill in the art for the reasons set forth in Sections III.D ("Damping Materials Defining a Duct Were Well-Known") and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| [20B] said back wall substantially following a curved contour of a portion of a cone of said drive unit farthest opposite from the | Anderson discloses wherein said back wall substantially following a curved contour of a portion of a cone of said drive unit farthest opposite from the sound output aperture. <br><br> *See, e.g.,* <br><br> "Although the preferred embodiment of the invention includes a conical recess in the top of the |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| sound output aperture. | base 12, a variety of other configurations for the base 12 are possible. Alternative embodiments of the top of the base 12 include a semispherical recess, a flat top, a pointed convex conical top, and a pointed convex conical top with a more acute angle to the upper cone surface than the general conical angle of the base 12. Moreover, the configuration of the base 12 is not limited to strict conical sides, but instead may use any configuration that allows sound to be radially reflected in generally all horizontal directions away from the speaker assembly. Additionally, the assembly may be constructed to direct sound from the speaker in just a few of the circumferential directions." (Anderson at 5:18-32)<br><br> |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | 

(Anderson at FIGS. 1-3)

To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Section III.C ("Varying the Shape of the Duct Was Well-Known") of Apple's Invalidity Contentions.  A person of ordinary skill in the art would have been motivated to combine Anderson with these disclosures and/or the knowledge of a person of ordinary skill in the art for the reasons set forth in Sections III.C ("Varying the Shape of the Duct |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | Was Well-Known") and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| | |
| [21A] 21. A narrow-profile groundplane audio speaker system, comprising: | To the extent the preamble is a limitation, Anderson discloses a narrow-profile groundplane audio speaker system.<br><br>*See, e.g.,*<br><br>"To efficiently operate the speaker, and to eliminate the need for excess volume, conventional cone speakers may be vertically oriented with the drive side of the speaker directed downward. In this arrangement, sound reflects from the table, desk, or other surface with equal volume and response radially in all directions from the speaker to the listeners." (Anderson at 1:48-55)<br><br>"As is well known in the art, as the volume of air between speaker cone 30 and the base 12 increases, the system's response to sound frequencies generated in the high range (3-5 kilohertz) decreases. Conversely, response of high frequency sounds increases as the volume of air decreases. Hence, for best generation of high frequency sound, the separation between the base 12 and the speaker cone 30 should be reduced to the minimum possible." (Anderson at 4:29-38)<br><br>"Because at very low frequencies the displacement of the cone and dome can reach nearly 1/32 of an inch, the optimal separation for the preferred embodiment of the assembly should be approximately l/32 of an inch… Because actual contact of the speaker cone 30 with. the base 12 would drastically degrade sound quality, the separation of speaker cone 30 from base 12 in the preferred embodiment is approximately 1/8 inch." (Anderson at 4:44-47)<br><br>"This invention relates to a speaker assembly, and more particularly it relates to an improved assembly for a tabletop or desk mounted speaker that may be used to reproduce telecommunication sound from teleconferencing systems and the like." (Anderson at 1:6-11)<br><br>"Such tabletop speakers ideally should be adapted to produce uniform quality response radially about the speaker's position, so that each participant to the conversation who is seated about the |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | table or desk will hear equal high sound quality." (Anderson at 1:27-31)

"Accordingly, when conventional speakers are used on tabletops, they may be positioned with the drive side of the speaker oriented vertically and directed to drive sound either upward from the table or downward to that surface." (Anderson at 1:32-36)

"To efficiently operate the speaker, and to eliminate the need for excess volume, conventional cone speakers may be vertically oriented with the drive side of the speaker directed downward. In this arrangement, sound reflects from the table, desk, or other surface with equal volume and response radially in all directions from the speaker to the listeners." (Anderson at 1:48-55)

"**Another object of this invention is to provide a speaker assembly that can produce sound that is uniform in volume and response radially about the assembly is placed on a flat horizontal surface, such as a table or a desk**.
A further object of this invention is to provide a speaker assembly for a **teleconferencing system that does not require excessive volume for adequate sound dispersion to listeners who are positioned around the assembly and slightly higher than the assembly's location**.
Another object of this invention is to provide a speaker assembly for use on a horizontal surface such as a table or desk that does not produce destructive or additive interference in the sound waves between the sound following the direct and reflected paths from the speaker to the listener. These and other objects of the invention are accomplished by providing a speaker assembly for use on a desk, table, or other flat surface capable of directing sounds in all directions from a speaker. The assembly comprises a speaker supported above a generally conical circular base having an acoustically reflective surface angled away from the speaker. **Sound exits from the assembly at substantially the level of the table or other surface upon which the assembly rests**. A cover or cabinet is mounted above and surrounding the rear of the speaker, and the speaker is attached to the assembly by a support plate attached to the cover. The height of the interior of the cover is approximately the same as the height of the speaker." (Anderson at 1:66-2:28 (emphasis added))

"**Referring now to FIGS. 1 and 2, the preferred embodiment of the invention is a speaker** |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | **assembly for use in teleconferencing systems, and specifically for use on a desk, table or other flat surface that may be surrounded by listeners**." (Anderson at 2:47-51 (emphasis added))<br><br>"The invention generally comprises of a cover 10, a base or acoustic reflector 12, and a speaker 14. The speaker is attached to a support plate 16, which in tum is mounted within the cover 10. A plurality· of bushings 18 position the support plate a measured distance above the base 12. **The speaker 14 is positioned upon the support plate 16 to direct sound downwardly toward and in the vicinity of the generally circular base 12**." (Anderson at 2:51-59 (emphasis added))<br><br>"In operation, the base 12 acts first as a base or support for the speaker assembly; second as an acoustic reflector directing sound radially about the speaker assembly to positions approximately thirty degrees above the height of the surface upon which the assembly rests or is mounted; and third as a phase plug to control and minimize the volume of air between the speaker cone 30 and the base 12."  (Anderson at 4:16-24) |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| |  |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | <br><br>(Anderson at FIGS. 1-3)<br><br>To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Sections III.A ("Narrow Profile Ducted Speakers Were Well-Known") and III.B ("Groundplane Speakers Were Well-Known") of Apple's Invalidity Contentions.  A person of ordinary skill in the art would have been motivated to combine Anderson with these disclosures and/or the knowledge of a person of ordinary skill in the art for |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | the reasons set forth in Sections III.A ("Narrow Profile Ducted Speakers Were Well-Known"), III.B ("Groundplane Speakers Were Well-Known") and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| [21B] a speaker housing having an enclosure portion and a base portion; a drive unit disposed within the enclosure portion of said speaker housing, | Anderson discloses a speaker housing having an enclosure portion and a base portion; a drive unit disposed within the enclosure portion of said speaker housing. *See, e.g.*, "Another object of this invention is to provide a speaker assembly for use on a horizontal surface such as a table or desk that does not produce destructive or additive interference in the sound waves between the sound following the direct and reflected paths from the speaker to the listener. These and other objects of the invention are accomplished by providing a speaker assembly for use on a desk, table, or other flat surface capable of directing sounds in all directions from a speaker. The assembly comprises a speaker supported above a generally conical circular base having an acoustically reflective surface angled away from the speaker. Sound exits from the assembly at substantially the level of the table or other surface upon which the assembly rests. A cover or cabinet is mounted above and surrounding the rear of the speaker, and the speaker is attached to the assembly by a support plate attached to the cover. The height of the interior of the cover is approximately the same as the height of the speaker."  (Anderson at 2:9-2:28) "The invention generally comprises of a cover 10, a base or acoustic reflector 12, and a speaker 14. . . .  A plurality of bushings 18 position the support plate a measured distance above the base 12.  The speaker 14 is positioned upon the support plate 16 to direct sound downwardly toward and in the vicinity of the generally circular base 12."  (Anderson at 2:47-59) "**Mounting of the speaker 14 within the cover 10 is accomplished by positioning the speaker 14 in a generally circular hole 32 within the support plate 16 corresponding to the circular cross-section of the cone 30**."  (Anderson at 3:52-55 (emphasis added)) |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| |  |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | <br>(Anderson at FIGS. 1-3)<br><br>To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Section III.B ("Groundplane Speakers Were Well-Known") of Apple's Invalidity Contentions.  A person of ordinary skill in the art would have been |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | motivated to combine Anderson with these disclosures and/or the knowledge of a person of ordinary skill in the art for the reasons set forth in Sections III.B ("Groundplane Speakers Were Well-Known") and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| [21C] said drive unit mounted on a baffle whereby the drive unit's forward radiation is isolated from its rearward radiation; and | Anderson discloses said drive unit mounted on a baffle whereby the drive unit's forward radiation is isolated from its rearward radiation. <br><br> *See, e.g.,* <br><br> "Another object of this invention is to provide a speaker assembly for use on a horizontal surface such as a table or desk that does not produce destructive or additive interference in the sound waves between the sound following the direct and reflected paths from the speaker to the listener. These and other objects of the invention are accomplished by providing a speaker assembly for use on a desk, table, or other flat surface capable of directing sounds in all directions from a speaker. The assembly comprises a speaker supported above a generally conical circular base having an acoustically reflective surface angled away from the speaker. Sound exits from the assembly at substantially the level of the table or other surface upon which the assembly rests. A cover or cabinet is mounted above and surrounding the rear of the speaker, and the speaker is attached to the assembly by a support plate attached to the cover. The height of the interior of the cover is approximately the same as the height of the speaker." (Anderson at 2:9-2:28) <br><br> "The invention generally comprises of a cover 10, a base or acoustic reflector 12, and a speaker 14. . . . A plurality of bushings 18 position the support plate a measured distance above the base 12. The speaker 14 is positioned upon the support plate 16 to direct sound downwardly toward and in the vicinity of the generally circular base 12." (Anderson at 2:47-59) <br><br> "Mounting of the speaker 14 within the cover 10 is accomplished by positioning the speaker 14 in a generally circular hole 32 within the support plate 16 corresponding to the circular cross-section of the cone 30." (Anderson at 3:52-55) |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | "As is further well known in the art, enclosure of the rear of the speaker in a cover or cabinet adds the pneumatic stiffness of the air cavity to the mechanical stiffness of the cone suspension, and thereby raises the speaker resonance frequency within the enclosure. Accordingly, low frequency output can be controlled by varying the volume of air within the cover 10 to the rear of the speaker 14." (Anderson at 4:62-68)<br><br>"**[T]he term "cover" should include any arrangement that produces an acoustically sealed environment to the rear of the speaker**." (Anderson at 5:38-41 (emphasis added))<br><br> |

*Exhibit I-C  – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| |  (Anderson at FIGS. 1-3) To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Section III.A ("Narrow Profile Ducted Speakers Were Well-Known")of Apple's Invalidity Contentions.  A person of ordinary skill in the art would have been motivated to combine Anderson with these disclosures and/or the knowledge of a person of ordinary skill in the art for the reasons set forth in Sections III.A ("Narrow Profile Ducted |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | Speakers Were Well-Known") and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| [21D] one or more support members separating said drive unit from a substantially flat sound reflecting surface facing said drive unit; | Anderson discloses one or more support members separating said drive unit from a substantially flat sound reflecting surface facing said drive unit.<br><br>*See, e.g.*,<br><br>"The invention generally comprises of a cover 10, a base or acoustic reflector 12, and a speaker 14. . . .  A plurality of bushings 18 position the support plate a measured distance above the base 12.  The speaker 14 is positioned upon the support plate 16 to direct sound d<br><br>"The invention generally comprises of a cover 10, a base or acoustic reflector 12, and a speaker 14. **The speaker is attached to a support plate 16, which in tum is mounted within the cover 10. A plurality of bushings 18 position the support plate a measured distance above the base 12.** The **speaker 14 is positioned upon the support plate 16 to direct sound downwardly toward and in the vicinity of the generally circular base 12**." (Anderson at 2:51-59 (emphasis added))<br><br>"**The sides of the base facing the speaker are angled away from the speaker to near the surface upon which the assembly rests, and are composed of an acoustically reflective material such that sound is radially reflected in all horizontal directions off of the base 12.**" (Anderson at 2:60-64 (emphasis added))<br><br>"In operation, the base 12 acts first as a base or support for the speaker assembly; second as an acoustic reflector directing sound radially about the speaker assembly to positions approximately thirty degrees above the height of the surface upon which the assembly rests or is mounted; and third as a phase plug to control and minimize the volume of air between the speaker cone 30 and the base 12."  (Anderson at 4:16-24)<br><br>"Although the preferred embodiment of the invention includes a conical recess in the top of the base 12, a variety of other configurations for the base 12 are possible. **Alternative embodiments** |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | **of the top of the base 12 include a semispherical recess, a flat top, a pointed convex conical top, and a pointed convex conical top with a more acute angle to the upper cone surface than the general conical angle of the base 12. Moreover, the configuration of the base 12 is not limited to strict conical sides, but instead may use any configuration that allows sound to be radially reflected in generally all horizontal directions away from the speaker assembly**. Additionally, the assembly may be constructed to direct sound from the speaker in just a few of the circumferential directions." (Anderson at 5:18-32 (emphasis added))<br><br> |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | <br><br>(Anderson at FIGS. 1-3)<br><br> To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Sections III.B ("Groundplane Speakers Were Well-Known") and III.C ("Varying the Shape of the Duct Was Well-Known") of Apple's Invalidity Contentions.  A person of ordinary skill in the art would have been motivated to combine |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | Anderson with these disclosures and/or the knowledge of a person of ordinary skill in the art for the reasons set forth in Sections III.B ("Groundplane Speakers Were Well-Known"), III.C ("Varying the Shape of the Duct Was Well-Known") and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| [21E] wherein the baffle and the sound reflecting surface define a sound duct terminating in a sound output aperture; | Anderson discloses one or more support members separating said drive unit from a substantially flat sound reflecting surface facing said drive unit.<br><br>*See, e.g.*,<br><br>"Another object of this invention is to provide a speaker assembly for use on a horizontal surface such as a table or desk that does not produce destructive or additive interference in the sound waves between the sound following the direct and reflected paths from the speaker to the listener. These and other objects of the invention are accomplished by providing a speaker assembly for use on a desk, table, or other flat surface capable of directing sounds in all directions from a speaker. The assembly comprises a speaker supported above a generally conical circular base having an acoustically reflective surface angled away from the speaker. Sound exits from the assembly at substantially the level of the table or other surface upon which the assembly rests. A cover or cabinet is mounted above and surrounding the rear of the speaker, and the speaker is attached to the assembly by a support plate attached to the cover. The height of the interior of the cover is approximately the same as the height of the speaker." (Anderson at 2:9-2:28)<br><br>**"The invention generally comprises of a cover 10, a base or acoustic reflector 12, and a speaker 14. The speaker is attached to a support plate 16, which in tum is mounted within the cover 10. A plurality· of bushings 18 position the support plate a measured distance above the base 12. The speaker 14 is positioned upon the support plate 16 to direct sound downwardly toward and in the vicinity of the generally circular base 12.**" (Anderson at 2:51-59 (emphasis added))<br><br>"In operation, the base 12 acts first as a base or support for the speaker assembly; second as an acoustic reflector directing sound radially about the speaker assembly to positions approximately thirty degrees above the height of the surface upon which the assembly rests or is mounted; and |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | third as a phase plug to control and minimize the volume of air between the speaker cone 30 and the base 12." (Anderson at 4:16-24)<br><br>"As is well known in the art, as the volume of air between speaker cone 30 and the base 12 increases, the system's response to sound frequencies generated in the high range (3-5 kilohertz) decreases. Conversely, response of high frequency sounds increases as the volume of air decreases. Hence, for best generation of high frequency sound, the separation between the base 12 and the speaker cone 30 should be reduced to the minimum possible." (Anderson at 4:29-38)<br><br>"Although the preferred embodiment of the invention includes a conical recess in the top of the base 12, a variety of other configurations for the base 12 are possible. Alternative embodiments of the top of the base 12 include a semispherical recess, a flat top, a pointed convex conical top, and a pointed convex conical top with a more acute angle to the upper cone surface than the general conical angle of the base 12. Moreover, the configuration of the base 12 is not limited to strict conical sides, but instead may use any configuration that allows sound to be radially reflected in generally all horizontal directions away from the speaker assembly. Additionally, the assembly may be constructed to direct sound from the speaker in just a few of the circumferential directions." (Anderson at 5:18-32) |

*Exhibit I-C  – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
|  |  |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | <br><br>(Anderson at FIGS. 1-3)<br><br>To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Sections III.A ("Narrow Profile Ducted Speakers Were Well-Known") and III.C ("Varying the Shape of the Duct Was Well-Known") of Apple's Invalidity Contentions.  A person of ordinary skill in the art would have been motivated to |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | combine Anderson with these disclosures and/or the knowledge of a person of ordinary skill in the art for the reasons set forth in Sections III.A ("Narrow Profile Ducted Speakers Were Well-Known"), III.C ("Varying the Shape of the Duct Was Well-Known") and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| [21F] whereby forward radiation from said drive unit is turned at a substantially right angle and travels along a straight path to exit the sound output aperture; | Anderson discloses whereby forward radiation from said drive unit is turned at a substantially right angle and travels along a straight path to exit the sound output aperture.<br><br>*See, e.g.*,<br><br>"Another object of this invention is to provide a speaker assembly for use on a horizontal surface such as a table or desk that does not produce destructive or additive interference in the sound waves between the sound following the direct and reflected paths from the speaker to the listener. These and other objects of the invention are accomplished by providing a speaker assembly for use on a desk, table, or other flat surface capable of directing sounds in all directions from a speaker. The assembly comprises a speaker supported above a generally conical circular base having an acoustically reflective surface angled away from the speaker. Sound exits from the assembly at substantially the level of the table or other surface upon which the assembly rests. A cover or cabinet is mounted above and surrounding the rear of the speaker, and the speaker is attached to the assembly by a support plate attached to the cover. The height of the interior of the cover is approximately the same as the height of the speaker."  (Anderson at 2:9-2:28)<br><br>"**The invention generally comprises of a cover 10, a base or acoustic reflector 12, and a speaker 14. The speaker is attached to a support plate 16, which in turn is mounted within the cover 10. A plurality of bushings 18 position the support plate a measured distance above the base 12. The speaker 14 is positioned upon the support plate 16 to direct sound downwardly toward and in the vicinity of the generally circular base 12.**" (Anderson at 2:51-59 (emphasis added))<br><br>"The sides of the base facing the speaker are angled away from the speaker to near the surface upon which the assembly rests, and are composed of an acoustically reflective material such that sound is radially reflected in all horizontal directions off of the base 12."  (Anderson at 2:60-64) |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | "In operation, the base 12 acts first as a base or support for the speaker assembly; second as an acoustic reflector directing sound radially about the speaker assembly to positions approximately thirty degrees above the height of the surface upon which the assembly rests or is mounted; and third as a phase plug to control and minimize the volume of air between the speaker cone 30 and the base 12."  (Anderson at 4:16-24)<br><br>"Although the preferred embodiment of the invention includes a conical recess in the top of the base 12, a variety of other configurations for the base 12 are possible. **Alternative embodiments of the top of the base 12 include a semispherical recess, a flat top, a pointed convex conical top, and a pointed convex conical top with a more acute angle to the upper cone surface than the general conical angle of the base 12. Moreover, the configuration of the base 12 is not limited to strict conical sides, but instead may use any configuration that allows sound to be radially reflected in generally all horizontal directions away from the speaker assembly**. Additionally, the assembly may be constructed to direct sound from the speaker in just a few of the circumferential directions." (Anderson at 5:18-32 (emphasis added)) |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| |  |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| |  (Anderson at FIGS. 1-3)  To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Section III.C ("Varying the Shape of the Duct Was Well-Known") of Apple's Invalidity Contentions.  A person of ordinary skill in the art would have been motivated to combine Anderson with these disclosures and/or the knowledge of a person of |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | ordinary skill in the art for the reasons set forth in Sections III.C ("Varying the Shape of the Duct Was Well-Known") and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| [21G] wherein said sound output aperture is sufficiently narrow such that an interfering phase shift is avoided between the direct and reflecting sound waves output from said drive unit; and | Anderson discloses wherein said sound output aperture is sufficiently narrow such that an interfering phase shift is avoided between the direct and reflecting sound waves output from said drive unit. *See, e.g.*, "To efficiently operate the speaker, and to eliminate the need for excess volume, conventional cone speakers may be vertically oriented with the drive side of the speaker directed downward. In this arrangement, sound reflects from the table, desk, or other surface with equal volume and response radially in all directions from the speaker to the listeners." (Anderson at 1:48-55) "Another object of this invention is to provide a speaker assembly that can produce sound that is uniform in volume and response radially about the assembly when the assembly is placed on a flat horizontal surface, such as a table or a desk. **A further object of this invention is to provide a speaker assembly for a teleconferencing system that does not require excessive volume for adequate sound dispersion to listeners who are positioned around the assembly and slightly higher than the assembly's location. Another object of this invention is to provide a speaker assembly for use on a horizontal surface such as a table or desk that does not produce destructive or additive interference in the sound waves between the sound following the direct and reflected paths from the speaker to the listener.**" (Anderson at 1:66-2:14 (emphasis added)) "Moreover, the configuration of the base 12 is not limited to strict conical sides, but instead may use any configuration that allows sound to be radially reflected in generally all horizontal directions away from the speaker assembly. Additionally, the assembly may be constructed to direct sound from the speaker in just a few of the circumferential directions." (Anderson at 5:26-32) |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| |  |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | <br><br>(Anderson at FIGS. 1-3)<br><br> To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Section III.E ("Speaker Designs That Improve Sound Quality Were Well-Known") of Apple's Invalidity Contentions.  A person of ordinary skill in the art would have been motivated to combine Anderson with these disclosures and/or the knowledge of a person of ordinary skill in the art for the reasons set forth in Sections III.E ("Speaker Designs |

*Exhibit I-C  – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | That Improve Sound Quality Were Well-Known") and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| [21H] wherein said speaker housing is adapted to rest stably on a flat surface such that said drive unit faces towards the flat surface. | Anderson discloses wherein said speaker housing is adapted to rest stably on a flat surface such that said drive unit faces towards the flat surface. *See, e.g.,* "Accordingly, when conventional speakers are used on tabletops, they may be positioned with the drive side of the speaker oriented vertically and directed to drive sound either upward from the table or downward to that surface." (Anderson at 1:32-36) "To efficiently operate the speaker, and to eliminate the need for excess volume, conventional cone speakers may be vertically oriented with the drive side of the speaker directed downward. In this arrangement, sound reflects from the table, desk, or other surface with equal volume and response radially in all directions from the speaker to the listeners." (Anderson at 1:48-55) "Another object of this invention is to provide a speaker assembly that can produce sound that is uniform in volume and response radially about the assembly is placed on a flat horizontal surface, such as a table or a desk."  (Anderson at 1:66-2:2) "**Another object of this invention is to provide a speaker assembly for use on a horizontal surface** such as a table or desk that does not produce destructive or additive interference in the sound waves between the sound following the direct and reflected paths from the speaker to the listener. **These and other objects of the invention are accomplished by providing a speaker assembly for use on a desk, table, or other flat surface capable of directing sounds in all directions from a speaker.** The assembly comprises a speaker supported above a generally conical circular base having an acoustically reflective surface angled away from the speaker. Sound exits from the assembly at substantially the level of the table or other surface upon which the assembly rests. A cover or cabinet is mounted above and surrounding the rear of the speaker, and the speaker is attached to the assembly by a support plate attached to the cover. The height of the interior of the cover is approximately the same as the height of the speaker." (Anderson at 2:9- |

133

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | 2:28 (emphasis added))<br><br>"Referring now to FIGS. 1 and 2, the **preferred embodiment of the invention is a speaker assembly for use in teleconferencing systems, and specifically for use on a desk, table or other flat surface that may be surrounded by listeners**." (Anderson at 2:47-51 (emphasis added))<br><br>"The invention generally comprises of a cover 10, a base or acoustic reflector 12, and a speaker 14. The speaker is attached to a support plate 16, which in tum is mounted within the cover 10. A plurality· of bushings 18 position the support plate a measured distance above the base 12. The speaker 14 is positioned upon the support plate 16 to direct sound downwardly toward and in the vicinity of the generally circular base 12." (Anderson at 2:51-59)<br><br>"In operation, the base 12 acts first as a base or support for the speaker assembly; second as an acoustic reflector directing sound radially about the speaker assembly to positions approximately thirty degrees above the height of the surface upon which the assembly rests or is mounted; and third as a phase plug to control and minimize the volume of air between the speaker cone 30 and the base 12."  (Anderson at 4:16-24) |

*Exhibit I-C  – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| |  |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| |  (Anderson at FIGS. 1-3)  To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Section III.B ("Groundplane Speakers Were Well-Known") of Apple's Invalidity Contentions.  A person of ordinary skill in the art would have been motivated to combine Anderson with these disclosures and/or the knowledge of a person of ordinary skill in the art for the reasons set forth in Sections III.B ("Groundplane Speakers Were |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | Well-Known") and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| | |
| 24. The narrow-profile groundplane audio speaker system of claim 21, wherein said sound reflecting surface forms the top of said base portion, and wherein said base portion is substantially flat. | Anderson discloses the narrow-profile groundplane audio speaker system of claim 21, wherein said sound reflecting surface forms the top of said base portion, and wherein said base portion is substantially flat.<br><br>*See, e.g.*,<br><br>"Accordingly, when conventional speakers are used on tabletops, they may be positioned with the drive side of the speaker oriented vertically and directed to drive sound either upward from the table or downward to that surface." (Anderson at 1:32-36)<br><br>"To efficiently operate the speaker, and to eliminate the need for excess volume, conventional cone speakers may be vertically oriented with the drive side of the speaker directed downward. In this arrangement, sound reflects from the table, desk, or other surface with equal volume and response radially in all directions from the speaker to the listeners." (Anderson at 1:48-55)<br><br>(Anderson at 1:66-2:2)<br><br>"**Another object of this invention is to provide a speaker assembly for use on a horizontal surface such as a table or desk that does not produce destructive or additive interference in the sound waves between the sound following the direct and reflected paths from the speaker to the listener**.<br>These and other objects of the invention are accomplished by providing a speaker assembly for use on a desk, table, or other flat surface capable of directing sounds in all directions from a speaker. The assembly comprises a speaker supported above a generally conical circular base having an acoustically reflective surface angled away from the speaker. Sound exits from the assembly at substantially the level of the table or other surface upon which the assembly rests. A cover or cabinet is mounted above and surrounding the rear of the speaker, and the speaker is attached to the assembly by a support plate attached to the cover. The height of the interior of the cover is approximately the same as the height of the speaker." (Anderson at 2:9-2:28 (emphasis |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | added)) |
| | "Referring now to FIGS. 1 and 2, the preferred embodiment of the invention is a speaker assembly for use in teleconferencing systems, and specifically for use on a desk, table or other flat surface that may be surrounded by listeners." (Anderson at 2:47-51) |
| | "**The invention generally comprises of a cover 10, a base or acoustic reflector 12, and a speaker 14.** The speaker is attached to a support plate 16, which in tum is mounted within the cover 10. A plurality· of bushings 18 position the support plate a measured distance above the base 12. The speaker 14 is positioned upon the support plate 16 to direct sound downwardly toward and in the vicinity of the generally circular base 12." (Anderson at 2:51-59 (emphasis added)) |
| | "In operation, the base 12 acts first as a base or support for the speaker assembly; second as an acoustic reflector directing sound radially about the speaker assembly to positions approximately thirty degrees above the height of the surface upon which the assembly rests or is mounted; and third as a phase plug to control and minimize the volume of air between the speaker cone 30 and the base 12." (Anderson at 4:16-24) |
| | "**Although the preferred embodiment of the invention includes a conical recess in the top of the base 12, a variety of other configurations for the base 12 are possible. Alternative embodiments of the top of the base 12 include a semispherical recess, a flat top, a pointed convex conical top, and a pointed convex conical top with a more acute angle to the upper cone surface than the general conical angle of the base 12. Moreover, the configuration of the base 12 is not limited to strict conical sides, but instead may use any configuration that allows sound to be radially reflected in generally all horizontal directions away from the speaker assembly.** Additionally, the assembly may be constructed to direct sound from the speaker in just a few of the circumferential directions." (Anderson at 5:18-32 (emphasis added)) |

*Exhibit I-C  – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| |  |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| |  (Anderson at FIGS. 1-3) To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Section III.B ("Groundplane Speakers Were Well-Known") of Apple's Invalidity Contentions.  A person of ordinary skill in the art would have been |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | motivated to combine Anderson with these disclosures and/or the knowledge of a person of ordinary skill in the art for the reasons set forth in Sections III.B ("Groundplane Speakers Were Well-Known") and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| | |
| 27. The narrow-profile groundplane audio speaker system of claim 21, wherein said speaker housing rests stably on the flat surface such that said drive unit faces downwards towards the flat surface. | Anderson discloses the narrow-profile groundplane audio speaker system of claim 21, wherein said speaker housing rests stably on the flat surface such that said drive unit faces downwards towards the flat surface.<br><br>*See, e.g.*,<br><br>"Accordingly, when conventional speakers are used on tabletops, they may be positioned with the drive side of the speaker oriented vertically and directed to drive sound either upward from the table or downward to that surface." (Anderson at 1:32-36)<br><br>"To efficiently operate the speaker, and to eliminate the need for excess volume, conventional cone speakers may be vertically oriented with the drive side of the speaker directed downward. In this arrangement, sound reflects from the table, desk, or other surface with equal volume and response radially in all directions from the speaker to the listeners." (Anderson at 1:48-55)<br><br>"Another object of this invention is to provide a speaker assembly that can produce sound that is uniform in volume and response radially about the assembly is placed on a flat horizontal surface, such as a table or a desk."  (Anderson at 1:66-2:2)<br><br>"**Another object of this invention is to provide a speaker assembly for use on a horizontal surface** such as a table or desk that does not produce destructive or additive interference in the sound waves between the sound following the direct and reflected paths following from the speaker to the listener. **These and other objects of the invention are accomplished by providing a speaker assembly for use on a desk, table, or other flat surface capable of directing sounds in all directions from a speaker.** The assembly comprises a speaker supported above a generally conical circular base having an acoustically reflective surface angled away from the speaker. Sound exits from the assembly at substantially the level of the table or other surface upon which |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | the assembly rests. A cover or cabinet is mounted above and surrounding the rear of the speaker, and the speaker is attached to the assembly by a support plate attached to the cover. The height of the interior of the cover is approximately the same as the height of the speaker."  (Anderson at 2:9-2:28 (emphasis added))<br><br>"Referring now to FIGS. 1 and 2, the **preferred embodiment of the invention is a speaker assembly for use in teleconferencing systems, and specifically for use on a desk, table or other flat surface that may be surrounded by listeners.**" (Anderson at 2:47-51 (emphasis added))<br><br>"The invention generally comprises of a cover 10, a base or acoustic reflector 12, and a speaker 14. The speaker is attached to a support plate 16, which in tum is mounted within the cover 10. A plurality· of bushings 18 position the support plate a measured distance above the base 12. The speaker 14 is positioned upon the support plate 16 to direct sound downwardly toward and in the vicinity of the generally circular base 12." (Anderson at 2:51-59)<br><br>"In operation, the base 12 acts first as a base or support for the speaker assembly; second as an acoustic reflector directing sound radially about the speaker assembly to positions approximately thirty degrees above the height of the surface upon which the assembly rests or is mounted; and third as a phase plug to control and minimize the volume of air between the speaker cone 30 and the base 12."  (Anderson at 4:16-24) |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| |  |

*Exhibit I-C  – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| |  (Anderson at FIGS. 1-3) To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Section III.B ("Groundplane Speakers Were Well-Known") of Apple's Invalidity Contentions.  A person of ordinary skill in the art would have been motivated to combine Anderson with these disclosures and/or the knowledge of a person of ordinary skill in the art for the reasons set forth in Sections III.B ("Groundplane Speakers Were |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | Well-Known") and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| 28. The narrow-profile groundplane audio speaker system of claim 21, wherein said sound duct has a top edge substantially level with an outer edge of a cone of said drive unit. | Anderson discloses the narrow-profile groundplane audio speaker system of claim 21, wherein said sound duct has a top edge substantially level with an outer edge of a cone of said drive unit. *See, e.g.*, "Another object of this invention is to provide a speaker assembly for use on a horizontal surface such as a table or desk that does not produce destructive or additive interference in the sound waves between the sound following the direct and reflected paths from the speaker to the listener. These and other objects of the invention are accomplished by providing a speaker assembly for use on a desk, table, or other flat surface capable of directing sounds in all directions from a speaker. The assembly comprises a speaker supported above a generally conical circular base having an acoustically reflective surface angled away from the speaker. Sound exits from the assembly at substantially the level of the table or other surface upon which the assembly rests. A cover or cabinet is mounted above and surrounding the rear of the speaker, and the speaker is attached to the assembly by a support plate attached to the cover. The height of the interior of the cover is approximately the same as the height of the speaker." (Anderson at 2:9-2:28) "The invention generally comprises of a cover 10, a base or acoustic reflector 12, and a speaker 14. The speaker is attached to a support plate 16, which in tum is mounted within the cover 10. A plurality· of bushings 18 position the support plate a measured distance above the base 12. The speaker 14 is positioned upon the support plate 16 to direct sound downwardly toward and in the vicinity of the generally circular base 12." (Anderson at 2:51-59) |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| |  |

*Exhibit I-C  – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| |  (Anderson at FIGS. 1-3) <br><br> To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Sections III.B ("Groundplane Speakers Were Well-Known") and III.C ("Varying the Shape of the Duct Was Well-Known") of Apple's Invalidity Contentions.  A person of ordinary skill in the art would have been motivated to combine |

147

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | Anderson with these disclosures and/or the knowledge of a person of ordinary skill in the art for the reasons set forth in Sections III.B ("Groundplane Speakers Were Well-Known"), III.C ("Varying the Shape of the Duct Was Well-Known") and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| | |
| 29. The narrow-profile groundplane audio speaker system of claim 21, wherein the baffle is substantially level with a top edge of the sound output aperture. | Anderson discloses the narrow-profile groundplane audio speaker system of claim 21, wherein the baffle is substantially level with a top edge of the sound output aperture. *See, e.g.,* "Another object of this invention is to provide a speaker assembly for use on a horizontal surface such as a table or desk that does not produce destructive or additive interference in the sound waves between the sound following the direct and reflected paths from the speaker to the listener. These and other objects of the invention are accomplished by providing a speaker assembly for use on a desk, table, or other flat surface capable of directing sounds in all directions from a speaker. The assembly comprises a speaker supported above a generally conical circular base having an acoustically reflective surface angled away from the speaker. Sound exits from the assembly at substantially the level of the table or other surface upon which the assembly rests. A cover or cabinet is mounted above and surrounding the rear of the speaker, and the speaker is attached to the assembly by a support plate attached to the cover. The height of the interior of the cover is approximately the same as the height of the speaker." (Anderson at 2:9-2:28) "The invention generally comprises of a cover 10, a base or acoustic reflector 12, and a speaker 14. The speaker is attached to a support plate 16, which in turn is mounted within the cover 10. A plurality· of bushings 18 position the support plate a measured distance above the base 12. The speaker 14 is positioned upon the support plate 16 to direct sound downwardly toward and in the vicinity of the generally circular base 12." (Anderson at 2:51-59) |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| |  |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
|  |  (Anderson at FIGS. 1-3)  To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Sections III.B ("Groundplane Speakers Were Well-Known") and III.C ("Varying the Shape of the Duct Was Well-Known") of Apple's Invalidity Contentions.  A person of ordinary skill in the art would have been motivated to combine Anderson with these disclosures and/or the knowledge of a person of ordinary skill in the art for |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | the reasons set forth in Sections III.B ("Groundplane Speakers Were Well-Known"), III.C ("Varying the Shape of the Duct Was Well-Known") and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| | |
| [31A] 31. A narrow-profile groundplane audio speaker system, comprising: | To the extent the preamble is a limitation, Anderson discloses a narrow-profile groundplane audio speaker system. |
| | *See, e.g.,* |
| | "This invention relates to a speaker assembly, and more particularly it relates to an improved assembly for a tabletop or desk mounted speaker that may be used to reproduce telecommunication sound from teleconferencing systems and the like." (Anderson at 1:6-11) |
| | "Such tabletop speakers ideally should be adapted to produce uniform quality response radially about the speaker's position, so that each participant to the conversation who is seated about the table or desk will hear equal high sound quality." (Anderson at 1:27-31) |
| | "Accordingly, when conventional speakers are used on tabletops, they may be positioned with the drive side of the speaker oriented vertically and directed to drive sound either upward from the table or downward to that surface." (Anderson at 1:32-36) |
| | "To efficiently operate the speaker, and to eliminate the need for excess volume, conventional cone speakers may be vertically oriented with the drive side of the speaker directed downward. In this arrangement, sound reflects from the table, desk, or other surface with equal volume and response radially in all directions from the speaker to the listeners." (Anderson at 1:48-55) |
| | "**Another object of this invention is to provide a speaker assembly that can produce sound that is uniform in volume and response radially about the assembly is placed on a flat horizontal surface, such as a table or a desk**. A further object of this invention is to provide a speaker assembly for a **teleconferencing system that does not require excessive volume for adequate sound dispersion to listeners who are** |

*Exhibit I-C  – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | **positioned around the assembly and slightly higher than the assembly's location**. Another object of this invention is to provide a speaker assembly for use on a horizontal surface such as a table or desk that does not produce destructive or additive interference in the sound waves between the sound following the direct and reflected paths from the speaker to the listener. These and other objects of the invention are accomplished by providing a speaker assembly for use on a desk, table, or other flat surface capable of directing sounds in all directions from a speaker. The assembly comprises a speaker supported above a generally conical circular base having an acoustically reflective surface angled away from the speaker. **Sound exits from the assembly at substantially the level of the table or other surface upon which the assembly rests**. A cover or cabinet is mounted above and surrounding the rear of the speaker, and the speaker is attached to the assembly by a support plate attached to the cover. The height of the interior of the cover is approximately the same as the height of the speaker."  (Anderson at 1:66-2:28 (emphasis added)) <br><br> "**Referring now to FIGS. 1 and 2, the preferred embodiment of the invention is a speaker assembly for use in teleconferencing systems, and specifically for use on a desk, table or other flat surface that may be surrounded by listeners.**" (Anderson at 2:47-51 (emphasis added)) <br><br> "The invention generally comprises of a cover 10, a base or acoustic reflector 12, and a speaker 14. The speaker is attached to a support plate 16, which in tum is mounted within the cover 10. A plurality· of bushings 18 position the support plate a measured distance above the base 12**. The speaker 14 is positioned upon the support plate 16 to direct sound downwardly toward and in the vicinity of the generally circular base 12**." (Anderson at 2:51-59 (emphasis added)) <br><br> "In operation, the base 12 acts first as a base or support for the speaker assembly; second as an acoustic reflector directing sound radially about the speaker assembly to positions approximately thirty degrees above the height of the surface upon which the assembly rests or is mounted; and third as a phase plug to control and minimize the volume of air between the speaker cone 30 and the base 12."  (Anderson at 4:16-24) |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| |  |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| |  (Anderson at FIGS. 1-3)  To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Section III.B ("Groundplane Speakers Were Well-Known") of Apple's Invalidity Contentions.  A person of ordinary skill in the art would have been motivated to combine Anderson with these disclosures and/or the knowledge of a person of ordinary skill in the art for the reasons set forth in Sections III.B ("Groundplane Speakers Were |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | Well-Known") and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| [31B] a speaker housing; a drive unit enclosed within said speaker housing, | Anderson discloses a speaker housing; a drive unit enclosed within said speaker housing. <br><br> *See, e.g.,* <br><br> "Another object of this invention is to provide a speaker assembly for use on a horizontal surface such as a table or desk that does not produce destructive or additive interference in the sound waves between the sound following the direct and reflected paths from the speaker to the listener. These and other objects of the invention are accomplished by providing a speaker assembly for use on a desk, table, or other flat surface capable of directing sounds in all directions from a speaker. The assembly comprises a speaker supported above a generally conical circular base having an acoustically reflective surface angled away from the speaker. Sound exits from the assembly at substantially the level of the table or other surface upon which the assembly rests. A cover or cabinet is mounted above and surrounding the rear of the speaker, and the speaker is attached to the assembly by a support plate attached to the cover. The height of the interior of the cover is approximately the same as the height of the speaker." (Anderson at 2:9-2:28) <br><br> "The invention generally comprises of a cover 10, a base or acoustic reflector 12, and a speaker 14. . . .  A plurality of bushings 18 position the support plate a measured distance above the base 12.  The speaker 14 is positioned upon the support plate 16 to direct sound downwardly toward and in the vicinity of the generally circular base 12." (Anderson at 2:47-59) <br><br> "**Mounting of the speaker 14 within the cover 10 is accomplished by positioning the speaker 14 in a generally circular hole 32 within the support plate 16 corresponding to the circular cross-section of the cone 30**." (Anderson at 3:52-55 (emphasis added)) |

*Exhibit I-C  – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| |  |

*Exhibit I-C  – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| |  (Anderson at FIGS. 1-3)  To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Section III.B ("Groundplane Speakers Were Well-Known") of Apple's Invalidity Contentions.  A person of ordinary skill in the art would have been motivated to combine Anderson with these disclosures and/or the knowledge of a person of |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | ordinary skill in the art for the reasons set forth in Sections III.B ("Groundplane Speakers Were Well-Known") and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| [31C] said drive unit mounted on a baffle whereby the drive unit's forward radiation is isolated from its rearward radiation, | Anderson discloses said drive unit mounted on a baffle whereby the drive unit's forward radiation is isolated from its rearward radiation. <br><br> *See, e.g.*, <br><br> "Another object of this invention is to provide a speaker assembly for use on a horizontal surface such as a table or desk that does not produce destructive or additive interference in the sound waves between the sound following the direct and reflected paths from the speaker to the listener. These and other objects of the invention are accomplished by providing a speaker assembly for use on a desk, table, or other flat surface capable of directing sounds in all directions from a speaker. The assembly comprises a speaker supported above a generally conical circular base having an acoustically reflective surface angled away from the speaker. Sound exits from the assembly at substantially the level of the table or other surface upon which the assembly rests. A cover or cabinet is mounted above and surrounding the rear of the speaker, and the speaker is attached to the assembly by a support plate attached to the cover. The height of the interior of the cover is approximately the same as the height of the speaker." (Anderson at 2:9-2:28) <br><br> "The invention generally comprises of a cover 10, a base or acoustic reflector 12, and a speaker 14. . . .  A plurality of bushings 18 position the support plate a measured distance above the base 12.  The speaker 14 is positioned upon the support plate 16 to direct sound downwardly toward and in the vicinity of the generally circular base 12." (Anderson at 2:47-59) <br><br> "Mounting of the speaker 14 within the cover 10 is accomplished by positioning the speaker 14 in a generally circular hole 32 within the support plate 16 corresponding to the circular cross-section of the cone 30." (Anderson at 3:52-55) <br><br> "As is further well known in the art, enclosure of the rear of the speaker in a cover or cabinet adds |

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | the pneumatic stiffness of the air cavity to the mechanical stiffness of the cone suspension, and thereby raises the speaker resonance frequency within the enclosure. Accordingly, low frequency output can be controlled by varying the volume of air within the cover 10 to the rear of the speaker 14." (Anderson at 4:62-68)<br><br>"**[T]he term "cover" should include any arrangement that produces an acoustically sealed environment to the rear of the speaker**." (Anderson at 5:38-41 (emphasis added))<br><br> |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| |  (Anderson at FIGS. 1-3) <br><br> To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Section III.A ("Narrow Profile Ducted Speakers Were Well-Known") of Apple's Invalidity Contentions.  A person of ordinary skill in the art would have been motivated to combine Anderson with these disclosures and/or the knowledge of a person of ordinary skill in the art for the reasons set forth in Sections III.A ("Narrow Profile Ducted |

160

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | Speakers Were Well-Known") and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| [31D] said speaker housing being adapted to rest stably on a flat surface such that said drive unit faces towards the flat surface; | Anderson discloses said speaker housing being adapted to rest stably on a flat surface such that said drive unit faces towards the flat surface. <br><br> *See, e.g.,* <br><br> "Accordingly, when conventional speakers are used on tabletops, they may be positioned with the drive side of the speaker oriented vertically and directed to drive sound either upward from the table or downward to that surface." (Anderson at 1:32-36) <br><br> "To efficiently operate the speaker, and to eliminate the need for excess volume, conventional cone speakers may be vertically oriented with the drive side of the speaker directed downward. In this arrangement, sound reflects from the table, desk, or other surface with equal volume and response radially in all directions from the speaker to the listeners." (Anderson at 1:48-55) <br><br> "Another object of this invention is to provide a speaker assembly that can produce sound that is uniform in volume and response radially about the assembly is placed on a flat horizontal surface, such as a table or a desk."  (Anderson at 1:66-2:2) <br><br> "**Another object of this invention is to provide a speaker assembly for use on a horizontal surface** such as a table or desk that does not produce destructive or additive interference in the sound waves between the sound following the direct and reflected paths from the speaker to the listener. **These and other objects of the invention are accomplished by providing a speaker assembly for use on a desk, table, or other flat surface capable of directing sounds in all directions from a speaker.** The assembly comprises a speaker supported above a generally conical circular base having an acoustically reflective surface angled away from the speaker. Sound exits from the assembly at substantially the level of the table or other surface upon which the assembly rests. A cover or cabinet is mounted above and surrounding the rear of the speaker, and the speaker is attached to the assembly by a support plate attached to the cover. The height of the interior of the cover is approximately the same as the height of the speaker." (Anderson at 2:9- |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | 2:28 (emphasis added))<br><br>"Referring now to FIGS. 1 and 2, the **preferred embodiment of the invention is a speaker assembly for use in teleconferencing systems, and specifically for use on a desk, table or other flat surface that may be surrounded by listeners**." (Anderson at 2:47-51 (emphasis added))<br><br>"The invention generally comprises of a cover 10, a base or acoustic reflector 12, and a speaker 14. The speaker is attached to a support plate 16, which in tum is mounted within the cover 10. A plurality· of bushings 18 position the support plate a measured distance above the base 12. The speaker 14 is positioned upon the support plate 16 to direct sound downwardly toward and in the vicinity of the generally circular base 12." (Anderson at 2:51-59)<br><br>"In operation, the base 12 acts first as a base or support for the speaker assembly; second as an acoustic reflector directing sound radially about the speaker assembly to positions approximately thirty degrees above the height of the surface upon which the assembly rests or is mounted; and third as a phase plug to control and minimize the volume of air between the speaker cone 30 and the base 12." (Anderson at 4:16-24) |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| |  |

*Exhibit I-C  – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| |  (Anderson at FIGS. 1-3) To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Section III.B ("Groundplane Speakers Were Well-Known") of Apple's Invalidity Contentions.  A person of ordinary skill in the art would have been motivated to combine Anderson with these disclosures and/or the knowledge of a person of ordinary skill in the art for the reasons set forth in Sections III.B ("Groundplane Speakers Were |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | Well-Known") and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| [31E] a sound reflecting surface facing said drive unit; and | Anderson discloses a sound reflecting surface facing said drive unit. |
| | *See, e.g.,* |
| | "The invention generally comprises of a cover 10, a base or acoustic reflector 12, and a speaker 14. **The speaker is attached to a support plate 16, which in turn is mounted within the cover 10. A plurality of bushings 18 position the support plate a measured distance above the base 12.** The **speaker 14 is positioned upon the support plate 16 to direct sound downwardly toward and in the vicinity of the generally circular base 12**." (Anderson at 2:51-59 (emphasis added)) |
| | "**The sides of the base facing the speaker are angled away from the speaker to near the surface upon which the assembly rests, and are composed of an acoustically reflective material such that sound is radially reflected in all horizontal directions off of the base 12.**" (Anderson at 2:60-64 (emphasis added)) |
| | "In operation, the base 12 acts first as a base or support for the speaker assembly; second as an acoustic reflector directing sound radially about the speaker assembly to positions approximately thirty degrees above the height of the surface upon which the assembly rests or is mounted; and third as a phase plug to control and minimize the volume of air between the speaker cone 30 and the base 12." (Anderson at 4:16-24) |
| | "Although the preferred embodiment of the invention includes a conical recess in the top of the base 12, a variety of other configurations for the base 12 are possible. **Alternative embodiments of the top of the base 12 include a semispherical recess, a flat top, a pointed convex conical top, and a pointed convex conical top with a more acute angle to the upper cone surface than the general conical angle of the base 12. Moreover, the configuration of the base 12 is not limited to strict conical sides, but instead may use any configuration that allows sound to be radially reflected in generally all horizontal directions away from the speaker assembly.** Additionally, the assembly may be constructed to direct sound from the speaker in just a few of |

*Exhibit I-C  – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | the circumferential directions." (Anderson at 5:18-32 (emphasis added))  |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | <br><br>(Anderson at FIGS. 1-3)<br><br> To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Section III.C ("Varying the Shape of the Duct Was Well-Known") of Apple's Invalidity Contentions.  A person of ordinary skill in the art would have been motivated to combine Anderson with these disclosures and/or the knowledge of a person of |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | ordinary skill in the art for the reasons set forth in Sections III.C ("Varying the Shape of the Duct Was Well-Known") and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| [31F] one or more support members separating said drive unit from said sound reflecting surface; | Anderson discloses one or more support members separating said drive unit from said sound reflecting surface. *See, e.g.*, "The invention generally comprises of a cover 10, a base or acoustic reflector 12, and a speaker 14. . . . **A plurality of bushings 18 position the support plate a measured distance above the base 12.** The speaker 14 is positioned upon the support plate 16 to direct sound downwardly toward and in the vicinity of the generally circular base 12." (Anderson at 2:47-59 (emphasis added))  |

168

*Exhibit I-C  – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | <br>(Anderson at FIGS. 1-3)<br><br> To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Section III.B ("Groundplane Speakers Were Well-Known") of Apple's Invalidity Contentions.  A person of ordinary skill in the art would have been motivated to combine Anderson with these disclosures and/or the knowledge of a person of ordinary skill in the art for the reasons set forth in Sections III.B ("Groundplane Speakers Were |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | Well-Known") and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| [31G] wherein the baffle and the sound reflecting surface define a sound duct terminating in a sound output aperture; | Anderson discloses wherein the baffle and the sound reflecting surface define a sound duct terminating in a sound output aperture. *See, e.g.*, "Another object of this invention is to provide a speaker assembly for use on a horizontal surface such as a table or desk that does not produce destructive or additive interference in the sound waves between the sound following the direct and reflected paths from the speaker to the listener. These and other objects of the invention are accomplished by providing a speaker assembly for use on a desk, table, or other flat surface capable of directing sounds in all directions from a speaker. The assembly comprises a speaker supported above a generally conical circular base having an acoustically reflective surface angled away from the speaker. Sound exits from the assembly at substantially the level of the table or other surface upon which the assembly rests. A cover or cabinet is mounted above and surrounding the rear of the speaker, and the speaker is attached to the assembly by a support plate attached to the cover. The height of the interior of the cover is approximately the same as the height of the speaker." (Anderson at 2:9-2:28) **"The invention generally comprises of a cover 10, a base or acoustic reflector 12, and a speaker 14. The speaker is attached to a support plate 16, which in turn is mounted within the cover 10. A plurality· of bushings 18 position the support plate a measured distance above the base 12. The speaker 14 is positioned upon the support plate 16 to direct sound downwardly toward and in the vicinity of the generally circular base 12.**" (Anderson at 2:51-59 (emphasis added)) "In operation, the base 12 acts first as a base or support for the speaker assembly; second as an acoustic reflector directing sound radially about the speaker assembly to positions approximately thirty degrees above the height of the surface upon which the assembly rests or is mounted; and third as a phase plug to control and minimize the volume of air between the speaker cone 30 and the base 12." (Anderson at 4:16-24) |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
|  | "As is well known in the art, as the volume of air between speaker cone 30 and the base 12 increases, the system's response to sound frequencies generated in the high range (3-5 kilohertz) decreases. Conversely, response of high frequency sounds increases as the volume of air decreases. Hence, for best generation of high frequency sound, the separation between the base 12 and the speaker cone 30 should be reduced to the minimum possible." (Anderson at 4:29-38)  "Although the preferred embodiment of the invention includes a conical recess in the top of the base 12, a variety of other configurations for the base 12 are possible. Alternative embodiments of the top of the base 12 include a semispherical recess, a flat top, a pointed convex conical top, and a pointed convex conical top with a more acute angle to the upper cone surface than the general conical angle of the base 12. Moreover, the configuration of the base 12 is not limited to strict conical sides, but instead may use any configuration that allows sound to be radially reflected in generally all horizontal directions away from the speaker assembly. Additionally, the assembly may be constructed to direct sound from the speaker in just a few of the circumferential directions." (Anderson at 5:18-32) |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| |  |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| |  (Anderson at FIGS. 1-3)  To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Sections III.A ("Narrow Profile Ducted Speakers Were Well-Known") and III.C ("Varying the Shape of the Duct Was Well-Known") of Apple's Invalidity Contentions.  A person of ordinary skill in the art would have been motivated to combine Anderson with these disclosures and/or the knowledge of a person of ordinary skill in the |

*Exhibit I-C  – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | art for the reasons set forth in Sections III.A ("Narrow Profile Ducted Speakers Were Well-Known"), III.C ("Varying the Shape of the Duct Was Well-Known") and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| [31H] whereby forward radiation from said drive unit is turned at a substantially right angle and travels along a straight path to exit the sound output aperture; | Anderson discloses whereby forward radiation from said drive unit is turned at a substantially right angle and travels along a straight path to exit the sound output aperture.<br><br>*See, e.g.*,<br><br>"Another object of this invention is to provide a speaker assembly for use on a horizontal surface such as a table or desk that does not produce destructive or additive interference in the sound waves between the sound following the direct and reflected paths from the speaker to the listener. These and other objects of the invention are accomplished by providing a speaker assembly for use on a desk, table, or other flat surface capable of directing sounds in all directions from a speaker. The assembly comprises a speaker supported above a generally conical circular base having an acoustically reflective surface angled away from the speaker. Sound exits from the assembly at substantially the level of the table or other surface upon which the assembly rests. A cover or cabinet is mounted above and surrounding the rear of the speaker, and the speaker is attached to the assembly by a support plate attached to the cover. The height of the interior of the cover is approximately the same as the height of the speaker."  (Anderson at 2:9-2:28)<br><br>"**The invention generally comprises of a cover 10, a base or acoustic reflector 12, and a speaker 14. The speaker is attached to a support plate 16, which in turn is mounted within the cover 10. A plurality of bushings 18 position the support plate a measured distance above the base 12. The speaker 14 is positioned upon the support plate 16 to direct sound downwardly toward and in the vicinity of the generally circular base 12.**" (Anderson at 2:51-59 (emphasis added))<br><br>"The sides of the base facing the speaker are angled away from the speaker to near the surface upon which the assembly rests, and are composed of an acoustically reflective material such that sound is radially reflected in all horizontal directions off of the base 12."  (Anderson at 2:60-64) |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | "In operation, the base 12 acts first as a base or support for the speaker assembly; second as an acoustic reflector directing sound radially about the speaker assembly to positions approximately thirty degrees above the height of the surface upon which the assembly rests or is mounted; and third as a phase plug to control and minimize the volume of air between the speaker cone 30 and the base 12."  (Anderson at 4:16-24)<br><br>"Although the preferred embodiment of the invention includes a conical recess in the top of the base 12, a variety of other configurations for the base 12 are possible. **Alternative embodiments of the top of the base 12 include a semispherical recess, a flat top, a pointed convex conical top, and a pointed convex conical top with a more acute angle to the upper cone surface than the general conical angle of the base 12. Moreover, the configuration of the base 12 is not limited to strict conical sides, but instead may use any configuration that allows sound to be radially reflected in generally all horizontal directions away from the speaker assembly**. Additionally, the assembly may be constructed to direct sound from the speaker in just a few of the circumferential directions." (Anderson at 5:18-32 (emphasis added)) |

*Exhibit I-C  – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| |  |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | <br><br>(Anderson at FIGS. 1-3)<br><br>To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Section III.C ("Varying the Shape of the Duct Was Well-Known") of Apple's Invalidity Contentions. A person of ordinary skill in the art would have been motivated to combine Anderson with these disclosures and/or the knowledge of a person of |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | ordinary skill in the art for the reasons set forth in Sections III.C ("Varying the Shape of the Duct Was Well-Known") and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| [31I] wherein said sound output aperture is sufficiently narrow such that an interfering phase shift is avoided between the direct and reflecting sound waves output from said drive unit; and | Anderson discloses wherein said sound output aperture is sufficiently narrow such that an interfering phase shift is avoided between the direct and reflecting sound waves output from said drive unit. *See, e.g.*, "To efficiently operate the speaker, and to eliminate the need for excess volume, conventional cone speakers may be vertically oriented with the drive side of the speaker directed downward. In this arrangement, sound reflects from the table, desk, or other surface with equal volume and response radially in all directions from the speaker to the listeners." (Anderson at 1:48-55) "Another object of this invention is to provide a speaker assembly that can produce sound that is uniform in volume and response radially about the assembly when the assembly is placed on a flat horizontal surface, such as a table or a desk. **A further object of this invention is to provide a speaker assembly for a teleconferencing system that does not require excessive volume for adequate sound dispersion to listeners who are positioned around the assembly and slightly higher than the assembly's location. Another object of this invention is to provide a speaker assembly for use on a horizontal surface such as a table or desk that does not produce destructive or additive interference in the sound waves between the sound following the direct and reflected paths from the speaker to the listener.**" (Anderson at 1:66-2:14 (emphasis added)) "Moreover, the configuration of the base 12 is not limited to strict conical sides, but instead may use any configuration that allows sound to be radially reflected in generally all horizontal directions away from the speaker assembly. Additionally, the assembly may be constructed to direct sound from the speaker in just a few of the circumferential directions." (Anderson at 5:26-32) |

*Exhibit I-C  – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| |  |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| |  (Anderson at FIGS. 1-3)  To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Section III.E ("Speaker Designs That Improve Sound Quality Were Well-Known") of Apple's Invalidity Contentions.  A person of ordinary skill in the art would have been motivated to combine Anderson with these disclosures and/or the knowledge of a person of ordinary skill in the art for the reasons set forth in Sections III.E ("Speaker Designs |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | That Improve Sound Quality Were Well-Known") and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| [31J] wherein said sound output aperture is lengthwise proximate the flat surface, | Anderson discloses wherein said sound output aperture is lengthwise proximate the flat surface. |
| | *See, e.g.,* |
| | "Another object of this invention is to provide a speaker assembly for use on a horizontal surface such as a table or desk that does not produce destructive or additive interference in the sound waves between the sound following the direct and reflected paths from the speaker to the listener. These and other objects of the invention are accomplished by providing a speaker assembly for use on a desk, table, or other flat surface capable of directing sounds in all directions from a speaker. The assembly comprises a speaker supported above a generally conical circular base having an acoustically reflective surface angled away from the speaker. Sound exits from the assembly at substantially the level of the table or other surface upon which the assembly rests. A cover or cabinet is mounted above and surrounding the rear of the speaker, and the speaker is attached to the assembly by a support plate attached to the cover. The height of the interior of the cover is approximately the same as the height of the speaker." (Anderson at 2:9-2:28) |
| | "The invention generally comprises of a cover 10, a base or acoustic reflector 12, and a speaker 14. The speaker is attached to a support plate 16, which in turn is mounted within the cover 10. A plurality· of bushings 18 position the support plate a measured distance above the base 12. The speaker 14 is positioned upon the support plate 16 to direct sound downwardly toward and in the vicinity of the generally circular base 12." (Anderson at 2:51-59) |

181

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
| --- | --- |
| |  |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | (Anderson at FIGS. 1-3)<br><br>To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Section III.B ("Groundplane Speakers Were Well-Known") of Apple's Invalidity Contentions.  A person of ordinary skill in the art would have been motivated to combine Anderson with these disclosures and/or the knowledge of a person of |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | ordinary skill in the art for the reasons set forth in Sections III.B ("Groundplane Speakers Were Well-Known") and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| [31K] whereby sound output is increased without substantial loss in smoothness or evenness of response over audio frequency ranges. | Anderson discloses whereby sound output is increased without substantial loss in smoothness or evenness of response over audio frequency ranges. *See, e.g.*, "To efficiently operate the speaker, and to eliminate the need for excess volume, conventional cone speakers may be vertically oriented with the drive side of the speaker directed downward. **In this arrangement, sound reflects from the table, desk, or other surface with equal volume and response radially in all directions from the speaker to the listeners.**"  (Anderson at 1:48-55 (emphasis added))<br><br>"**Another object of this invention is to provide a speaker assembly that can produce sound that is uniform in volume and response radially about the assembly when the assembly is placed on a flat horizontal surface, such as a table or a desk**. A further object of this invention is to provide a speaker assembly for a teleconferencing system that does not require excessive volume for adequate sound dispersion to listeners who are positioned around the assembly and slightly higher than the assembly's location. **Another object of this invention is to provide a speaker assembly for use on a horizontal surface such as a table or desk that does not produce destructive or additive interference in the sound waves between the sound following the direct and reflected paths from the speaker to the listener**."  (Anderson at 1:66-2:14 (emphasis added))<br><br>"Moreover, the configuration of the base 12 is not limited to strict conical sides, but instead may use any configuration that allows sound to be radially reflected in generally all horizontal directions away from the speaker assembly. Additionally, the assembly may be constructed to direct sound from the speaker in just a few of the circumferential directions."  (Anderson at 5:26-32)<br><br>To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Section III.E ("Speaker Designs That Improve Sound Quality Were Well-Known") of Apple's Invalidity Contentions. A person of ordinary skill in the art would have been motivated to combine Anderson with these disclosures and/or the knowledge of a person of ordinary skill in the art for the reasons set forth in Sections III.E ("Speaker Designs That Improve Sound Quality Were Well-Known") and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |
| | |
| 32. The narrow-profile groundplane audio speaker system of claim 31, further comprising sound damping material disposed between said sound reflecting surface and the baffle, the sound damping material forming an outer shape of the sound duct which reduces sound reflections at an end of the sound duct opposite the sound output aperture and thereby mitigates standing waves. | Anderson discloses the narrow-profile groundplane audio speaker system of claim 31, further comprising sound damping material disposed between said sound reflecting surface and the baffle, the sound damping material forming an outer shape of the sound duct which reduces sound reflections at an end of the sound duct opposite the sound output aperture and thereby mitigates standing waves.<br><br>*See, e.g.*,<br><br>"In the preferred embodiment, resonant vibration of the cover 10 is prevented by use of a dampening putty 31 inserted between the drive magnet 28 and the cover 10. Any tendency of the cover to resonate or "ring" during operation of the assembly is absorbed by the combined dampening effect of the putty 31 and fixed position drive magnet 28. In the preferred embodiment, the putty 31 is composed of a silicone-rubber gel. To prevent adherance of the drive magnet to the putty, and to thereby allow easy disassembly .of the speaker 14 from the cover 10, the drive magnet 28 is separated from the putty 31 by a gasket 33, which in the preferred embodiment is composed of a waxed paper segment."  (Anderson at 3:39-51)<br><br>"To efficiently operate the speaker, and to eliminate the need for excess volume, conventional cone speakers may be vertically oriented with the drive side of the speaker directed downward. In this arrangement, sound reflects from the table, desk, or other surface with equal volume and response radially in all directions from the speaker to the listeners."  (Anderson at 1:48-55) |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | "Another object of this invention is to provide a speaker assembly that can produce sound that is uniform in volume and response radially about the assembly when the assembly is placed on a flat horizontal surface, such as a table or a desk. **A further object of this invention is to provide a speaker assembly for a teleconferencing system that does not require excessive volume for adequate sound dispersion to listeners who are positioned around the assembly and slightly higher than the assembly's location. Another object of this invention is to provide a speaker assembly for use on a horizontal surface such as a table or desk that does not produce destructive or additive interference in the sound waves between the sound following the direct and reflected paths from the speaker to the listener**."  (Anderson at 1:66-2:14 (emphasis added))<br><br>"In the preferred embodiment, resonant vibration of the cover 10 is prevented by use of a dampening putty 31 inserted between the drive magnet 28 and the cover 10. Any tendency of the cover to resonate or "ring" during operation of the assembly is absorbed by the combined dampening effect of the putty 31 and fixed position drive magnet 28. In the preferred embodiment, the putty 31 is composed of a silicone-rubber gel. To prevent adherance of the drive magnet to the putty, and to thereby allow easy disassembly .of the speaker 14 from the cover 10, the drive magnet 28 is separated from the putty 31 by a gasket 33, which in the preferred embodiment is composed of a waxed paper segment."  (Anderson at 3:39-51)<br><br>"Moreover, the configuration of the base 12 is not limited to strict conical sides, but instead may use any configuration that allows sound to be radially reflected in generally all horizontal directions away from the speaker assembly. Additionally, the assembly may be constructed to direct sound from the speaker in just a few of the circumferential directions."  (Anderson at 5:26-32) |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| |  |

*Exhibit I-C – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | (Anderson at FIGS. 1-3)<br><br> To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with the other charted prior art references for the '483 patent, or Anderson in combination with the prior art set forth in Sections III.D ("Damping Materials Defining a Duct Were Well-Known") and III.E ("Speaker Designs That Improve Sound Quality Were Well-Known") of Apple's Invalidity Contentions.  A person of ordinary skill in the art would have been motivated to combine Anderson with these disclosures and/or the knowledge of a person of |

*Exhibit I-C  – U.S. Patent No. 7,433,483 Invalidity Claim Chart Based on Anderson*

| '483 Patent Claim Limitations | Anderson |
|---|---|
| | ordinary skill in the art for the reasons set forth in Sections III.D ("Damping Materials Defining a Duct Were Well-Known"), III.E ("Speaker Designs That Improve Sound Quality Were Well-Known") and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts"). |