UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THX, LTD.,<br><br>            Plaintiff,<br><br>   v.<br><br>APPLE, INC.,<br><br>            Defendant. | Case No. 13-cv-01161-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 132 |

On July 12, 2016, Defendant Apple, Inc. filed an administrative motion to file under seal documents submitted with its motion for leave to amend invalidity contentions ("Motion for Leave"). Dkt. No. 132. On July 15, 2016, Plaintiff THX, Ltd. filed a declaration in support of Apple's Motion for Leave ("Riegler Decl."). Dkt. No. 135. For the reasons articulated below, the motion is GRANTED IN PART and DENIED IN PART.

## I.   LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* "[A] 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178-79 (citations, internal quotation marks, and alterations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records

1  exist when such 'court files might have become a vehicle for improper purposes,' such as the use
2  of records to gratify private spite, promote public scandal, circulate libelous statements, or release
3  trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598). The Court must "balance the
4  competing interests of the public and the party who seeks to keep certain judicial records secret.
5  After considering these interests, if the court decides to seal certain judicial records, it must base
6  its decision on a compelling reason and articulate the factual basis for its ruling, without relying on
7  hypothesis or conjecture." *Id.* (internal quotation marks omitted).

8  Civil Local Rule 79-5 further supplements the compelling reasons standard. The party
9  seeking to file a document or portions of it under seal must "establish[ ] that the document, or
10 portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection
11 under the law. . . . The request must be narrowly tailored to seek sealing only of sealable
12 material." Civil L.R. 79-5(b).

13 Records attached to motions that are only "tangentially related to the merits of a case" are
14 not subject to the strong presumption of access. *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809
15 F.3d 1092, 1101 (9th Cir. 2016). Accordingly, parties moving to seal such records must meet the
16 lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 8-9.
17 The "good cause" standard requires a "particularized showing" that "specific prejudice or harm
18 will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*,
19 307 F.3d 1206, 1210–11 (9th Cir. 2002) (internal quotation marks omitted); *see* Fed. R. Civ. P.
20 26(c).

21 **II.   DISCUSSION**

22 Apple seeks to file under seal portions of the following documents: the unredacted version
23 of Apple's Motion for Leave, and Exhibits 1, 3, 24, and 25 to the Declaration of Christine
24 Capuyan in Support of Apple's Motion for Leave ("Capuyan Decl."). Dkt. No. 132. Apple seeks
25 to file the following documents under seal in their entirety: Exhibits 2, 7, 13, 15, and 17-23 to the
26 Capuyan Declaration. *Id.* Apple represents that it "does not maintain a claim of confidentiality to
27 any of these documents," but that THX has designated the material at issue as "Confidential" or
28 "Highly Confidential — Attorneys' Eyes Only" under the operative protective order. *Id.* Because

1   a motion for leave to amend invalidity contentions is more than tangentially related to the merits
2   of a case, the Court applies the compelling reasons standard in evaluating the Motion for Leave.

      **A.**    **Exhibits 1, 2, 3, 7, and 13**

Apple seeks to seal portions of Exhibit 1 and 3 to the Capuyan Declaration, and seeks to seal in full Exhibits 2, 7, and 13 to the Capuyan Declaration. Mot. for Leave. THX represents that the aforementioned information "reflects THX's business strategies and collaborations with third parties . . . that are subject to non-disclosure agreements." Riegler Decl. ¶ 11. Accordingly, if made public, the information "would place THX at a significant risk of competitive harm by informing competitors and potential business partners of THX about propriety elements of THX's collaboration with these third parties." *Id.*

      **i.**    **Exhibits 1 and 3**

Having reviewed the redacted and unredacted copies of Exhibits 1 and 3 to the Capuyan Declaration, the Court finds that the request is narrowly tailored to information that could expose THX to competitive harm if disclosed, and GRANTS the request to seal portions of Exhibits 1 and 3. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("[C]ourts have refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing.)

      **ii.**    **Exhibits 2, 7, and 13**

Exhibits 2, 7, and 13 are copies of THX's responses and objections to Apple's interrogatories. *See* Reigler Decl. ¶¶ 7, 9, 10. The Court finds that the request to seal Exhibits 2, 7, and 13 is not narrowly tailored to seek sealing of only sealable information, as required by Civil L.R. 79-5(b). As such, the Court DENIES the request to file under seal Exhibits 2, 7, and 13 to the Capuyan Declaration.

      **B.**    **Exhibits 15 and 17**

Apple seeks to file under seal in their entirety Exhibits 15 and 17 to the Capuyan Declaration. Mot. for Leave. THX asserts that Exhibits 15 and 17 are deposition transcripts of THX employees, which reflect THX's business strategies and collaborations with third parties. Reigler Decl. ¶ 14.

The Court finds that the request to file Exhibits 15 and 17 under seal is not narrowly tailored to seek sealing of only sealable information, as required by Civil L.R. 79-5(b). The Court DENIES the request to file under seal Exhibits 15 and 17 to the Capuyan Declaration.

### C. Exhibits 18 and 19

Apple requests to seal in full Exhibits 18 and 19 to the Capuyan Declaration, which are emails between THX and third party customer, Ford Motor Company. Mot. for Leave; Reigler Decl. ¶ 17. THX contends that the emails and attachments are subject to a non-disclosure agreement and would expose THX and Ford Motor Company to competitive harm. Reigler Decl. ¶ 17.

Having reviewed the redacted and unredacted copies of Exhibits 18 and 19 to the Capuyan Declaration, the Court finds that the request is narrowly tailored to information that could expose THX or Ford to competitive harm if disclosed, and GRANTS the request seal Exhibits 18 and 19. *See Nixon*, 435 U.S. at 598.

### D. Exhibits 20, 21, 22, and 23

Apple seeks to seal Exhibits 20, 21, 22, and 23 to the Capuyan Declaration in their entirety. Mot. for Leave. THX represents that Exhibits 20 through 23 are copies of pages from the technical notebooks of a THX employee and a THX consultant, which detail the development of THX products and technology. Reigler Decl. ¶ 18.

The Court finds that the request is narrowly tailored to information that could expose THX to competitive harm if disclosed, and GRANTS the request seal Exhibits 20, 21, 22, and 23. *See Nixon*, 435 U.S. at 598.

### E. Exhibits 24 and 25

Apple requests to file under seal Exhibits 24 and 25 to the Capuyan Declaration. Mot. for Leave. THX asserts that Exhibits 24 and 25 do not appear to contain sealable information. Riegler Decl. ¶ 19.

Accordingly, the Court DENIES the request to file Exhibits 24 and 25 under seal.

### F. Apple's Motion For Leave

Finally, Apple seeks to file under seal portions of the unredacted Motion for Leave. Mot.

4

1  for Leave.

2  As an initial matter, THX only asserts that page 4, line 14 through and including page 7,
3  line 8 of the Motion for Leave contain sealable information.  Accordingly, the Court DENIES the
4  Motion for Leave to the extent that Apple seeks to seal material outside of page 4, line 14 through
5  and including page 7, line 8 of the Motion for Leave.

6  As to page 4, line 14 through and including page 7, line 8 of the Motion for Leave, the
7  Court finds that the request is narrowly tailored to information that could expose THX to
8  competitive harm if disclosed, and GRANTS the request to seal page 4, line 14 through and
9  including page 7, line 8 of the Motion for Leave.

### III. CONCLUSION

For the reasons articulated above, the Court GRANTS IN PART and DENIES IN PART Apple's Motion for Leave.

Pursuant to Civil Local Rule 79-5(f)(3), Apple may file a revised redacted version of its Motion for Leave in the public record within 7 days of this Order.  Apple may also file unredacted versions of Exhibits 24 and 25 within 7 days of this Order.  The Court will be unable to consider the documents unless Apple files revised versions.

As to Exhibits 2, 7, 13, 15, and 17, THX may file a supplemental declaration within 7 days of this Order that specifies the precise portions of the exhibits that contain sealable information. THX's supplemental declaration must be narrowly tailored and articulate compelling reasons for the sealing of any alleged confidential information.  If THX fails to file a supplemental declaration, the Court will allow Apple to file unredacted versions of Exhibits 2, 7, 13, 15, and 17 in the public record.

**IT IS SO ORDERED.**

Dated:  August 22, 2016

HAYWOOD S. GILLIAM, JR.
United States District Judge