UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THX, LTD.,

         Plaintiff,

    v.

APPLE, INC.,

         Defendant.

Case No. 13-cv-01161-HSG

**ORDER GRANTING MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS**

Re: Dkt. Nos. 133, 177

Pending before the Court is Defendant Apple's motion for leave to amend its invalidity contentions. Dkt. No. 177 ("Motion to Amend"). Having considered Defendant's Motion to Amend, Plaintiff's opposition, and all related papers, the Court finds the matter appropriate for decision without oral argument. *See* Civil L.R. 7-1(b). For the reasons articulated below, the motion is GRANTED.

## I.   BACKGROUND

On July 11, 2013, Plaintiff THX, Ltd. filed the currently operative first amended complaint against Apple, Inc., alleging infringement of two patents entitled "Narrow Profile Speaker Configurations and Systems:" (1) United States Patent No. 7,433,483 and (2) United States Patent No. 8,457,340 (together, "patents-in-suit"). Dkt. No. 12. After Apple filed for *inter partes review* of the patents-in-suit, the Court stayed this action from October 24, 2013, until June 22, 2015. Dkt. Nos. 35, 42.

Apple has been seeking information from THX regarding the conception and reduction to practice of the inventions disclosed in the patents-in-suit since at least August 11, 2015. Dkt. No. 134-2. On March 2, 2016, Apple served THX with a notice of deposition pursuant to Federal Rule of Civil Procedure 30(b)(6), requesting testimony regarding, among other things, the contributions

of current or former THX employees to the patents-in-suit. Dkt. No. 134-12. In response, THX designated Peter Vasay, Vice President of Technology Operations at THX, as its 30(b)(6) deponent. *See* Dkt. No. 134-16. However, at his June 17, 2016, deposition, Mr. Vasay was not able to testify regarding persons who contributed to the inventions disclosed in the patents-in-suit. *Id.* It was not until the June 22, 2016, deposition of Mr. Laurence Fincham, the sole named inventor of the patents-in-suit, when Apple finally discovered the information that it had begun requesting in August 2015 regarding contributions to the patents-in-suit. Mot. to Amend at 4.

## II.   DISCUSSION

In light of the information received during Mr. Fincham's deposition, Apple seeks to amend its invalidity contentions to include additional information regarding persons who contributed to the conception and reduction to practice of the inventions disclosed in the patents-in-suit. THX does not oppose Apple's Motion to Amend. Dkt. No. 139.

### A.   Legal Standard

The Patent Local Rules seek to "balance the right to develop new information in discovery with the need for certainty as to the legal theories." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). Accordingly, under Patent Local Rule 3-6, amendment to invalidity contentions "may be made only by order of the Court upon a timely showing of good cause." In determining whether good cause exists, the Court considers (1) whether the moving party was diligent in moving to amend its contentions and (2) whether the non-moving party would suffer prejudice if leave to amend were granted. *Vasudevan Software, Inc. v. Int'l Bus. Machines Corp.*, No. C09-05897 RS HRL, 2011 WL 940263, at *1 (N.D. Cal. Feb. 18, 2011). "The party seeking to amend its contentions bears the burden of establishing diligence." *Id*. The moving party must establish diligence in two distinct phases: "(1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been discovered." *Positive Techs., Inc. v. Sony Elecs., Inc.*, No. C 11-2226 SI, 2013 WL 322556, at *2 (N.D. Cal. Jan. 28, 2013). Absent undue prejudice to the non-moving party, good cause may be supported by "[r]ecent discovery of material, prior art despite earlier diligent search." Patent L.R. 3-6(b).

### B. Analysis

#### i. Diligence

First, the Court must determine whether Apple has established diligence in (1) discovering the basis for amendment and (2) seeking leave from this Court to amend its invalidity contentions once the basis for amendment was discovered. *See Positive Techs., Inc.*, 2013 WL 322556, at *2.

The Court finds that Apple has established both types of diligence. Apple began seeking information from THX regarding the conception and reduction to practice of the inventions disclosed in the patents-in-suit no later than August 11, 2015, less than a month after the Court lifted the stay on this matter. Dkt. No. 134-2. Despite Apple's efforts, it was not until Mr. Fincham's June 22, 2016, deposition when Apple discovered the information that forms the basis of its Motion to Amend. *See* Mot. to Amend at 4; Dkt. No. 134-16. Apple informed THX of its intent to file this Motion to Amend within two weeks of the Fincham deposition, and filed its motion within three weeks of the Fincham deposition. Mot. to Amend at 9. Accordingly, the Court holds that Apple was diligent both in discovering the basis of its amendment and seeking leave to amend its invalidity contentions.

#### ii. Undue Prejudice

Next, the Court must consider whether THX would be unduly prejudiced by Apple's proposed amended invalidity contentions. *See* Patent L.R. 3-6(b); *Vasudevan Software, Inc.*, 2011 WL 940263, at *1.

The Court finds that THX would not experience undue prejudice as a result of Apple's amendment. As an initial matter, THX does not oppose Apple's Motion to Amend. Dkt. No. 139. Furthermore, THX has been on notice of Apple's interest in the individuals who contributed to the patents-in-suit since at least August 11, 2015, *see* Dkt. No. 134-2, and THX has had sole possession of the relevant information. Accordingly, THX would not be unduly prejudiced by the filing of Apple's proposed amended invalidity contentions.

Because Apple has established both diligence and a lack of undue prejudice to THX, the Court holds that Apple has demonstrated good cause to amend its invalidity contentions.

### III. CONCLUSION

For the aforementioned reasons, the Court finds that Apple has demonstrated good cause to amend its invalidity contentions and hereby GRANTS Apple's Motion to Amend. Apple shall serve its amended invalidity contentions within 7 days of this Order.

**IT IS SO ORDERED.**

Dated: September 7, 2016

HAYWOOD S. GILLIAM, JR.
United States District Judge