UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THX, LTD.,<br><br>        Plaintiff,<br><br>    v.<br><br>APPLE, INC.,<br><br>        Defendant. | Case No. 13-cv-01161-HSG<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 167, 178 |

On August 22, 2016, the Court granted in part and denied in part Defendant Apple, Inc.'s administrative motion to file under seal documents submitted with Apple's motion for leave to amend invalidity contentions. Dkt. No. 167. The Court's order directed Plaintiff THX, Ltd. to file a supplemental declaration specifying the precise portions of Exhibits 2, 7, 13, 15, and 17 to the Capuyan Declaration that contain sealable information. *Id.* On August 29, 2016, THX filed the requested supplemental declaration and proposed redacted exhibits. Dkt. No. 178 ("Smith Decl."). After careful review of the proposed redacted exhibits submitted by THX, the Court GRANTS the request to seal portions of Exhibits 2, 7, 13, 15, and 17 to the Capuyan Declaration.

I.    **LEGAL STANDARD**

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* "[A] 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public

policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178-79 (citations, internal quotation marks, and alterations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598). The Court must "balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (internal quotation marks omitted).

Civil Local Rule 79-5 further supplements the compelling reasons standard. The party seeking to file a document or portions of it under seal must "establish[ ] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law. . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to motions that are only "tangentially related to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1101 (9th Cir. 2016). Accordingly, parties moving to seal such records must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 8-9. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (internal quotation marks omitted); *see* Fed. R. Civ. P. 26(c).

**II. DISCUSSION**

Because a motion for leave to amend invalidity contentions is more than tangentially related to the merits of a case, the Court applies the compelling reasons standard in evaluating the proposed redacted versions of Exhibits 2, 7, 13, 15, and 17 to the Capuyan Declaration.

2

### A.     Exhibits 2, 7, and 13

THX represents that the redacted portions of Exhibits 2, 7, and 13 reflect "THX's business strategies and collaborations with third parties . . . that are subject to non-disclosure agreements" and the "conception and development of the inventions of the patents-in-suit."  Smith Decl. ¶ 7. Accordingly, if made public, the redacted information "would place THX at significant risk of competitive harm by informing competitors and potential business partners" of THX's proprietary information.  *Id.*

Having reviewed the unredacted and revised redacted copies of Exhibits 2, 7 and 13, the Court finds that the request is narrowly tailored to information that could expose THX to competitive harm if disclosed, and GRANTS the request to seal portions of Exhibits 2, 7 and 13. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("[C]ourts have refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing.)

### B.     Exhibits 15 and 17

THX asserts that the redacted portions of Exhibits 15 and 17, which are deposition transcripts of THX employees, reflect (1) "THX's business strategies and collaborations with third parties . . . that are subject to non-disclosure agreements"; (2) the "conception and development of the inventions of the patents-in-suit"; and (3) "THX's future research and product offerings." Smith Decl. ¶ 10.  THX contends that, if made public, the redacted information "would place THX at significant risk of competitive harm by informing competitors and potential business partners" of THX's proprietary information.  *Id.*

Having reviewed the unredacted and revised redacted copies of Exhibits 15 and 17, the Court finds that the request is narrowly tailored to information that could expose THX to competitive harm if disclosed, and GRANTS the request to seal portions of Exhibits 15 and 17. *See Nixon*, 435 U.S. at 598.

//

//

### III. CONCLUSION

For the aforementioned reasons, the Court GRANTS the request to seal portions of Exhibits 2, 7, 13, 15, and 17, as submitted with the Smith Declaration. *See* Dkt. No. 178.

**IT IS SO ORDERED.**

Dated: 9/7/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge