UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THX, LTD.,<br><br>          Plaintiff,<br><br>     v.<br><br>APPLE, INC.,<br><br>          Defendant. | Case No. 13-cv-01161-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 168 |

On August 22, 2016, Defendant Apple, Inc. filed an administrative motion to file under seal documents submitted with its opposition to Plaintiff THX Ltd.'s Second Motion to Amend Rule 3-1 and Rule 3-2 Disclosure of Asserted Claims and Infringement Contentions. Dkt. No. 168 ("Motion for Leave"). On August 26, 2016, THX filed a declaration in support of Apple's Motion for Leave. Dkt. No. 174 ("Smith Decl."). For the reasons articulated below, the motion is GRANTED IN PART and DENIED IN PART.

## I.     LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* "[A] 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178-79 (citations, internal quotation marks, and alterations omitted). "In general, 'compelling

1    reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records
2    exist when such 'court files might have become a vehicle for improper purposes,' such as the use
3    of records to gratify private spite, promote public scandal, circulate libelous statements, or release
4    trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598).  The Court must "balance the
5    competing interests of the public and the party who seeks to keep certain judicial records secret.
6    After considering these interests, if the court decides to seal certain judicial records, it must base
7    its decision on a compelling reason and articulate the factual basis for its ruling, without relying on
8    hypothesis or conjecture." *Id.* (internal quotation marks omitted).

9          Civil Local Rule 79-5 further supplements the compelling reasons standard.  The party
10   seeking to file a document or portions of it under seal must "establish[ ] that the document, or
11   portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection
12   under the law. . . . The request must be narrowly tailored to seek sealing only of sealable
13   material."  Civil L.R. 79-5(b).

14         Records attached to motions that are only "tangentially related to the merits of a case" are
15   not subject to the strong presumption of access.  *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809
16   F.3d 1092, 1101 (9th Cir. 2016).  Accordingly, parties moving to seal such records must meet the
17   lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure.  *Id.* at 8-9.
18   The "good cause" standard requires a "particularized showing" that "specific prejudice or harm
19   will result" if the information is disclosed.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*,
20   307 F.3d 1206, 1210–11 (9th Cir. 2002) (internal quotation marks omitted); *see* Fed. R. Civ. P.
21   26(c).

22   **II.   DISCUSSION**

23         Apple seeks to file under seal portions of the following documents:  the unredacted version
24   of Apple's opposition to THX's Second Motion to Amend Rule 3-1 and Rule 3-2 Disclosure of
25   Asserted Claims and Infringement Contentions ("Apple's Opposition"), and Exhibits 1, 5, 13, and
26   14 to the Declaration of Christine Capuyan in support of Apple's Opposition.  Dkt. No. 168.
27   Apple represents that "THX may maintain a claim of confidentiality over information contained in
28   Apple's Opposition and Exhibits 1, 5, 13, and 14" because THX has designated such information

"Highly Confidential — Attorneys' Eyes Only" under the operative protective order. *Id.* Because a motion for leave to amend Rule 3-1 and Rule 3-2 disclosure of asserted claims and infringement contentions is more than tangentially related to the merits of a case, the Court applies the compelling reasons standard in evaluating the Motion for Leave.

### A. Apple's Opposition

Apple seeks to seal fives lines in its Opposition. However, the Smith Declaration does not assert that Apple's Opposition contains sealable information. *See* Smith Decl.

Accordingly, the Court DENIES the Motion for Leave to the extent that it seeks to seal portions of Apple's Opposition.

### B. Exhibits 1, 13, and 14

Exhibits 1, 13, and 14 to the Capuyan Declaration are iterations of THX's supplemental responses to Apple's first set of interrogatories. *See* Smith Decl. ¶¶ 3, 6, 7. Although Apple requests to seal significant portions of Exhibits 1, 13, and 14, the Smith Declaration only seeks to seal page 5 lines 21-25 of Exhibit 1, page 4 lines 7-11 of Exhibit 13, and page 4 lines 7-11 of Exhibit 14. *Id.* THX represents that the lines sought to be sealed are identical across the three exhibits and that they reflect "conception and development of the inventions of the patents-in-suit, including the design and development of THX technologies, operational procedures internal to THX, and product details of the inventions of the patents-in-suit." *Id.* ¶¶ 4, 6, 7. THX contends that if made public, the information "is likely to cause economic harm and/or significant competitive disadvantage" to THX "because competitors would learn how THX develops intellectual property and products, including workflow of the technical employees at THX, and the identities and the nature of relationships of THX's business and technology partners." *Id.* ¶¶ 5, 6, 7, 10.

Having reviewed the redacted and unredacted copies of Exhibits 1, 13, and 14 to the Capuyan Declaration, the Court finds that the request is narrowly tailored to information that could expose THX to competitive harm if disclosed, and GRANTS the request to seal Exhibits 1, 13, and 14 as submitted with the Smith Declaration. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("[C]ourts have refused to permit their files to serve . . . as sources of

business information that might harm a litigant's competitive standing.)

C. **Exhibit 5**

Exhibit 5 is a letter from Apple's counsel to THX's counsel that quotes and describes portions of THX's responses to Apple's first set of interrogatories. Smith Decl. ¶ 8. Apple seeks to seal two full paragraphs contained in Exhibit 5, but the Smith Declaration asserts that only portions of the two paragraphs are sealable. *See id.* ¶ 8; Dkt. No. 174-2. THX contends that the information sought to be sealed "reflects THX's internal operations and its practices in technology development, and THX's confidential contacts and collaboration with third parties that are subject to non-disclosure agreements." Smith Decl. ¶ 6. Accordingly, THX represents that if made public, the information "is likely to cause economic harm and/or significant competitive disadvantage" to THX "because competitors would learn how THX develops intellectual property and products, including workflow of the technical employees at THX, and the identities and the nature of relationships of THX's business and technology partners." *Id.* ¶ 10.

Having reviewed the redacted and unredacted copies of Exhibit 5 to the Capuyan Declaration, the Court finds that the request is narrowly tailored to information that could expose THX to competitive harm if disclosed, and GRANTS the request seal portions of Exhibit 5 as submitted with the Smith Declaration. *See Nixon*, 435 U.S. at 598.

## III. CONCLUSION

For the aforementioned reasons, the Court GRANTS IN PART and DENIES IN PART Apple's Motion for Leave. The Court GRANTS the request to seal portions of Exhibits 1, 5, 13, and 14 to the Capuyan Declaration, as submitted with the Smith Declaration. *See* Dkt. No. 174. The Court DENIES the request to seal portions of Apple's Opposition. Pursuant to Civil Local Rule 79-5(f)(3), Apple shall file an unredacted version of Apple's Opposition in the public record within 7 days of this Order.

**IT IS SO ORDERED.**

Dated: October 5, 2016

HAYWOOD S. GILLIAM, JR.
United States District Judge