Eric L. Wesenberg, Bar No. 139696
EWesenberg@perkinscoie.com
Christopher L. Kelley, Bar No. 166608
CKelley@perkinscoie.com
Kenneth J. Halpern, Bar No. 187663
KHalpern@perkinscoie.com
Victoria Q. Smith, Bar No. 236045
VSmith@perkinscoie.com
Andrew N. Klein, Bar No. 300221
AKlein@perkinscoie.com
Christian Lee, Bar No. 301671
CLee@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA  94304-1212
Telephone:  650.838.4300
Facsimile:  650.838.4350

*Attorneys for Plaintiff*
SLOT SPEAKER TECHNOLOGIES, INC.

Mark D. Selwyn (SBN 244180)
Mark.Selwyn@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Nina S. Tallon (*pro hac vice*)
Nina.Tallon@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

Jason H. Liss (*pro hac vice*)
Jason.Liss@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

*Attorneys for Defendant*
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SLOT SPEAKER TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Case No. 3:13-CV-01161-HSG (DMR) <br><br> **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** |

Pursuant to Civil L.R. 16-10(d), the Standing Order for All Judges of the Northern District of California, and the Court's November 4, 2016 Claim Construction Order (Dkt. No. 206), Plaintiff Slot Speaker Technologies, Inc. ("SST"), formerly known as THX Ltd., and Defendant Apple Inc. ("Apple") hereby respectfully submit this Joint Case Management Statement.

## 1. JURISDICTION AND SERVICE

The parties agree that the Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).  The parties are not aware of any issues regarding personal jurisdiction or venue.  No parties remain to be served.

## 2. FACTS

### Chronology of the Case

This is a patent infringement case wherein SST alleges infringement of U.S. Patent Nos. 7,433,483 ("the '483 patent") and 8,457,340 ("the '340 patent") (collectively, "the Patents-In-Suit").  SST filed a Complaint alleging infringement of the '483 patent on March 14, 2013 (Dkt. No. 1) and an Amended Complaint on July 11, 2013 that added a claim for infringement of the '340 patent.  (Dkt. No. 12.)  The Amended Complaint alleges that Apple infringes the '483 and '340 patents by, among other things, making, using, importing, offering to sell, and/or selling in the United States products covered by one or more claims of the '483 and '340 patents in violation of 35 U.S.C. § 271, including but not limited to Apple's iPhone 5 and later models, as well as its iPad products.  On August 1, 2013, Apple filed an Answer and Counterclaim denying infringement and asserting counterclaims for patent invalidity and non-infringement.  (Dkt. No. 26.)

On December 6, 2013, Apple filed petitions for *Inter Partes* Review ("IPR petitions") of claims 1-7 and 29-34 of the '340 patent and claims 1-6, 8, 10, 16 and 18-20 of the '483 patent before the United States Patent and Trademark Office Patent Trial and Appeal Board ("PTAB"). Apple's petition with respect to the '340 patent was assigned case no. IPR2014-00234 ("IPR-234") and Apple's petition with respect to the '483 patent was assigned case no. IPR2014-00235 ("IPR-235").  On October 24, 2013, in view of Apple's forthcoming IPR petitions, the parties stipulated to staying this litigation until the PTAB issued a final written decision on the IPR

petitions. (Dkt. No. 34.) On October 25, 2013, the Honorable Jeffrey S. White so-ordered the parties' stipulation to stay the case. (Dkt. No. 35.)

On June 11, 2014, the PTAB issued decisions on whether it would institute *inter partes* review of the Patents-In-Suit. With respect to IPR-234, the PTAB declined to institute *inter partes* review of any claim of the '340 patent. With respect to IPR-235, the PTAB instituted *inter partes* review of claims 1-3 of the '483 patent but declined to institute *inter partes* review of the remaining challenged claims. Accordingly, the parties proceeded with *inter partes* review of claims 1-3 of the '483 patent. On June 9, 2015, the PTAB issued a Final Written Decision (the "Decision") in which it found that claims 1 and 2 of the '483 patent are unpatentable and that Apple did not show that claim 3 is unpatentable.

The parties timely appealed the Decision to the United States Court of Appeals for the Federal Circuit, with SST appealing the Decision as to claims 1 and 2 of the '483 patent and Apple cross-appealing the Decision as to claim 3 of the '483 patent. SST's appeal was assigned case no. 15-2038, and Apple's cross-appeal assigned case no. 15-2039 and associated with SST's appeal. The appeal and cross-appeal were submitted for decision after oral argument, which was held on October 5, 2016. The parties are awaiting a decision from the Federal Circuit.

On November 4, 2016, the Court issued its claim construction Order. (Dkt. No. 206.)

The parties have set forth their respective positions on the discovery and pretrial schedule in Attachment A.

**Principal Factual Issues in Dispute**

The issues set forth below are not intended to be final or exhaustive, and the parties reserve the right to reformulate these issues, dispute that they are issues, or include any other appropriate issues as they develop or become known to the parties through the course of discovery and investigation. Further, the characterization of an issue as "factual" or "legal" is not a concession that it is not the other or both.

The principal factual issues in dispute are:

(a) Whether Apple infringes the '483 and/or '340 patents, either literally or under the doctrine of equivalents and, if so, by what instrumentality;

  (b) Whether the '483 and '340 patents are invalid and/or unenforceable;[1]

  (c) Whether SST is entitled to damages for any alleged infringement;

  (d) If SST is entitled to any damages, factors relevant to damages and the amount of damages; and

  (e) Whether this case is exceptional under 35 U.S.C. § 285, and, if so, whether either party is entitled to an award of attorney fees.

The parties reserve the right to raise additional factual issues that may arise through the course of this action.

## 3. LEGAL ISSUES

The principal legal issues are expected to include:

  (a) Whether Apple has infringed any of the asserted claims of the '483 and/or '340 patents as construed by the Court, either literally or under the doctrine of equivalents;

  (b) Whether the '483 and '340 patents are invalid and/or unenforceable;

  (c) Whether SST's claims are barred, precluded, or otherwise improper based on one or more of Apple's affirmative defenses;

  (d) Whether SST is entitled to injunctive relief;

  (e) Whether SST is entitled to damages or any other relief for any alleged infringement by Apple;

  (f) Whether any party is entitled to attorneys' fees and costs (35 U.S.C. § 285);

  (g) Whether SST is entitled to enhanced damages for willful infringement (35 U.S.C. § 284); and

  (f) Whether SST's claims for damages are barred or limited based on 35 U.S.C. §§ 286 and/or 287 and 28 U.S.C. § 1498.

The parties reserve the right to raise additional legal issues that may arise through the course of this action.

---

[1] SST does not believe that Apple has properly pleaded unenforceability of the '483 and/or '340 patents.

**4.    MOTIONS**

**A.    Past Motion Practice**

On November 24, 2015, SST filed an Unopposed Motion for Leave to Amend its Infringement Contentions (Dkt. No. 52), which the Court granted (Dkt. No. 53).

On March 5, 2016, Apple filed a Motion for Leave to Amend its Invalidity Contentions. (Dkt. No. 90.) After briefing, the Court granted the motion. (Dkt. No. 103.)

On July 12, 2016, Apple filed a second Motion for Leave to Amend its Invalidity Contentions. (Dkt. No. 133.) SST did not oppose the motion, and the Court granted it. (Dkt. No. 183.)

On August 8, 2016, SST filed a second Motion for Leave to Amend its Infringement Contentions, which Apple opposed. (Dkt. No. 156.) After briefing and oral argument, the Court granted the motion. (Dkt. No. 190.)

**B.    Pending Motions**

The following motions are currently pending before this Court or Magistrate Judge Ryu:

- Apple's Motion for Sanctions and SST's Cross-Motion to Re-Designate Deposition Testimony, filed on July 29, 2016 and August 12, 2016, respectively. (Dkt. Nos. 142, 162.) Briefing on those motions is complete, and a hearing is scheduled for December 8, 2016 before Magistrate Judge Ryu;
- Joint Letter Brief to Judge Ryu regarding Apple's response to SST Interrogatory No. 13, filed on August 4, 2016. (Dkt. No. 152);
- SST's Motion to Strike Portions of Apple's Invalidity Contentions, filed on August 8, 2016. (Dkt. No. 157.) Briefing on this motion is complete, and a hearing is scheduled for December 8, 2016 before Magistrate Judge Ryu;
- SST's Motion to Supplement the Claim Construction Record, filed on November 1, 2016. (Dkt. No. 202.) Briefing on this motion is near complete, with SST's Reply due on November 22, 2016, and the hearing scheduled for December 29, 2016 before Judge Gilliam;

### C. Anticipated Motions

The parties anticipate they may file one or more dispositive motions. In particular, SST anticipates filing a motion for summary judgment of infringement and/or validity, and Apple anticipates filing a motion for summary judgment of non-infringement and/or invalidity. Apple may also file a motion for leave to amend its invalidity contentions pursuant to Patent L.R. 3-6(a) in view of the Court's November 4, 2016 claim construction order (Dkt. No. 206). SST may also file a motion for leave to amend its infringement contentions pursuant to Patent L.R. 3-6 to accuse the recently-released Apple iPhone 7 and iPhone 7 Plus products of infringing the '483 and '340 patents.

### 5. AMENDMENT OF PLEADINGS

SST filed an Amended Complaint on July 11, 2013. (Dkt. No. 12.) Both parties have amended their respective patent local rule disclosures twice. *See supra* at §4. The first of SST's amendments accused additional Apple products of infringing the '483 and '340 patents, namely, the iPhone 6s, iPhone 6s Plus, iPad mini 4, and iPad Pro. (Dkt. No. 52.) By stipulation, SST also withdrew the iMac as an accused product on February 2, 2016. (Dkt. No. 68.) SST may seek to further amend its pleadings to reflect information obtained through discovery. Apple may also seek to amend its pleadings to reflect information obtained through discovery.

### 6. EVIDENCE PRESERVATION

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The parties also confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

### 7. DISCLOSURES

The parties disclosed the information required in Fed. R. Civ. P. 26(f)(a)(1)(A) on October 4, 2013. Apple has subsequently supplemented its initial disclosures on September 22, 2015 and January 12, 2016, and SST has done so on February 5, 2016, March 9, 2016, and May 27, 2016.

## 8. DISCOVERY

### A. Discovery Taken to Date

**SST's Position**

Both parties have served and responded to document requests and interrogatories. Both parties have been producing documents, but this process is not yet complete. Apple has served four[2] of its five requests for production of ESI from certain custodians and SST has completed production of ESI related to three of those requests. SST has served three of its five requests for production of ESI from certain custodians, but the parties are still negotiating search terms for those requests. SST served its first two requests for production of ESI in August 2016. Since then, Apple has repeatedly refused to accept any of the several iterations of search terms proposed by SST and, only until November 10, 2016, Apple had not proposed counter-search terms of its own. SST served its third request for production of ESI in October 2016, but, similar to SST's other two requests, Apple has not agreed to search terms. Apple's unreasonableness in ESI discovery has delayed SST depositions (see below).

Apple has taken eight depositions. Pursuant to the parties' Joint Stipulation Regarding Depositions (Dkt. No. 185) ("Joint Stipulation"), SST agreed that Apple may take the additional seven depositions of the parties identified in the Joint Stipulation, giving Apple a total of fifteen depositions. SST has taken one deposition, despite having noticed four Apple employees for individual deposition and serving two Rule 30(b)(6) notices in June and July 2016 for which Apple designated in July 2016, in addition to some of the employees SST noticed for individual deposition, three other employees to testify on its behalf. Apple has taken off calendar and postponed indefinitely five depositions of Apple employees that had been scheduled by agreement of both parties. Only one of the depositions has been rescheduled (a postponement of two months to January 2017 without explanation from Apple), but Apple postponed the remaining depositions until after Apple produces ESI responsive to SST's outstanding ESI requests.

---

[2] Apple served its Fourth Request for Production of ESI and second Rule 30(b)(6) Notice on November 16, 2016.

On third party discovery, Apple has served more than ten subpoenas and SST has served two.

**Apple's Position**

SST has served three sets of interrogatories (Nos. 1-16), five sets of document requests (Nos. 1-63), and three email production requests on Apple. Apple has served five sets of interrogatories (Nos. 1-21), five sets of document requests (Nos. 1-78), and four email production requests on SST. Neither party has served any requests for admission.

Both parties have responded to document requests, interrogatories, and email production requests. Both parties have been producing documents, but this process is not yet complete. SST has completed production of email (less than 10,000 total files) related to three of Apple's four requests. The parties are still negotiating search terms for two of SST's requests, the last version of which resulted in more than 200,000 total files across two custodians. Rather than making meaningful changes to its requested search terms (which exceed the limit of 10 under the parties' ESI stipulation (Dkt. No. 55)) or agreeing to share the costs of review and production of documents resulting from its excessive lists of terms, SST has made only minor iterative adjustments to each successive search term proposal, resulting in a protracted negotiation process regarding Apple's production of email for two custodians. And with respect to the third custodian for whom SST has requested email production, SST has not responded to Apple's early October correspondence detailing the numerous ways in which SST's search terms overly broad and inconsistent with the ESI stipulation.

Apple has noticed several depositions, served several deposition subpoenas, and taken eight depositions during the time Plaintiff SST was known as THX Ltd.[3] Specifically, Apple served two Notices of Deposition of THX pursuant to Fed. R. Civ. P. 30(b)(6), noticed the depositions of six THX employees, including THX's proffered Rule 30(b)(6) designees and the named inventor of the Patents-In-Suit. Apple also served subpoenas on four THX former employees or contractors and on several third-party manufacturers and/or distributors of prior art

---

[3] Apple's most recent deposition took place in July 2016. THX Ltd. changed its name to SST on October 13, 2016. (Dkt. Nos. 198-199.)

products and/or products allegedly incorporating technology similar to the alleged inventions of the '483 and '340 patents. Apple has taken the depositions of four of THX employees pursuant to Fed. R. Civ. P. 30(b)(1) and 30(b)(6) and three THX former employees and contractors. Plaintiff has not yet provided certain testimony sought by Apple's first Rule 30(b)(6) notice, and has not yet responded to Apple's second Rule 30(b)(6) notice. The parties have yet to schedule the depositions of Plaintiff's remaining Rule 30(b)(6) witnesses, the further deposition of Lawrence Fincham pursuant to the Court's Order (Dkt. No. 190) granting Plaintiff leave to further amend its infringement contentions, and Apple has yet to schedule the depositions of third-party product manufacturers and/or distributors.

SST has noticed the depositions of four Apple employees and served two Rule 30(b)(6) notices for which Apple designated, in addition to some of the employees SST noticed for individual deposition, three other employees to testify on its behalf.[4] SST has taken one deposition, and another is scheduled for January 2017. Because SST has stated that it will seek to hold open other noticed Apple depositions pending Apple's production of email, Apple will make such witnesses available after Apple has completed that production. Proceeding in this fashion will afford SST sufficient opportunity to review that production before those depositions and ensure that Apple's witnesses do not need to sit for multiple days of deposition (and that the parties do not have to incur the unnecessary costs associated with multi-day depositions). The parties also agreed to postpone the deposition of one of Apple's Rule 30(b)(6) designees pending resolution of their dispute regarding the scope of discovery as it relates to non-accused components of the accused products.

On third party discovery, Apple has served more than 10 subpoenas, and SST has served two.

**B.    Scope of Anticipated Discovery**

SST is pursing discovery relating to the factual and legal issues set forth herein above. SST is also pursuing discovery from Apple and third parties regarding: (1) the development,

---

[4] SST noticed the depositions of Apple employees in July and September 2016 and served its Rule 30(b)(6) notices in June and September 2016.

operation, make up, marketing and advertising of the products and services that allegedly infringe the '483 and '340 patents; (2) Apple's profits from the alleged infringement of the '483 and '340 patents; (3) Apple's basis for each of its affirmative defenses; (4) Apple's basis for each of its counterclaims; (5) Apple's knowledge of the '483 and '340 patents prior to the filing of SST's complaint; (6) any opinions of counsel regarding the '483 and '340 patents; (7) any licenses regarding the technology that infringes the '483 and '340 patents; and (8) the value to Apple of the inventions claimed in the '483 and '340 patents.

Apple is pursuing discovery relating to the factual and legal issues set forth hereinabove and in its Answer and Counterclaims.  Apple anticipates that this discovery will include at least the following: (1) the conception, reduction to practice, and any alleged diligence in reduction to practice of the inventions claimed by the '483 and '340 patents; (2) prior art to the '483 and '340 patents; (3) the prosecution of the '483 and '340 patents, including the applicants' disclosure of prior art to the Patent Office; (4) title and ownership of the '483 and '340 patents; (5) licensing of the '483 and '340 patents; (6) any damages claimed by SST; (7) SST's basis for its claims of infringement; and (8) the October 2016 acquisition of certain of SST's assets by Razer Tone, Inc. (*see* Dkt. No. 199) and related matters.

The parties have discussed and expect to continue to discuss the proper scope of discovery as it relates to non-accused components of Apple's accused products, and may require the Court's assistance to resolve these issues.

### C.     Proposed Limitations or Modifications of the Discovery Rules

Pursuant to the Initial Case Management Conference held on July 7, 2015, the parties are limited to the discovery limits imposed by the Federal Rules of Civil Procedure and the Local Rules except as follows:

Interrogatories: 30

Requests for Production:

***SST's Proposal Regarding Requests for Production:*** The parties agreed to a limit of 75 in the previous Case Management Statement. (Dkt. No. 44 at 5.)  SST believes this limit remains appropriate.

133608368                                     -9-           JOINT CASE MANAGEMENT STATEMENT
                                                                       AND [PROPOSED] ORDER
                                                                       CASE NO. 3:13-CV-01161 HSG (DMR)

1    ***Apple's Proposal Regarding Requests for Production:***  Apple proposes to
2    increase the limit to 100.  The Court has not entered an order effecting the parties' prior
3    agreement, and the Federal Rules of Civil Procedure impose no limit on the number of Requests
4    for Production a party may serve.  To the extent the parties are bound by their prior agreement,
5    Apple believes its proposed increase from 75 to 100 Requests for Production is warranted in light
6    of the need for additional discovery arising from SST's sale of certain assets to Razer Tone, Inc.
7    (Dkt. No. 199).
8        Requests for Admission: 100
9        Notwithstanding the default limit of ten depositions per party provided by Fed. R. Civ. P.
10   30(a)(2)(A)(i), the parties stipulated that Apple may take the additional seven depositions of the
11   parties identified in the Joint Stipulation, giving Apple a total of fifteen depositions.  (Dkt. No.
12   185.)  Given SST's October 2016 transfer of certain assets to Razer Tone, Inc. (*see* Dkt. No. 199)
13   and related transactions, Apple wishes to take additional depositions of entities and/or individuals
14   not specifically identified the Deposition Stipulation.  The parties will meet and confer in good
15   faith in accordance with the parties' Deposition Stipulation.
16       **D.    ESI Discovery**
17       The parties have agreed to and entered a stipulation regarding the discovery of
18   electronically stored information.  (Dkt. No. 55.)
19       **E.    Discovery Plan**
20       The parties have set forth their respective positions on the discovery and pretrial schedule
21   in Attachment A.
22       **F.    Discovery Disputes**
23       The parties have briefed various discovery disputes to Magistrate Judge Ryu.  (*See* Dkt.
24   Nos. 59, 69, 82, 83, 85, 86, 87, 109, 125, 137, 140, 152, 155, 158.)  All of the parties' discovery
25   disputes briefed directly to the Magistrate Judge have been resolved, except for the dispute
26   regarding Apple's response to SST Interrogatory No. 13 (*see* Dkt. No. 155), and Apple's motion
27   for sanctions relating to the deposition testimony of Peter Vasay and SST's cross-motion to re-
28   designate the Vasay deposition testimony as percipient witness testimony, filed on July 29, 2016

1  and August 12, 2016,  The parties also have several informal discovery disputes that they are
2  attempting to resolve without Court intervention.

3  **9.   CLASS ACTIONS**

4  Not applicable.

5  **10.  RELATED CASES**

6  Other than the appeals of the PTAB's decision in the IPR-235 proceeding discussed
7  above, there are currently no related cases or proceedings pending before another judge of this
8  Court or before another court or administrative body.

9  **11.  RELIEF**

10  SST seeks entry of judgment against Apple (1) declaring that Apple has infringed the '483
11  and '340 patents; (2) permanently enjoining Apple and its respective officers, directors, agents,
12  servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in
13  active concert therewith from infringement of the '483 and '340 patents; (3) awarding damages in
14  an amount adequate to compensate SST for Apple's infringement, consisting of a reasonable
15  royalty; and (4) awarding prejudgment interest, costs, attorney fees, and such other and further
16  relief as the Court may deem just and proper.  SST has disclosed to Apple its initial assessment of
17  what a reasonable royalty may be.  (*See* Dkt. No. 155-1.)  The royalty rates provided to Apple are
18  currently under seal.  (Dkt. No. 158.)

19  Apple seeks (1) a declaratory judgment that it has not infringed the '483 and '340 patents,
20  directly or indirectly, and that the '483 and '340 patents are invalid and unenforceable; (2) an
21  order dismissing the Amended Complaint in its entirety with prejudice; and (3) an award of its
22  attorneys' fees and costs pursuant to 35 U.S.C. § 285.  If liability is established, Apple contends
23  that SST would be entitled to damages amounting to a reasonable royalty of at most a nominal
24  lump sum.

25  **12.  SETTLEMENT AND ADR**

26  The parties previously stipulated to private ADR to be held within 60 days from issuance
27  of the Court's claim construction order.  (Dkt. No. 11.)  The parties now request that the Court

28

refer this case to the Northern District of California's ADR program pursuant to Civil Local Rule 16-8(a).

**13.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties decline to proceed before a magistrate judge.

**14.   OTHER REFERENCES**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.   NARROWING OF ISSUES**

The parties believe that it is premature to narrow the issues for trial other than to make the identifications required by the Patent Local Rules.

**16.   EXPEDITED SCHEDULE**

The parties do not presently believe that this is the type of case that can be handled on an expedited schedule.

**17.   SCHEDULING**

The parties have set forth their respective positions on the discovery and pretrial schedule in Attachment A.

**18.   TRIAL**

The trial will be a jury trial, and the parties preliminarily anticipate that the trial will be 5-10 full court days.

**19.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

On July 11, 2013, SST filed a "Certification of Interested Entities or Parties" as required by Civil Local Rule 3-16.  (Dkt. No. 13.)  In particular, SST certified that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

| Name | Connection and Interest |
|---|---|
| Lucasfilm Ltd. | Holds no less than 10% interest in Slot Speaker Technologies, Inc. |
| Archview Capital Ltd. | Holds no less than 10% interest in Slot Speaker Technologies, Inc. |

On November 16, 2016, SST filed a notice of Plaintiff's name change from "THX Ltd." to "Slot Speaker Technologies, Inc.," and request that the case docket and caption be updated accordingly. On November 17, the Court granted Plaintiff's request to update the docket and case caption.

On August 1, 2013, Apple filed a Certification of Interested Entities or Parties pursuant to Local Rule 3-16. (Docket No. 27.) Apple has no parent corporation, and no publicly held company owns more than 10% of Apple stock.

**20.   PROFESSIONAL CONDUCT**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.   OTHER MATTERS**

**A.   Stipulated Protective Order**

The parties have lodged a Stipulated Protective Order with the Court. (Dkt. No. 120.)

DATED: November 22, 2016

By:   */s/ Eric L. Wesenberg*
Eric L. Wesenberg

*Attorneys for Plaintiff*
SLOT SPEAKER TECHNOLOGIES, INC.

DATED: November 22, 2016

By:   */s/ Nina S. Tallon*
Nina S. Tallon

*Attorneys for Defendant*
APPLE INC.

Pursuant to Civil Local Rule 5-1(i)(3), counsel for SST has obtained the concurrence of Apple's counsel in the filing of this Stipulated Request.

Dated: November 22, 2016

*/s/ Eric L. Wesenberg*
Eric L. Wesenberg

**ATTACHMENT A**

| Party | Item | SST Proposed Due Date | Apple Proposed Due Date |
|---|---|---|---|
| All | Status Conference with the Court | November 29, 2016 | |
| All | Alternate Dispute Resolution in the Northern District of California | January 20, 2017 | January 20, 2017 |
| All | Non-Expert Discovery Cutoff | May 1, 2017 | May 1, 2017 |
| All | Deadline for Designating Experts | June 1, 2017 | May 15, 2017 |
| All | Service of Opening Expert Reports | July 1, 2017 | June 9, 2017 |
| All | Service of Rebuttal Expert Reports | August 1, 2017 | July 7, 2017 |
| All | Expert Discovery Cutoff | September 1, 2017 | August 18, 2017 |
| All | Deadline for Filing Dispositive Motions | October 1, 2017 | September 14, 2017 |
| All | Hearing of Dispositive Motions | November 5, 2017 | October 19, 2017 |
| All | Exchange of Evidence | February 5, 2018 | October 24, 2017 |
| All | Deadline for Filing Motions in Limine | February 12, 2018 | November 7, 2017 |
| All | Motion in Limine Oppositions | February 19, 2018 | November 14, 2017 |
| All | Joint Pretrial Statement and Proposed Order | February 19, 2018 | November 14, 2017 |
| All | Proposed Jury Instructions | February 19, 2018 | November 14, 2017 |
| All | Proposed Voir Dire Questions | February 19, 2018 | November 14, 2017 |
| All | Proposed Verdict Forms | February 19, 2018 | November 14, 2017 |
| All | Proposed Statement of the Case | February 19, 2018 | November 14, 2017 |
| All | Trial Briefs (Optional) | February 19, 2018 | November 14, 2017 |
| All | Pretrial Conference | March 5, 2018 | November 28, 2017 |
| All | Trial | March 19, 2018 | December 4, 2017 |

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this order.

DATED: _____, 2016

_____
The Honorable Haywood S. Gilliam, Jr.
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 22, 2016, a true and correct copy of the foregoing was served on all interested parties via electronic mail pursuant to Civil Local Rule 5-1(h).

                                            */s/ Eric L. Wesenberg*
                                                Eric L. Wesenberg

133608368

JOINT CASE MANAGEMENT STATEMENT
AND [PROPOSED] ORDER
CASE NO. 3:13-CV-01161 HSG (DMR)