UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SLOT SPEAKER TECHNOLOGIES, INC., <br>     Plaintiff, <br>     v. <br> APPLE, INC., <br>     Defendant. | Case No. 13-cv-01161-HSG <br><br> **ORDER RE ADMINISTRATIVE MOTIONS TO SEAL** <br><br> Re: Dkt. Nos. 201, 209, 216 |

Pending before the Court are three administrative motions to file under seal related to a motion to supplement the claim construction record ("Motion to Supplement") brought by Slot Speaker Technologies, Inc. ("SST"). Dkt. Nos. 201, 209, 216.

## I. LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (citation and internal quotation marks omitted). To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178-79 (citations, internal quotation marks, and alterations omitted). "In general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release

trade secrets." *Id.* at 1179 (citation and internal quotation marks omitted).  The court must "balance the competing interests of the public and the party who seeks to keep certain judicial records secret.  After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (citations, brackets, and internal quotation marks omitted).

Civil Local Rule 79-5 supplements the "compelling reasons" standard.  The party seeking to file under seal must "establish[ ] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law. . . .  The request must be narrowly tailored to seek sealing only of sealable material . . . ."  Civ. L.R. 79-5(b).

Finally, records attached to motions that are only "tangentially related to the merits of a case" are not subject to the strong presumption of access.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).  Accordingly, parties moving to seal such records must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure.  *Id.* at 1097.  The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (citation and internal quotation marks omitted); *see also* Fed. R. Civ. P. 26(c).

## II. DISCUSSION

Here, the Court applies the "compelling reasons" standard because the Motion to Supplement has more than a tangential relation to the merits of the case.  The Court rules as follows:

| Motion | Document | Ruling | Reason |
|---|---|---|---|
| 201 | Motion to Supplement | GRANTED as to pp. 1:15; 2:10-12; 2:15; 2:19; 2:21; 3:1; 3:9; 3:13-19; 3:22; 3:28; 4:1-11; 4:19; 4:27; 5:7; 5:17-18; 5:26.[1] | Confidential business information. |

---

[1] The Court grants the motion to seal these lines as submitted by Apple with the Declaration of Christine Capuyan.  Dkt. No. 207-2.

| | | | |
|---|---|---|---|
| | | DENIED as to remainder. | Not supported by declaration. |
| 201 | Mot. to Supplement, Ex. A | GRANTED. | Confidential business information. |
| 201 | Mot. to Supplement, Ex. B | GRANTED. | Confidential business information. |
| 201 | Mot. to Supplement, Ex. E | GRANTED as to pp. 8-11.[2] | Confidential business information. |
| 201 | Mot. to Supplement, Ex. H-1 | DENIED. | Not supported by declaration. |
| 201 | Mot. to Supplement, Ex. H-3 | DENIED. | Not supported by declaration. |
| 201 | Mot. to Supplement, Ex. J | GRANTED as to pp. 8-11.[3] | Confidential business information. |
| 209 | Exhibit 2 to the Declaration of Christine C. Capuyan in Support of Apple's Opposition to Mot. to Supplement | GRANTED. | Confidential business information. |
| 216 | Reply in Support of Mot. to Supplement | DENIED. | No declaration in support submitted. |

## III. CONCLUSION

Pursuant to Civil Local Rule 79-5(f)(3), SST must file the necessary revised redacted versions of the documents listed in the chart above within 7 days.

Under Civil Local Rule 79-5(e)(2), no earlier than 4 days, and no later than 10 days, from this Order, SST must also file unredacted versions of (i) Exhibits H-1 and H-3 to the Motion to Supplement and (ii) the Reply in Support of the Motion to Supplement.

The Court will be unable to consider the documents unless SST files revised versions.

**IT IS SO ORDERED.**

Dated:   December 28, 2016

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[2] The Court grants the motion to seal these pages as submitted by Apple with the Declaration of Christine Capuyan.  Dkt. No. 207-3.

[3] The Court grants the motion to seal these pages as submitted by Apple with the Declaration of Christine Capuyan.  Dkt. No. 207-4.