Eric L. Wesenberg, Bar No. 139696
EWesenberg@perkinscoie.com
Christopher L Kelley, Bar No. 166608
CKelley@perkinscoie.com
Kenneth J. Halpern, Bar No. 187663
KHalpern@perkinscoie.com
Victoria Q. Smith, Bar No. 236045
VSmith@perkinscoie.com
Andrew N. Klein, Bar No. 300221
AKlein@perkinscoie.com
Christian Lee, Bar No. 301671
CLee@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: 650.838.4300
Facsimile: 650.838.4350

Attorneys for Plaintiff
SLOT SPEAKER TECHNOLOGIES, INC.
(formerly named THX Ltd.)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THX LTD.,<br><br>                Plaintiff,<br><br>   v.<br><br>APPLE INC.,<br><br>                Defendant. | Case No. 3:13-CV-01161-HSG (DMR)<br><br>**PLAINTIFF SLOT SPEAKER TECHNOLOGIES, INC.'S NOTICE OF MOTION AND MOTION TO SUPPLEMENT THE RECORD ON CLAIM CONSTRUCTION WITH TESTIMONY OF JUSTIN CROSBY**<br><br>Date:        December 29, 2016<br>Time:       2:00 p.m.<br>Courtroom: 10, 19th Floor<br>Judge:      Hon. Haywood S. Gilliam, Jr. |

**NOTICE OF MOTION AND MOTION**

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 29, 2016, at 2:00 p.m., or as soon thereafter as the matter may be heard in the courtroom of the Honorable Haywood S. Gilliam, Jr., located at 450 Golden Gate Avenue, San Francisco, California, Plaintiff Slot Speaker Technologies, Inc. ("SST") will, and hereby does, move for leave to supplement the record on claim construction with testimony of Justin Crosby. This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the declaration of Kenneth J. Halpern and the evidence submitted herewith, the records and files in this action, and any other matter the Court may consider.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

At the claim construction hearing held in this matter on May 25, 2016, plaintiff SST (then known as "THX, Ltd.") submitted to the Court a slide deck authored by Apple audio engineers, titled ▮▮▮▮▮▮▮▮▮▮ and ▮▮▮▮▮▮▮▮▮▮, which SST argued was evidence that supported its construction of the terms "narrow sound duct" and "straight path." (*See* Dkt. No. 122 at 24:19-25:9; 25:20-27:2; 47:1-13; 63:5-18.) The document was produced by Apple on May 5, 2016, after claim construction briefing had been submitted, and subsequent to the claim construction tutorial. At the time of the claim construction hearing SST did not have the testimony of Apple's engineers interpreting the document. However, Justin Crosby, one of the Apple engineers who co-authored the document, has recently testified about its meaning and his testimony supports SST's proposed constructions of "narrow sound duct" and "straight path." Accordingly, SST submits relevant portions of the deposition and respectfully asks the Court that they be added to the claim construction record and considered by the Court. This Court has permitted supplementation of the claim construction record with relevant evidence that became available after oral argument so long as it was filed expeditiously. *See, e.g., Tristrata, Inc. v. Microsoft Corp.*, No. 11-CV-03797-JST, 2013 WL 5645984, at *9 (N.D. Cal. Oct. 16, 2013). SST is providing the attached testimony less than a week after it deposed Mr.

1  Crosby on October 26, 2016.  As detailed below, the five-month lag between the claim
2  construction hearing and the deposition was not caused by SST.  While Mr. Crosby's testimony is
3  helpful because it elucidates a document already in the claim construction record, this Court has
4  also recognized the relevance to claim construction of statements by the accused infringer's
5  employees who are persons of ordinary skill in the art—as is plainly the case here. *Lift-U v.*
6  *Ricon Corp.*, No. 10-CV-01850-LHK, 2011 WL 5118632, at *6–*7 (N.D. Cal. Oct. 28, 2011).
7  Accordingly, augmentation of the claim construction record with Mr. Crosby's testimony is
8  warranted.

9  **II.    ARGUMENT**

10      **A.    Mr. Crosby's testimony is relevant to the meaning of the ▮▮▮▮▮**
11      **▮▮▮▮▮ and because he is an acoustic engineer of at least ordinary skill in the art.**

12      Justin Crosby co-authored the document titled ▮▮▮▮▮ produced in
13  this action at Bates range APL-THX_0000143506-527, which SST provided to the Court as
14  extrinsic evidence at the claim construction hearing.  (Ex. B,[1] 83:19-84:9; *see* Dkt. No. 122 at
15  24:19-25:20; Ex. A (copy of ▮▮▮▮▮ document provided for the Court's convenience.)
16  Mr. Crosby has been an audio systems engineer at Apple for over five years working in sound
17  design and audio integration, holds a master's degree in mechanical engineering focused
18  "primarily" on acoustics, has approximately ten issued patents relating to audio engineering and
19  integration, and described himself as ▮▮▮▮▮ (Ex. B, 26:5-7, 26:10-25,
20  27:3-6, 29:4-12, 29:17-25, 30:2-19, 31:11-18, 41:18-24.)

21      As an author of Apple's ▮▮▮▮▮ document and an audio engineer of at least
22  ordinary skill in the art, his testimony is relevant and helpful in understanding the meaning of the
23  document, the acoustic concepts it employs, and the disputed claim terms on which it bears. *Lift-*
24  *U*, 2011 WL 5118632, at *6–7 (accepting and crediting the understanding of the defendant's
25  engineers reflected in their documents, which contradicted its expert declaration as to the scope a
26  person of ordinary skill in the art would give to the term "springs").

27
28      [1] All citations to "Ex. _" in this motion refer to exhibits to the Declaration of Kenneth J. Halpern filed in support hereof.

1  **B. Mr. Crosby's testimony about the [redacted] document shows that an acoustic engineer understands a "narrow sound duct" to refer to a duct that is narrow in relation to the wavelength of the sound to be reproduced.**

With regard to "narrow sound duct," SST argued that its construction would achieve the effects the patents-in-suit attribute to the narrow duct, such as avoiding audible resonances in the narrow dimension and producing sound with uniform directivity. (*See, e.g.*, Dkt. 122 at 49:13-19, 50:3-7, 51:2-16, 52:3-14.) SST further pointed to the exemplary narrow dimension of 8-10 mm as corresponding to a half-wavelength of the highest audible frequencies and thus roughly the size at which audible resonances are cut off. (Dkt. 74 at 8, ll.17-26; Dkt. 75 at 29, ll. 4-23; Dkt. 122 at 49:13-19.) SST cited Apple's [redacted] document as supporting these arguments. (Dkt. 122 at 63:5-18.)

Explaining the "Ducting effects" document, Mr. Crosby confirmed SST's understanding to be correct, and he produced SST's construction of "narrow sound duct" without being prompted to do so. Mr. Crosby repeatedly testified that [redacted] (Ex. B at 126:11-127:5 (discussing Ex. A at APL-THX_0000143508), 201:15-19 (discussing Ex. A at APL-THX_0000143508), 264:12-19.) And he testified that [redacted] (Ex. B at 275:3-11 (emphasis added), 199:17-201:10 (discussing Ex. A at APL-THX_0000143522), 274:11-15.) The relevant testimony is highlighted for the Court's perusal. (Ex. B at 118, 126-27, 199-201, 264, 274-75.)

**C. Mr. Crosby's testimony about the [redacted] document shows that an acoustic engineer would distinguish a slight constriction of the duct from a constriction sharp enough to obstruct soundwaves and cause compression.**

With regard to the "straight path," SST maintained it had not excluded acoustically inconsequential departures from a straight perimeter, but had distinguished the Sadaie reference as sufficiently curved to break up the acoustic mass and to create compression that enhanced the bass response (as a Helmholtz resonator does). (Dkt. 88 at 2-3; *see* Dkt. 75 at ¶14.) At oral argument, SST cited Apple's [redacted] document as evidence that persons of skill in the

1  art made the same distinction ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Dkt. 122 at 26:1-19, 47:1-13; *see* Ex. A at APL-THX_0000143516.)

4  In his testimony, Mr. Crosby ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

5  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Ex. B at 128:7-20, discussing Ex. A at APL-

6  THX_0000143508, item 4.)  He further testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

7  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Ex. B at 129:4-6, 129:14-21,

8  130:18-131:18, discussing Ex. A at APL-THX_0000143516) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

9  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Ex. B at 149:16-150:20.)  He testified that ▮▮▮▮▮▮▮▮▮▮

10 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

11 ▮▮▮▮▮   (Ex. B at 131:19-23.)  The relevant testimony is highlighted for the Court's perusal.  (Ex.

12 B at 128-33, 149-50.)

### D.   SST acted diligently in seeking and filing the Crosby testimony.

SST recognizes that considerable time has passed since the claim construction hearing. Nonetheless, SST has been diligent both in pursuing this evidence and in submitting it to the Court once finally obtained.  SST first propounded interrogatories and requests for production relating to the '003 patent on October 20 and November 2, 2015, respectively.  (Ex. C at 6-7; Ex. D at 6-7, 9.)  It then took over six months of continuous effort (until May 5, 2016) to elicit Apple's production of a single responsive document:[2] the ▮▮▮▮▮▮▮▮▮▮▮▮ slide deck.  SST

---

[2] SST served its amended second set of interrogatories, which included an interrogatory seeking information regarding the '003 patent, on October 20, 2015.  Ex. C at 6-7.  Apple responded to that interrogatory by objecting, identifying the named inventors of the '003 patent, and referencing the '003 patent and its file history as containing additional responsive information.  Ex. E at 15-16.  On November 2, 2015, SST served its second set of requests for production of documents, which included seven requests related to the '003 patent.  Ex. D at 6-7, 9.  Apple responded to these requests by either not stating whether it would produce documents or stating that it would produce copies of the '003 patent, the published application that led to the '003 patent and/or a certified copy of the '003 patent file history.  Ex. F_at 8-13, 22.  The parties thereafter corresponded extensively regarding the relevance of the '003 patent, which included a meet-and-confer on December 22, 2015 followed by an exchange of six letters between then and March 11, 2016.  Exs. G–1 - G–6.  The parties again met-and-conferred on April 19, 2016 to discuss the issue.  *Id.* at ¶9.  During the meeting, Apple agreed to investigate whether it possessed non-privileged documents regarding the invention claimed in the '003 patent.  *Id.*.  After the ▮▮▮▮▮▮▮▮▮▮ slide deck was produced, the parties continued exchanging letters regarding the scope of '003 patent discovery, Apple's search for documents related to the '003 patent, and the

1   provided that document to the Court at the first opportunity—the claim construction hearing three
2   weeks later.  SST then noticed its first Rule 30(b)(6) deposition of Apple[3] one week after that (on
3   June 3), (Ex. K, Topic 13) and its second 30(b)(6) deposition on July 7 (Ex. L, Topics 19-20).
4   SST accepted the first deposition date Apple offered for its chosen representative, Mr. Crosby,
5   October 17, 2016.  (Ex. M.)  After a postponement by Apple (Ex. N), the deposition was held on
6   October 26, 2016.  In sum, any "delay" in presenting this evidence to the Court resulted from the
7   extended meet-and-confer required to obtain the ▇▇▇▇▇▇▇ slide deck, and from Apple's
8   production of the document's co-author for deposition nearly five months after service of the
9   deposition notice.  SST is filing the present motion four business days after the Crosby deposition
10  and one day after it received the official deposition transcript from the court reporter.

11          Where the moving party acts promptly upon learning of relevant evidence, the courts have
12  permitted supplementation of the claim construction record if the evidence was unavailable prior
13  to the claim construction hearing.  *Tristrata*, 2013 WL 5645984, at *9 (granting motion to
14  supplement claim construction record with additional document one month after it was
15  produced); *Moneysuite Co. v. Ins. Answer Ctr., LLC*, No. SACV 11-1847 AG JPRX, 2013 WL
16  6925942, at *11 (C.D. Cal. Mar. 25, 2013) (allowing filing of document three weeks after it was
17  produced).  Here that requisite is met—SST never flagged in its efforts to obtain the ▇▇▇▇
18  ▇▇▇ document and the testimony of the document's author, and accordingly, its submission of
19  the Crosby testimony is appropriate.

---

fact that Apple found only one non-privileged document regarding the '003 patent. Exs. H–1 -
H–3. The parties met-and-conferred to discuss these issues on June 10, 2016. *Id.* at ¶11, Exs. I–1
- I–2. Apple amended its interrogatory response regarding the '003 patent on May 9, 2016 to
identify the Bates numbers of the '003 patent, its file history, and the ▇▇▇▇▇▇ slide deck.
Ex. J at 18-19.

[3] The topic for deposition was U.S. Patent No. 9,107,003 (the "'003 patent"), on which
Mr. Crosby is a named inventor, and, *inter alia*, the conception, reduction to practice, and
prosecution of the '003 patent.  The '003 claims a ducted speaker invention that is closely similar
to the patents in suit (and reads on their disclosures) but has a much later priority date.

## III.     CONCLUSION

For the foregoing reasons, SST respectfully requests that its motion be granted and that the excerpts of the testimony of Justin Crosby submitted herewith be added to the claim construction record and given due consideration by the Court.

DATED:  November 1, 2016          By:      */s/ Kenneth J. Halpern*
                                                         Kenneth J. Halpern

                                                  Attorneys for Plaintiff
                                                  Slot Speaker Technologies, Inc.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 1, 2016, a true and correct copy of the foregoing was served on all interested parties via electronic mail pursuant to Civil Local Rule 5-1(h).

                                            */s/ Kenneth J. Halpern*
                                              Kenneth J. Halpern