UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SLOT SPEAKER TECHNOLOGIES, INC., <br> Plaintiff, <br> v. <br> APPLE, INC., <br> Defendant. | Case No. 13-cv-01161-HSG <br><br> **ORDER SUPERSEDING AND STRIKING DKT. NO. 234 AND GRANTING MOTION TO SUPPLEMENT THE RECORD ON CLAIM CONSTRUCTION** <br><br> Re: Dkt. Nos. 234, 237 |

This Order hereby supersedes and strikes from the record the Court's previous order granting Plaintiff Slot Speaker Technologies, Inc.'s ("SST") motion to supplement record on claim construction. Dkt. No. 234.

On November 1, 2016, SST filed a motion to supplement the record on claim construction with testimony of Justin Crosby ("Motion to Supplement"). Dkt. Nos. 202, 237. On November 4, 2016, before the briefing on the Motion to Supplement was complete, the Court issued its claim construction order. *See* Dkt. No. 206. The Court's claim construction order ruled in SST's favor with respect to the term addressed by Crosby's testimony. *See id.* However, the parties were unable to stipulate to the withdrawal of SST's Motion to Supplement. *See* Dkt. No. 210 at 4.

\* \* \*

SST represents that Crosby's testimony is relevant to the construction of "narrow sound duct" and that SST acted diligently in pursuing the Crosby testimony and moving the Court to supplement the record once Crosby's testimony was obtained. *See generally* Dkt. No. 237. Courts in this district have permitted supplementation of the claim construction record with documents produced in discovery after the claim construction hearing has occurred. *See e.g.*, *Tristrata, Inc. v. Microsoft Corp.*, No. 11-CV-03797-JST, 2013 WL 5645984, at \*9 (N.D. Cal.

1   Oct. 16, 2013), *aff'd*, 594 F. App'x 653 (Fed. Cir. 2014).  The Court notes that the Crosby

2   testimony would not have affected its construction of "narrow sound duct."  However, despite

3   seeing little practical import for the trial court litigation, the Court GRANTS the Motion to

4   Supplement.  The Court leaves to the court of appeals the decision of whether to assess the

5   ultimate significance (if any) of the testimony in construing the claim at issue.

**IT IS SO ORDERED.**

Dated:  January 6, 2017

HAYWOOD S. GILLIAM, JR.
United States District Judge

2