UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SLOT SPEAKER TECHNOLOGIES, INC., <br><br>  Plaintiff, <br><br>  v. <br><br> APPLE, INC., <br><br>  Defendant. | Case No. 13-cv-01161-HSG   (DMR) <br><br> **ORDER RE PLAINTIFF SLOT SPEAKER TECHNOLOGIES, INC.'S MOTION TO STRIKE PORTIONS OF APPLE, INC.'S RULE 3-3 INVALIDITY CONTENTIONS** <br><br> Re: Dkt. No. 157 |

Plaintiff Slot Speaker Technologies, Inc. ("Slot Speaker"), formerly THX Ltd., moves to strike portions of Defendant Apple, Inc.'s ("Apple") Rule 3-3 invalidity contentions. [Docket No. 157]. Apple opposes. [Docket No. 171]. The court held a hearing on December 8, 2016. Having considered the parties' arguments and papers, and for the reasons stated below, Slot Speaker's motion is **GRANTED IN PART** and **DENIED IN PART**. Apple shall have 14 days in which to serve amended contentions consistent with this order.

I.   **FACTUAL AND PROCEDURAL HISTORY**

In this patent case, Slot Speaker alleges infringement of its U.S. Patent Nos. 7,433,483 ("the '483 patent") and 8,457,340 ("the '340 patent") (collectively, "the Patents-In-Suit"). First Amended Complaint ("FAC") [Docket No. 12]. The Patents-In-Suit are entitled "Narrow Profile Speaker Configurations and Systems." FAC ¶¶ 8, 12. The FAC alleges that Apple infringes the Patents-In-Suit by, among other things, making, using, importing, offering to sell, and/or selling in the United States products covered by one or more claims of the Patents-In-Suit in violation of 35 U.S.C. § 271, including but not limited to Apple's iPhone 4 and later models, as well as its iPad and iMac products. Slot Speaker claims that these accused products infringe the Patents-in-Suit by incorporating narrow-profile speaker units that output sound through a duct or aperture having a narrow dimension. FAC ¶¶ 10, 14. Apple denies infringement and asserts counterclaims for

patent invalidity and non-infringement. [Docket No. 26.]

On September 24, 2015, Apple served its initial invalidity contentions. The parties met and conferred over their sufficiency without reaching agreement. *See* Exs. 1-2 to Halpern Decl.; Exs. 1-2 to Capuyan Decl. On March 5, 2016, Apple filed a motion to amend its invalidity contentions. [Docket No. 90]. In its opposition, Slot Speaker criticized Apple's lack of diligence in moving to amend as well as the sufficiency of the invalidity contentions, arguing that they did not comply with Rule 3-3. [Docket No. 95]. On April 29, 2016, the Honorable Haywood S. Gilliam granted Apple's motion to amend, finding that Apple had acted with requisite diligence. [Docket No. 103]. Judge Gilliam declined to rule on the sufficiency of Apple's invalidity contentions, explaining that the question of whether Apple's invalidity contentions violate Local Rule 3-3 is independent from whether Apple has shown sufficient diligence in moving for leave to amend. Judge Gilliam held that "If THX has a basis for doing so, *it can bring its own motion regarding Apple's alleged failure to comply with Local Rule 3-3*." [Docket No. 103 at 5-6] (emphasis added).

Slot Speaker subsequently filed the instant motion to strike portions of Apple's invalidity contentions for failure to comply with Rule 3-3. [Docket No. 157].

## II.    LEGAL STANDARD

This district has adopted local rules that "require parties to state early in the litigation and with specificity their contentions with respect to infringement and invalidity." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1359 (Fed Cir. 2006). Our patent local rules provide "for a streamlined mechanism to replace the series of interrogatories that accused infringers would likely have propounded in [their] absence and are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *Monolithic Power Sys., Inc. v. Silergy Corp.*, No. 14-CV-01745-VC (KAW), 2015 WL 5440674, at *1 (N.D. Cal. Sept. 15, 2015) (citation and internal quotation marks omitted); *see also Collaborative Agreements, LLC v. Adobe Sys. Inc.*, No. 15-CV-03853-EMC, 2016 WL 1461487, at *3 (N.D. Cal. Apr. 14, 2016) ("The main purpose of the discovery-related Patent Local Rules is to get the parties to commit to positions early on in the litigation and

stick to them absent good cause.").

The patent local rules require "detailed disclosures of a party's invalidity contentions." *Life Techs. Corp. v. Biosearch Techs, Inc.*, No. C 12-00852 WHA, 2012 WL 4097740, at *1 (N.D. Cal. Sept. 17, 2012). Accordingly, Rule 3-3 provides in relevant part that a party's invalidity contentions must contain:

> (a) The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious . . . .
>
> (b) Whether each item of prior art anticipates each asserted claim or renders it obvious. If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness;
>
> (c) A chart identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and
>
> (d) Any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claim.

However, these rules are "not a straitjacket into which litigants are locked from the moment their contentions are served;" rather, there is "a modest degree of flexibility, at least near the outset." *Tessera, Inc. v. Advanced Micro Devices, Inc.*, No. C 05-4063 CW, 2007 WL 1288199, at *1–2 (N.D. Cal. Apr. 30, 2007) (citation and internal quotation marks omitted), decision reviewed, No. C-05-4063 CW, 2007 WL 2972628 (N.D. Cal. Oct. 10, 2007); *see also Geovector Corp. v. Samsung Elecs. Co.*, No. 16-CV-02463-WHO, 2017 WL 76950, at *3 (N.D. Cal. Jan. 9, 2017) (explaining that the local rules "do not "require the disclosure of specific evidence nor do they require a plaintiff to prove its infringement case . . . a patentee must nevertheless disclose what in each accused instrumentality it contends practices each and every limitation of each asserted claim to the extent appropriate information is reasonably available to it.") (citation and internal quotation marks omitted).

District courts have "wide discretion" in enforcing the patent local rules. *Finjan, Inc. v.*

3

1  *Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2015 WL 9460295, at *1 (N.D. Cal. Dec. 23, 2015)

2  (citing *SanDisk Corp. v. Memorex Prods., Inc.*, 415 F.3d 1278, 1292 (Fed. Cir. 2005)).

## III. DISCUSSION

Slot Speaker moves to strike Apple's invalidity contentions on three grounds: (1) the claim charts do not specifically identify where each claim limitation can be found in each alleged item of prior art, as required by Rule 3-3(c) (Mot. at 2, 3-15); (2) the claim charts do not identify obviousness combinations and the motivation for those combinations with the level of specificity required by Rule 3-3(b) (Mot. at 2, 18-23); and (3) Apple did not provide claim charts for approximately 500 prior art references as required by Rule 3-3(c) (Mot. at 2-3, 19).

The court addresses each of these three challenges in turn.

### A. Specificity of Prior Art Claim Charts (Rule 3-3(c))

#### 1. Legal Principles

Under Rule 3-3(c), a party defending against a claim of infringement must provide a chart for each item of alleged invalidating prior art which specifically identifies where each limitation (or element) of each asserted claim of the patent(s)-in-suit is found. Both parties agree that the level of specificity required by Rule 3-3(c) for invalidity contentions is the same as that required by Rule 3-1 for infringement contentions. "Broad or general disclosures are 'insufficient.'" *Mitsubishi Elec. Corp. v. Sceptre, Inc.*, No. 2:14-cv-04994-ODW (AJWx), 2015 WL 2369557, at *2 (C.D. Cal. May 18, 2015) (applying N.D. Patent L.R. 3-3(c)) (quoting *Life Techs. Corp.*, 2012 WL 4097740, at *3); *Largan Precision Co. Ltd. v. Genius Elec. Optical Co.*, No. 13-cv-02502-JD, 2012 WL 6882275, at *4 (N.D. Cal. Dec. 5, 2014) ("The requirement that the invalidity contentions disclose whether each item of prior art anticipates each asserted claim or renders it obvious would be a dead letter if parties could avoid it with broad disclaimers.").

Courts in this district have rejected contentions that do not provide adequate notice of a party's theory. For example, in *Shared Memory Graphics LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022, 1025-26 (N.D. Cal. 2010) (Chen, J.), the court found that the infringement contentions lacked requisite specificity under Rule 3-1 because they were "too vague to provide fair notice as to what components and circuitry of the accused products infring[ed] their patents." To illustrate

United States District Court
Northern District of California

1  this problem, the court explained that the claim charts failed to "specifically identify the display
2  data distribution bus limitation," and certain charts did not "indicate which structures constitute[d]
3  the bus." *Id*.

4  Similarly in *Theranos, Inc. v. Fuisz Pharma LLC*, Nos. 11-cv-05236-YGR, 12-cv-03323-
5  YGR, 2012 WL 6000798, at *4-7 (N.D. Cal. Nov. 30, 2012), the court found that the infringement
6  contentions lacked the specificity required by the local rules where the contentions did not
7  separately address each limitation in a claim, and gave a generic identification of "where each
8  limitation of each asserted claim was found within each Accused Instrumentality," consisting of
9  nothing more than a conclusion "based on information and belief that something exist[ed] or
10  occur[ed]." *See also Bender v. Infineon Techs., N. Am. Corp*., No. C09-02112 JW (HRL), 2010
11  WL 946197, at *2 (N.D. Cal. Mar. 16, 2010) (finding infringement contentions lacked the
12  requisite specificity because they were "impermissibly vague;" the claim charts provided "generic
13  allegations that [did] not identify specific circuitry or components that reportedly correspond to
14  the claim limitations, or at least, not in a manner that [gave] defendant fair notice as to where the
15  allegedly infringing circuits [were] located").

16  **2.  Analysis**

17  Slot Speaker contends that Apple's claim charts lack the specificity required by Rule 3-
18  3(c) because the charts do not identify where each claim limitation can be found in each alleged
19  item of prior art. The court agrees. Apple's claim charts leave too much to guesswork.

20  Slot Speaker identifies three exemplars to illustrate the problems with Apple's prior art
21  charts: (1) Anderson patent chart (Exs. 3 and 29 to Halpern Decl.); (2) Aquarius speaker assembly
22  chart (Exs. 4 and 34 to Halpern Decl.); and (3) Nokia mobile phone chart (Exs. 5 and 13 to
23  Halpern Decl.). None of these charts provide the requisite level of specificity.

24  As discussed during the hearing, the Anderson chart discloses Claim 1C of the '483 patent:
25  "a sound reflecting surface facing the drive unit and substantially parallel with the mounting
26  surface." Ex. 3 at 8 to Halpern Decl. However, the Anderson chart does not explain what Apple
27  identifies as the "sound reflecting surface." Apple merely reproduces portions of the Anderson
28  patent, highlights some of the text, and includes figures from the patent, as shown below:

5

| '483 Patent Claim Limitation | Anderson |
|---|---|
| [1C] a sound reflecting surface facing the drive unit and substantially parallel with the mounting surface; and | Anderson discloses a sound reflecting surface facing the drive unit and substantially parallel with the mounting surface.<br><br>*See*, *e.g.*,<br><br>"The invention generally comprises of a cover 10, a base or acoustic reflector 12, and a speaker 14. **The speaker is attached to a support plate 16, which in turn is mounted within the cover 10. A plurality of bushings 18 position the support plate a measured distance above the base 12.** The **speaker 14 is positioned upon the support plate 16 to direct sound downwardly toward and in the vicinity of the generally circular base 12**." (Anderson at 2:51-59 (emphasis added)).<br><br>"**The sides of the base facing the speaker are angled away from the speaker to near the surface upon the assembly rests, and are composed of an acoustically reflective material that sound is radially reflected in all horizontal directions off of the base 12**." (Anderson at 2:60-64 (emphasis added)).<br><br>. . .<br><br>Although the preferred embodiment of the invention includes a conial recess in the top of the base 12, a variety of other configurations for the base 12 are possible. **Alternative embodiments of the top of the base 12 include semispherical recess, a flat top, a pointed convex conical top, and a pointed convex conical top with a more acute angle to the upper cone surface than the general conical angle of the base 12. Moreover, the configuration of the base 12 is not limited to strict conical sides, but instead may use any configuration that allows sound to be radially reflected in generally all horizontal directions away from the speaker assembly.** Additionally, the assembly may be constructed to direct sound from the speaker in just a few of the circumferential directions." (Anderson at 5:18-21 (emphasis added)). |

| '483 Patent Claim Limitation | Anderson |
|---|---|
| | (Fig. 1 and Fig. 3 from the Anderson patent) |

Apple does not explain how the bolded text and/or figures disclose each element of the limitation, e.g., the sound reflecting surface, which must face the drive, and must be substantially parallel with the mounting surface. Instead, Apple leaves it to Slot Speaker (and the court) to speculate. This is insufficient under Rule 3-3. *See Shared Memory Graphics LLC*, 812 F. Supp. 2d at 1026 (concluding that the patentee's "vague contentions and conclusory statements invite[d] Defendants and the Court merely to assume the presence" of the claim limitation). To comply with Rule 3-3(c)'s disclosure requirements, Apple must specifically identify where each limitation appears in the Anderson patent, or, at least narrow the range of possibilities (e.g., "Apple considers the 'sound reflecting surface' to be one of the following....") While Apple is not required to lock down its invalidity theories at this stage in the case, Apple also cannot preserve a generalized meaning of the phrase "sound reflecting surface," and force Slot Speaker to chase down every conceivable rabbit hole during discovery.

Similarly, for its chart of the Aquarius sound assembly, Apple simply re-produces the same pictures and/or diagrams from the product catalog, and bolds certain text in Aquarius publications. For example, the JBL Aquarius chart discloses the following for Claim 1B of the '483 patent:

//
//
//
//

| '483 Patent Claim Limitation | JBL Aquarius 4 |
|---|---|
| [1B] a drive unit disposed on a mounting surface, said mounting surface forming a barrier acoustically isolating the drive unit's forward radiation from its rearward radiation | JBL Aquarius 4 discloses a drive unit disposed on a mounting surface, said mounting surface forming a barrier acoustically isolating the drive unit's forward radiation from its rearward radiation. *See, e.g.*,  (JBL Aquarius 4 Catalogue at 13)  "The Aquarius Series were all based on a common design principle slot loaded bass enclosures combined with a widely dispersed high frequency response. **The intent was to develop a series of loudspeakers that would have few limitations in room placement and a stereo sound field that was largely independent of listener position**." (JBL Aquarius 4 Article at 1 (emphasis added))  . . .  The diffraction principle of JBL Aquarius loudspeaker systems is the result of a sophisticated engineering development producing performance characteristics quite different than most "omnidirectional" loudspeaker systems. Aquarius loudspeaker systems achieve an unusually wide sound dispersion pattern without adding coloration or sacrificing definition. Each transducer installed behind the various dispersion panels of Aquarius systems operates as a true horn driver. A computer-designed loading plug maintains optimum loading of the loudspeaker cone and guides sound energy in proper phase relationship so that it expands outwardly through the radial horn formed by the transducer mounting panel and the dispersion panel. Mounted in the heart of the Aquarius 4 enclosure is an 8-inch, wide range transducer directed upward into a radial horn. This radial horn spreads low frequency sound waves through a 360° horizontal radial diffraction slot. High frequencies emerge in a 180° vertical plane from a 2-inch driver separately loaded by a radial horn located on the upper rear panel of the Aquarius 4. These right angle dispersion patterns interact with each other to create the impression of an immense sound stage that belies the modest dimensions of the Aquarius 4 enclosure.  . . . |

1  *See* Ex. 4 at 3-11 to Halpern Decl.

2  As with the Anderson patent chart, Apple fails to explain what pictures and/or diagrams, or language from the Aquarius publications, or combinations thereof disclose "a drive unit disposed on a mounting surface, said mounting surface forming a barrier acoustically isolating the drive unit's forward radiation from its rearward radiation," as specified in Claim 1B of the '483 patent.

For its Nokia mobile phone chart, Apple produces a series of unlabeled photographs of the exterior of certain Nokia mobile phones, and incorporates them by reference for each claim limitation in the chart. *See* Ex. 13 at 3-15 to Halpern Decl.

| '483 Patent Claim Limitation | Nokia 3361, 3395, and 3315 mobile phones |
|---|---|
| [1A] 1. A narrow profile sound system, comprising: | To the extent the preamble is a limitation, the Nokia 3361, 3395, and 3315 mobile phones disclose a narrow profile sound system.<br><br>*See, e.g.*,<br><br>[image of Nokia 3361 User Guide and phone]<br><br>. . .<br><br>[image of component]<br><br>. . . |

| '483 Patent Claim Limitation | Nokia 3361, 3395, and 3315 mobile phones |
|---|---|
|  | (photograph of phone internals) |
| [1B] a drive unit disposed on a mounting surface, said mounting surface forming a barrier acoustically isolating the drive unit's forward radiation from its rearward radiation; | Nokia 3361, 3395, and 3315 mobile phones disclose a drive unit disposed on a mounting surface, said mounting surface forming a barrier acoustically isolating the drive unit's forward radiation from its rearward radiation. *See, e.g.*, Limitation [1a], Nokia 3361 Images A, B, Nokia 3395 Images A, B, D, E, Nokia 3315 Images A, B; Nokia 3361 User Guide at cover, 63; Nokia 3395 User Guide at cover, 35; Nokia 3315 User Guide at 21. . . . |

This type of disclosure is plainly insufficient under Rule 3-3(c), as these photographs do little more than show what each phone looks like.  Apple compounds the problem by incorporating the unlabeled photographs by reference into its charting of other claims (*see, e.g.,* Claim 1B, above).  To comply with Rule 3-3(c), Apple must label the relevant portion(s) of each photograph and explain how the photographs individually or collectively disclose the claim limitation.

In conclusion, for the reasons stated above, the court grants Slot Speaker's motion to strike for failure to satisfy Rule 3-3(c), and orders Apple to amend all offending charts, and not just the exemplars discussed in this order.

**B.     Obviousness**

**1. Legal Principles**

Rule 3-3(b) requires a disclosure of "[w]hether each item of prior art anticipates each asserted claim or renders it obvious," and if "obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness." Vague or "catch-all phrases" of obviousness are insufficient. *See*, *e.g.*, *Mitsubishi Elec. Corp.*, 2015 WL 2369557, at *3 (the "catch-all phrase 'any element of an asserted claim can easily be identified by cross-reference to the same particular claim element in other charted prior art reference to show that the element was known in the prior art'" was insufficient under Rule 3-3(b)); *Life Techs.*, 2012 WL 4097740, at *3 ("Vaguely disclosing that one prior art can substitute for another is insufficient under our local rules."); *see also Zest IP Holdings, LLC v. Implant Direct MFG, LLC*, No. 10CV0541-GPC-WVG, 2014 WL 358430, at *5 (S.D. Cal. Jan. 31, 2014) (a blanket statement that "each item of the prior art renders the asserted claims obvious in combination with each other, or any of them, and/or in combination with features well known to people with skill in the art at the time of the respective applications" was insufficient under S.D. Cal. Patent Local Rule 3-3(b), which is identical in relevant part to this district's Rule 3-3(b)).

However, "[c]ourts in this district have held that Rule 3-3(b) does not always require the accused infringer to spell out in exact detail every particular combination it intends to assert." *Fujifilm Corp. v. Motorola Mobility LLC*, No. 12-CV-03587-WHO, 2015 WL 757575, at *28 (N.D. Cal. Feb. 20, 2015). For example, at least two courts have found that in order to satisfy Rule 3-3(b), a party need not list every combination of prior art when the theory of obviousness is the same for each and every possible combination of prior art. The party may instead so state. Thus, in *Avago Techs. Gen. IP PTE Ltd. v. Elan Microelectronics Corp.*, No. C04 05385 JW HRL, 2007 WL 951818, at *4 (N.D. Cal. Mar. 28, 2007), the patentee moved to compel the alleged infringer to supplement its final invalidity contentions to comply with Rule 3-3(b). The alleged infringer organized its prior art references into two groups, and disclosed that "its theory of obviousness [was] the same for each and every possible combinations of the two groups." *Id*.

The district court found that the alleged infringer "reasonably specifi[ed]" the obviousness combinations under Rule 3-3(b). It denied the patentee's motion to compel, even though the patentee argued that this grouping method resulted "in literally billions of different possible combinations." *Id.*

Similarly, in *Keithley v. The Homestore.com, Inc.*, 553 F. Supp. 2d 1148, 1150 (N.D. Cal. 2008), the patentee moved to strike invalidity contentions where the alleged infringer grouped references of prior art which, according to the patentee, led to "thousands or perhaps millions of possible combinations." The alleged infringer argued that it had adopted the approach in *Avago* by grouping the prior art and asserting that the theory of obviousness was the same for each and every possible combination between the groups. *Id.* The court agreed with *Avago* and found the infringer's grouping method satisfied Rule 3-3(b). *Id.*

The court notes that one court required a defendant to explicitly identify each combination of prior art, where the defendant similarly asserted that any reference from one group of prior art could be combined with any reference from another group of prior art to render the claim obvious. *See*, *e.g.*, *Sick A.G. v. Omron Sci. Techs. Inc.*, No. C 06-2028 CW (MEJ), 2007 WL 1223675, at *2 (N.D. Cal. Apr. 24, 2007) (requiring defendant to "explicitly identify each combination of prior art that allegedly renders a claim obvious to address the danger of potentially inaccurate disclosures). The approach in *Sick A.G.* has not been adopted by any court in this district, and thus appears to be an outlier. As discussed above, the trend in this district is not to require this level of identification where an alleged infringer can reasonably demonstrate identical theories of obviousness for grouped combinations of prior art. *See Fujifilm Corp.,* 2015 WL 757575, at *28; *Avago Techs. Gen. IP PTE Ltd.*, 2007 WL 951818, at *4; *Keithley*, 553 F. Supp. 2d at 1150.

### 2. Analysis

Apple does not identify specific obviousness combinations in its contentions. Rather, it lists groups of prior art, and explains that a person of ordinary of skill would be motivated to combine such groups for the reasons set forth in particular sub-sections of Section III (Core Concepts) of its invalidity contentions, as well as Section VI, which describes Apple's overarching theories of obviousness.

12

Using the example discussed at the hearing, Apple provides the following disclosure of obviousness for Claim 1C in the Anderson chart:

> To the extent not disclosed, this limitation would have been obvious in light of Anderson alone, Anderson in combination with the knowledge of a person of ordinary skill in the art, Anderson in combination with *the other charted prior art references for the '483 patent*, *or Anderson in combination with the prior art set forth in Sections III.A ("Narrow Profile Ducted Speakers Were Well-Known"), and III.C ("Varying the Shape of the Duct Was Well-Known") of Apple's Invalidity Contentions*. A person of ordinary skill in the art would have been motivated to combine Anderson with these disclosures and/or the knowledge of a person of ordinary skill in the art for the reasons set forth in Sections III.A ("Narrow Profile Ducted Speakers Were Well-Known"), III.C ("Varying the Shape of the Duct Was Well-Known"), and VI ("Reasons to Modify, Extend, or Combine Claimed Concepts").

Ex. 3 at 10-11 to Halpern Decl. (emphasis added).

Apple's disclosure is vague. For example, the phrase "the other charted prior art references" is unclear. Does it refer to any, some, or all of the charted prior art references for the '483 patent? Similarly, does the phrase "Anderson in combination with the prior art set forth in Sections III.A ("Narrow Profile Ducted Speakers Were Well-Known"), and III.C ("Varying the Shape of the Duct Was Well-Known") of Apple's Invalidity Contentions" mean that any (or just some) of the prior art discussed in these sub-sections can be combined with the Anderson patent? Moreover, to the extent that Apple's approach involves grouping of prior art, Apple must explain which prior art references fall in a particular group, as well as the theory of obviousness for combinations from particular groups. In short, Apple can and must be more specific.

Citing to *KRS International Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007), Slot Speaker argues that Apple's contentions also do not comply with Rule 3-3(b) because they do not disclose why a person of ordinary skill in the arts would be motivated to combine the alleged items of prior art. *KRS International Co.* does not address local rule disclosure requirements. At issue was whether the Federal Circuit properly denied summary judgment to an alleged infringer who asserted that the patent was invalid on the grounds of obviousness. In its discussion, the Supreme Court rejected a "rigid approach" to obviousness, and acknowledged that "it can be important to identify a reason that would have prompted a person of ordinary skill in the relevant field to combine the

elements in the way the claimed new invention does." *Id*. at 415, 418-19. It is quite a stretch for Slot Speaker to argue that this discussion in *KRS International Co.* stands for the proposition that a party must disclose a motivation to combine as part of its obviousness contentions under our local rules.

At least one court in this district concluded that our patent local rules do not require that an explanation of obviousness include the motivations to combine. *See Fujifilm Corp*., 2015 WL 757575, at *31. In *Fujifilm Corp*., the patentee moved to strike portions of an expert's report containing previously undisclosed explanations of motivations to combine certain prior art references. The patentee argued that Rule 3-3(b) requires an alleged infringer to disclose motivations to combine as part of its obviousness contentions because motivation is relevant to determining obviousness. *Id*. The court rejected this argument. It began by examining the text of Rule 3-3(b). The court noted that although a prior version of Rule 3-3(b) required a party to disclose the motivation to combine prior art references as part of its obviousness contentions, the current version of the rule does not.[1] *Id*. The court went on to explain that, while motivation to combine may be relevant to the obviousness inquiry, the "patent local rules do not mandate the disclosure of all evidence relevant to an accused infringer's invalidity theories," and the patent rules, while intended to have parties crystallize theories of the case early on, "are not designed to force parties to produce, far in advance of trial, all evidence they tend to offer in support of their legal theories." *Id*. at *32 (citation and internal quotation marks omitted).

This court agrees with the reasoning set forth in *Fujifilm Corp*. The patent local rules require disclosure of specific invalidity theories, but do not compel disclosure of all evidence relevant to proof of those theories. Thus, while motivation to combine may be relevant to establishing Apple's theory of obviousness, Rule 3-3(b) does not require Apple to reveal this information in its obviousness contentions.

In conclusion, the court grants Slot Speaker's motion to strike Apple's obviousness contentions, with leave to amend consistent with the discussion above.

---

[1] Slot Speaker concedes, as it must, that the current version of Rule 3-3(b) does not require a party to disclose motivations to combine. Reply at 13.

14

### C. Disclosure of Additional Prior Art References

Apple's invalidity contentions include approximately 500 uncharted references to various patents, publications, and other items. *See* Ex. 11 at pp.75-99 to Halpern Decl. At the hearing, Apple explained that it included these references solely as background on the state of the art, and that it will not rely on any of them as invalidating prior art. 12/8/16 Hearing Trx. at 23:14-24:16. However, Apple's representation at the hearing is at odds with its invalidity contentions, which presently state that the 500 references are disclosed as "prior art," either for anticipation or obviousness. Ex. 11 at pp.75-99 to Halpern Decl. The court orders Apple to amend its contentions to specifically state that these references are for background use only, and will not be relied upon as invalidating prior art. *See Finjan, Inc. v. Sophos, Inc.*, No. 14-CV-01197-WHO, 2016 WL 2988834, at *12 (N.D. Cal. May 24, 2016) (permitting the use of a "previously undisclosed reference to be used as background material" as long as the reference is "not asserted as [an] invalidating prior art reference").

### D. Leave to Amend

As discussed in this order, the court strikes certain of Apple's invalidity contentions with leave to amend. Slot Speaker argues that Apple should not be given the opportunity to amend because it cannot demonstrate good cause. According to Slot Speaker, Apple refused to amend its contentions despite Slot Speaker's repeated requests, and thus willfully flouted the local rules.

The cases relied upon by Slot Speaker are inapposite. They occur in the context of a party formally moving to amend its contentions to add newly discovered information, not where, as here, a party requests leave to amend its *existing* contentions to comply with the disclosure rules in response to a motion to strike. *See*, *e.g.*, *West v. Jewelry Innovations, Inc.*, No. C071812 JF (HRL), 2008 WL 4532558, at *1 (N.D. Cal. Oct. 8, 2008) (denying defendant's motion to amend its preliminary invalidity contentions); *Allure Energy, Inc. v. Nest Labs, Inc.*, 84 F. Supp. 3d 538, 540 (E.D. Tex. 2015) (denying defendant's motion for leave to amend its invalidity contentions for lack of good cause); *MyMedicalRecords, Inc. v. Walgreen Co.*, No. 2:13-CV-00631-ODW, 2013 WL 6834639, at *1 (C.D. Cal. Dec. 23, 2013) (denying defendant's motion to amend its unauthorized amendments to its invalidity contentions, and granting motion to strike because

defendant did not timely seek a court order to amend its invalidity contentions and did not demonstrate good cause for the amendments); *Zest IP Holdings, LLC v. Implant Direct MFG, LLC*, No. 10CV0541-GPC-WVG, 2014 WL 358430, at *1 (S.D. Cal. Jan. 31, 2014) (denying defendant's motion for reconsideration, its renewed motion to amend its invalidity contentions, and its motion to further amend its invalidity contentions).

Neither Rule 3-6, nor the cases cited by Slot Speaker, stand for the proposition that a party requesting leave to amend in response to a motion to strike must make the same showing of "good cause" that it would be required to make if formally moving to amend its contentions to add newly discovered information.

To the extent Slot Speaker argues that leave to amend should be denied because it was prejudiced during claim construction due to Apple's deficient contentions, Slot Speaker conceded at the hearing that it received Apple's invalidity contentions three months prior to claim construction. Slot Speaker therefore could have filed this motion before claim construction. 12/8/16 Hearing Trx. at 11:19-12:7.

## IV. CONCLUSION

In conclusion, Slot Speaker's motion is granted in part and denied in part. Within 14 days, Apple shall amend its invalidity contentions in a manner consistent with this order.

**IT IS SO ORDERED.**

Dated: January 19, 2017



Donna M. Ryu
United States Magistrate Judge