UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SLOT SPEAKER TECHNOLOGIES, INC., <br> Plaintiff, <br> v. <br> APPLE, INC., <br> Defendant. | Case No. 13-cv-01161-HSG   (DMR) <br><br> **ORDER RE DEFENDANT APPLE, INC.'S MOTION FOR SANCTIONS AND PLAINTIFF SLOT SPEAKER TECHNOLOGIES, INC.'S CROSS-MOTION TO RE-DESIGNATE DEPOSITION TESTIMONY** <br><br> Re: Dkt. Nos. 142, 162 |

Defendant Apple, Inc. ("Apple") moves for sanctions in the amount of $30,800.00 for attorneys' fees and expenses incurred in connection with its deposition of Peter Vasay, Plaintiff Slot Speaker Technologies, Inc. ("Slot Speaker")'s Rule 30(b)(6) corporate designee. [Docket No. 145]. Slot Speaker opposes, and cross-moves to re-designate Vasay's Rule 30(b)(6) deposition as testimony taken pursuant to Rule 30(b)(1). [Docket No. 162]. Having considered the parties' submissions and oral argument, the court **GRANTS** Apple's motion in part, and orders Slot Speaker to pay monetary sanctions in the amount of $3,363.00. Slot Speaker's cross-motion is **DENIED**.

## I.     FACTS AND PROCEDURAL HISTORY

The facts relevant to this dispute are as follows.

On March 2, 2016, Apple served Slot Speaker with a Rule 30(b)(6) deposition notice seeking a corporate witness to testify on Slot Speaker's behalf on a variety of topics. Slot Speaker designated Vasay, its Senior VP of Technology Operations, as its witness on numerous topics, including the claimed inventions of the Patents-In-Suit, Slot Speaker's work with third parties that practiced the Patents-In-Suit, and patent marking.

The parties met and conferred on dates for various Slot Speaker witnesses, including Vasay's 30(b)(6) deposition and the individual deposition of Lawrence Fincham, who is the

named inventor of the Patents-In-Suit. The parties agreed on June 17, 2016 for Vasay's 30(b)(6) deposition and June 22, 2016 for Fincham's 30(b)(1) deposition. Once a date was set for Vasay's 30(b)(6) deposition, Apple served a notice setting his individual (i.e., 30(b)(1)) deposition for the same day.

On June 17, 2016, Apple took Vasay's deposition pursuant to Rules 30(b)(1) and 30(b)(6). It is undisputed that Vasay was unable to answer many questions on topics for which he was designated as Slot Speaker's 30(b)(6) witness. *See, e.g.,* Ex. 6 to Tallon Decl. at 2 (July 8, 2016 e-mail from Eric Wesenberg, counsel for Slot Speaker, to Nina Tallon, counsel for Apple) ("We do not and have never challenged the assertion that Mr. Vasay did not perform consistent with his obligations as a 30(b)(6) witness and that this caught us all by surprise.").

Slot Speaker's counsel e-mailed Apple's counsel immediately following Vasay's deposition. Slot Speaker acknowledged that Vasay was unable to provide testimony on many topics for which he was designated as its 30(b)(6) witness, and informed Apple that it could pursue these topics with Fincham during his deposition. *Id*. Slot Speaker then announced that Fincham's testimony would constitute the testimony of Slot Speaker on those topics. *Id*. Apple objected to Slot Speaker's unilateral designation of Fincham's testimony as the testimony of Slot Speaker, and maintained that Vasay's testimony was binding on Slot Speaker and that Apple intended to seek sanctions for the time and resources spent on Vasay's deposition.

Apple deposed Fincham on June 22, 2016. Apple marked its 30(b)(6) deposition notice as an exhibit to Fincham's deposition and asked him questions relating to topics in the 30(b)(6) notice.

Following Fincham's deposition, the parties continued to meet and confer about Apple's request for sanctions for Vasay's 30(b)(6) deposition, and appeared to be on their way to a compromise on the sanctions amount. *See* Ex. 6 to Tallon Decl. at 6 (June 29, 2016 e-mail from Tallon to Wesenberg). While it is not entirely clear what happened next, it appears that Slot Speaker expressed a willingness to pay $30,800.00 as the sanctions payment on the condition that Vasay's testimony would not be considered the testimony of Slot Speaker, at which point the parties reached an impasse.

Apple thereafter filed the instant motion for sanctions requesting an award of $30,800.00. [Docket No. 142].

## II. LEGAL STANDARD

Rule 30(b)(6) requires a corporation to designate a deponent sufficiently knowledgeable to testify on the corporation's behalf "about information known or reasonably available to the corporation." Fed. R. Civ. P. 30(b)(6). "When a party notices topics for deposition, the corporation must 'not only produce such number of persons as will satisfy the request, but more importantly, prepare them so that they may give complete, knowledge[able], and binding answers on behalf of the corporation.'" *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 289 (N.D. Cal. 2015) (quoting *Guifu Li v. A Perfect Day Franchise, Inc.*, No. 10–CV–01189–LHK, 2011 WL 3895118, at *2 (N.D. Cal. Aug. 29, 2011) (citation omitted)); *see also AngioScore, Inc. v. TriReme Med., Inc.*, No. 12-CV-03393-YGR, 2015 WL 4040388, at *23 (N.D. Cal. July 1, 2015) ("A Rule 30(b)(6) deposition notice serves a unique function: it is the sworn corporate admission that is binding on the corporation.") (citation omitted).

Rule 37 authorizes sanctions if a party or a person designated under Rule 30(b)(6) fails to appear for that person's deposition. Fed. R. Civ. P. 37(d)(1)(A)(i); *see also Lofton*, 308 F.R.D. at 289 ("Sanctions are available under Rule 37(d)(1)(A)(i) when 'the failure to produce an adequately prepared witness pursuant to Rule 30(b)(6) is tantamount to a failure to appear.'") (quoting *JSR Micro, Inc. v. QBE Ins. Corp.*, No. C–09–03044 PJH (EDL), 2010 WL 1957465, at *2 (N.D. Cal. May 14, 2010) (citation omitted). Pursuant to this rule, failing to appear for a deposition can result in a sanction of reasonable expenses caused by the failure, "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

## III. DISCUSSION

### A. Failure to Appear

Since it is undisputed that Slot Speaker produced a witness who was unable to adequately testify on its behalf, the court finds that Slot Speaker failed to appear for its properly noticed deposition. *See Avago Techs., Inc. v. IPtronics Inc.*, No. 5:10-CV-02863-EJD, 2015 WL 2395941,

3

1  at *2, 5 (N.D. Cal. May 19, 2015) (sanctions warranted under Rule 37(d)(1)(A)(i) where 30(b)(6)
2  deponent "could not speak to nine of the 24 noticed topics"); *JSR Micro, Inc.*, 2010 WL 1957465,
3  at *3 (sanctions warranted under Rule 37(d)(1)(A)(i) where 30(b)(6) deponents were not
4  prepared); *see also Coryn Grp. v. O.C. Seacrets*, 265 F.R.D. 235, 239–40 (D. Md. 2010) (cited in
5  *JSR Micro, Inc.*) (sanctions appropriate where corporation failed to provide an adequately
6  prepared 30(b)(6) deponent; witness "professed a lack of knowledge in response to questions
7  asked during deposition on the vast majority of topics on which he was designated to testify").
8  Under Rule 37, this court may award Apple reasonable expenses including attorneys' fees incurred
9  as a result of Slot Speaker's failure to appear for its deposition "unless the failure was
10 substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P.
11 37(d)(3).

12 Slot Speaker argues that it would be unjust for this court to award sanctions because its
13 counsel undertook extensive efforts to prepare Vasay for his deposition. According to Slot
14 Speaker, counsel spent over 70 hours with Vasay over the course of nine meetings during an
15 almost three-month period, gave Vasay a binder of 40 documents to review, and instructed him to
16 speak with other employees who possessed relevant knowledge. The fact that Vasay's testimony
17 did not reflect Slot Speaker's extensive preparation of him does not render an award of sanctions
18 unjust. Slot Speaker made a strategic choice to designate Vasay to testify on its behalf, instead of
19 someone else such as Fincham, the inventor of the Patents-in-Suit. To the extent that Slot Speaker
20 argues that it was not feasible to designate Fincham as its 30(b)(6) deponent given his age, health,
21 and travel schedule, *see* Opp'n [Docket No. 162] at 12, its assertion is undercut by the fact that
22 Fincham was deposed only a few days after Vasay. *See* Ex. E to Wesenberg Decl. (30(b)(1)
23 deposition notice for Fincham). Additionally, it is hard to believe that Slot Speaker spent over 70
24 hours preparing Vasay without developing some inkling of Vasay's potential deficiencies as a
25 deponent. If it had concerns, it could and should have designated a more suitable witness.

26 Slot Speaker also argues that it cured any prejudice to Apple by immediately offering
27 Fincham as a substitute 30(b)(6) deponent. The fact that the prejudice to Apple was mitigated, in
28 part, by a substitute 30(b)(6) deponent does not erase the reality that Apple had to depose two

4

witnesses for information it should have been able to obtain from just one.

Since Slot Speaker's failure to appear was not substantially justified and there are no circumstances that would render the award of sanctions unjust, the court finds that an award of sanctions is appropriate. *See* Fed. R. Civ. P. 37(d)(3).

### B. Amount of Sanctions

Rule 37 authorizes an award of reasonable expenses including attorneys' fees caused by Slot Speaker's failure to appear for its deposition. *See* Fed. R. Civ. P. 37(d)(3). Apple requests sanctions in the amount of $30,800.00. [Docket No. 142]; *see also* Ex. 6 to Tallon Decl. (June 28 and 29, 2016 e-mails to and from Wesenberg and Tallon). Slot Speaker asserts that if Apple is entitled to a sanctions award, it should be no more than $3,228.48. Having reviewed the parties' submissions and arguments, the court finds it appropriate to award $3,363.00 in attorneys' fees.

With respect to the attorney time spent by Apple in Vasay's deposition, the court finds that some reduction is appropriate based on the fact that Vasay was deposed in both his individual and corporate representative capacity. The parties did not provide the court with reasonable estimates on the percentage of Vasay's deposition taken pursuant to Rule 30(b)(1) as opposed to Rule 30(b)(6). Apple estimates that the split between 30(b)(6) and 30(b)(1) testimony is 95% to 5%, while Slot Speaker asserts that a 40% reduction in Apple's fees to account for 30(b)(1) testimony is appropriate.[1] Since neither party provided the court with adequate support for its proposed split, the court will exercise its discretion and reduce the fees awarded to Apple by 50% to account for the portion of Vasay's deposition that could be construed as 30(b)(1) testimony.

The total attorney time for the two Apple attorneys who attended Vasay's deposition is $6,726.00 (6 hours for Vasay's deposition x 1,121.00 (combined hourly rate for Tallon ($652.00) and Pous ($469.00)). Applying a 50% reduction to the attorneys' fees, the court awards attorneys' fees to Apple in the amount of $3,363.00.

---

[1] Slot Speaker cites to *JSR Micro, Inc.*, 2010 WL 1957465, at *4. *JSR Micro, Inc.*, however, is not helpful because the district court did not specifically explain how or why it reduced the plaintiffs' fee award by 40% to account for the fact that plaintiffs obtained individual 30(b)(1) testimony from the 30(b)(6) witnesses.

5

With respect to vendor costs, travel costs, and travel time, Apple seeks all costs associated with Vasay's deposition because, according to Apple, Vasay's deposition was essentially a waste of time. This is belied by the fact that Apple also argues that Vasay's testimony, while inadequate, is nevertheless binding on Slot Speaker. Apple cannot have it both ways. If Apple had taken the position that Vasay's 30(b)(6) testimony was unusable, then perhaps an award of at least some of these costs would be fair. However, Apple has made it clear that it intends to use Vasay's 30(b)(6) testimony. Therefore, his deposition clearly was not a waste in Apple's view. Moreover, Apple would have already incurred the vendor costs, travel costs, and attorney travel time to take Vasay's 30(b)(1) deposition. Finally, Apple was already scheduled to take Fincham's deposition on June 22, 2016, so it did not have to incur any additional costs or expense in deposing Fincham on its 30(b)(6) topics.

Accordingly, the court declines to reimburse Apple for it vendor and travel costs, and attorney travel time.

### C. Request to De-Designate Testimony

In an attempt to avoid the effects of Vasay's 30(b)(6) testimony, Slot Speaker seeks to unbind itself from Vasay's testimony. Slot Speaker did not cite any cases in support of its extraordinary request, and conceded at the hearing that it could not find any case in which a court permitted a party to de-designate 30(b)(6) deposition testimony. Since there is no authority to support Slot Speaker's request, the court denies it.

## IV. MOTIONS TO SEAL

Apple moves to file under seal portions of its Motion for Sanctions, portions of the Declaration of Nina S. Tallon, and Exhibits 5, 8, and 9-13 of the Tallon Declaration. [Docket No. 141]. Exhibits 5 and 8 are excerpts of deposition testimony of Slot Speaker witnesses which have been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY by Slot Speaker pursuant to the Protective Order in this matter. Having reviewed these materials, the court finds good cause to seal Exhibits 5 and 8 to the Tallon Decl., and those portions of Apple's Motion for Sanctions that discuss information contained in Exhibits 5 and 8.

Exhibits 9 through 13 consists of counsel for Apple's receipts for various expenses incurred

in connection with Vasay's deposition including airline tickets, rental cars and taxis, hotels, a deposition videographer and the deposition video, copying costs for exhibits for the deposition, and the deposition transcript. While the court finds good cause to seal portions of documents containing or discussing the private information of Apple's attorneys such as credit card numbers, phone numbers, personal account numbers, and e-mail addresses, it does not find good cause to seal documents containing or discussing its counsels' hourly rates and the rates it negotiates with certain litigation vendors, particularly where, as here, Apple seeks an award of reasonable expenses and attorneys' fees. Therefore, the court grants in part and denies in part Apple's motion to seal.

Apple also moves to file under seal portions of its Reply Brief and Exhibits 15, 19-21, and 23 attached to its Reply Brief that discuss or contain information that has been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by Slot Speaker pursuant to the Protective Order in this matter. [Docket No. 164]. Exhibits 15, 19-21, and 23 are excerpts from the depositions of various Slot Speaker witnesses which have been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY by Slot Speaker pursuant to the Protective Order in this matter, and Slot Speaker's supplemental interrogatory responses which contain or discuss information designated as CONFIDENTIAL or HIGHLY-CONFIDENTIAL-ATTORNEYS' EYES ONLY by Slot Speaker. Having reviewed the material submitted and the accompanying Declaration of Christine Capuyan, the court finds good cause to grant Apple's motion.

Slot Speaker moves to file under seal portions of Exhibits C, M, N, and P to the Declaration of Eric L. Wesenberg. [Docket Nos. 161, 175]. Exhibits C, M, and P are excerpts from the deposition transcript of various Slot Speaker witnesses including its 30(b)(6) witnesses, which have been designated CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to the Protective Order. [Docket Nos. 161, 175]. Exhibit N is Slot Speaker's supplemental interrogatory response which contains or discusses information that has been designated by Slot Speaker as CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to the Protective Order. [Docket No. 161]. Having reviewed the material submitted and the

accompanying Declarations of Andrew N. Klein, the court finds good cause to grant Slot Speaker's motions.

## V. CONCLUSION

In conclusion, this court grants Apple's motion for sanctions and awards Apple sanctions in the amount of $3,363.00.

The court also grants Docket Nos. 161, 164, and 175 and grants in part and denies in part Docket No. 141 for the reasons discussed above. Within seven days of the date of this order, Plaintiff shall file revised copies of Exhibits 9 through 13 to the Declaration of Nina S. Tallon in Support of Apple Inc.'s Motion for Sanctions [Docket No. 143] consistent with this order and an unredacted copy of the Declaration of Nina S. Tallon in Support of Apple Inc.'s Motion for Sanctions [Docket No. 143].

**IT IS SO ORDERED.**

Dated: January 27, 2017



Donna M. Ryu
United States Magistrate Judge