| | |
|---|---|
| Eric L. Wesenberg, Bar No. 139696<br>EWesenberg@perkinscoie.com<br>Christopher L. Kelley, Bar No. 166608<br>CKelley@perkinscoie.com<br>Kenneth J. Halpern, Bar No. 187663<br>KHalpern@perkinscoie.com<br>Victoria Q. Smith, Bar No. 236045<br>VSmith@perkinscoie.com<br>Andrew N. Klein, Bar No. 300221<br>AKlein@perkinscoie.com<br>Christian Lee, Bar No. 301671<br>CLee@perkinscoie.com<br>PERKINS COIE LLP<br>3150 Porter Drive<br>Palo Alto, CA 94304-1212<br>Telephone: (650) 838-4300<br>Facsimile: (650) 838-4350<br><br>*Attorneys for Plaintiff*<br>SLOT SPEAKER TECHNOLOGIES, INC. | Mark D. Selwyn (SBN 244180)<br>Mark.Selwyn@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>950 Page Mill Road<br>Palo Alto, CA 94304<br>Telephone: (650) 858-6000<br>Facsimile: (650) 858-6100<br><br>Nina S. Tallon (*pro hac vice*)<br>Nina.Tallon@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>1875 Pennsylvania Avenue, NW<br>Washington, DC 20006<br>Telephone: (202) 663-6000<br>Facsimile: (202) 663-6363<br><br>Jason H. Liss (*pro hac vice*)<br>Jason.Liss@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Telephone: (617) 526-6000<br>Facsimile: (617) 526-5000<br><br>*Attorneys for Defendant*<br>APPLE INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SLOT SPEAKER TECHNOLOGIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No. 4:13-CV-01161-HSG (DMR)<br><br>**JOINT CASE MANAGEMENT STATEMENT PURSUANT TO COURT'S ORDER OF FEBRUARY 28, 2017** |

**SST's Opening Statement**: The Federal Circuit's decision on appeal from the Board removes claims 1-3 of the '483 patent from the case. The decision has no impact beyond these claims. Twenty-nine claims remain asserted in the case—17 claims of the '483 patent and 12 claims of the '340 patent. The Federal Circuit opinion has no direct or collateral estoppel effect on any issue before the Court. The opinion has little substantive relevance to this case due to the narrow purview of the arguments before it, the differences in claim language and scope between '483 claims 1-3 and the remaining claims in suit, the fact that various limitations of the remaining claims were not at issue in the IPR, differences in the record before the Board and before this Court, and the different standards of proof and claim construction applicable to IPR proceedings.

**Apple's Opening Statement**: In *Slot Speaker Techs., Inc. v. Apple Inc.*, No. 2015-2038 (Fed. Cir. Feb. 17, 2017) ("*SST*"), the Federal Circuit (1) affirmed the decision of the Patent Trial and Appeal Board that claims 1 and 2 of the asserted '483 patent are unpatentable as obvious over the combination of two prior art references, and (2) held that claim 3 of the '483 patent is unpatentable over the same combination. The Federal Circuit relied on the combination of Sadaie (an international patent application filed in 2000 that discloses a "small-sized speaker system with a narrow-profile configuration and a speaker driver positioned perpendicular to a sound duct" (*SST* at 6-7)), and Tomonori (a European patent application filed in 1996 that is generally directed to a ducted television speaker) and found the combination to render unpatentable every asserted claim as to which it was raised in Apple's *Inter Partes* Review petitions.[1]

Claims 1-3 of the '483 patent recite almost all the limitations found in the other 29 asserted claims. For example, claims 1-3 of the '483 patent entirely subsume claims 1 and 29 (i.e., both asserted independent claims) of the '340 patent, and the only meaningful distinction between claim 1 of the '483 patent and the other asserted independent claims of the '483 patent is that the other claims recite a "groundplane" speaker system (which at least Sadaie discloses). Further, Sadaie and/or Tomonori disclose or render obvious the few remaining limitations in other asserted claims. The Federal Circuit's holding that "there is a sufficient teaching or motivation to

---

[1] In its IPR petitions, Apple did not rely on the Sadaie/Tomonori combination in relation to any claims of the '483 patent other than 1-3, or in relation to any claims of the asserted '340 patent.

combine Sadaie and Tomonori" (*SST* at 11) thus portends an ultimate finding of invalidity as to all 32 asserted claims. Nevertheless, SST apparently intends to press forward as to all 32.[2]

Upon issuance of the Federal Circuit's *SST* mandate,[3] SST will be estopped from continuing to assert '483 patent claims 1-3. Regardless, SST's continued assertion of all 32 claims—particularly in the face of the substantial likelihood that all will be found invalid—would impose significant and unjustified burdens on the parties—including expert reports and depositions currently scheduled for July-August 2017—and is unnecessary to the ultimate resolution of this case. Indeed, courts have routinely required patentee plaintiffs to select fewer claims. *See, e.g.*, *Adobe Sys. Inc. v. Wowza Media Sys. LLC*, 2013 WL 9541126, at *1 (N.D. Cal. May 6, 2013) (and noting that "the court sees little reason to . . . rule on summary judgment motions that relate to claims that [Plaintiff] will not be asserting at trial").

*SST* thus warrants two modifications to the scope and schedule of this case. ***First***, Apple requests that the Court order SST to reduce the number of asserted claims from 32 to no more than eight within seven days of issuance of the *SST* mandate. ***Second***, Apple requests that the Court modify the case schedule such that opening expert reports are due the later of (1) July 1, 2017 (i.e., the current deadline (Dkt. 219)); and (2) 60 days from issuance of the *SST* mandate (with further corresponding schedule changes to be proposed by the parties if the *SST* mandate has not issued by May 1, 2017).

**SST's Responsive Statement**: Apple's CMC statement for the most part fails to address the question the Court asked regarding the effect of the Federal Circuit's decision on the scope of discovery and on the case schedule. Instead it seeks early summary judgment as to 21 claims. Apple's request is, both procedurally and on the merits—with due respect—utterly absurd.

Before one even reaches the merits Apple purports (in two pages) to present, the history of this case and the IPRs makes clear how inappropriate its request is. The Federal Circuit's deci-

---

[2] Pursuant to the Court's Order requesting that the parties provide their views of the effect of *SST* on "the scope and schedule of this action" (Dkt. 274), Apple inquired whether SST intends to withdraw its assertion of any claims. SST responded that it does not intend to do so at this time.
[3] The *SST* mandate will issue on approximately March 27, unless SST petitions for rehearing. If SST does so, and its petition is denied, the mandate will issue seven days after that denial.

sion considered 3 claims of the '483 Patent on the PTAB record relating to those claims. But those 3 claims were the only ones found unpatentable out of 25 that Apple challenged. Apple filed a petition for IPR of all 12 asserted claims of the '340 patent and the PTAB declined to institute review as to any of them. Apple's '483 petition challenged 13 claims and the PTAB denied institution as to 10 of them. In this action, under the *Phillips* most-correct-construction standard that applies in this Court, every claim construction Apple proposed was rejected and all but one of SST's constructions adopted verbatim, with the remaining construction (groundplane) substantively very close to SST's proposal. Further, the invalidity positions set forth in Apple's contentions were so vague, this Court struck them almost in their entirety. Yet Apple would have the Court believe that somehow its success on three claims, under a broader claim construction standard where only a subset of claim limitations were at issue (and a preponderance standard of proof instead of clear-and-convincing evidence), now establish that Apple's validity case against SST's remaining 29 claims is so strong as to warrant a forced 70% reduction of SST's claims.

Turning to the "merits," even the high-level response possible in the small available space for this submission shows the picture Apple paints is far off the mark. In the IPR, the proposed combination of Sadaie with Tomonori related solely to the addition of sound damping material—a limitation absent from most of the asserted claims. Apple's expert testified only as to the motivation to add that feature to Tomonori, on the express theory that Sadaie taught the general desirability of using sound damping material in a duct. But under this Court's construction, Tomonori lacks a "narrow sound duct," an issue that was never contested and not substantively addressed in the IPR (Tomonori also lacks a sound reflecting surface under the Court's construction)—and there is no evidence in the IPR record on the question of whether Sadaie teaches that feature or whether there would be a motivation to combine it with Tomonori. Because Tomonori's duct is straight, and much larger and longer (it has roughly 20 to 40 times the volume of Sadaie's duct), to incorporate Sadaie's small dimension would defeat Tomonori's stated purpose of producing full range sound for a television. In any case, such a combination would require entirely different motivation evidence from what was before the PTAB and the Federal Circuit. With regard to the "groundplane" limitation, Apple acknowledges that it is absent from

| | |
|---|---|
| 1 | '483 claims 1-3, but breezily asserts that "at least Sadaie discloses" it.  Yet Apple's invalidity |
| 2 | contentions do not, in charting the "groundplane" against Sadaie, identify any disclosure that even |
| 3 | *relates to* (much less shows) the ability of an audio unit to face a "flat reflecting surface that is |
| 4 | distinct from the internal reflecting surface immediately facing the drive unit."  (Dkt. 206 at 20.) |
| 5 | All the highlighted text in Apple's contentions describes the speaker facing either an internal |
| 6 | surface or another speaker.  Apple also, among other shortcomings, says nothing about other |
| 7 | limitations absent from claims 1-3, such as the sound output aperture sufficiently narrow to avoid |
| 8 | an interfering phase shift and the output aperture proximate the outer edge of the drive unit. |
| 9 | Although Apple's attempt to secure partial summary judgment of invalidity in its case |
| 10 | management statement is spurious and provides no grounds to force SST to unilaterally drop |
| 11 | claims, SST notes that such reductions are often agreed in exchange for a reduction of the accused |
| 12 | infringer's prior art.  However, Apple has never proposed negotiating such a mutual reduction |
| 13 | with SST.  SST is open to discussing a mutual narrowing of the case when discovery is complete. |
| 14 | **Apple's Responsive Statement**: SST's position that SST "removes" claims 1-3 of the '483 |
| 15 | patent is contrary to the parties' discussions (i.e., "SST will not be withdrawing claims in its |
| 16 | CMC update to the [C]ourt."), is incorrect ("removal" of claims requires a stipulation or other |
| 17 | mechanism), and does not sufficiently account for the effect of the Federal Circuit's decision. |
| 18 | SST's assertion that the Federal Circuit's decision has "no impact" on other claims reflects, at |
| 19 | best, a perfunctory analysis.  For example, SST does not explain how claims 1 and 29 of the '340 |
| 20 | patent could possibly be valid despite reciting only limitations included in claims 1-3 of the '483 |
| 21 | patent, and no additional limitations (such that they are also rendered obvious by the combination |
| 22 | of Sadaie and Tomonori).  Nor has SST provided such analyses in discovery.  SST's response to |
| 23 | Apple's Interrogatory No. 4 (which requests that SST "identify and describe in detail" the bases |
| 24 | "upon which [it] intends to rely to . . . support any assertions that the Asserted Claims are not |
| 25 | invalid") relies in part on SST's conclusory rejection of the susceptibility to combination of |
| 26 | Sadaie and Tomonori, and in part on its conclusory assertions that Sadaie and Tomonori do not |
| 27 | disclose any of the limitations of the asserted claims, but SST has ignored Apple's requests that it |
| 28 | supplement that response to address the Federal Circuit's rejection of those positions. |

Dated: March 7, 2017

| | |
|---|---|
| PERKINS COIE, LLP | WILMER CUTLER PICKERING HALE AND DORR LLP |
| */s/ Eric L. Wesenberg*<br>Eric L. Wesenberg | */s/ Nina S. Tallon*<br>Nina S. Tallon |
| Attorneys for Plaintiff<br>Slot Speaker Technologies, Inc. | Attorneys for Defendant<br>Apple Inc. |

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 7, 2017, a true and correct copy of the foregoing was served on all interested parties via electronic mail pursuant to Civil Local Rule 5-1(h).

*/s/ Eric L. Wesenberg*
Eric L. Wesenberg