UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SLOT SPEAKER TECHNOLOGIES, INC., <br> Plaintiff, <br> v. <br> APPLE, INC., <br> Defendant. | Case No. 13-cv-01161-HSG (DMR) <br><br> **ORDER RE DISCOVERY LETTERS** <br> Re: Dkt. Nos. 341, 342 |

Plaintiff Slot Speaker Technologies, Inc. ("SST") filed a unilateral discovery letter. [Docket No. 341]. SST moves to compel Defendant Apple, Inc.'s ("Apple") compliance with the court's May 25, 2017 order to produce all licenses related to the battery, the HD retina display, and the lightning connector components for the accused devices. Apple opposes. [Docket No. 342]. This matter is appropriate for resolution without oral argument. *See* Civ. L.R. 7-1(b). Having considered the parties' arguments and for the reasons set forth below, SST's motion is **DENIED**.

On April 5, 2017, the parties filed a joint discovery letter in which SST moved to compel Apple's production of licensing agreements for certain non-speaker components in Apple's allegedly infringing devices. [Docket No. 302]. On May 25, 2017, the court held a hearing and ordered Apple to produce "all licenses related to (1) the battery, (2) the HD retina display, and (3) the lightning connector components for the accused devices by no later than June 14, 2017." *See* 5/25/17 Minute Order [Docket No. 327].

In its unilateral letter, SST now complains that Apple produced only three licenses pursuant to the May 25, 2017 order. According to SST, this paltry production resulted from the fact that Apple unduly restricted its review to its patent license library and acquisition database. SST contends that by so confining its review, Apple improperly excluded other agreements, such as supplier agreements, which may contain responsive licenses. To that end, SST seeks an order requiring Apple to produce "all agreements (including without limitation component development

agreements, component purchase agreements, and supplier agreements) that contain intellectual property rights terms and conditions for the accused devices' battery, Retina display, and lightning connector, regardless of how the agreements are titled or what name Apple gives the file or storage system it uses." Discovery Letter at 1 [Docket No. 341].

SST's argument is unpersuasive. To begin with, SST's premise of an overly restrictive search by Apple appears to be incorrect. In its response to SST's unilateral letter, Apple represents to the court that it searched for all responsive licenses, regardless of the type or title of the agreement in which the license exists: "Apple searched its collection of hundreds of licenses for those that might relate to the technology of the components at issue. The compilation that Apple searched *is not limited to agreements with any particular titles or terminology*, and Apple's search included searching for the names of the entities SST identified." Apple's Response at 2 [Docket No. 342] (emphasis added).

To the extent that SST now seeks production not just of licenses, but of "all agreements that contain intellectual property rights terms and conditions," such a request is unsupported. The record is clear that SST only sought production of non-speaker licensing agreements. Its discovery letter only discussed licenses. *See* Docket No. 302. At the May 25, 2017 hearing, SST only requested production of non-speaker licenses or agreements containing licenses. When pushed to articulate a theory of relevance, SST argued that it needed to understand the structure of Apple's licenses – for example, whether they involve lump sums or running royalties – in order to craft its damages analyses. *See generally* May 25, 2017 Trx. [Docket No. 331]. SST's current request for "all agreements that contain intellectual property rights terms and conditions" goes well beyond what they originally asked for, and what the court ordered.

Accordingly, the court denies SST's motion.

**IT IS SO ORDERED.**

Dated: June 30, 2017



Donna M. Ryu
United States Magistrate Judge

2