UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SLOT SPEAKER TECHNOLOGIES, INC., <br> Plaintiff, <br> v. <br> APPLE, INC., <br> Defendant. | Case No.13-cv-01161-HSG <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO AMEND AND DENYING MOTIONS FOR ADMINISTRATIVE RELIEF** <br><br> Re: Dkt. Nos. 249, 251, 261 |

On July 11, 2013, Plaintiff Slot Speaker Technologies, Inc. (formerly THX, Ltd.) filed the currently operative first amended complaint against Defendant Apple, Inc., alleging infringement of two patents for "Narrow Profile Speaker Configurations and Systems": (1) United States Patent No. 7,433,483 (the "483 patent") and (2) United States Patent No. 8,457,340 (the "340 patent") (collectively, the "patents-in-suit"). Dkt. No. 12. On November 4, 2016, the Court issued its claim construction order, in which it construed six disputed claim terms. Dkt. No. 206.

Pending before the Court are several motions by both parties regarding their respective infringement and invalidity contentions. Dkt. Nos. 249, 251, 261. The Court finds these matters appropriate for disposition without oral argument and the matters are deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the motions are **DENIED** in part.

**I.     LEAVE TO AMEND COMPLAINT AND INFRINGEMENT CONTENTIONS**

Plaintiff seeks to amend its operative complaint and patent infringement contentions to add a willful infringement claim against Defendant and to conform its infringement contentions to the Court's claim construction order.

As a general rule, leave to amend a complaint should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the Court must also consider whether the

amendment is unduly delayed, would cause Defendant undue prejudice, is sought in bad faith, or is futile. *See Bowles v. Reade*, 198 F.3d 752, 757–58 (9th Cir. 1999). If the Court has "already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad." *See Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002).

However, the Patent Local Rules also "require parties to state early in the litigation and with specificity their contentions with respect to infringement and invalidity. The ability of parties to amend those contentions is restricted." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1359–60 (Fed. Cir. 2006). Patent Local Rule 3–6 provides that amendment of infringement contentions "may be made only by order of the Court upon a timely showing of good cause." Pat. L.R. 3–6.

### A. Willfulness Claim (Dkt. No. 249)

Plaintiff first seeks to amend its complaint and related infringement contentions to assert a claim for willful patent infringement, and enhanced damages under 35 U.S.C. § 284, based on Defendant's post-suit manufacturing and sale of products that allegedly infringe the patents-in-suit. *See* Dkt. No. 249. Plaintiff lists 14 new products that Defendant manufactured and brought to market despite having notice of its alleged infringing conduct when Plaintiff filed and served its complaint. *Id.* at 2.

First, based on the record, the Court finds that Plaintiff unduly delayed in seeking leave to amend and failed to act with the requisite diligence in asserting a willful infringement claim based on Defendant's post-suit conduct. As an initial matter, the Court notes that Plaintiff seeks to add this claim over three years after it filed its amended complaint. Moreover, as Plaintiff emphasizes in its motion, Defendant "released these products over a three-year span after the Complaint was filed." Dkt. No. 249 at 2. The first post-suit products that Plaintiff identifies are the iPhone 5c and iPhone 5s, which Plaintiff indicates were released in September 2013. *See* Dkt. No. 249 at 2. Plaintiff did not attempt to amend its complaint to add a willfulness claim based on these products for over three years. Plaintiff does not argue that it only recently discovered these infringing products. Nor could it. At least as early as November 2015, Plaintiff was aware of at least some of these products and requested that the Court grant leave for it to add them — the iPhone 6s,

2

iPhone 6s Plus, iPad Mini 4, and iPad Pro — to its infringement contentions. *See* Dkt. No. 52. In support of its motion, Plaintiff identified the products' precise release dates, ranging from September 4, 2015, to November 11, 2015, and indicated that "[d]ue to apparent high demand, [Plaintiff] was not able to obtain the iPhone 6s and iPhone 6s Plus until a few weeks after they were initially made available to the public . . . ." *Id.* at 2. The Court granted Plaintiff's request, Dkt. No. 53, yet Plaintiff did not seek to amend the complaint to add a willful infringement claim at that time. Then in December 2016, Plaintiff sought an order permitting it to amend its infringement contentions to add the iPhone 7 and the iPhone 7 Plus. *See* Dkt. No. 222. The Court granted the request. *See* Dkt. No. 228. But Plaintiff did not request to amend the complaint at that time either.

Plaintiff offers two explanations for its considerable delay, suggesting that the validity of its willfulness claim turned on two later developments: (1) the Supreme Court's 2016 decision in *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S. Ct. 1923, 1928 (2016); and (2) Defendant's "eroding" defenses, *see* Dkt. No. 69 at 2. The Court is not persuaded by either ground for delay. Plaintiff states that "*Halo* made it considerably easier to establish willful infringement by eliminating the former 'objective recklessness' bar to willfulness in cases where the defendant presented a legitimate defense to liability, regardless of the any other evidence." Dkt. No. 249 at 5 (citing *Halo*, 136 S. Ct. at 1932–36). But Plaintiff does not explain how the former "objective recklessness" standard precluded a cognizable willful infringement claim against Defendant for its post-suit conduct in this case. To the contrary, Plaintiff states that "[e]ven under the more stringent, former [*In re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. 2007)] standard, the allegation that [Defendant] knew of the Patents-in-Suit once the action was filed and persisted in infringing would be sufficient to state a claim." Dkt. No. 269 at 3. And in any event, the Supreme Court decided *Halo* over six months before Plaintiff filed its pending motion to amend its infringement contentions. The Court also is not persuaded by Plaintiff's argument that its delay can be explained by the evolving strength or weakness of Defendant's defenses. *See* Dkt. No. 269 at 5 ("[Defendant's] defenses have progressively and substantially weakened in the course of this case."). As Plaintiff takes pains to point out, under *Halo*, infringers

3

can no longer escape liability for enhanced damages by "muster[ing] a reasonable (even though unsuccessful) defense at the infringement trial." *Halo*, 136 S. Ct. at 1933.

Second, the Court is not persuaded by Plaintiff's conclusory assertion that Defendant would not be prejudiced by this amendment. The case has been pending for three years already and discovery — which the Court has extended several times — has already concluded. *See, e.g.*, *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). Further delaying the case is particularly unwarranted where, as here, Plaintiff has known about the facts and legal theories giving rise to its amendments since at least 2013. *Cf. Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir.1986).

And finally, the Court finds that as currently asserted, adding a willful infringement claim in this case would be futile. The Supreme Court in *Halo* emphasized the discretionary, flexible nature of enhanced damages under § 284, while nevertheless cautioning that "such punishment should generally be reserved for egregious cases typified by willful misconduct." Halo, 136 S. Ct. at 1934. The Court further noted that "[a] patent infringer's subjective willfulness, whether intentional or knowing, may warrant enhanced damages, without regard to whether his infringement was objectively reckless." *Id.* at 1933. Yet here, Plaintiff points to Defendant's post-suit manufacturing and sales as the exclusive evidence of Defendant's willful infringement. Plaintiff provides no specific factual allegations about Defendant's subjective intent or details about the nature of Defendant's conduct to render a claim of willfulness plausible, and not merely possible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Finjan, Inc. v. Cisco Sys. Inc.*, No. 17-CV-00072-BLF, 2017 WL 2462423, at *5 (N.D. Cal. June 7, 2017). Defendant's ongoing manufacturing and sales, on their own, are equally consistent with a defendant who subjectively believes the plaintiff's patent infringement action has no merit. Plaintiff has not cited a case that stands for the broad proposition that a defendant must cease all allegedly infringing conduct once a complaint is filed in order to avoid a willful infringement claim. *Cf. Halo*, 136 S. Ct. at 1936 ("[T]he Court's references to 'willful misconduct' do not mean that a court may award enhanced damages simply because the evidence shows that the infringer knew about the patent and nothing more.") (Breyer, J., concurring).

4

1 Because the Court declines to grant leave to amend the complaint there is no need to amend the infringement contentions to track the willfulness allegation. Accordingly, the motion is **DENIED** in its entirety.

**B.     "Groundplane Audio Speaker System" Construction (Dkt. No. 251)**

Plaintiff next seeks to amend its infringement contentions based on the Court's construction of "groundplane audio speaker system." In its November 4, 2016, claim construction order, the Court rejected both parties' interpretations and instead determined that the proper construction of the term is "an audio speaker with system with a drive unit that can be configured to face a groundplane, that is, a flat reflecting surface that is distinct from the internal reflecting surface immediately facing the drive unit." Dkt. No. 206 at 20. Under Patent Local Rule 3–6, Plaintiff must show that it has made a "timely showing of good cause" to warrant the amendment. Pat. L.R. 3–6. One example of a circumstance that "may, absent undue prejudice to the non-moving party, support a finding of good cause" is "[a] claim construction by the Court different from that proposed by the party seeking amendment." Pat. L.R. 3–6(a). Still, "good cause requires a showing of diligence." *O2 Micro*, 467 F.3d at 1366 (quotation omitted).

Consequently, "differing claim construction in and of itself does not constitute good cause [to amend invalidity contentions]." *Verinata Health, Inc. v. Sequenom, Inc.*, No. C 12-00865 SI, 2014 WL 789197, at *2 (N.D. Cal. Feb. 26, 2014) (quotation omitted). Rather, courts generally evaluate diligence from the time the parties exchanged proposed constructions. *Id.* At that time, the parties are "aware of the risk that the Court could adopt these constructions." *Id.* The Court nevertheless finds good cause here where the Court did not adopt the construction of "groundplane audio speaker system" proposed by either party. Plaintiff was therefore unaware of this construction until the Court issued its order. *Accord Apple Inc. v. Samsung Elecs. Co.*, No. 12-CV-0630-LHK PSG, 2013 WL 3246094, at *6 (N.D. Cal. June 26, 2013); *GPNE Corp. v. Apple Inc.*, No. 512CV02885LHKPSG, 2013 WL 6157930, at *2 (N.D. Cal. Nov. 22, 2013) (finding diligence where moving party "could not have anticipated the full scope of the amendments needed without the court's claims construction order before it," because it "departed" from the parties' proposed constructions). The parties also both agree that the amendment will not alter the

5

current case schedule. *See* Dkt. No. 251 at 3. Considering all the circumstances in this case, the unopposed motion is **GRANTED**.

## II. RELIEF FROM NONDISPOSITIVE PRETRIAL ORDERS

Plaintiff also seeks relief from an order by Magistrate Judge Ryu regarding Defendant's invalidity contentions. The Court finds that Judge Ryu's order is well-reasoned and legally correct, and accordingly **DENIES** the motion.

Under Federal Rule of Civil Procedure 72, a district judge may set aside a magistrate judge's non-dispositive pretrial order only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). "The magistrate's factual determinations are reviewed for clear error, and the magistrate's legal conclusions are reviewed to determine whether they are contrary to law." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010). A district court may overturn the "magistrate's factual determinations only if the court reaches a definite and firm conviction that a mistake has been committed." *Id.* (quotation omitted). "This standard is extremely deferential and the Magistrate's rulings should be considered the final decisions of the [d]istrict [c]ourt." *Otey v. CrowdFlower, Inc.*, No. 12-CV-05524-JST, 2013 WL 3456942, at *1 (N.D. Cal. July 8, 2013) (quotation omitted).

### A. Plaintiff's Motion to Strike Invalidity Contentions (Dkt. No. 261)

On January 19, 2017, Judge Ryu granted in part and denied in part Plaintiff's motion to strike Defendant's invalidity contentions. *See* Dkt. No. 248. Plaintiff now asserts that the order contained legal error because it did not require Defendant to disclose any "motivations to combine" in support of its obviousness contentions or establish good cause to amend its invalidity contentions.

Plaintiff first argues that the order violates Patent Local Rule 3-3(b), which requires invalidity contentions to contain:

> Whether each item of prior art anticipates each asserted claim or renders it obvious. If obviousness is alleged, *an explanation of why the prior art renders the asserted claim obvious*, including an identification of any combinations of prior art showing obviousness.

Pat. L.R. 3.3(b) (emphasis added). Plaintiff states that this obviousness explanation necessarily

must include the asserted motivations to combine. Yet as Plaintiff acknowledges, the current Rule does not specifically require parties to identify motivations to combine. *See* Dkt. No. 261 at 2. The explicit requirement to identify the motivation to combine in invalidity contentions was removed from the Patent Local Rules in 2008.[1] By its plain language, the Rule now only requires that a defendant's invalidity contentions include some explanation of why the prior art references render the plaintiff's asserted claims obvious. *Accord Fujifilm Corp. v. Motorola Mobility LLC*, No. 12-CV-03587-WHO, 2015 WL 757575, at *31 (N.D. Cal. Feb. 20, 2015). It does not, however, dictate what information constitutes a sufficient explanation of obviousness.

As the Magistrate Judge stated, at least one court in this district has analyzed the scope of Rule 3-3(b) as it pertains to identifying the motivation to combine in invalidity contentions. In *Fujifilm Corp. v. Motorola Mobility LLC*, the plaintiff brought a motion to strike portions of two expert reports that included motivation to combine explanations that had not been in the defendant's invalidity contentions. No. 12-CV-03587-WHO, 2015 WL 757575, at *31 (N.D. Cal. Feb. 20, 2015). The court framed the question before it as whether the Patent Local Rules require the disclosure of motivations to combine. *Id.* The court concluded they did not: "While [Patent L.R. 3-3(b)] requires the disclosure of some explanation of obviousness, it does not require that the explanation include motivations to combine." *Id.* Therefore, the Court denied Plaintiff's motion to strike the new motivation to combine explanations proffered by the defendant's experts. *Id.*

Plaintiff asserts that the 2008 amendment to Rule 3-3(b) was intended to broaden, not narrow, the required explanation of obviousness based on the Supreme Court's holding in *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 417 (2007). *See* Dkt. No. 261 at 2. The plaintiff in *Fujifilm* made a similar argument, relying on the same case, and the Court agrees with the district court's reasoning there that *KSR* is not on point. Although motivations to combine are certainly relevant to an obviousness inquiry, *see KSR*, 550 U.S. at 417 ("[I]t can be important to identify a

---

[1] The former version of the Rule stated that "[i]f a combination of items of prior art makes a claim obvious, each such combination, and *the motivation to combine such items*, must be identified." *O2 Micro*, 467 F.3d at 1359, n.4 (emphasis added).

7

1  reason that would have prompted a person of ordinary skill in the art to combine the elements as
2  the new invention does."), *KSR* involved substantive analysis at the motion to dismiss stage and
3  said nothing about what must be disclosed at the outset of a case in invalidity contentions. The
4  Court, therefore, agrees that Defendant must offer an adequate explanation of its invalidity
5  theories, but "[t]he patent local rules . . . do not compel disclosure of all evidence relevant to proof
6  of those theories." Dkt. No. 248 at 14.

Plaintiff also contends that the Magistrate Judge erred by granting Defendant leave to amend its invalidity contentions without first establishing Defendant had good cause to do so. The Court finds that Plaintiff too narrowly interprets the Magistrate Judge's order, and in any event, no mistake has been made. *Perry*, 268 F.R.D. at 348. In its motion to strike, Plaintiff argued that Defendant should not be granted leave to amend because it failed to comply with the Patent Local Rules. *See* Dkt. No. 157 at 24. The Magistrate Judge pointed out that Plaintiff cited no legal authority for such a sweeping limitation on granting leave to amend. Even now, the only case Plaintiff alleges is one in which this Court struck open-ended language such as "including but not limited to" from the plaintiff's infringement contentions, but explicitly left open the plaintiff's ability to seek leave to amend for later discovered conduct. *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2015 WL 1517920, at *12 (N.D. Cal. Apr. 2, 2015). Here, in contrast, the Magistrate Judge concluded that Defendant's invalidity contentions required more specificity to satisfy the Local Rules. *See generally* Dkt. No. 248. The Magistrate Judge did not, as Plaintiff would have it, conclude that any of Defendant's allegations were mere placeholders. Accordingly, *Finjan* is inapposite and Plaintiff provides no other authority that should prohibit the Magistrate Judge from granting leave to amend. Plaintiff's motion for administrative relief is therefore **DENIED**.

### III. CONCLUSION

Accordingly, the Court:

- **DENIES** Plaintiff's motion to amend its complaint and infringement contentions to add a willfulness claim;
- **GRANTS** Plaintiff's unopposed motion to amend its infringement contentions to

conform to the Court's construction of "Groundplane Audio Speaker System"; and

- **DENIES** Plaintiff's administrative motion for relief from the Magistrate Judge's order striking Defendant's invalidity contentions, but allowing leave to amend.

The current case schedule remains in effect. *See* Dkt. No. 351.

**IT IS SO ORDERED.**

Dated: 9/29/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge