UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SLOT SPEAKER TECHNOLOGIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>APPLE, INC.,<br><br>Defendant. | Case No. 13-cv-01161-HSG<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO POSTPONE BRIEFING**<br><br>Re: Dkt. No. 373 |

On October 1 and October 2, 2017, Defendant Apple, Inc. filed a motion for summary judgment as well as four *Daubert* motions to exclude the opinions of four of Plaintiff Slot Speaker Technologies, Inc.'s experts. *See* Dkt. Nos. 356, 361, 367, 369, 371. Defendant noticed all these motions for hearing on November 9, 2017. *Id.* The next day, in response, Plaintiff filed an administrative motion to postpone briefing and consideration of Defendant's *Daubert* motions until the Court's consideration of the parties' motions in limine at the pretrial conference. *See* Dkt. No. 373.

This delay, however, is inconsistent with the Court's Pretrial and Trial Standing Order, which states that "[t]he parties must frontload all evidentiary and legal disputes to the extent possible." And insofar as Plaintiff suggests that *Daubert* motions should be brought as motions in limine, the Court's standing order explicitly states that "[m]otions in limine cannot be used to . . . raise *Daubert* challenges unless the Court has specifically granted prior approval." Plaintiff's motion is therefore **DENIED**. The Court is not compelled to address pending motions at Plaintiff's convenience. If Plaintiff needs additional time to adequately respond to Defendant's motion for summary judgment and *Daubert* motions, Plaintiff should meet and confer with Defendant and file a stipulated briefing schedule and proposed order for the Court to review. In

any such meet and confer discussion, Defendant must be reasonable in agreeing to an appropriate proposed schedule in light of the nature and complexity of the motions.

**IT IS SO ORDERED.**

Dated: 10/4/2017

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge