Eric L. Wesenberg, Bar No. 139696
EWesenberg@perkinscoie.com
Christopher L. Kelley, Bar No. 166608
CKelley@perkinscoie.com
Victoria Q. Smith, Bar No. 236045
VSmith@perkinscoie.com
Wing H. Liang, Bar No. 285521
WLiang@perkinscoie.com
Andrew N. Klein, Bar No. 300221
AKlein@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA  94304-1212
Telephone:  650.838.4300
Facsimile:  650.838.4350

David J. Burman (*pro hac vice*)
DBurman@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Kenneth J. Halpern, Bar. No. 187663
ken.halpern@strismaher.com
STRIS & MAHER LLP
725 South Figueroa Street, Suite 1830
Los Angeles, CA  90017
Telephone: 213.995.6808
Facsimile: 213.261.0299

Attorneys for Plaintiff
SLOT SPEAKER TECHNOLOGIES, INC.

Mark D. Selwyn, Bar No. 244180
Mark.Selwyn@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA  94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

Nina S. Tallon (*pro hac vice*)
   Nina.Tallon@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC  20006
Telephone:  (202) 663-6000
Facsimile:  (202) 663-6363

Jason H. Liss (*pro hac vice*)
   Jason.Liss@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Attorneys for Defendant
APPLE INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| SLOT SPEAKER TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Case No. 4:13-cv-01161-HSG (DMR) <br><br> **JOINT PRETRIAL STATEMENT AND PROPOSED ORDER** |

Plaintiff Slot Speaker Technologies, Inc. ("SST") and Defendant Apple Inc. ("Apple") submit this Joint Pretrial Statement in advance of the March 6, 2018 Pretrial Conference.

## I.  SUBSTANCE OF THE ACTION

The parties to this action are SST, a corporation based in Burlingame, California, and Apple, a corporation based in Cupertino, California.

SST asserts that Apple's iPhone 5, iPhone 5s, iPhone 5c, iPhone 6, iPhone 6 Plus, iPhone 6s, iPhone 6s Plus, iPhone 7, and iPhone 7 Plus (collectively, the "Accused Products") infringe claims 1, 5, and 6 of U.S. Patent No. 8,457,340 (the "'340 patent") and claims 21 and 31 of U.S. Patent No. 7,433,483 (the "'483 patent") (collectively, the "Asserted Claims" of the "Asserted Patents").

Apple responds, and asserts counterclaims seeking declarations that, (a) none of the Accused Products infringes any of the Asserted Claims; and (b) the Asserted Claims are invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under one or more of 35 U.S.C. §§ 102, 103, and/or 112.

SST denies Apple's counterclaims.

The operative pleadings are the following: SST's First Amended Complaint for Patent Infringement (Dkt. 12); Apple's Answer, Defenses, and Counterclaims to Amended Complaint (Dkt. 26); and SST's Answer to Apple's Counterclaims (Dkt. 29).

## II.  RELIEF REQUESTED

A. SST requests the following relief:
    a. A judgment declaring that Apple has infringed the '340 and '483 patents;
    b. An award of damages in an amount adequate to compensate SST for Apple's infringement, consisting of at least a reasonable royalty;
    c. Any ongoing royalty owed SST for Apple's future infringement;
    d. A permanent injunction enjoining Apple and its respective officers, directors, agents, servants, affiliates, employees, divisions, branches,

           subsidiaries, parents, and all others acting in active concert from further infringing the '340 and '483 patents;

    e.    An award of prejudgment interest, costs, and attorneys' fees; and

    f.    Any further relief the Court deems just and proper.

  B.    Apple requests the following relief:

    a.    A judgment dismissing SST's complaint with prejudice;

    b.    A judgment in favor of Apple against SST;

    c.    A judgment declaring that the '340 patent has not been infringed by Apple;

    d.    A judgment declaring that the '340 patent is invalid;

    e.    A judgment declaring that the '483 patent has not been infringed by Apple;

    f.    A judgment declaring that the '483 patent is invalid;

    g.    A judgment declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding Apple its costs (including expert fees), disbursements, and reasonable attorneys' fees incurred in this action; and

    h.    Any further relief the Court deems just and proper.

## III.    UNDISPUTED FACTS

The parties stipulate to the following facts:

**Parties**

1.    Slot Speaker Technologies, Inc. ("SST") is a Delaware corporation having its principal place of business in Burlingame, California.

2.    Apple is a California corporation having its principal place of business in Cupertino, California.

**Patents-in-Suit**

3.    The U.S. patent application that led to the '340 patent was filed on August 12, 2011 and the patent issued on June 4, 2013.

4.    The '340 patent is entitled "Narrow Profile Speaker Configurations and Systems."

5.    SST asserts claims 1, 5, and 6 of the '340 patent against Apple.

6. The named inventor of the '340 patent is Lawrence R. Fincham.

7. The '340 patent claims priority to Patent Application No. 10/339,357, filed on January 8, 2003.

8. The effective filing date of the '340 patent is January 8, 2003.

9. The invention date of claims 1, 5, and 6 of the '340 patent is January 8, 2003.

10. The U.S. patent application that led to the '483 patent was filed on September 8, 2004 and the patent issued on October 7, 2008.

11. The '483 patent is entitled "Narrow Profile Speaker Configurations and Systems."

12. SST asserts claims 21 and 31 of the '483 patent against Apple.

13. The named inventor of the '483 patent is Lawrence R. Fincham.

14. The '483 patent claims priority to Provisional Application No. 60/331,365, filed on January 8, 2002.

15. The effective filing date of the '483 patent is January 8, 2002.

16. Mr. Fincham started at THX in 1996, and assigned his interest in the inventions claimed in the '340 and '483 patents to THX.

17. SST is the owner of the '340 and '483 patents.

**Accused Products**

18. SST accuses the following Apple products of infringing the Asserted Claims of the '340 patent: iPhone 5, iPhone 5c, iPhone 5s, iPhone 6, iPhone 6 Plus, iPhone 6s, iPhone 6s Plus, iPhone 7, iPhone 7 Plus.

19. SST accuses the following Apple products of infringing the Asserted Claims of the '483 patent: iPhone 5, iPhone 5c, iPhone 5s, iPhone 6, iPhone 6s, iPhone 6s Plus, iPhone 7, iPhone 7 Plus.[1]

20. The Accused Products were first sold in the following months:

    a. iPhone 5: September 2012;

---

[1] In addition, pending before the Court is SST's motion for leave to amend its infringement contentions to accuse the iPhone 6 Plus of infringing the Asserted Claims of the '483 patent. (Dkt. 315).

-3- JOINT PRETRIAL STATEMENT AND PROPOSED ORDER
NO. 4:13-CV-01161 (HSG) (DMR)

      b.    iPhone 5c: September 2013;

      c.    iPhone 5s: September 2013;

      d.    iPhone 6: September 2014;

      e.    iPhone 6 Plus: September 2014;

      f.    iPhone 6s: September 2015;

      g.    iPhone 6s Plus: September 2015;

      h.    iPhone 7: September 2016; and

      i.    iPhone 7 Plus: September 2016.

## IV. DISPUTED FACTUAL ISSUES

### *Agreed Identification of Disputed Factual Issues*

1. Whether the Accused Products include every limitation of one or more Asserted Claims literally or, with respect to the "straight path" limitation of claims 21 and 31 of the '483 patent, under the doctrine of equivalents.

2. Whether claims 21 and 31 of the '483 patent are entitled to a conception date of June 18, 2001.

3. Whether the following products qualify as prior art to the Asserted Claims:

      a.    Nokia 3310;

      b.    Nokia 3395; and

      c.    Nokia 6360.

4. The proper measure of any damages owed SST.

### *SST's Identification of Additional Disputed Factual Issues* [2,3]

---

[2] Apple disputes the relevance and accuracy of SST's identification of additional disputed facts. For example, (1) Apple disagrees with SST's characterization of the significance of prior art that was of record during prosecution of the Asserted Patents, i.e., "that art is more relevant than art that had been considered;" and (2) SST's description of Apple's asserted invalidity grounds omits assertions of anticipation and assertions of obviousness combinations that Apple has disclosed.

[3] Regarding item 2 in Footnote 2, SST invited Apple to revise SST's preliminary identification of Apple's asserted invalidity grounds to the extent necessary, but Apple declined. Apple instead proposed generic statements that do not identify the specific grounds on which it

5. Whether the prior art presented by Apple in this case had been considered by the United States Patent Office during prosecution of the '340 and '483 patents and how that art is more relevant than art that had been considered.

6. Whether each element of claims 21 and 31 of the '483 patent was previously disclosed in Robbins.

7. Whether claims 21 and 31 of the '483 patent would have been obvious to one of ordinary skill in the art over the following references and products:

    a. Anderson in combination with the knowledge of one skilled in the art;

    b. Villa in combination with the knowledge of one skilled in the art;

    c. Japanese Patent Application No. JPA H7-305443, JPN 9-149487 to Atochi ("Atochi") in combination with Robbins and the knowledge of one skilled in the art;

    d. Robbins in combination with the knowledge of one skilled in the art;

    e. Jackson in combination with Robbins and the knowledge of one skilled in the art;

    f. European Patent Application No. EP 0 744 880 to Tomonori ("Tomonori") in combination with Robbins and the knowledge of one skilled in the art;

    g. Sadaie in combination with Robbins and the knowledge of one skilled in the art;

    h. Onkyo Digital Theater Station GXW-5.1 ("Onkyo") in combination with Robbins; and

    i. Nokia 3310 in combination with Tomonori.

8. Whether claims 1, 5, and 6 of the '340 patent would have been obvious to one of ordinary skill in the art over the following references and products:

---

asserts invalidity, thus leaving it ultimate flexibility to assert any invalidity ground at trial that is supported by its previous disclosures, including of expert opinion.

      a.    Atochi in combination with Robbins and the knowledge of one skilled in the art;

      b.    Robbins in combination with Atochi and the knowledge of one skilled in the art;

      c.    Jackson in combination with Robbins and the knowledge of one skilled in the art;

      d.    Jackson in combination with Robbins, Atochi, and the knowledge of one skilled in the art;

      e.    Tomonori in combination with Robbins, Atochi, and the knowledge of one skilled in the art;

      f.    Sadaie in combination with Robbins and the knowledge of one skilled in the art;

      g.    Sadaie in combination with Robbins, Atochi, and the knowledge of one skilled in the art;

      h.    Onkyo in combination with Robbins and Atochi;

      i.    Nokia 3310 in combination with Tomonori;

      j.    Nokia 3395 in combination with Tomonori; and

      k.    Nokia 6360 in combination with Tomonori.

***Apple's Identification of Additional Disputed Factual Issues***

9.    Whether the Asserted Claims are invalid as anticipated.

10.    Whether the Asserted Claims are invalid as obvious.

11.    Whether the Asserted Patents are invalid for failure to name all inventors.

**V.    AGREED STATEMENT**

The parties agree that no part of the action may be presented upon an agreed statement of facts.

**VI.    STIPULATIONS**

The parties propose the following stipulations:

1. Unverified interrogatory responses are treated as if they were verified and thereby useable under the Federal Rules of Evidence to the same extent as verified interrogatory responses.

2. The parties shall disclose exhibits and demonstratives to each other by 7:00 p.m. the night before their expected use in direct examination; in the case of physical exhibits and demonstratives, this means informing the non-sponsoring party by 7:00 p.m. that the exhibits or demonstratives are available for inspection from 7:00 p.m. to 8:30 p.m. If the receiving party still objects to an exhibit or demonstrative, the parties shall meet-and-confer at 9:00 p.m. to resolve the dispute. If the parties fail to resolve the dispute, they shall present the dispute to the Court pursuant to ¶ 31 of the Court's Civil Pretrial and Trial Standing Order.

3. The parties shall not introduce evidence or argument that SST (or when called by its previous name, THX) is partially owned by foreign companies or that individuals who have any indirect ownership interest in SST or THX are foreigners.

## VII. WITNESSES TO BE CALLED

A. The parties intend to call at trial the witnesses listed in their respective witness lists attached hereto as Exhibits A and B, which incorporate certain objections to such disclosures.

*SST Proposal Regarding Disclosure of Witnesses*

B. The parties shall disclose witnesses, including witnesses to be called via deposition, and the order in which such witnesses will be called, by 3:00 p.m. the day before the witness being disclosed is expected to be called. For witnesses who will be called by deposition, the parties shall identify affirmative designations by 3:00 p.m. the day before the witness is to be called. Counter-designations and counter-counter designations are then due by 5:00 p.m. and 7:00 p.m., respectively. The parties shall meet-and-confer at 9:00 p.m. to resolve any remaining

1  dispute regarding deposition testimony.  If the parties fail to resolve the dispute, they shall present

2  the dispute to the Court pursuant to ¶ 31 of the Court's Civil Pretrial and Trial Standing Order.

3        ***Apple Proposal Regarding Disclosure of Witnesses***

4        C.     The parties shall disclose witnesses, including witnesses to be called via

5  deposition, the order in which such witnesses will be called, and, in the case of deposition

6  testimony, the specific testimony the offering party intends to present, by 10:00 a.m. the day

7  before the witness being disclosed is expected to be called.  In the case of deposition testimony,

8  the non-sponsoring party shall identify any counter-designations (which may include testimony

9  that was originally designated affirmatively by either party, as discussed further in § XII(C),

10 *infra*) by 5:00 p.m. the night before the testimony will be offered, and the sponsoring party shall

11 identify any counter-counter designations by 7:00 p.m. the night before the testimony will be

12 offered.  The parties shall meet-and-confer at 9:00 p.m. to resolve any dispute regarding

13 deposition testimony (in addition to exhibits and demonstratives, as noted above).  If the parties

14 fail to resolve the dispute, they shall present the dispute to the Court pursuant to ¶ 31 of the

15 Court's Civil Pretrial and Trial Standing Order.

16 **VIII.**   **EXHIBITS, SCHEDULES, AND SUMMARIES**

17       A.     SST intends to introduce into evidence the exhibits listed in Exhibit C.  SST does

18 not waive its objections to Apple's use of an exhibit by identifying it in Exhibit C.  SST reserves

19 the right to introduce any exhibit identified on Apple's exhibit list.

20       B.     Apple intends to introduce into evidence the exhibits listed in Exhibit D.  Apple

21 does not waive its objections to SST's use of an exhibit by identifying it in Exhibit D.  Apple

22 reserves the right to introduce any exhibit identified on SST's exhibit list.

23 **IX.**   **DISPUTED LEGAL ISSUES**

24       The following legal issues are disputed:

25       1.     Whether Apple has shown by clear and convincing evidence that one or more of

26 the Asserted Claims is invalid as obvious.  *See* 35 U.S.C. § 103.

27

28

2. Whether this is an exceptional case entitling either party to its costs (including expert fees), disbursements, and reasonable attorneys' fees incurred in this action. *See* 35 U.S.C. § 285.

### *Apple's Identification of Additional Disputed Legal Issues*[4]

3. Whether SST has shown by a preponderance of the evidence that Apple has infringed one or more of the Asserted Claims. See 35 U.S.C. § 271(a).

4. Whether Apple has shown by clear and convincing evidence that one or more of the Asserted Claims is invalid as anticipated. See 35 U.S.C. § 102.

5. Whether Apple has shown by clear and convincing evidence that the Asserted Patents are invalid for failure to name one or more inventors. See 35 U.S.C. § 102.

6. If one or more of the Asserted Claims is both valid and infringed, the total amount of "reasonable royalty" damages to which SST is entitled. *See* 35 U.S.C. § 284.

## X.   PENDING MOTIONS OR MATTERS

A. The following summary judgment motions are pending:

1. SST's Motion for Partial Summary Judgment of No Anticipation and No Obviousness With Respect to Certain Art (Dkt. 358); and
2. Apple's Motion for Summary Judgment of Non-Infringement (Dkt. 361).

B. The following motions to exclude expert testimony under *Daubert* are pending:

1. SST's Motion to Strike Portions of Expert Report and Exclude Expert Testimony of Dr. Chris Kyriakakis (Dkt. 437);
2. SST's Motion to Strike Portions of Expert Report of Charles L. Mauro (Dkt. 441);
3. SST's Motion to Strike Certain Opinions of James E. Malackowski (Dkt. 443);
4. Apple's Motion to Strike Opinions of Dr. Stephen Elliott (Dkt. 356);
5. Apple's Motion to Exclude Opinions of Michael Dansky (Dkt. 367);

---

[4] SST contends that these are factual, rather than legal, issues.

        6.     Apple's Motion to Exclude Opinions of Erin MacDonald (Dkt. 369); and

        7.     Apple's Motion to Exclude Opinions of Nisha Mody (Dkt. 371).

  C.     The following motions *in limine* are pending:

        1.     SST's Motions *in Limine* Nos. 1-4 (Dkts. 469-472); and

        2.     Apple's Motions *in Limine* Nos. 1-5 (Dkts. 462-464, 466-467).

  D.     The following miscellaneous motions are pending:

        1.     SST's Motion for Leave to Amend Infringement Contentions (Dkt. 315);

        2.     Apple's Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge (Dkt. 308); and

        3.     Apple's Motion to Strike Opinions of Dr. Elliott (Dkt. 356) (also referenced in § X(B) *supra*).

## XI.   BIFURCATION OR SEPARATE TRIAL OF ISSUES

The parties agree that no bifurcation or separate trial of issues is necessary.

## XII.   USE OF DISCOVERY RESPONSES

  A.     SST intends to introduce into evidence the discovery responses listed in Exhibit E.

  B.     Apple intends to introduce into evidence the discovery responses listed in Exhibit F. Apple further reserves the right to introduce any discovery response identified by SST in Exhibit E. By identifying these discovery responses, Apple is not waiving objections to SST's use of such discovery responses for any and all purposes.

  C.     SST's deposition designations, Apple's objections and counter-designations, SST's objections and counter-counter-designations, and Apple's objections to SST's counter-counter-designations are attached as Exhibit G. Apple's deposition designations, SST's objections and counter-designations, Apple's objections and counter-counter-designations, and SST's objections to Apple's counter-counter-designations are attached as Exhibit H. The parties reserve the right to supplement their designations and objections as appropriate. The parties disagree as to the format and level of detail of the deposition designations. SST proposed that (1) each counter and counter-counter designation indicate the affirmative designation and counter

1   designation, respectively, that it counters; and (2) at trial when a party chooses to present
2   affirmatively designated testimony, only the counter and counter-counter designations
3   specifically corresponding thereto may be selected to be shown with the affirmatively designated
4   testimony.  Apple's position is that identification of specific affirmative designations to which
5   counter-designations correspond (and specific counter-designations to which counter-counter-
6   designations correspond) is best addressed in the process of the parties' disclosure of testimony to
7   be presented at trial, as discussed in § VII, *supra*.  In addition, Apple's position is that in order to
8   minimize the possibility of deposition testimony for a particular witness being played separately
9   by both parties, a party presenting counter-designations at trial should be permitted to designate
10  testimony originally designated by either party.

11  **XIII.   ESTIMATE OF TRIAL TIME**

12         Trial is currently scheduled for:
13             Monday, March 19, 8:30 a.m. - 1:30 p.m.
14             Tuesday, March 20, 8:30 a.m. - 1:30 p.m.
15             Wednesday, March 21, 8:30 a.m. - 1:30 p.m.
16             Thursday, March 22, 8:30 a.m. - 1:30 p.m.
17             Friday, March 23, 8:30 a.m. - 1:30 p.m.
18             Monday, March 26, 8:30 a.m. - 1:30 p.m.
19             Tuesday, March 27, 8:30 a.m. - 1:30 p.m.
20             Wednesday, March 28, 8:30 a.m. - 1:30 p.m.
21             Thursday, March 29, 8:30 a.m. - 1:30 p.m.
22             Friday, March 30, 8:30 a.m. - 1:30 p.m.

23         The parties have agreed to equally divide trial time and to track each side's cumulative
24  time used for opening, closing, direct examination, cross examination, counter-designations to
25  depositions (except completeness designations), and objections.  Neither party will be assigned
26  time used for *voir dire*, instructions and other communications from the Court, and questions
27  from jurors.  The parties do not currently anticipate reducing total trial time through further
28

proposed stipulations, agreed statements of facts, or expedited means of presenting testimony or exhibits other than through the stipulations provided herein.

## XIV.   SETTLEMENT DISCUSSION

In January 2017, the parties attended a scheduled mediation with the Honorable James Ware (Ret.); the parties were unable to reach settlement.  They do not anticipate reaching settlement before trial.

## XV.   MISCELLANEOUS

None.

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues of fact and law remaining to be litigated, this order shall supplement the pleadings and govern the course of trial of this case, unless modified by the Court to prevent manifest injustice.

| | | |
|---|---|---|
| DATED: February 19, 2018 | By: | ___/s/ Eric L. Wesenberg___<br>Eric L. Wesenberg<br>PERKINS COIE LLP<br><br>*Attorney for Plaintiff*<br>*Slot Speaker Technologies, Inc.* |
| DATED: February 19, 2018 | By: | ___/s/ Nina S. Tallon___<br>Nina S. Tallon<br>WILMER CUTLER PICKERING<br>  HALE AND DORR LLP<br><br>*Attorney for Defendant Apple Inc.* |

**IT IS SO ORDERED**

DATED: _____

_____
Hon. Haywood S. Gilliam, Jr.
District Judge

**ATTESTATION OF E-FILED SIGNATURES**

Pursuant to Civil Local Rule 5-1(i)(3), counsel for SST has obtained the concurrence of Apple's counsel in the filing of this Joint Pretrial Statement and Proposed Order.

Dated: February 19, 2018                                       */s/ Eric L. Wesenberg*
                                                                               Eric L. Wesenberg

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 19, 2018 a true and correct copy of the foregoing was served on all interested parties via electronic mail pursuant to Civil Local Rule 5-1(h).

Dated:  February 19, 2018
                                                                              */s/ Eric L. Wesenberg*
                                                                                  Eric L. Wesenberg