Mark D. Selwyn (SBN 244180)
  Mark.Selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Nina S. Tallon (*pro hac vice*)
  Nina.Tallon@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

Jason H. Liss (*pro hac vice*)
  Jason.Liss@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| SLOT SPEAKER TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | **Case No. 4:13-cv-01161-HSG (DMR)** <br><br> **APPLE INC.'S OPPOSITION TO SST'S MOTION IN LIMINE NO. 4 RE: "SST'S INTERPRETATION" OF CLAIM TERMS** <br><br> Hearing Date: March 6, 2018 <br> Time: 3:00 p.m. <br> Courtroom: 2, 4th Floor <br> Judge: Hon. Haywood S. Gilliam, Jr. |

## I. INTRODUCTION

SST's Motion *in Limine* No. 4 (Dkt. 472) mischaracterizes Apple's intent and Dr. Kyriakakis' conclusions. The Court's claim constructions constitute the law of the case; Apple will treat them as such. It would be improper for Apple to argue to the jury that construed claim terms mean anything other than what the Court has ordered; Apple will not do so. Apple's technical expert, Dr. Kyriakakis, cannot demonstrate invalidity by comparing the accused iPhone speakers to the prior art; he will not attempt such a demonstration. And as SST concedes, "Apple can challenge SST's arguments under the Court's claim construction[s]." (Mot. 4.)

None of this, however, suggests that SST's motion is well-founded; to the contrary, SST's motion should be denied for two reasons. ***First***, SST's "shifting sands" approach—which the Court has rightly recognized as a "shell game"— necessitated Dr. Kyriakakis' alternative analyses, and has become ever clearer. ***Second***, SST's motion rests on a fundamentally misleading portrayal of Dr. Kyriakakis' conclusions; Dr. Kyriakakis did nothing more than provide an alternative analysis of invalidity based on the claim interpretations expressed in SST's infringement contentions, which is entirely proper.[1]

## II. ARGUMENT

### A. SST's Shifting Infringement Theories Necessitate Alternative Analyses

SST first raised the issue of Dr. Kyriakakis' analyses of "SST's apparent interpretations" nearly five months ago, in its Motion For Partial Summary Judgment Of No Anticipation And No Obviousness With Respect To Certain Prior Art. (Dkt. 358 ("SST MSJ").) In particular, SST sought partial summary judgment premised in part on the assertion that the Atochi and Sadaie prior art references, and Onkyo and Nokia prior art products, "do not anticipate under Dr. Kyriakakis' misattributed 'SST construction,'" and argued—as it does here—that Dr. Kyriakakis advanced an impermissible "practicing the prior art" theory. (*Id.* at 11-12.) In response, Apple

---

[1] To be clear, Apple's intention is not to preserve its ability to present Dr. Kyriakakis' alternative conclusions at trial regardless of how SST presents its infringement case. Rather, Apple should be permitted to address invalidity in a manner consistent with SST's treatment of infringement (and to challenge whether SST's analysis is faithful to the Court's constructions).

explained that Dr. Kyriakakis' alternative analyses were directed to ensuring that the same understanding of claim language applies as between infringement and invalidity. (Dkt. 388 at 18 ("Apple MSJ Opp.") (citing *Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1239 (Fed. Cir. 2009) ("the same test must be used for both infringement and anticipation").)

The difficulty of holding SST to its theories—and, where applicable, to the Court's constructions—has come into even sharper focus since Dr. Kyriakakis provided his invalidity report on July 14, 2017 and SST filed its motion for partial summary judgment on October 1, 2017. Expert discovery laid bare that the opinions of SST's technical expert, Dr. Stephen Elliott, have little relationship to either SST's infringement contentions or the Court's claim constructions. (*See generally* Dkt. 356 ("Apple MTS").) SST's treatment of the claim language is effectively—as the Court has observed—"sort of a shell game," or an "infinitely accommodating bucket that [SST] can pour meaning into right up to the time of trial in a way that . . . shifts." (Nov. 9, 2017 Hr'g Tr. 44:2-5, 62:23-63:15.)

Remarkably, SST responded to that characterization by further shifting its positions to propose reinterpretations of the key claim terms "straight path" and "sound reflecting surface," even though the Court's construction of the former is precisely what SST proposed and the Court's construction of the latter was adopted based on the parties' agreement. (*See* Dkt. 206 at 3, 4, 26.) Following the November 9, 2017 hearing, at the Court's request, the parties made a joint submission regarding those claim terms. Neither of SST's proffered reinterpretations conforms to any earlier claim construction request or proposal, but SST's reinterpretation of the "sound path" portion of the Court's "straight path" construction as "a route in the duct traveled by **a portion** of the sound waves from the driver" (Dkt. 428 at 1 (emphasis added)) appears to represent a return to the "straight line" theory of SST's infringement contentions—*i.e.*, the theory Dr. Kyriakakis discussed as "SST's apparent interpretation" in his invalidity report.

It is an "inviolate rule" that claims are applied the same way for invalidity as for infringement. *Abbott Labs. v. Sandoz, Inc.*, 566 F.3d 1282, 1317 (Fed. Cir. 2009). That rule, coupled with SST's ever-shifting theories, amply justifies presentation by Apple of evidence and

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, California 94304

argument relating to "SST's apparent interpretations." *See Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 87 F. Supp. 3d 928, 943 (N.D. Cal. 2015) ("[Defendants' expert] assumes that [Plaintiff's] understanding of the construed claims is correct, and then proceeds to demonstrate how, in his opinion, each element of the claims is found in the prior art."); *Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, No. C-12-1971 CW, 2014 WL 4090550, at *11 (N.D. Cal. Aug. 19, 2014) (defendant may "argue that the same claim scope ought to be applied to the patent for infringement and invalidity"); *Intel Corp. v. Future Link Sys., LLC*, No. 14-377-LPS, 2017 WL 3334703, at *5 (D. Del. July 31, 2017) ("arguments analyzed under an opposing party's interpretation of the claims[] are permissible"); *Transamerica Life Ins. Co. v. Lincoln Nat. Life Ins. Co.*, 597 F. Supp. 2d 897, 910-14 (N.D. Iowa 2009) (parties may address an opposing party's application of the court's claim construction).

SST's cited cases (Mot. at 3) do not demonstrate otherwise. *See Nextec Applications v. Brookwood Cos., Inc.*, 703 F. Supp. 2d 390, 423-425 (S.D.N.Y. 2010) ("Brookwood's experts"—unlike Dr. Kyriakakis—"did not provide an element by element comparison between" the asserted claims and the prior art); *Envtl. Mfg. Solutions, LLC v. Peach State Labs, Inc.*, No. 6:09-cv-395, 2011 WL 1262659, at *9 n.13 (M.D. Fl. Mar. 31, 2011) (the accused infringer "failed to provide any evidence regarding whether the prior art discloses" a claim limitation).[2]

### B. SST's Motion Mischaracterizes Dr. Kyriakakis' Analyses

SST's motion should also be denied because it depends on several incorrect factual assertions regarding Dr. Kyriakakis' alternative analyses. ***First***, SST asserts that in addressing "SST's apparent interpretations," "Dr. Kyriakakis [did] ***not*** argu[e] that SST's evidence [in its infringement contentions] fails to meet the Court's construction." (Mot. at 2.) SST is incorrect;

---

[2] SST's other cited authority (Mot. at 3-4) is not just distinguishable—it is wholly irrelevant. *See Dynetix Design Sols., Inc. v. Synopsys, Inc.*, No. C11-5973 PSG, 2013 WL 4537838, at *4 (N.D. Cal. Aug. 22, 2013) (rejecting a party's presentation of its own construction different from the court's); *Bombardier Recreational Prods., Inc. v. Arctic Cat Inc.*, No. CV-12-2706, 2017 WL 5256741, at *3 (D. Minn. Nov. 11, 2017) (excluding rejected claim construction positions); *Ameritox, Ltd. v. Millennium Health, LLC*, 101 F. Supp. 3d 800, 807 (W.D. Wis. 2015) (addressing potential willfulness evidence).

Dr. Kyriakakis expressly stated throughout his invalidity report that what he understood to be SST's claim interpretations differed from the Court's constructions. For example, in relation to "straight path"—the only claim term the Court construed among the various claim terms referenced in SST's motion—Dr. Kyriakakis stated that "SST's application of the term . . . appears to deviate from the Court's construction," and devoted nearly six full pages to explaining that view. (Ex. 1, Kyriakakis Op. Rpt. ¶¶ 191-201.) And even for the "substantial[ly]" terms, which the Court declined to construe, Dr. Kyriakakis explained at length that SST's infringement contentions varied from the guidance the Court provided in its claim construction order. (*Id.* ¶¶ 207-214.)

***Second***, it is simply not true that "Dr. Kyriakakis . . . never revealed . . . 'SST's interpretation'" of "straight path" he applied in "conclud[ing] that [Sadaie, Onkyo, Atochi, and Nokia] possess 'a straight path' under 'SST's interpretation' of that limitation." (Mot. at 2.) Dr. Kyriakakis explained—and illustrated—"SST's interpretation" of "straight path" as evidenced in SST's infringement contentions:

> "SST . . . appears to interpret the Court's construction of . . . 'straight path' to mean any path along which one could draw a straight line from the center of speaker driver through the center of the sound output. For example, a path such as the one shown in blue . . . would be a 'straight path' under SST's apparent interpretation because the straight purple line extends from one end to the other." 

(Ex 1, Kyriakakis Op. Rpt. ¶ 194.) Similarly, Dr. Kyriakakis explained that "SST appears to [interpret the claims] to mean that a 'straight path' can somehow be present even if the path . . . contains curves, bends, or angles" (*id.*), and that "SST appears to argue that an irregularly-shaped sound path is equivalent to a straight sound path because both embodiments allegedly accomplish the same thing—channeling sound through a duct with comparable quality and range." (*Id.* ¶ 195.) Dr. Elliott's opinions in his opening report regarding infringement may have departed from the claim interpretations presented in SST's infringement contentions—and improperly so (*see generally* Apple MTS)—but that does not change the fact that SST presented those claim interpretations to begin with, or that SST's attorneys appear to have reverted, in the

end, to their original theories. (Dkt. 428 at 1 (suggesting that the Court interpret "sound path," in its own construction of "straight path," as "a route in the duct traveled by a portion of the sound waves from the driver"); *see also* Dkt. 392 (SST Opposition to Apple Motion for Summary Judgment) at 16 ("Even if there is some bending around the edges, the sound path remains a straight path to the output aperture.").)

**Third**, Dr. Kyriakakis offered no "practicing the prior art" analyses or conclusions. (Mot. at 4.) Rather, *in addition to* analyzing the prior art under the Court's claim constructions as properly applied, Dr. Kyriakakis analyzed the prior art under the interpretations of claim language he inferred from SST's infringement contentions—the only application of claim language by SST available at the time Dr. Kyriakakis provided his invalidity report. For example, Dr. Kyriakakis observed that "SST's apparent position in its infringement contentions is that interfering phase shift is avoided if the distance between the top and bottom walls of the sound duct are less than half the distance of the highest audible wavelength for a full range speaker," and that "the sound duct of Robbins . . . is sufficiently narrow that resonances will not occur in the vertical dimension inside Robbins' duct," such that Robbins discloses the "interfering phase shift" limitation "[a]ccording to SST's infringement contentions, [in which] the absence of resonances in the vertical dimension inside a duct equates to the avoidance of interfering phase shift between direct and reflecting waves." (Ex. 1, Kyriakakis Op. Rpt. ¶ 709.) Dr. Kyriakakis' analysis bears no resemblance to the methodology proscribed by *Zenith Electronics Corp. v. PDI Communication Systems, Inc. See* 522 F.3d 1348, 1363 (Fed. Cir. 2008) ("mere proof that the prior art is identical, in all material respects, to an allegedly infringing product cannot constitute clear and convincing evidence of invalidity").

### III. CONCLUSION

For the reasons set forth herein, Apple respectfully requests that the Court deny SST's Motion *in Limine* No. 4 Regarding "SST's Interpretation" of Claim Terms.

| | |
|---|---|
| Dated: February 23, 2018 | Respectfully submitted, |
| | */s/ Nina S. Tallon* |

Mark D. Selwyn (SBN 244180)
  Mark.Selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Nina S. Tallon (*pro hac vice*)
  Nina.Tallon@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

Jason H. Liss (*pro hac vice*)
  Jason.Liss@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

*Attorneys for Defendant Apple Inc.*

## CIVIL LOCAL RULE 5-1(i)(3) ATTESTATION

I hereby attest that concurrence in this filing had been obtained from Nina S. Tallon and that records to support this concurrence are on file.

Dated: February 23, 2018  /s/ *Mark D. Selwyn*
Mark D. Selwyn

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury under the laws of the United States that a true and correct copy of the above and foregoing document has been served on February 23, 2018 to all counsel of record who are deemed to have consented to electronic service via the Court's ECF system per Civil Local Rule 5-1.

Dated: February 23, 2018  /s/ *Mark D. Selwyn*
Mark D. Selwyn