Eric L. Wesenberg, Bar No. 139696
EWesenberg@perkinscoie.com
Christopher L. Kelley, Bar No. 166608
CKelley@perkinscoie.com
Victoria Q. Smith, Bar No. 236045
VSmith@perkinscoie.com
Wing H. Liang, Bar No. 285521
WLiang@perkinscoie.com
Andrew N. Klein, Bar No. 300221
AKlein@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA  94304-1212
Telephone:  650.838.4300
Facsimile:  650.838.4350

David J. Burman (pro hac vice)
DBurman@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Kenneth J. Halpern, Bar. No. 187663
ken.halpern@strismaher.com
STRIS & MAHER LLP
725 South Figueroa Street, Suite 1830
Los Angeles, CA  90017
Telephone: 213.995.6808
Facsimile: 213.261.0299

Attorneys for Plaintiff
SLOT SPEAKER TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SLOT SPEAKER TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Case No. 4:13-cv-01161-HSG (DMR) <br><br> **SLOT SPEAKER TECHNOLOGIES, INC.'S OPPOSITION TO APPLE'S MOTION IN LIMINE NO. 1 RE: IRRELEVANT PATENTS** <br><br> DATE:  March 6, 2018 <br> TIME:  3:00 PM <br> COURTROOM: 2, 4th Floor <br><br> Hon. Haywood S. Gilliam, Jr. |

Although Apple's motion seeks to broadly exclude patents relevant to this case, it only discusses its '003 patent and SST's '933 patent. These patents, however, are strong evidence of the validity of the patents-in-suit. As to other patents implicated by Apple's motion, SST should not be preemptively precluded from introducing patents that show Apple has taken positions at the PTO at odds with its positions in this case. Apple's motion should therefore be denied.

I.  **ARGUMENT**

A.  **The '003 And '933 Patents Are Relevant and Admissible.**

**The '003 and '933 patents are relevant to the validity of the patents-in-suit.** The '003 patent (Ex. A)[1] shows that Apple sought to patent technology nearly identical to—and **ten years after**—the patents-in-suit, thus showing both the inventiveness of the patents-in-suit and Apple's contradictory positions at the PTO and in this litigation. The '933 patent reveals that the PTO allowed claims of the '933 patent, which is in the family of the patents-in-suit, that are broader than those asserted here, over some of the **same** arguments Apple intends to advance at trial. The examiner's validity determination is relevant to the merit of Apple's invalidity attack.

The '003 Patent:[2] Apple's '003 patent covers technology nearly indistinguishable from those at issue in this litigation. (*See infra* at 4.) As evidence of validity, a patentee may show that an infringer sought patent protection on an invention similar[3] to that which the infringer asserts is invalid. *See, e.g.*, *Polaroid Corp. v. Eastman Kodak Co.*, 641 F. Supp. 828, 848 (D. Mass. 1985); *Veracode, Inc. v. Appthority, Inc.*, 137 F. Supp. 3d 17, 41 (D. Mass. 2015); *Elan Corp., PLC v. Andrx Pharm., Inc.*, 2008 WL 4709251, at *105 (S.D. Fla. Aug. 13, 2008). Here, Apple patented a slot speaker invention similar to those claimed in the patents-in-suit. This evidence is relevant to the inventiveness of the patents-in-suit and the credibility of Apple's invalidity case.

Highlighting this connection, the '483 patent and Tomonori were cited during prosecution of the '003 patent. (Dkt. 462-5.) Apple presented the '483 patent and Tomonori as relevant prior

---

[1] All references to "Ex." are to the concurrently-filed Declaration of Wing H. Liang.
[2] Apple's reference to the '003 patent's use during IPR proceedings is misleading for at least two reasons: (1) SST's argument relied on a CFR provision not applicable here and (2) the PTAB did not address SST's argument.
[3] The Federal Circuit's decision on claims 1-3 of the '483 patent is irrelevant for many reasons including that invalidity was decided under a broader standard of claim construction and a lower burden of proof. This is why IPR findings of **invalidity** are routinely excluded.

art, but stated that they do not defeat patentability because of "the particular applications and packaging solutions" of its invention. (*Id.*) It is relevant to validity that Apple found the '483 patent, Tomonori, and its '003 patent related, yet its '003 patent novel because of its application and packaging. As discussed *infra* at 4, the patents-in-suit and '003 patent are very similar. When asked at his deposition, '003 inventor Justin Crosby was unable to identify a material difference between the patents-in-suit and the '003 patent. Instead, Mr. Crosby distinguished his invention on minor features. (Ex. B, Crosby Dep. Tr. at 326:15-328:4.) The fact that Apple asserted novelty in a patent application—filed nearly **ten years** after invention of the patents-in-suit—that teaches placing a drive unit across from a reflecting surface and turning sound 90 degrees to emit from an aperture suggests Apple believed such a configuration was novel and useful; Mr. Crosby and co-inventor Michael Morishita believed it was. (*Id.* at 260:24-261:10; 292:18-293:19; 298:20-299:6; 326:15-327:8; 328:15-24; Ex. C, Morishita Dep. Tr. at 122:5-11.) SST should be able to challenge Apple's contradictory litigation argument and task Apple with distinguishing the two inventions because, as discussed below, the '003 patent inventors were incapable of meaningfully doing so.

At the very least, Apple's inconsistent position with respect to the '003 patent and patents-in-suit is relevant to the merit of its invalidity arguments. *See, e.g.*, *Bergstrom v. Sears, Roebuck & Co.*, 496 F. Supp. 476, 487 n.6 (D. Minn. 1980); *Moore v. Stewart*, 600 F. Supp. 655, 663 (W.D. Ark. 1985). It is contradictory for Apple to claim that its '003 patent covers patentable subject matter while the patents-in-suit do not given the substantial overlap in technology. This clear inconsistency is relevant to evaluating Apple's attack on the validity of the patents-in-suit.

<u>The '933 Patent:</u> The PTO allowed claims in the '933 patent, which are broader than those asserted here, over some of the *same* invalidity arguments Apple intends to assert at trial. The '933 patent is thus probative of the merit of those arguments and the validity of the asserted claims. During prosecution of the '933 Patent, SST submitted to the examiner **nearly all** of the paper references that Apple intends to introduce at trial **and** Apple's September 2015 invalidity contentions cover pleading. (*See* Dkt. 462-2, '933 Patent References Cited; Dkt. 462-3.) The examiner issued the '933 patent after considering several invalidity arguments that Apple will

1  advance at trial.  Specifically, the PTO found that (1) Sadaie, Robbins, and Villa lacked certain

2  limitations, and (2) claims were not obvious over the combination of Sadaie and Robbins.  (Dkt.

3  462-7 at 3.)  These findings are relevant here given that claim 1 of the '933 patent, which the

4  examiner issued over these references, is broader than independent claim 1 of the '340 patent.

5  *Compare* '340 Claim 1 *with* '933 claim 1.[4]

6  When the PTO has already considered particular prior art with respect to the same

7  limitation in a related claim, its finding is persuasive authority.  *See Polaroid v. Eastman Kodak*

8  *Co.*, 789 F.2d 1556, 1565-66 (Fed. Cir. 1986) (relying on examiner's consideration of the same

9  limitation in a claim from a related application to find validity, noting that the defendant's

10  "validity challenge [wa]s virtually identical to that advanced by the Examiner," detailing the

11  examiner's reversal of his original rejection over the same art, and finding the patentee's attempt

12  to resurrect the examiner's original, abandoned position was without merit); *Cf. Ormco Corp. v.*

13  *Align Tech., Inc.*, 498 F.3d 1307, 1319–20 (Fed. Cir. 2007).  The PTO's conclusions under a

14  broader construction standard and a lower burden of proof are relevant to assessing the strength of

15  these very same invalidity arguments that Apple will likely advance at trial.  Indeed, the jury will

16  be required to apply the heightened clear-and-convincing standard to Robbins, Sadaie, Tomonori,

17  and Villa because these references were already considered by the PTO.  *See Am. Hoist &*

18  *Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350, 1359 (Fed. Cir. 1984) (abrogated on other

19  grounds by *Therasense, Inc. v. Becton, Dickinson and Co.*, 649 F.3d 1276 (Fed. Cir. 2011)) (cited

20  in *Polaroid*, 789 F.2d at 1565).

21  **Apple fails to disprove the relevance of the '933 patent.**  Apple's serial arguments fail

22  to disprove the relevance of the '933 patent.  First, the cases cited *supra* at 2:22-3:20 show that a

23  validity finding may be relevant to a related patent.  Second, the record does not support Apple's

---

[4] Specifically, the '933 claim does not require the 340's "elongate output slot," and does not require the sidewall to follow a rear-contoured edge of the drive unit. In the '933 claim, "at least one" interior sidewall replaces "an" interior sidewall, which does not alter the scope of the claim—both phrasings require at least one. Finally, the word "and" replaces "whereby" before "forward radiation"—another inconsequential difference. While the second and third references to "sound duct" are modified by "narrow" in the '933 claim, this has no effect on claim scope because both claims recite "a narrow sound duct". Thus, later references to "the sound duct" in the '340 claim refer back to the antecedent "narrow sound duct" even though the word "narrow" is not repeated.

1    assumption that the examiner reversed his rejection based on only SST's representation; indeed,
2    the examiner made findings unrelated thereto, as Apple recognizes (Mot. at n.2). Moreover,
3    Apple is silent on the import of the examiner relying on SST's representation and Apple does not
4    contend it was wrong. Third, the examiner found certain limitations missing in Sadaie, Robbins,
5    and Villa. Fourth, the examiner is presumed to have considered all prior art listed on the face of
6    the '933 patent. *Shire LLC v. Amneal Pharm., LLC*, 802 F.3d 1301, 1307 (Fed. Cir. 2015).

**Apple misunderstands the relevance of the '003 patent.** Apple's argument that it did not acknowledge during prosecution of the '003 patent that the patents-in-suit were novel or non-obvious ignores the clear inconsistency in Apple seeking protection for an invention nearly indistinguishable from those at issue here. The evidence and case law cited herein confirm that Apple's decision to seek patent protection and its inconsistent positions are probative of validity.

**Evidence shows the '003 Patent and the patents-in-suit are similar.** Apple offers nothing but attorney argument to support its claims that the '003 patent and patents-in-suit are "markedly different." The evidence shows otherwise. SST deposed two inventors of the '003 patent, Justin Crosby, who is currently an Apple employee, and Michael Morishita. Neither of these inventors could identify a patentable distinction between their invention and the patents-in-suit. Mr. Crosby identified only that the '003 patent described integrating the speaker into a larger device and the surface into which the speaker fired was formed by the rear enclosure of the product as points of distinction. (Ex. B, Crosby Dep. Tr. at 326:15-328:4.) But Mr. Crosby even admitted that the patents-in-suit disclose both of these features. (*Id*. at 327:9-21; 321:15-25.) Similarly, Mr. Morishita was unable to identify any differences between the '003 patent and the patents-in-suit. (Ex. C, Morishita Dep. Tr. at 146:11-154:12.) In addition, SST's expert, Dr. Stephen Elliott, compared the patents-in-suit to the '003 patent and found substantial overlap between the claimed inventions. (Ex. D, Elliott Reb. Rpt. at ¶¶ 24-27.)

**B.     The '003 and '933 Patents are Admissible Under Rule 403.**

Apple's collage of arguments under Rule 403 lack merit:

- Jurors will understand, as they must in any case with multiple patents, that the '933 patent is not the patents-in-suit and that validity is determined independently for each claim. The '933 patent is simply evidence of the patents-in-suits' validity.

- There is no record that the Court's constructions were submitted to or considered by the examiner; and, indeed, the jury should be made aware the PTO applied a *broader* construction. And the examiner is presumed to have considered Apple's invalidity contentions. *Shire*, 802 F.3d at 1307.

- There is no indication in the record that the examiner made an independent finding of validity as to the '483 patent nor is there suggestion she assumed it was valid. And Apple recognizes that section 102 has no such requirement. There is no reason the jury would make the leap Apple suggests.

- The *many* cases cited above support the proposition that patents on similar technology are relevant to the validity of an asserted claim. Moreover, SST's contentions of "similarity" are based in evidence; Apple cites no counter-evidence.

- Apple provides no support that a trial-within-a-trial would be needed on this issue; in fact, jurors will already hear argument on "comparable" patents. The jury can assess similarity much the same as it will "comparable" patents. *SiRF Tech. Inc. v. Orrick Herrington & Sutcliffe LLP*, 2010 WL 2560076 (N.D. Cal. June 22, 2010) is inapposite as it involved legal malpractice in the context of patent law.[5]

### C. SST Timely Disclosed the '933 Patent.

The '933 patent did not issue until December 2017 and SST promptly disclosed it to Apple in January 2018. Disclosure before the patent issued would have been premature and, indeed, the relevant allowance did not occur until August 30, 2017, after the close of fact discovery and expert reports. SST was therefore reasonable and timely in disclosing the '933 patent. Apple also assumes that expert opinion from Dr. Elliott on the '933 patent is necessary, but it is not.

### D. The Court Should Limit Apple's Motion to the '933 and '003 Patents.

Apple's requested relief includes a broad swathe of potential patents, but its analysis is limited to the '933 and '003 patents. Thus, the Court should limit Apple's motion to these two patents. If relevant, SST should be permitted to introduce other Apple patents showing that Apple has taken contradictory positions before the PTO and in this case. These statements made under oath during an official government proceeding constitute party admissions and are relevant to issues such as damages and Apple's credibility. *See* Fed. R. Evid. 801(d)(2).

## II. CONCLUSION

For the foregoing reasons, SST respectfully requests the Court deny Apple's motion.

---

[5] Apple argument that the '003 patent claims must be construed to analyzed similarity (Mot. at 4) is belied by the jury's ability to determine "comparability" without claim construction.

| | | |
|---|---|---|
| 1 | DATED: February 23, 2018 | **PERKINS COIE LLP** |
| 2 | | By: _____*/s/ Eric L. Wesenberg*_____ |
| 3 | | Eric L. Wesenberg<br>EWesenberg@perkinscoie.com |
| 4 | | Attorneys for Plaintiff<br>SLOT SPEAKER TECHNOLOGIES, INC. |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 2, 2018 a true and correct copy of the foregoing was served on all interested parties via electronic mail pursuant to Civil Local Rule 5-1(h).

/s/ *Eric L. Wesenberg*
Eric L. Wesenberg