UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SLOT SPEAKER TECHNOLOGIES, INC., <br> Plaintiff, <br> v. <br> APPLE, INC., <br> Defendant. | Case No. 13-cv-01161-HSG <br><br> **ORDER GRANTING ADMINISTRATIVE MOTIONS TO SEAL** <br><br> Re: Dkt. Nos. 362, 391, 402 |

Pending before the Court are three administrative motions to seal documents related to Defendant Apple, Inc.'s ("Apple") motion for summary judgment. Apple has filed two motions to seal. Dkt. Nos. 362, 402. Plaintiff Slot Speaker Technologies, Inc.'s ("SST") has additionally filed one motion to seal. Dkt. No. 391.

I. **LEGAL STANDARD**

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178-79 (quotation omitted). "In general, 'compelling reasons' sufficient to outweigh the public's

United States District Court
Northern District of California

interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to nondispositive motions, however, are not subject to the strong presumption of access. *See Kamakana*, 447 F.3d at 1179. Because such records "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179-80 (quotation omitted). This requires only a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

**II. DISCUSSION**

Because a motion for summary judgment is a dispositive motion, the Court applies the more stringent "compelling reasons" standard. The Court finds Apple's and SST's requests to seal the designated portions of the motion for summary judgment, opposition, and reply satisfy the

standard because portions of those documents describe confidential business information. *See* Dkt. No 396; *see also, e.g.*, *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at \*3 (N.D. Cal. Apr. 6, 2016) (granting motion to seal exhibits to summary judgment motion); *PQ Labs, Inc v. Qi*, No. C 12-450 CW, 2014 WL 4617216, at \*1 (N.D. Cal. Sept. 15, 2014) (granting motion to seal trial exhibits). The Court also finds the requested redactions to be sufficiently narrowly tailored to protect both the Parties' interests and the public interest in access.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motions to seal, and **DIRECTS** SST to file a version of Exhibit 1 to Dkt. No. 391 (Plaintiff's Opposition to Apple, Inc.'s Motion for Summary Judgment) for the public record that reflects the redactions described in Dkt. No. 396 by March 25, 2018 at 5:00 p.m.

**IT IS SO ORDERED.**

Dated: 3/23/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge