UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SLOT SPEAKER TECHNOLOGIES, INC., <br> Plaintiff, <br> v. <br> APPLE, INC., <br> Defendant. | Case No. 13-cv-01161-HSG <br><br> **ORDER GRANTING ADMINISTRATIVE MOTIONS TO SEAL** <br><br> Re: Dkt. Nos. 309, 311, 314, 324 |

Pending before the Court are four administrative motions to seal documents related to (1) Defendant Apple, Inc.'s ("Apple") motion to File a Declaration as an Exhibit to the Parties' Joint Letter Brief, Dkt. No. 310; (2) the parties' joint letter brief concerning Apple's production of 3D CAD files, Dkt. No. 312; (3) Plaintiff Slot Speaker Technologies, Inc.'s ("SST") Motion for Leave to Amend Infringement Contentions, Dkt. No. 315; and (4) SST's Reply in Support of Motion for Leave to Amend Infringement Contentions, Dkt. No. 325. Apple has filed two motions to seal. Dkt. Nos. 309, 311. SST has additionally filed two motions to seal. Dkt. Nos. 314, 324.

## I.  LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that

outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178-79 (quotation omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to nondispositive motions, however, are not subject to the strong presumption of access. *See Kamakana*, 447 F.3d at 1179. Because such records "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179-80 (quotation omitted). This requires only a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

## II. DISCUSSION

With respect to Docket Numbers 309 and 311, relating to the parties' joint letter brief concerning Apple's production of 3D CAD files, the Court applies the "good cause" standard. These documents relate to a discovery dispute over Apple's production of CAD documents, and are not closely tied to the substantive merits of the case. *See Ctr. for Auto Safety v. Chrysler Grp., LLC,* 809 F.3d 1092, 1101 (9th Cir.), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38, 196 L. Ed. 2d 26 (2016).

The Court finds Apple's requests to seal the designated portions of the Joint Letter Brief and Wilk Declaration satisfy the standard because portions of those documents describe Apple confidential business information. *See, e.g.*, *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *3 (N.D. Cal. Apr. 6, 2016); *PQ Labs, Inc v. Qi*, No. C 12-450 CW, 2014 WL 4617216, at *1 (N.D. Cal. Sept. 15, 2014). The Court also finds the requested redactions to be sufficiently narrowly tailored to protect both the parties' interests and the public interest in access.

With respect to Docket Numbers 314 and 324, relating to SST's Motion for Leave to Amend Infringement Contentions, the Court applies the "compelling reasons" standard because the documents at issue have more than a tangential relation to the merits of the case. *See Ctr. for Auto Safety* 809 F.3d at 1101.

The Court finds SST's requests to seal the designated portions of its motion and reply satisfy the standard because portions of those documents describe Apple confidential and highly confidential business information. *See* Dkt. Nos. 316, 326; *see also, e.g.*, *Finjan, Inc.*, 2016 WL 7911651, at *3; *PQ Labs, Inc*, 2014 WL 4617216, at *1. The Court also finds the requested redactions to be sufficiently narrowly tailored to protect both the parties' interests and the public interest in access.

**III. CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the motions to seal. Pursuant to Civil Local Rule 79-5(f)(1), those documents filed under seal as to which the administrative motions are granted will remain under seal. The public will have access only to the redacted versions accompanying the administrative motions.

**IT IS SO ORDERED.**

Dated: 3/28/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge