UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| SLOT SPEAKER TECHNOLOGIES, INC., | Case No. 13-cv-01161-HSG |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION FOR ATTORNEYS' FEES** |
| v. | Re: Dkt. No. 524 |
| APPLE, INC., | |
| Defendant. | |

Pending before the Court is Defendant Apple, Inc.'s ("Apple") motion for attorneys' fees. Dkt. No. 524 ("Mot.")[1]. For the reasons detailed below, the Court DENIES the motion.

## I. BACKGROUND

Plaintiff Slot Speaker Technologies, Inc. ("SST"), formerly operating as THX Ltd., filed this lawsuit against Apple on March 13, 2013, eventually alleging infringement of two patents entitled "Narrow Profile Speaker Configurations and Systems": (1) United States Patent No. 7,433,483 (the "'483 Patent") and (2) United States Patent No. 8,457,340 (the "'340 Patent") (together, "patents-in-suit"). *See* Dkt. No. 1; Dkt. No. 12 ("FAC"). The Court granted Defendant's motion for summary judgment of non-infringement of the patents-in-suit on March 27, 2018. Dkt. No. 516.

## II. LEGAL STANDARD

Section 285 of the Patent Act states that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C.A. § 285. The Supreme Court has held that "an exceptional case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the

---

[1] An unredacted version of the motion was filed under seal at Dkt. No. 523-4, and a public version of the motion was filed at Dkt. No. 565.

case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is exceptional in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014) (internal quotation marks omitted). Further, "[t]here is no precise rule or formula for making these determinations, but instead equitable discretion should be exercised in light of the considerations we have identified." *Id.* (internal quotation marks omitted).

## III.   DISCUSSION

### A.   Pre-suit Investigation

Apple contends that SST knew or could have known that the Apple accused product did not infringe the asserted patents before SST filed its complaint. Mot. at 8. Apple contends that SST, under its own proffered construction of "straight path," knew that the path encompasses the entire duct, and not a portion of it. *Id.* at 8–9. Apple contends that SST's argument that a "straight path" should be measured by whether waves in the path are planar, and SST's expert's testing of that theory on the Apple accused products, "could, and should" have been performed prior to SST bringing suit. *Id.* at 9.

Apple additionally contends that SST's testing regarding the resonance of the "sound reflecting surface," which produced the opinion of Plaintiff's expert Dr. Elliott that the accused products "closely approximate" the "sound reflecting surface" of the claims, should have been performed before SST brought suit. *Id.* at 10.

SST contends that it did perform a pre-filing investigation of the accused products, including "acquiring and opening Apple's loudspeakers and . . . matching them to the claims." Dkt. No. 544 ("Opp.")[2] at 3.

SST's pre-litigation investigation comports with conduct approved by the Federal Circuit and is adequate to establish that its assertions in this case did not rise to the *Octane Fitness* "exceptional case" standard. *See Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1302–03 (Fed. Cir. 2004) ("Because [plaintiff] obtained a sample of the accused product, reviewed

---

[2] An unredacted version of the opposition was filed under seal at Dkt. No. 543-3, and a public version of the opposition was filed at Dkt. No. 584.

2

[defendant's] statements made in the advertising and labeling of the accused product, and, most importantly, compared the claims of the patent with the accused product, we conclude that its claim of infringement was supported by a sufficient factual basis.").

**B.     Shifting Theories**

Apple further notes that SST altered its theories of what constitutes a "straight path" under the meaning of the asserted claims between its validity case, its case at claim construction, its infringement contentions, and its eventual position taken at the summary judgment phase. Mot. at 11–14.  Apple points out that SST also revised its interpretation of the phrase "non-resonant" after claim construction to encompass resonances that are not significant. *Id.* at 14–16.

Although the Court does not endorse SST's strategy of opportunistically altering its theories throughout the case, it does not find that SST's litigation strategy in this matter in light of the totality of the record was so exceptional as to warrant the award of attorneys' fees.

**C.     Other Litigation Tactics**

Apple contends that SST attempted to unreasonably expand the scope of discovery in order to drive up costs for Apple, and engaged in vexatious discovery practices in violation of the Court's procedures.  Dkt. No. 524 at 20–23.

Apple additionally contends that SST pursued baseless allegations that iPad products infringed claims that included the term "sound damping material," before eventually dropping these claims and accused products at a late stage in the case. Mot. at 17–18.  Apple also contends that SST's pursuit of injunctive relief was meritless, and the damages calculations of SST's experts were too high to be supported by evidence. *Id.* at 19–20.

The Court is unpersuaded that SST's failure to drop accused products until a late stage in this case, or its positions taken during discovery, warrant exceptional case treatment.  Because the iPads were voluntarily removed from the case before an evaluation of the merits of SST's infringement case against them, the Court cannot find that SST's strategy with respect to those products was unreasonable.

//

## IV. CONCLUSION

For the foregoing reasons, Apple has not demonstrated that SST's positions taken and strategies employed during litigation meet the high standard of exceptionality, and the Court therefore **DENIES** Apple's motion for attorneys' fees.

**IT IS SO ORDERED.**

Dated: 1/24/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge